UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS THE FAC AND STRIKE EXHIBITS

Plaintiff Real Estate Training International, LLC, d/b/a Armando Montelongo Seminars ("Real Estate Training" or "Plaintiff") is suing Defendants The Nick Vertucci Companies, Inc. ("Vertucci Companies") and Nick Vertucci ("Vertucci") (collectively "Defendants") for claims concerning the dissolution of their business relationship. (First Amended Complaint ("FAC"), Dkt. No. 9.) Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint and to Strike Exhibits ("Motion"). (Motion, Dkt. No. 34.)

After considering the parties' arguments, the Court GRANTS IN PART and DENIES IN PART the Motion.

# BACKGROUND

The following facts are taken primarily from Plaintiff's FAC, whose allegations the Court accepts as true for the purposes of a motion to dismiss. *See Skilstaf, Inc., v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Plaintiff Real Estate Training is a company that provides real estate education services and materials. (FAC ¶ 14.) Sometime in 2010, Plaintiff began a business relationship with Defendant Nick Vertucci. (*Id.* ¶ 10.) The parties entered into a "Vendor Agreement," which contained confidentiality and non-solicitation clauses. (*Id.* ¶¶ 9–13; Vendor Agreement, FAC Ex. 1.) Under the Vendor Agreement, Vertucci used Plaintiff's teaching materials to provide real estate training services to Plaintiff's customers on behalf of Plaintiff's companies. (*Id.* ¶ 10–11.)

In September 2013, the parties' business relationship ended, allegedly because of "Vertucci's repeated inappropriate relationships" with Plaintiff's clients. (*Id.* ¶ 14.) Shortly thereafter, Vertucci began operating Defendant Vertucci Companies, a business competing with Plaintiff. (*Id.*) Defendants allegedly used Plaintiff's confidential and proprietary information, posted "malicious and slanderous" comments about the Plaintiff on their websites and various social media sites," and solicited former employees and clients of Plaintiff." (*Id.* ¶¶ 15–19.)

Plaintiff filed this case in Texas state court, and then Defendants removed the case to the United States District Court for the Western District of Texas. (Notice of Removal, Dkt. No. 1.) The case was transferred to this Court for reasons of venue. (Transfer Order, Dkt. No. 28.)

In the FAC, Plaintiff alleges seven claims: (1) Breach of Contract; (2) Business Disparagement; (3) Breach of Fiduciary Duty; (4) Fraud; (5) Conversion; (6) Tortious Interference with Business Relations; and (7) Tortious Interference with Prospective Relations.

**PRELIMINARY MATTERS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

In the Motion, Defendants surprisingly cite facts outside of the allegations in the FAC, including those contained in an "Affidavit of Vertucci." This practice distracts from relevant arguments and is not appropriate on a motion to dismiss.

## LEGAL STANDARD

A court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). "[D]etailed factual allegations" aren't required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). But there must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a court dismisses a claim, it must also decide whether to allow the plaintiff to amend the complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the "court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citation omitted).

## ANALYSIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Defendants move to dismiss each claim in the FAC and to strike affidavits attached to the FAC. The parties don't dispute that, under the choice-of-law clause in the vendor agreement, Texas law governs the substance of Plaintiff's claims.

**1.      BREACH OF CONTRACT**

Defendants move to dismiss the breach of contract claim. "The essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. 2001).

First, Defendants argue that there was no consideration for the Vendor Agreement. *See Plains Builders, Inc. v. Steel Source, Inc.*, 408 S.W.3d 596, 602 (Tex. App. 2013) ("A contract must be based on a valid consideration . . . either a benefit to the promisor or a detriment to the promisee.") Defendants assert that it is "Plaintiff's burden to plead and prove the essential elements" of a contract claim, and that "Plaintiff has not rebutted [Defendants'] evidence that the contract was 'backdated.'" (Motion at 7.) This argument is misplaced on a motion to dismiss. At the pleading stage, Plaintiff has to allege, not prove, the elements of a claim. Defendants' evidence is irrelevant. And Plaintiff has alleged consideration, as the Vendor Agreement states that Defendants would "gain access to [Plaintiff's] events and customer bases." (Vendor Agreement at 2.)

Second, Defendants argue that there was no breach. Under the allegations in the FAC, the Court disagrees. The Vendor Agreement forbids soliciting former clients or employees to do business with competing entities. (Vendor Agreement at 3.) Plaintiff alleges that Defendants breached the Vendor Agreement by, among other things, soliciting the employment of former employees of Plaintiff and soliciting the business of former clients of Plaintiff. (FAC ¶¶ 21–23.) The FAC sufficiently alleges breach.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Finally, Defendants argue that Plaintiff conclusorily alleges the existence of damages. But taking Plaintiff's allegations of lost customers and clients as true, the Court can plausibly infer that Plaintiff has suffered economic loss from the breach.

The Court DENIES the Motion as to the breach of contract claim.

## 2. BUSINESS DISPARAGEMENT

Defendants move to dismiss the business disparagement claim. "To prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published a false, defamatory statement of fact about the plaintiff, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 628 (Tex. App. 2007).

Defendants argue that the allegations supporting this claim are too conclusory. The Court agrees. Plaintiff alleges that "Defendants published disparaging written statements about Plaintiff's business and/or affiliates on multiple, well-respected websites." (FAC ¶ 24.) That allegation, without more detail, does not "give fair notice and [] enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

The Court GRANTS the Motion as to the business disparagement claim with leave to amend that claim.

## 3. BREACH OF FIDUCIARY DUTY

Defendants move to dismiss the breach of fiduciary duty claim. "The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant." *Anderton v. Cawley*, 378 S.W.3d 38, 51 (Tex. App. 2012). Defendant argues that the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

element isn't satisfied because allegations in the FAC fail to establish a fiduciary relationship.

The Court agrees that the FAC's allegations are insufficient to support the existence of a fiduciary relationship. Although "fiduciary duties may arise in the context of informal moral, social, domestic, or personal relationships in which one person trusts and relies on another . . . a fiduciary relationship is an extraordinary one and will not be lightly created." *Stephanz v. Laird*, 846 S.W.2d 895, 901 (Tex. App. 1993). Further, a fiduciary relationship "must exist prior to, and apart from, the agreement made the basis of the suit." *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995).

Here, the FAC alleges that "Defendants had a fiduciary relationship with Plaintiff by virtue of their working relationship with Plaintiff." (FAC ¶ 28.) But the FAC does not allege any relationship between the parties outside of the business relationship governed by the Vendor Agreement. Without more, the allegations fail to establish a fiduciary relationship.

The Court GRANTS the Motion as to the fiduciary duty claim with leave to amend that claim.

**4.     FRAUD**

A claim of fraud requires allegations of the following elements: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). Defendants argue that the allegations of fraud in the FAC are not sufficiently specific under Federal Rule of Civil Procedure 9(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires enough specificity to give a defendant notice of the particular misconduct and allow it to defend against the charge. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). To satisfy this specificity requirement, "the who, what, when, where, and how" of the misconduct must be alleged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

The FAC merely alleges that "Defendants represented to Plaintiff that they were acting on the Plaintiff's behalf when under contract" and that these "representations were false." (FAC ¶¶ 36, 38.) These allegations are not sufficiently specific and fail to give Defendant notice of the particular fraudulent statements at issue.

The Court GRANTS the Motion as to the fraud claim with leave to amend that claim.

### 5. CONVERSION

Defendants move to dismiss the conversion claim. The elements of a claim for conversion are: "(1) [the plaintiff] legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009) (citing *Small v. Small*, 216 S.W.3d 872, 877 (Tex. App. 2007). Under the claim for conversion, Plaintiffs allege that "Defendants have wrongfully exercised dominion and control over Plaintiff's proprietary information and materials." (FAC ¶ 46.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Defendants argue that the FAC fails to allege that Plaintiff demanded the property's return and thus doesn't satisfy the third element. *See Butler Capital Corp. v. Firehouse of Am., LLC*, 2011 WL 8115726, at *4 (E.D. Tex. Sept. 30, 2011) ("[S]ince the well-pleaded facts show that the Plaintiff did not demand return of the [property], the Plaintiff has not alleged facts sufficient to state a claim for conversion."). Plaintiffs respond that the act of filing their initial complaint in state court satisfies the demand requirement. Whether or not that act might constitute a demand, Plaintiff must still allege demand and refusal, which Plaintiff has not done.

The Court GRANTS the Motion as to the conversion claim with leave to amend that claim.

## 6. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

Defendants move to dismiss the claim for tortious interference with existing business relations. "To recover for tortious interference with an existing contract, a plaintiff must prove: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of the plaintiff's damages; and (4) actual damage or loss." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996). The FAC alleges that "Plaintiff had valid contracts and/or continuous business relations with various businesses, students, and/or customers" and that "Defendants intentionally disrupted the business arrangements between Plaintiff, [sic] and these various businesses and/or customers." (FAC ¶¶ 50–51.)

These allegations, which do little more than recite the elements of a tortious interference claim, are insufficient to support the claim. The small amount of factual detail that the FAC adds to the bare elements of the claim—that the contracts were with "various businesses, students, and/or customers"—is not enough to give Defendants fair notice of what they have done to expose themselves to liability. Plaintiff points out that, elsewhere in the FAC, it alleges that "Defendants currently employ and/or contract with former

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Plaintiff contractors and/or employees, Erik Slaikeu, Siggi Ahrens, Nicole Marshall, Keith Yackey, and others." (FAC ¶ 22.) But hiring a former employee of another business is not by itself an unlawful interference with business relations. The FAC does not make clear whether these individuals were still employed by Plaintiff at the time of any interference or how Defendants otherwise interfered with existing business relations between Plaintiff and these former employees.

The Court GRANTS the Motion as to the tortious interference with business relations claim with leave to amend that claim.

## 7.     TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

Defendants move to dismiss the claim for tortious interference with prospective business relations. The elements of this claim are: "(1) a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App. 2001). Defendants argue that the FAC fails to state a claim because the allegations supporting this claim are conclusory.

The Court agrees that there are insufficient factual allegations supporting this claim. Plaintiff points to allegations that it had "an ongoing relationship with various business customers and/or students," and that "Defendant's [sic] knew of Plaintiff's prospective business and contractual relationships and intentionally interfered with them." (FAC ¶¶ 56–57.) But these allegations do little more than recite the elements of the claim and fail to give Defendants fair notice of the charges against it. *Starr*, 652 F.3d at 1216.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

The Court GRANTS the Motion as to the tortious interference with prospective business relations claim with leave to amend that claim.

### 8. REQUEST TO STRIKE AFFIDAVITS

Defendants ask the Court to strike the affidavits attached as exhibits to the FAC. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Motions to strike portions of a pleading are "generally disfavored," and "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008).

Under the law and the circumstances of this case, the Court sees no reason to grant the Motion and the Motion is DENIED.

### 9. REQUEST TO STRIKE PUNITIVE DAMAGES

Defendants request that the Court strike the prayer for punitive damages from the FAC. Because Defendants do not support this request with any argument or authority, the Court DENIES the Motion as to punitive damages.

### DISPOSITION

The Court DENIES the Motion as to the breach of contract claim and GRANTS the Motion as to the remaining claims with leave to amend those claims. The Court DENIES the request to strike exhibits as moot and DENIES the request to strike punitive damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

The Court reaches these results after reviewing all arguments in the parties' papers. Any arguments not specifically addressed were either unpersuasive or not necessary to reach given the Court's holdings.

Any amended complaint must be filed within 14 days of this Order.

                                                                                           : 0

Initials of Preparer    lmb