JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
GORDON & REES LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

JOSEPH WESLEY HUESSER II (*Pro Hace Vice Pending*)
EDUCATION MANAGEMENT SERVICES, LLC
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
weshuesser@yahoo.com

Attorneys for Plaintiff REAL ESTATE TRAINING INTERNATIONAL, LLC and Specially Appearing for ARMANDO MONTELONGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Defendants. | CASE NO. 8:14-cv-00546-AG-DFM <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS** <br><br> Date: December 1, 2014 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 10D <br> Judge: Hon. Andrew J. Guilford |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff and Counter-defendant Real Estate Training International, LLC ("RETI") and Counter-defendant Armando Montelongo, Jr. ("Montelongo"), collectively "Counterdefendants," respectfully move the Court to dismiss all counterclaims asserted by Defendants and Counter-claimants The Nick Vertucci Companies, Inc., ("NV Companies") and Nick Vertucci ("Vertucci"), collectively "Defendants."

## I. SUMMARY OF ARGUMENT

Montelongo files this motion to dismiss the Counterclaims, because Defendants have improperly joined Montelongo as a Cross-Defendant in this suit. As a result, this Court does not have subject matter jurisdiction over him. Therefore the Court must dismiss Montelongo as a Cross-Defendant pursuant to Fed. R. Civ. P. 12(b)(1).

Even if this Court does find that it has subject matter jurisdiction over Montelongo by way of the "Cross Claim" or by way of Counterclaim, the Court should dismiss Defendants' counter and cross claims (both included within the term "Counterclaims," as used herein) pursuant to Fed. R. Civ. P. 12(b)(6) because the facts alleged therein are insufficient to maintain the various claims for relief asserted.

As this is Counterclaimants' second attempt to state a claim, after multiple conferences with Plaintiff's counsel in which their pleading deficiencies were discussed (in accord with Local Rule 7-3), Montelongo and RETI move this Court to dismiss Defendants' Counterclaims with prejudice and without leave to amend.

## II. ARGUMENT AND AUTHORITIES

**A. Montelongo is not currently a party to this suit, thus Defendants' Cross-Claim should be dismissed pursuant to Fed. R. Civ. P 12(b)(1)**

The Court should dismiss Defendants' cross-claim against Montelongo, because he has been improperly joined him as a "Cross-Defendant" under Fed. R. Civ. P. 13. Moreover, Defendants have failed to provide the Court or Montelongo

a short plain statement as to why the Court has jurisdiction over the Defendants' cross claims. While Defendants' jurisdictional pleadings are less than clear, it appears that Defendants seek to make him a party to this action under Fed. R. Civ. P. 13(a) and (g), albeit improperly so. Therefore, since the claims are not rightly before the Court, they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 1. <u>Legal Standard for Dismissal Pursuant to Rule 12(b)(1)</u>

When the district court lacks subject matter jurisdiction over the claim, dismissal is appropriate under Fed. R. Civ. P. 12(b)(1). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006). Under Fed. R. Civ. P. 8(a)(1), unless this Court already has jurisdiction over a party and the claim needs no new support, Defendants' pleading "must contain a short and plain statement of the grounds for the court's jurisdiction." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). No presumptive truthfulness attaches to Defendants' allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *MCI Communs. Servs. v. City of Eugene*, 359 Fed. Appx. 692, 697 (9th Cir. 2009).

### 2. <u>Dismissal is Warranted Because Montelongo Cannot be a "Cross-Defendant"</u>

Defendants incorrectly assert that Montelongo can be made a "cross-defendant" in this suit under Fed. R. Civ. P. 13(g). In actuality, Defendants cannot bring Montelongo into the suit under Fed. R. Civ. P. 13(g), because a cross claim may only be asserted against a "co-party." *See, Nye v. Hilo Med. Ctr.,* 2010 U.S. Dist. LEXIS 22482, * 21-22 (D. Haw. Mar. 11, 2010) (Rule 13(g) not proper to bring claim against a third-party). Under Fed. R. Civ. P. 13(g) a co-party is defined as a party to the litigation with "like status, *such as a co-defendant.*" *Trs. of U.A. Local 159 Health & Welfare Trust Fund v. Ruiz Bros. Preferred Plumbing, Inc.*, 2010 U.S. Dist. LEXIS 79652, *11-12 (N.D. Cal. July 22, 2010); *Terry v. Newell*, 2014 U.S. Dist. LEXIS 92408, *9-10 (D. Ariz. July 8, 2014).

Here, Montelongo is certainly not a co-party to Defendants, because they are not on the same side of the suit. Additionally, Defendants admit as much when they allege that Montelongo is the owner of RETI. (Dkt. No. 65, Counterclaims, ¶ 10.) For this reason, just as the Court dismissed the cross-plaintiff's cross claim in *Nye v. Hilo Med. Ctr.*, *supra*, the cross-claim against Montelongo should be dismissed as well.

### 3. Dismissal is Warranted Because Montelongo has not been Properly Joined

Even if this Court looks past Defendants' improper use of Fed. R. Civ. P. 13(g), their claims against Montelongo still require dismissal, because Montelongo is improperly joined under Fed. R. Civ. P. 13(a).

Defendants' use of Fed. R. Civ. P. 13(a) to bring a compulsory counterclaim against Montelongo is incorrect, because he is not a named plaintiff. Under Fed. R. Civ. P. 13(a) and (b), compulsory or permissive counterclaims may be only asserted against an opposing party. *See See Casados v. Drury*, 2014 WL 3881550, *6-7 (D. Haw.Apr. 30, 2014); *see GIA-GMI, LLC v. Michener*, 2007 WL 1655614, * 4 (N.D. Cal. June 6, 2007). The "plain meaning of opposing party" is a named party, plaintiff or defendant, at the time of filing the counterclaim. *See Michener*, 2007 WL 1655614, at* 4; *See Adam Group, Inc. v. Tunnell*, 2014 U.S. Dist. LEXIS 83561, (M.D. Tenn. June 19, 2014). Here, only RETI and Defendants are named parties to the suit – <u>not</u> Montelongo. Because Montelongo is not a named party to the suit, he cannot be an "opposing party" within the meaning of Fed. R. Civ. P. 13(a).

Moreover, much like the factual situation in *GIA-GMI, LLC v. Michener*, *supra*, Defendants vaguely allude that Montelongo is the alter-ego of RETI. *See Michener*, 2007 WL 1655614 at* 3-4. But, Defendants never actually make the allegation that Montelongo is the alter-ego of RETI, so as to suggest that he is tantamount to a party. This is insufficient for the purposes of Rule 13(a), as

Defendants must actually sufficiently plead alter-ego. *See, Michener*, 2007 WL 1655614, at* 4; *See also, HID Global Corp. v. Leighton*, 2007 U.S. Dist. LEXIS 84549, *8-9 (N.D. Ohio Nov. 15, 2007).

Since Montelongo is not currently a party to this suit or before the Court, Defendants' "Cross-Claim," or alternatively their Counterclaims against Montelongo, must be dismissed.

## B. Defendants' Counterclaims Fail to State any Claim Upon Which Relief Can be Granted Because they only Allege Conduct by a Non-Party

Defendants' counterclaims against RETI should be dismissed pursuant to Fed. R. Civ. P 12(b)(6) because their factual allegations are in sufficient to state their proffered claims. Instead, their allegations are contradictory, lack clarity or specificity, and are predominantly based on the personal actions of a "cross-defendant" that is improperly joined to the suit. This has resulted in Counterclaims that do not satisfy the pleading standard under Fed. R. Civ. P 8(a)(2). Thus, the Court should grant this Fed. R. Civ. P 12(b)(6) Motion to Dismiss.

### 1. <u>Dismissal Standard Under Federal Rule of Civil Procedure 12(b)(6)</u>.

Under Rule 12(b)(6), dismissal is proper where a counterclaimant fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Parks School of Business v. Symington,* 51 F.3d 1480, 1485 (9th Cir. 1995). The Court is not, however, required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). The pleadings may not simply recite the element of a cause of action. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The Court should dismiss a counterclaim where it "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIMS - CASE NO. 8:14-cv-00546-AG-DFM

*Centinela Hosp. Med. Cir.,* 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

> While a complaint [or counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.*

In short, a counterclaim must include "enough facts to state a claim to relief that is plausible on its face." *Id.,* at 570 (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible"). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

2. <u>California Law governs Defendants' Counterclaims.</u>

California law governs the Counterclaims asserted by Defendants. "In diversity cases, federal courts must apply the conflict-of-law principles of the forum state." *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir. 1981). Because this is a diversity case in the Central District of California, California principles apply. In resolving the choice of law question in California, the district court applies that "governmental interest analysis" in which the Court "must search to find the proper law to apply based upon the interests of the litigants and the involved states." *Offshore Rental Co., Inc. v. Continental Oil Co.*, 22 Cal. 3d 157, 161 (1978). As an initial step in this analysis, courts look to see if the law of California and any other state with a relation to the claim differ as there is "obviously no problem where the laws of the two states are identical." *Id*. at 162. Even where there is a conflict in laws, "there

1  is still no problem in choosing the applicable rule of law where only one of the
2  states has an interest in having its law applied . . . ." *Id.* at 163. "Where significant
3  interests conflict, the court must assess the 'comparative impairment' of each
4  state's policies." *S.A. Empresa De Viacao Aerea Rio Grandense*, 641 F.2d at 479.
5  "A separate choice-of-law inquiry must be made with respect to each issue in a
6  case." *Id.*; *see also IBLC Abogados, S.C. v. Bracamonte*, 2013 U.S. Dist. LEXIS
7  103739, *n.1* (S.D. Cal. July 23, 2013) (court recognizing that the defendant's tort
8  based counterclaims require separate choice-of-law analysis from the plaintiff's
9  breach of contract claim).

10     Here, California law governs the claims for relief asserted in Defendants'
11 Counterclaims because such claims are not tied to the contract that is the basis of
12 Plaintiff's complaint (which contains a choice of law provision specific to that
13 contract) or any other contract that identifies a controlling law other than that of
14 the forum state – here, California law. Moreover, under California's choice of law
15 principles, Defendants' allegation implicate California law: that is, Defendant
16 Vertucci – who brings action individually and is the principal of co-defendant NV
17 Companies – alleges that he is a California resident (Dkt. No. 65, Counterclaims, ¶
18 1); Defendants claim to have operated from a "home base" in California (Id. at
19 ¶12); Defendants allege that the events underlying their claims took place in
20 California (Id. at ¶¶ 7, 36); Defendants' alleged joint venture likewise appears to be
21 Californai-based (Id. at Exhibit A, p. 1); and, Defendants claim to have sustained
22 losses in California, in particular, the loss of their radio show (Id. at ¶ 47).
23 Accordingly, the law favors the application of California legal principles to the
24 Counterclaims.
25 ///
26 ///
27 ///
28 ///

### 3. Defendants Have Insufficiently Stated Counts 1-4 Because they are Based on Alleged Personal Conduct of Montelongo

Defendants' Counts 1-4 cannot be maintained, because they have nothing to do with the actions of the sole counter-defendant to this action. Without more, the Court must dismiss these causes of action for failing to state a claim against RETI.

As discussed above, Montelongo was improperly joined by Defendants. Even if Montelongo was properly joined, Defendants base Counts 1-4 on the sole actions of Montelongo. Defendants never make any claim that *RETI*, (1) wrongfully interfered with Defendants' contract(s); (2) wrongfully interfered with Defendants' business relationships; (3) fraudulently induced Defendants into a speaking fees agreement; or (4) breached an oral contract. Defendants *only* allege that Montelongo, personally, committed these violations. Thus, Defendants' Amended Counterclaim Counts 1-4 should be dismissed, particularly as against RETI.

Indeed, at the beginning and end of each Count, Defendants merely, and in a conclusory fashion, attempt to impute the alleged actions of Montelongo to RETI without pleading facts to support a claim of alter-ego, or any other agency vicarious liability theory. If Defendants wished plead alter-ego, they "must allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient [to state a claim]." *Hokama v. E.F. Hutton & Co.*, 566 F. Supp. 636, 647, (C.D. Cal.1983); *See Hoang v. Vinh Phat Supermarket, Inc.*,2013 U.S. Dist. LEXIS 114475,*41 ( E.D. Cal.Aug. 12, 2013). Thus, Defendants should have alleged "specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Cal., N.A.,*290 F. Supp. 2d 1101, 1116 (C.D. Cal.2003) (applying California law).[1]

---

[1] To the extent that Defendants argue that they sought to plead reverse veil piercing between Montelongo and RETI, such also fails. "Reverse veil piercing" occurs when a corporation is liable either for the debts of a shareholder or the debts of a subsidiary. *Jae Won Jeong v. Onoda Cement Co.*,2000 U.S. Dist. LEXIS 7985,

But in the instant case, Defendants neither pleaded the specific elements of alter-ego or facts supporting each element. They have only offered their "information and belief" that Montelongo owns 100% stock of RETI. (DKT. No. 65, ¶10.) Then, without much explanation, Defendants go on to synonymously use Montelongo and RETI throughout the allegations. However, this is not enough to impute liability unto RETI or vice versa. *See Vinh Phat Supermarket, Inc*., 2013 U.S. Dist. LEXIS 114475 at * 41-42.

Altogether, Defendants' Counts 1-4 should be dismissed for failure to state a claim, because they are based on the personal actions of Montelongo and not RETI. Moreover, Montelongo is neither a party to this suit or the alleged alter-ego of RETI. Thus, each Count 1-4 fail to allege each element necessary to state a claim for relief can be granted. Therefore, the Court should grant RETI's Rule 12(b)(6) Motion and Dismiss Defendants' Amended Counter Claims 1-4.

**C. Defendants' Counterclaims Fail to State any Claim Upon Which Relief Can be Granted Due to Insufficient Factual Allegations**

1. <u>Defendants Fail to Allege the Elements of a Tortious Interference Claim</u>

Defendants' claim for relief for tortious interference with contract (Count I) fails as a matter of law, because Defendants' have failed to allege each element of a tortious interference claim. Their claim for relief for tortious interference with business relationship (Count II) fails for similar reasons.

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas & Electric Co. v. Bear*

---

*10 (C.D. Cal.May 17, 2000). Defendants have not pleaded factual support for this theory, either.

*Stearns & Co.,* 50 Cal.3d 1118, 1126 (1990). In addition, the act inducing a breach of contract must be, in itself, <u>wrongful</u>. *Quelimane Co. v. Stewart Title Guaranty Co.,* 19 Cal.4th 26, 56 (Cal. 1998). Defendants, however, fail to allege each element of tortious interference in that they (1) do not allege an actual contract existed between Defendants and the third parties, Fernandez and Sabatino, and (2) do not allege that RETI's contact with third parties Fernandez and Sabatino was, in itself, legally wrongful.

    *a. Counterclaimant Fails to Allege a Valid Contract.*

Defendants fail to allege an actual, valid contract between themselves and Fernandez and Sabatino. In order to sustain show the existence of a contract, Defendants must allege the existence of a "valid contract." *See Whitehurst v. CVS Pharm.*, 2013 U.S. Dist. LEXIS 167514, *6-7 (C.D. Cal.Nov. 18, 2013) (an agreement not the same as a valid contract). Defendants merely allege a "joint venture" existed between Fernandez, Sabatino, and themselves. (Dkt. No. 65, ¶ 22.) Defendants provide no specific facts to support this contention, or better describe the relationship, and further, provide no evidence of an actual <u>*contract*</u>, oral or written, between the parties to the alleged "joint venture." While Defendants' Exhibit A is presumably offered to bolster their position that a joint venture existed between Defendant Vertucci, Fernandez, and Sabatino, this does nothing more than reinforce the existence of joint venture between the parties. [Dkt. No. 65, Exhibit A]. Defendants must at least plead there was a valid contract or, for that matter, attach the contract to the pleadings. Thus, Defendants Counterclaim for tortious interference with contract should be dismissed.

    *b. Defendants Fail to Allege a Factual Basis that RETI and Montelongo's actions were Wrongful*

Under California law, RETI and/or Montelongo acting as RETI's president have a right to enforce to enforce agreements entered into between itself and employees or contractors. Moreover, this right specifically extends to enforcing a

-9-

right to protect its or its affiliates' trade secrets or other proprietary information. This is even so when the enforcement of its rights may affect the contracts or business relations of another. *Quelimane Co., supra,* 19 Cal.4th at 55-56.

California law requires Defendants to plead that RETI and Montelongo's actions are wrongful to sustain their cause of action for intentional interference with contractual relations. *Id.* at 55. This state follows the *Second Restatement of Torts* approach to determining whether an action that induces interference with contract is wrongful. *Id.* at 56. The California Supreme Court in *Quelimane Co. v. Stewart Title Guaranty Co.* held:

> If the actor is not acting criminally nor with fraud or violence or other means wrongful in themselves, but is endeavoring to advance some interest of his own, the fact that he is aware that he will cause interference with the plaintiff's contract may be regarded as such a minor and incidental consequence and so far removed from defendant's objective that as against the plaintiff the interference may be found to be not improper.  *Id.* (quoting Rest. 2d Torts, § 766, com. j).

As stated in Defendants' Counterclaims, prior to Vertucci, Fernandez, and Sabitino's relationship, Montelongo maintained a contractual relationship with Fernandez (Sabatino is his wife). (Dkt. No.65, pg. 27.) This contractual relationship continues with RETI and its affiliates today. Much like Defendants' contract with Montelongo, Fernandez's past and current agreements contain non-disclosure and solicitation provisions. And, just as it does now, RETI had the right to inform Fernandez and Sabatino of the its intention to enforce its contract if Fernandez breached the agreement. Even more, Fernandez and Sabatino, themselves, had the right to pick the better deal presented to them – in this case, *not* the deal presented by Defendants.

Defendants' allude to this in paragraph 47 of the Counterclaims in that Montelongo (as RETI's president) threatened to "terminate their relationship" if Fernandez left and worked with Vertucci. (Dkt. No.65, pg. 40.) This is insufficient to state a legal claim. RETI and Montelongo merely informed

Fernandez of RETI's right to discontinue their relationship and, if necessary, enforce the provisions of their agreement. Evidently, Fernandez valued his business relationship with Montelongo over that with Vertucci. RETI and Montelongo's alleged actions, in this regard, cannot be not considered wrongful because they were made in pursuit of a legitimate business objective.

Furthermore, Defendants' Counterclaims do not allege that RETI and Montelongo acted with criminal, violent, or fraudulent intent in allegedly contacting Fernandez and Sabatino about working exclusively with RETI. Instead, Defendants' pleadings indicate that RETI and Montelongo's alleged contact was motivated by a desire to advance their legitimate interest in its business and ongoing business relationship with Fernandez and Sabatino. (Dkt. No.65, pg. 35-36.) This is precisely the type of situation contemplated by the Restatement as "not improper." *Quelimane Co., supra,* 19 Cal.4th at 56. In accord, Defendants' two claims for relief for tortious interference (Counts I and II) should be dismissed because RETI and Montelongo's alleged actions are not wrongful as pled.

2. <u>Defendants Fail to Allege the Elements of Fraudulent Inducement</u>

Defendants' claim for relief for fraudulent inducement (Count III) fails because it is not pleaded with the particularity required by Fed. R. Civ. P. 9(b). Rule 9(b) requires each element of off a fraud claim to be pleaded with "particularity." *See Pac. Mar. Freight, Inc. v. Foster*, 2010 U.S. Dist. LEXIS 87205, *4 (S.D. Cal.Aug. 24, 2010). To prevail on a Rule 12(b)(6) motion, a fraud claim must allege the "who, what, when, where, and how of the misconduct." *Whitehurst*, 2013 U.S. Dist. LEXIS 167514, at *6 (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, Defendants fail to sufficiently allege a fraudulent statement(s) made by RETI and/or Montelongo, which induced Vertucci to forgo other "speaking" or business opportunities." (Dkt. No.65, pg. 30, 32, 43-44.) The only statement Defendants attribute to RETI and/or Montelongo is that Vertucci would be paid

$1,000 per BU for speaking fees. This statement is not actionable because, i) it was only a reference to future conduct (as opposed to a statement of existing fact), and ii) was ***not false***. In actuality, payments for $1,000 were made for a period of time, as the allegations reflect.

Further, Defendants fail to provide any specific factual allegations surrounding the fraud. In fact, Defendants provide absolutely no specific factual allegation regarding the "who, what, when, where, and how of the misconduct." Therefore, like the Court did in *Whitehurst v. CVS Pharm*, dismiss Defendants' Count Three. *Whitehurst*, 2013 U.S. Dist. LEXIS 167514, *6.

*a. Defendants Fail to Plead Sufficient Facts to Sustain Both of Counts III and IV*

The California Supreme Court has held, time and again, that contract and tort are different and hence breaches in a contractual setting do not give rise to tort claims. *See Aas v. Super. Ct.,* 24 Cal.4th 627, 635-36, 643 (2000)*; Cates Constr., Inc. v. Talbot Partners,* 21 Cal. 4th 28, 58-59 (1999).

The cases provide three overarching policy reasons why California (and other states) refuses to permit parties to cast aside their contracts in search of tort remedies that they did not include at the time they bound themselves to their counterparty. First, "'when two parties make a contract, they agree upon the rules and regulations which will govern their relationship; the risks inherent in the agreement and the likelihood of its breach.'" *Applied Equipment,* 7 Cal. 4th at 517. Confining parties to contract damages "serves to encourage contractual relations and commercial activity by enabling parties to estimate in advance the financial risks of their enterprise." *Id.* at 515. "Restrictions on contract remedies serve to promote the 'freedom to bargain over special risks and [to] promote contract formation by limiting liability to the value of the promise.'" *Freeman,* 11 Cal. 4th at 98.

///

Second, because allowing tort claims in contractual settings discourages commercial activity, "courts should be careful to apply tort remedies only when the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be . . . to aid rather than discourage commerce." *Erlich,* 21 Cal.4th at 554.

Third, the courts are most reluctant to infer tort duties when parties in privity make claims for purely economic loss because the burden on commerce is great and the parties are able to protect themselves by agreement in this context. *See Giles v. GMAC,* 494 F.3d 865, 876-77 (9th Cir. 2007).

The parties here entered detailed agreements that set forth the rules that governed their relationship and allocated expressly the risks inherent in their agreement. For that reason, the Defendants' tort claims cannot survive and/or coexist with their proffered contract claims.

> *b. Furthermore the Court should dismiss Count Three, because tort claims cannot duplicate contract claims.*

Tort claims that rely on purported misrepresentations of fact integrated into a contract are invalid and must be dismissed. Where a fraud claim rests on representations that appear in a contract, the parties are limited to contract remedies. In such a case, the courts have held that it is unnecessary to infer a non-contractual duty and such a duty would intrude on the parties' bargain, and are thus disallowed. *See, e.g. Giles, 494* F.3d at 876-77 ("if the tort alleged is intentional or fraudulent misrepresentation by a seller to a buyer," and the misrepresentation "goes to the quality or quantity of the goods promised in the contract, some courts limit the buyer to contract remedies."); *Cerabio LLC v. Wright Med. Tech., Inc.*,410 F.3d 981, (7th Cir.2005); *New York Univ. v. Cont'l Ins. Co.,* 662 N.E.2d 763,767-68 (N.Y. App. Div. 1995).

Here, the fraudulent misrepresentations on which the Defendants' allegedly relied in continuing to speak at RETI's events were statements concerning the

...

same business relationship established under the agreement referenced by Defendants' in its breach of contract claim for relief enumerated as "Count IV" in the Counterclaims. The parties contracted expressly with regard to each of these subjects and many others, and provided remedies if those representations were inaccurate.

> *c. The Economic Loss Rule requires tort damages be distinct from alleged contract damages.*

Defendants also have failed to plead damages based on the alleged tort claims that are distinct from the breach of contract claims. In the contract and tort claims, Defendants maintain they have suffered "substantial harm and damages in an amount not less than $500,000.00". These purported economic losses are simply the natural consequence of doing business and are embraced by its breach of contract claims. This fact also warrants dismissal of Defendants' tort claims. *See Robinson Helicopter Co. v. Dana Corp.* (2004) 34 Cal. 4th 979, 993; 22 Cal. Rptr. 3d 352, 360 (finding exception to economic loss rule that is "narrow in scope and limited to "misrepresentations that" expose a plaintiff to personal damages independent from the plaintiff's economic loss"); *Sultan v. Read*, No. 03-Civ. 7462 (PKL), 2005 U.S. Dist. LEXIS 3133, at *9 (S.D.N.Y. Mar. 1, 2005).

3. <u>Defendants' Breach of Oral Contract Claim is Time-barred and Factually Insufficient</u>

Defendants fail to allege facts sufficient to establish a breach of contract claim (Count IV) against Montelongo and/or RETI. Defendants reference an "agreement" between Vertucci and Montelongo whereby Vertucci would provide speaking services on behalf of Montelongo, and in return, Montelongo would pay Vertucci the sum of $1,000.00, per "BU" as speaking fees. These conclusory allegations lack the specificity required to establish a breach of contract claims.

More significantly, on a claim for breach of oral contract, as is Count IV, the statute of limitations under California law is two (2) years. Cal Code Civ Proc §

339. Here, it is plan on the face of the pleadings that the breaches of which Defendants complaint occurred <u>more</u> than two years before the filing of their Counterclaims. That is, in paragraph 42 of the Counter/ Cross claim, Defendants allege they lost "**over two years**" of BU payments due to the breach. (Dkt. No. 65, ¶ 42.) This admission clarifies that the alleged breach was over two years ago; otherwise stated, if they lost over two years of speaking fees due to the breach, the breach must have occurred over two years ago. Therefore, the Defendants' breach of an oral contract claims is time-barred by California's statute of limitations, and properly dismissed upon this motion.

### 4. <u>Defendants' Quantum Meruit Claim Cannot Withstand a Rule 12(b)(6) Challenge</u>

The Court should dismiss quantum meruit claim (Count V) for multiple reasons. First, Defendants specifically pleaded a contract existed between Montelongo and Vertucci, personally for the benefit of RETI. In such context, a quantum meruit claim is improper.

To bring an action for quantum meruit a party does not need to prove the existence of a contract. *Huskinson & Brown v. Wolf*, 32 Cal. 4th 453, (Cal.2004). But, quantum meruit "is not a viable claim when there is an actual contract for compensation." *Corsini v. Canyon Equity, LLC*, 2011 U.S. Dist. LEXIS 54872, * 4-5 (N.D. Cal.May 23, 2011). This includes when an oral contract exists. *Id*. When a party "unequivocally alleges the existence of a contract, a claim for quantum meruit can't be maintained. *Id*. Here, Defendants unequivocally allege the existence of an [oral] contract between Montelongo and Vertucci. Therefore, Defendants cannot maintain their action as to Montelongo.

Additionally, Defendants allege a quantum meruit claim against RETI. However, this is also an incorrect pleading of the quantum meruit cause of action. The Court in *Gateway Rehab & Wellness Ctr., Inc. v. Aetna Health of Cal., Inc*., 2013 U.S. Dist. LEXIS 53401,* 9-10 (C.D. Cal.Apr. 10, 2013), found that when

services are rendered to a "third person," there must be a specific requests from that person.  As has been pleaded in this case, if there is not a specific request by the person that the claim for recovery is made against, then the quantum meruit cannot survive. *See Id*.  Further, an implied request is insufficient to sustain a quantum meruit action. *Id*. (citing to *Day v. Alta Bates Med. Ctr*., 98 Cal. App. 4th 243, 248 (2002)).  Since Defendants have pleaded that RETI did not personally make the request and/or contract with Defendant Vertucci to provide services, then Defendants' quantum meruit claim cannot be maintained.

Lastly, Defendants' quantum meruit claims are more or less contingent claims against a possible affirmative defense that Montelongo and/or RETI might raise. The Federal Rules of Civil Procedure do allow alternative or contradictory pleading, but they do <u>not</u> allow a party to make a claim based on a hypothetical defense of another party.  Here Defendants have merely reasserted their breach of contract claims, unequivocally claiming Montelongo and Defendant Vertucci entered into an agreement.  Then, Defendants claim that *if* the Court finds there was no contract or it was unenforceable, then a quantum meruit recovery should suffice.  In reality, this pleading is nothing more than an anticipatory defense. Therefore, since Defendants' quantum meruit is not really the intended cause of action, it should be dismissed by the Court.   Alternatively, the Court should strike the claim based on  Fed. R. Civ. P 12(f), because the claim is immaterial and redundant of the Count IV.

5. <u>Defendants' Conspiracy Claim for Relief Fails as a Matter of Law</u>

Defendants' claim for "conspiracy" (Count VI) cannot withstand a Rule 12(b)(6) challenge because, i) it is not recognized under California law, and ii) it is not plausibly alleged.

At the outset, California state courts do not recognize an independent cause of action for conspiracy. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991).  California courts do recognize that conspiracy may be used attach joint

and several liability when the claim piggy backs on actual tort claims (*Id.*); however, since Defendants' conspiracy claim is based on allegations that are not tortious in themselves, so the Court must dismiss the Conspiracy claim with prejudice.

Moreover, "a bare assertion of conspiracy will not suffice" federal pleading standards.  *See*, *Baca*, 652 F.3d at 1214 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  The elements of civil conspiracy theory are (1) two or more persons; (2) who act in concert; (3) to intend to accomplish some unlawful objectives; (4) for the purpose of harming another; and (5) actually do cause harm. *Whitehurst*, 2013 U.S. Dist. LEXIS 167514 at *10.

Defendants' conspiracy claim is deficient in multiple respects. First, Defendants' allegations cannot satisfy the first element of a conspiracy pleading. As a matter of law two or more persons did not conspire to tortiously interfere with Defendants' agreement with Fernandez and Sabatino. Under California law, a "stranger" (non-party) can always be held tortiously liable for the intentional interference of another's contract.  But a party to a contract cannot interfere with its own contract.  *See*, *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 459 (Cal.1994); *see also*, *United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.,* 749 F.3d 869 (9th Cir. 2014).  In this case, Defendants claim that Montelongo and/or combined with Fernandez and Sabatino conspired to interfere with Defendants' contract. Fernandez and Sabatino were parties to the contract that is claimed to have been interfered with. For argument sake, assuming that Montelongo and/or RETI did act with Fernandez and Sabatino, California law prohibits Fernandez and Sabatino from being counted as conspirators.  Thus, only RETI and Montelongo can be considered conspirators.

California law also prohibits counting Montelongo and RETI as co-conspirators.  This is the purpose of pleading alter-ego. *See Kozlowski v. Stroomberg*, 2013 U.S. Dist. LEXIS 181455, * 8-9 (E.D. Cal.Dec. 28, 2013)

1  (distinguishing between alter-ego and conspiracy claims).  Montelongo, either as
2  owner, or as an officer of RETI, cannot be held liable for the wrongs of RETI, or
3  vice versa. *See Litton*, 869 P.2d 454; *See Kozlowski*, 2013 U.S. Dist. LEXIS
4  181455, at * 8-9. (citing Litton).  Agents and officers of a company are found
5  liable for their the company's wrongs under the theory of alter-ego – not
6  conspiracy. *Kozlowski*, 2013 U.S. Dist. LEXIS 181455, at * 8-9.  As discussed
7  above, Defendants have not alleged that RETI and Montelongo are the alter-egos
8  of one another.  As a result, Defendants cannot even allege the first element of
9  their conspiracy claim and it should be dismissed, with prejudice

10       6.  <u>California Law does Not Support a Texas Theft of Services Claim</u>
11     As set forth above in Section II-B-2, California law governs the
12 Counterclaims asserted by Defendants.  Accordingly, there is no legal basis for a
13 claim for relief under Texas statutory law, as Defendants assert in their "theft of
14 services" claim (Count VII).  As a result, this claim fails as a matter of law.

15       7.  <u>Defendants Fail to Allege the Elements Necessary for Declaratory Relief</u>
16     Montelongo and RETI respectfully request the Court to exercise its
17 discretion, and not entertain Defendants' declaratory judgment claim, as this case
18 is not a case appropriate for the Court's limited judicial resources.  The Declaratory
19 Judgment Act grants courts discretion to dismiss a claim; under the Act courts
20 "*may* declare the rights and other legal relations of any interested party." *28 U.S.C.*
21 *§ 2201*(a) (emphasis added). The Ninth Circuit instructs the district courts to
22 "balance concerns of judicial administration, comity, and fairness to the litigants"
23 in determining whether to hear a case under the Act. *Chamberlain v. Allstate Ins.*
24 *Co.,* 931 F.2d 1361, 1367 (9th Cir. 1991)(citing *Brillhart,* 316 U.S. at 495.)

25     The interests of judicial administration and fairness to the litigants strongly
26 disfavor a grant of jurisdiction. The issue underlying Defendants' complaint
27 involves a contract entered into between seasoned businessmen and commercial
28 entities; hardly a situation in which declaratory judgment is required to preserve

fair treatment towards the litigants. Defendants will not be harmed by any delay caused by dismissal of its complaint. For these reasons, Montelongo and RETI request the Court exercise its discretion, and dismiss Defendants' declaratory judgment claim.

### III.  CONCLUSION

Based on the foregoing, Counterdefendants respectfully request that this Court grant this motion and dismiss the Counterclaims, as detailed above.

Dated:  October 14, 2014

GORDON & REES LLP

*/S/ JEFFREY D. CAWDREY*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Attorneys for Plaintiff REAL ESTATE TRAINING INTERNATIONAL, LLC and Specially Appearing for ARMANDO MONTELONGO

1096731/21071333v.1