**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339

Attorneys for Defendants The Nick Vertucci
Companies and Nick Vertucci.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Defendants. | Case No. SACV14-00546 AG (DFMx) <br><br> Assigned to Hon. Andrew J. Guilford Courtroom 10D <br><br> **MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS** <br><br> <u>Documents filed herewith</u>: <br> 1.  [Proposed] Order <br><br> <u>Hearing Date</u>: <br> Date:     December 1, 2014 <br> Time:    10:00 a.m. <br> Crtrm.:  10D |

*Left margin vertical text:* AKERMAN LLP — 725 S. FIGUEROA STREET, SUITE 3800 — LOS ANGELES, CALIFORNIA 90017 — TEL.: (213) 688-9500 – FAX: (213) 627-6342

# **TABLE OF CONTENTS**

I.     SUMMARY OF ARGUMENT ................................................................. 9

II.    ARGUMENT AND AUTHORITIES ..................................................... 9

     A.     The Court has subject matter jurisdiction over the counterclaims raised against Montelongo. ................................................................. 9

          1.     Joinder is Proper Under Rule 19 or 20 ........................... 10

     B.     Montelongo is an Opposing Party Subject to Rule 13(a). ....................... 12

          1.     Plaintiff: Rule 13(g) argument is a misnomer ................................. 13

     C.     The Court has Supplemental Jurisdiction over the Claims Asserted against Montelongo. ................................................................. 14

     D.     The Amended Counterclaims State Claims Upon Which Relief Can Be Granted. ................................................................. 15

          1.     Plaintiff's Choice of Law Analysis is both incomplete and wrong ................................................................. 15

          2.     Texas Law Governs the Counterclaims. ................................................ 16

          3.     Even under applicable California conflict of laws principles Texas law applies ................................................................. 19

III.   DEFENDANTS HAVE MET THEIR RULE 8 AND RULE 9 PLEADING OBLIGATIONS UNDER RULE 12(B)(6)................................. 21

     A.     Count I – Tortious Interference with Contract ........................................ 21

          1.     Asserted against RETI ................................................................. 21

     B.     Count II – Tortious Interference with Business Relationship.................... 22

     C.     Count III – Fraudulent Inducement................................................ 23

     D.     Count IV – Breach of Oral Contract ................................................ 25

     E.     Count V – Quantum Meruit ................................................ 26

     F.     Count VI – Conspiracy................................................ 28

     G.     Count VII – Theft of Services ................................................ 29

     H.     Count VIII – Declaratory Judgment Action.......................................... 30

VI.   CONCLUSION ................................................................. 30

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ACS Investments, Inc. v. McLaughlin,*
943 S.W.2d 426 (Tex. 1997)......................................................................22

*Andres Holding Corp. v. Villaje Del Rio, Ltd.,*
2011 WL 3444010 (W.D. Tex. Aug. 8, 2011)..............................................23

*Apani S.W., Inc. v. Coca-Cola Enters., Inc.,*
300 F.3 620, 635 (5th Cir. 2002) ................................................................28

*Bales v. Gold Seal Liquors,*
417 U.S. 467 (1974) ......................................................................................14

*Brazil v. Dell, Inc.,*
585 F.Supp.2d 1158 (N.D. Cal. 2008) .........................................................20

*Brown v. Kleerekoper,*
2013 WL 816393 (Tex. App.—Houston [1st Dist.] Mar. 5, 2013) .............29

*Caton v. Leach Corp.,*
896 F.2d 939 (5th Cir. 1990), (applying Texas conflict of laws)........16, 17

*Chronic Tacos Enterprises, Inc. v. Chronic Tacos Huntington Beach, Inc.,*
2011 WL 1585594 (C.D. Cal. Apr. 26, 2011) .............................................23

*Dixie Credit Local v. Rogan,*
629 F.3d 612 (7th Cir. 2010) .......................................................................13

*Fidelity & Deposit of Maryland v. Commercial Cas, Consultants, Inc.,*
97 6 F.2d 272 (5th Cir. 1992). [Counterclaim, "D.E. 65," p. 22] .............10

*Fontana v. Harris,*
2013 WL 990014 (C.D. Cal. 2013) ..............................................................14

*Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.,*
960 S.W.2d 41 (Tex. 1998) ..............................................................23, 24, 25

*Frontier Oil Corp. v. RLI Ins. Co.,*
63 Cal. Rptr. 3d 816......................................................................................15

*Gage Van Horn & Assocs., Inc. v. Tatom,*
26 S.W.3d 730 (Tex. App.—Eastland 26 S.W.3d 730, --- 2000) ...............18

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*GIA-GMI LLC v. Michner*,
2007 WL 1655614 (N.D. Cal. 2007)............................................................13

*Greiling v. Zahoudanis, et al.*,
2009 WL 700049 (C.D. Cal. Mar. 13, 2009) .......................................29, 30

*HID Global Corp. v. Leighton*,
2007 WL 3566705 (N.D. Ohio Nov. 15, 2007)..........................................13

*In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*,
860 F.Supp.2d 1062 (C.D. Cal. 2012) ........................................................16

*In re Nucorp Energy Securities Litigation*,
772 F.2d 1486 (9th Cir. 1985) ....................................................................16

*In re Title USA Ins. Corp.*,
42 Cal. .........................................................................................................15

*J.J. Weinrot & Son, Inc. v. Jackson*,
220 Cal. Rptr. 103, 40 Cal. 3d 327 (Cal. Nov. 12, 1985) ..........................15

*John Paul Mitchell Sys. v. Randall's Food Mkts., Inc.*,
17 S.W.3d 721 (Tex.App.—Auston 2000, pet. denied) .............................23

*Jorgensen v. Cassiday*,
320 F.3d 906 (9th Cir. 2003) ......................................................................21

*Kearney v. Saloman Smith Barney, Inc.*,
45 Cal. Rptr. 730 .........................................................................................15

*Lazar v. Superior Court of Los Angeles County*,
12 Cal. 4th 631 (1996) ................................................................................25

*Malibu Consulting Corp. v. Funair Corp.*,
2008 WL 583882 (W.D. Tex. Feb. 28, 2008).......................................18, 19

*Millionway Int'l, Inc. v. Black Rapid, Inc.*,
2013 WL 6230366 (S.D. Tex. Dec. 2, 2013) .............................................22

*Minnesota Life Ins. Co., et al. v. Countrywide Financial Corp.*,
2012 WL 6742119 (C.D. Cal. Dec. 6, 2012) .............................................16

*Moses v. Innoprise Software, et al.*,
2013 WL 6019536 (N.D. Cal. Nov. 13, 2013) ..........................................27

*Mumblow v. Monroe Broadcasting, Inc.*,
401 F.3d 616 (5th Cir. 2005) ......................................................................16

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

*Munguia v. Bekins Van Lines, LLC*,
  2012 WL 5198480 (E.D. Cal., Oct. 19, 2012) ..........................................................15

*Offshore Rental Co. v Continental Oil Co.*,
  22 Cal 3d. 157(Cal. 1978)..................................................................................15

*Oliphant Fin. LLC v. Patton*,
  2010 WL 936688 (Tex. App.—Dallas Mar. 17, 2010)..........................................25

*Page v. Something Weird Video*,
  908 F.Supp. 714 (C.D. Cal. 1995) ..............................................................19, 20

*Pochiev v. Prudential Ins. Co.*,
  827 F.2d 1246 (9th Cir. 1987) .....................................................................14

*Quicksilver Resources, Inc. v. Eagle Drilling, LLC*,
  792 F. Supp. 2d 948 (S.D. Tex. 2011) .........................................................18

*Robinson v. Bank of America, N.A.*,
  2014 WL 940330 (N.D. Tex. Mar. 11, 2014) ...............................................26

*Rusheen v. Cohen*,
  37 Cal. 4th 1048 (Cal. 2006)........................................................................29

*S&W Enterprises, LLC v. Southtrust Bank of Ala.*,
  180 F.Supp.2d 811. (N.D. Tex. 2001) ..........................................................21

*Sarlot-Kantarjiana v. First Pennsylvania Mortgage Trust*,
  599 F.2d 915 (9th Cir. 1979)........................................................................16

*Scottsdale Ins. Co. v. Essex Ins. Co.*,
  98 Cal.App. 4th 86, 119 Cal. Rptr. 2d 62 (4th Dist. 2002)..........................21, 22

*Scripps Health v. Blue Cross & Blue Shield of Kansas, Inc.*,
  2011 WL 292142 (S.D. Cal. Jan. 26, 2011) ..................................................27

*Seelbach v. Clubb*,
  7 S.W.3d 749 (Tex.App. – Texarkana 1999, *pet. denied*) ............................23

*Sharyland Water Supply Corp. v. City of Alton*,
  354 S.W.3d 407 (Tex. 2011)........................................................................25

*Silver v. Goldman Sachs Group, Inc.*,
  2011 WL 1979241 (C.D. Cal. May 19, 2011) ..............................................26

*Southwestern Bell Telephone Co. v. Fitch*,
  643 F. Supp. 2d 902 (S.D. Tex. 2009)........................................................27

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

*StreamCast Networks, Inc. v. IBIS, LLC,*
  2006 WL 5720345 (C.D. Cal. May 2, 2006) .........................................................23, 24

*Swinehart v. Stubbemon, McRae, Sealy, Laughlin-Browder, Inc.,*
  48 S.W.3d 865 (Tex.App. – Houston [14th Dist.] 2011)..........................................21

*Texas Beef Cattle Co. v. Green,*
  92 S.W.2d 203 (Tecx. 1996) ......................................................................................22

*Texas Beef Cattle Co. v. Green,*
  921 S.W.2d 203 (Tex. 1996)......................................................................................21

*Texas Com. Energy v. TXU Energy, Inc.,*
  2004 WL 1777597 (S.D. Tex. June 24, 2004) ..........................................................28

*The Adam Group of Middle Tennessee d/b/a Playmaker CRM v. Tunnell,*
  2014 WL 2781128 (M.D. Tenn.) ..........................................................................12, 13

*Thrift v. Hubbard,*
  44 F.3d 348 (5th Cir. 1995) ......................................................................................21

*Tilton v. Marshall,*
  925 S.W.2d 672 (Tex. 1996)......................................................................................28

*Trindade v. Superior Court,*
  29 Cal. App. 3d 857 (1973) ......................................................................................26

*Turtle v. Castle Records, Inc.,*
  2005 WL 1159419 (N.D. Cal. May 17, 2005) ..........................................................26

*Wal-Mart Stores, Inc. v. Sturges,*
  52 S.W.2d 711 (Tex. 2001)........................................................................................22

*Wellogix, Inc. v. Accenture, LLP,*
  788 F. Supp. 2d 523 (S.D. Tex. 2011) ......................................................................30

**STATUTES**

28 U.S.C. 1332....................................................................................................................12

28 U.S.C. § 1367..................................................................................................................14

28 U.S.C. § 2201(a)..............................................................................................................30

Cal. Civ. Code §1550............................................................................................................26

Cal. Code Civ. Proc. §339 ...............................................................................................25, 26

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

Code §16600...............................................................................................30

sections of the Penal Code......................................................................29

Tex. Bus. & Com. Code §§15.50 and 15.51 ........................................30

Tex. Civ. Prac. & Rem. Code 134.002(2), 134.003, 134.005.................29

Tex. Civ. Prac. & Rem. Code §16.001 et seq. .....................................25

Tex. Penal Code §31.04(a)......................................................................29

**OTHER AUTHORITIES**

co-Counter-defendant, RETI. The *Hawaii* ...........................................13

Fed.R.Civ.P.5(d)(1) ..................................................................................2

Fed. R. Civ. P. 8(d)(2) & (3) ...................................................................27

Fed. R. Civ. P. 9(b) ...................................................................................23

Fed. R. Civ. P. 12(f).................................................................................27

Fed. R. Civ. P. 13(a) ....................................................................10, 12, 13

Fed. R. Civ. P. 13(h) .................................................................................10

Fed. R. Civ. P. 19(a)(1)(A) ......................................................................10

Fed. R. Civ. P. 20(a)(2) ............................................................................12

Fed. R. Civ. P. 21 ......................................................................................13

Rule 14, 19, 20 and 24 of the Federal Rules of Civil Procedure .............14

Rule 8 of the Federal Rules .................................................................28, 29

Restatement (Second) of Conflict of Laws..............................................18

Restatement (Second) of Conflict of Laws § 187 ....................................16

<u>RULE 8</u>..................................................................................................21

<u>RULE 9</u>..................................................................................................21

<u>RULE 12(B)(6)</u>....................................................................................21

Rule 13 ...............................................................................................13, 14

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

Rule 13(a)(1) .................................................................................................................12

Rule 13(g) .................................................................................................................10, 13

Rule 13(h) and Rule 19 .................................................................................................14

**Rule 19** ...............................................................................................................10, 12, 14

Rules 19 and 20 ............................................................................................................10

Rule 19(a) and Rule 19(b).............................................................................................11

Rule 24 ..........................................................................................................................14

*Rule 1332* .....................................................................................................................14

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 7-9, Counter-Plaintiffs, The Nick Vertucci Companies, Inc. ("NV Companies") and Nick Vertucci ("Vertucci") (collectively "Defendants"), hereby file this Opposition to the Motion to Dismiss Amended Counterclaims [D.E. 67].

## I.   SUMMARY OF ARGUMENT

Plaintiff's Motion to Dismiss is largely one of form over substance.  Rather than address Counter-Plaintiffs' actual allegations in the Counterclaims, Plaintiff simply ignores or mischaracterizes the well-pled allegations in the Counterclaims ("D.E. 65") in order to address straw-man arguments rather than Defendants/Counter-Plaintiffs' actual claims.  Hoping the Court will ignore the substantive factual allegations, Plaintiff ignores the choice of law clause in the contract, focuses on the procedural device of adding Montelongo as a party, and strangely arguing that acts committed in Texas by Montelongo and RETI, should be subject to California law.  As set forth below, Plaintiff's motion is without merit.

## II.   ARGUMENT AND AUTHORITIES

**A.   The Court has subject matter jurisdiction over the counterclaims raised against Montelongo.**

In arguing that the Court lacks subject matter jurisdiction over the claims asserted against Montelongo and, therefore, should be dismissed,[1]  [D.E. 67, at p. 2]. Plaintiff and Montelongo make one substantive argument that is incorrect, and one technical argument that can be cured.[2]

Counter-Plaintiffs note that they have asserted eight counterclaims against Plaintiff and Montelongo, who was not a party to the original lawsuit.  Montelongo is

---

[1] Initially, Counter-Plaintiffs note that this particular defense raised by Plaintiff regarding the counterclaims and the amended counterclaims was neither discussed nor raised during the Parties' three pre-filing conferences on September 3, 2014, October 7, 2014, and October 10, 2014 as required under Local Rule ("L.R.") 7-3 Had these allegations been raised during any of these conferences, this issue could have been clarified at that time.  Nonetheless, Counter-Plaintiffs responds.

[2] Contemporaneously with the filing this response, Defendants have contacted Plaintiff's counsel to discuss re-pleading to clarify the jurisdictional basis of the suit against Montelongo and file a motion for leave to amend their pleadings.  Plaintiff's counsel will not agree to the Motion for Leave.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

an indispensable party and an opposing party to those counterclaims, and should be a co-defendant of RETI.  Pursuant to Fed. R. Civ. P. 13(h),[3] Rules 19 and 20 govern the addition of a person as a party to a counterclaim or cross-claim.  Here, Counter-Plaintiffs seek to join Montelongo as a party defendant to Defendants' counterclaims against RETI.

### 1.     Joinder is Proper Under Rule 19 or 20

Fed. R. Civ. P. 19(a)(1)(A) states that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties. Montelongo is a party who must be joined in this matter because: (1) with his absence, the Court cannot provide complete relief to Counter-Plaintiffs who have asserted compulsory counterclaims against Plaintiff, who is inextricably tied to Montelongo.  *See* Fed. R. Civ. P. 13(a); (2) he is subject to service of process in this jurisdiction; (3) there is still subject matter jurisdiction over the counterclaims of Montelongo is joined as an indispensable party because diversity subject matter jurisdiction is not destroyed by his joinder.  As such, there is no basis for dismissing the counterclaims against Montelongo based on the basis of lack of subject matter jurisdiction.

Montelongo is required to be joined under Fed. R. Civ. P. 19(a)(1)(A).  First, he Montelongo has acted both as an agent of RETI, and individually in connection with the Defendants and RETI is essentially the alter ego of Montelongo. He owns 100% of RETI and controls RETI. *See, e.g., Fidelity & Deposit of Maryland v. Commercial Cas, Consultants, Inc.,* 97 6 F.2d 272, 274-75 (5th Cir. 1992). [Counterclaim, "D.E. 65," p. 22].  Defendants/Counter-Plaintiff's counterclaims are based on conduct engaged in by RETI and Montelongo during the course of their business relationship with

---

[3] Counter-Plaintiffs concede they erroneously and inadvertently referred in their jurisdictional Rule 13(g) instead of Rule 13(h).  Accordingly, they file their motion for leave to clarify this jurisdiction basis.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

Defendants/Counter-Plaintiffs. The claims in the Second Amended Complaint ("Complaint"), [D.E. 49], against Defendant by Plaintiff relate to alleged post-termination of Vertucci conduct-acts by Vertucci allegedly in violation of his Vendor Agreement (hereafter "Agreement") with Plaintiff.    The Counter-Plaintiff's counterclaims relate to and refer to actions by Counter-Defendant and Plaintiff(s) and Vertucci's pre-termination conduct and Montelongo/RETI's conduct which occurred in Texas.   Absent Montelongo being a party, the Court cannot accord complete relief among the Plaintiff and the Defendants.

The Agreement that is at the center of the Plaintiff's lawsuit is only the tip of the iceberg in addressing the parties' business interactions.   The Agreement would not have been signed by Defendants had the Defendants not been involved with RETI and Montelongo in other business relationships, including the joint venture described in the Counterclaims, [D.E. 65, pp. 28-29], and the speaking fees agreement with RETI, [D.E. 65, p. 43], which were breached and/or wrongfully interfered with by Montelongo both as a principal for RETI but also for himself and using RETI as the enterprise for conducting his tortious activity.[4] Montelongo is at the center of the confidentiality/non-solicitation Agreement, the subject of the Complaint [D.E. 49], which attempted to tie Vertucci's hands in any future endeavors, the back-dating of the Agreement and Vertucci's termination, so he could then interfere with Vertucci's joint venture with Fernandez.   The only way the issues surrounding the Plaintiff's claims can be put in context and fairly adjudicated is in the context of the entire business relationships involved, including those asserted in the Counterclaims, is for Montelongo to be a party. Montelongo is an indispensable party and should be joined under Rule 19(a) and Rule 19(b).

---

[4] It was Plaintiff itself that tried to allege a fiduciary duty owed by the Defendants to Plaintiff arising from an alleged personal trust and friendship between Montelongo and Defendant Vertucci. This allegation was eventually stricken by the court. [D.E. 46].

Montelongo is subject to service of process in this case.  In fact, Plaintiff's counsel not only failed to contest service of process, [D.E. 58],  Montelongo/RETI's attorney, Wes Huesser, accepted service for him on August 19. Third, joining him will not deprive the Court of subject matter jurisdiction.  The Court's subject matter jurisdiction is based on diversity under 28 U.S.C. 1332.  The counterclaims are also based on diversity jurisdiction.  Montelongo is doing business in California, but he is a citizen of Texas.  Plaintiff RETI is registered to do and was doing business in California, but it is a corporate citizen of Texas and Delaware. [*See* D.E. 1]. There is complete diversity between the Defendants and the Plaintiff and the party sought to be joined under Rule 19.

Alternatively, Montelongo should be joined under Fed. R. Civ. P. 20(a)(2) since rights are asserted by Counter-Plaintiff jointly, severally, and alternatively arising out of the same transactions, occurrence, and series of occurrences involving Defendants' business relationship with Plaintiff and Montelongo as set forth here and as set forth at length in the counterclaims. [D.E. 65].

**B.    Montelongo is an Opposing Party Subject to Rule 13(a).**

The Plaintiff's Rule 13(a) argument that Defendant/Counter-Plaintiff cannot assert a counterclaim against Montelongo because he is not a party, both misreads and misinterprets the rule.[5]

Here, the Rule reads in terms of an "opposing party." While Plaintiff cites a case that equates "opposing party" to an existing party, those cases are fact specific.  The more reasoned approach is that taken in *The Adam Group of Middle Tennessee d/b/a Playmaker CRM v. Tunnell,* 2014 WL 2781128 (M.D. Tenn.).  Analyzing a similar

---

[5] Rule 13(a)(1) states "A pleading must state as a counterclaim any claim that is at the time of its service – the pleader has against an ***opposing party*** if the claim: (a) arises out of the transaction or occurrence that is the subject matter of the opposing party is claims; and (b) does not require adding another party over whom the court cannot acquire jurisdiction."

"13(c) relief in a counterclaim – A counterclaim need not diminish or defeat the recovery sought by the opposing party.  It may request relief that exceeds an amount or differs in kind from the relief sought by the ***opposing party***."

argument, the court rejected the reasoning of and distinguished *GIA-GMI LLC v. Michner*, 2007 WL 1655614, (N.D. Cal. 2007) (cited by Plaintiff) and *HID Global Corp. v. Leighton*, 2007 WL 3566705 (N.D. Ohio Nov. 15, 2007) noting the clear language of Rule 13(a) – that a pleading asserting a counter-claim against an "opposing party." *Adam Group*, noted:

> "Any party asserting a claim, whether an original claim, counterclaim, cross-claim or third party claim becomes an opposing party to the party sued "and" opposing parties therefore, are parties that formally oppose each other on pleaded claims such as plaintiff and against defendants or that party plaintiffs and their party defendants they have joined. "*Jorgenson Co. v. T.I. United States, Ltd.*, 133 F.R.D. 472, 475 (E.D. Pa. 1991); *6 Charles Alan Wright et al.,* Federal Practice and Procedure § 1404. (3d. Ed. West 2010).

Here, Montelongo was initially sued as a counter-party on a counterclaim on August 18, 2014, [D.E. 58]. He was identified at that time as an opposing party. He is a party with aligned interests to the Plaintiff. He is the President, CEO, sole owner of Plaintiff. He acted using the corporate shell of the RETI for both the L.L.C. and for himself. As set forth above and in the Counterclaims, he has intertwined interests and identity with Plaintiff. Montelongo is undisputedly an opposing party.

### 1. Plaintiff: Rule 13(g) argument is a misnomer

As to their Rule 13(g) argument, Montelongo and RETI essentially make an argument that Counter-Plaintiffs have misnamed Montelongo as a cross-defendant, instead of a defendant or counter-defendant. However, a misnomer of a claim (albeit a cross-claim, counter-claim, etc.) does not equate to a lack of subject matter jurisdiction.[6] Montelongo was timely sued as part of the assertion of Defendants' compulsory counterclaims against co-Counter-defendant, RETI. The *Hawaii* case cited by Plaintiff, the Court noted that the "Ninth Circuit has not addressed the definition of a 'co-party' for purposes of Rule 13, and other courts that have considered the issue

---

[6] Moreover, even if he was misnamed or misjoined under Fed. R. Civ. P. 21, misjoinder of parties is not a ground for dismissing an action. *Dixie Credit Local v. Rogan*, 629 F.3d 612, 621 (7th Cir. 2010).

CASE NO. SACV14-00546 AG (DFMx)

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  have reached divergent conclusions."[7]  Nevertheless, Montelongo can and should be

2  joined under Rule 13(h) and Rule 19.  The proposed amended pleading can cure this

3  defect.

4  **C.  The Court has Supplemental Jurisdiction over the Claims Asserted against**
   **Montelongo.**

5

6      In addition to their Rule 13 agreements, Plaintiff fails to address the additional

7  jurisdictional basis of Supplemental jurisdiction under 28 U.S.C. § 1367.[8]

8  Supplemental jurisdiction generally automatically extends to compulsory counterclaims

9  because refusal to entertain a compulsory counterclaim might lead to its forfeiture.

10  *Bales v. Gold Seal Liquors,* 417 U.S. 467, 468, n. (1974); *Fontana v. Harris,* 2013 WL

11  990014 (C.D. Cal. 2013).[9]  Here, both Plaintiff and the party sought to be joined,

12  Montelongo's addition, under Rule 13(h) and Rule 19, would <u>not</u> be inconsistent with

13  the jurisdictional requirements of Rule 1332 and therefore the Court would have

14  supplemental jurisdiction over the counterclaims under section 1367(b).

15

16

17

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

18      [7] The *Hilo Medical,* 2010 WL 931926. Defendants concede that Montelongo is not a "co-
19  party" with Defendants, therefore a cross-claim under 13(g) is not proper.  Montelongo should be a
    co-defendant with Counter-Defendant, RETI.

20      [8] (a)   "Except as provided in subsections (b) and (c) or as expressly provided otherwise by
21  Federal statutes, in any civil action of which the district courts have original jurisdiction, the district
    court shall have supplemental jurisdiction over all other claims that are so related to claims in the
    action within such original jurisdiction. . .."

22      (b)   "in any civil action in which the district courts have original jurisdiction founded
23  solely on Section 1332 of this title, the district courts shall not have supplemental jurisdiction under
    subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20 and 24 of
24  the Federal Rules of Civil Procedure or over claims by persons proposed to be plaintiffs under Rule
    19 of such rules or seeking to intervene as plaintiffs under Rule 24 of such rules, *when exercising*
25  *supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements*
    *of Rule 1332.*" Emphasis added.

26      [9] The Ninth Circuit applies the "logical relationship test" to determine whether a claim is
    compulsory. *Pochiev v. Prudential Ins. Co.,* 827 F.2d 1246, 1249 (9th Cir. 1987).  Here, Plaintiff has
27  not contested that the claims are not compulsory, but under the logical relationship test even if there
    was a question, the Court examines whether the essential facts of the various claims are so logically
28  connected that consideration of judicial recover y and fairness dictated that all issues be resolved in
    one suit.  *Id.*  The counterclaims meet the test as set forth in Section 1, pp. 3-5 above.

**D.    The Amended Counterclaims State Claims Upon Which Relief Can Be Grant.**

RETI and Montelongo assert that California law governs the counterclaims simply because, as a diversity case, California choice-of-law and conflict-of-law analyses of California, California law should apply.  [D.E. 67, p. 6].  Counter-Plaintiffs assert that Texas law, not California law, governs the counterclaims, but even under a California choice-of-law analysis, Texas law will still be the applicable law.

**1.    Plaintiff's Choice of Law Analysis is both incomplete and wrong**

Simplistically, Defendants argue that since the counterclaims are not directly tied to the contract claims asserted by Plaintiff, they should be analyzed under California law as the law of the forum state. Plaintiff refers to the concepts of 'governmental interest analysis' and 'comparative impairment analysis,' but then proceeds not to analyze the relevant contacts under those principles. Moreover few cases have more negative and distinguishing history than the case cited by Plaintiff as authority for these principles (*Offshore Rental Co. v Continental Oil Co.*, 22 Cal 3d. 157(Cal. 1978).[10] While Counter-Plaintiff asserts that Texas law should be applied to the claims below, even under California law analysis, the application of law would also point back to Texas.

---

[10] **Disagreement recognized by** *In re Title USA Ins. Corp.*, 42 Cal. Rprt. 2d 498, 503, Cal. App. 4 Dist., June 30, 1995 (No. G014366). (applies California law to require California law firm to turn over fees it received from an insolvent insurer in Texas).

**Holding modified by** *J.J. Weinrot & Son, Inc. v. Jackson*, 220 Cal. Rptr. 103, 108, 40 Cal. 3d 327, 335 (Cal. Nov. 12, 1985).  (*citing Offshore Rental, id.* for master/servant law principles – not conflict of laws).

**Declined to extend by** *Frontier Oil Corp. v. RLI Ins. Co.*, 63 Cal. Rptr. 3d 816, 833. (applying California law because, it was the intended place of performance of the insurance contract).

**Distinguished by** *Munguia v. Bekins Van Lines, LLC*, 2012 WL 5198480 (E.D. Cal., Oct. 19, 2012)(applying California law to an accident that occurred in Nevada when both Plaintiff and Defendant were California residents, given conflict between limitations or liability between California and Nevada law); *Kearney v. Saloman Smith Barney, Inc.*, 45 Cal. Rptr. 730, 734, Cal. July 13, 2006 (No. 5124739). (applying California law when Defendant surreptitiously recorded their conversations from Georgia).

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### 2.     Texas Law Governs the Counterclaims.

Generally, in diversity cases, federal courts apply the conflict-of-law principles of the forum state.  *Sarlot-Kantarjiana v. First Pennsylvania Mortgage Trust*, 599 F.2d 915, 917 (9th Cir. 1979).   However, when a case is filed in one state and venue is transferred to another state, as occurred here, [*See* D.E 28], the Ninth Circuit has applied the choice-of-law rules of the transferor's forum.  *In re Nucorp Energy Securities Litigation*, 772 F.2d 1486, 1492 (9th Cir. 1985); *In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 860 F.Supp.2d 1062, 1067 (C.D. Cal. 2012)[11]  Accordingly, because of the posture of the case Counter-Plaintiff's assert that this Court should utilize Texas' choice-of-law and conflict-of-laws analysis, in addition to Texas' substantive law, to apply to the counterclaims because this suit was pending in Texas before being transferred, and the counterclaims are compulsory and arise from the business relationships entered into in Texas.

### a.     Choice of Law

In the absence of an applicable choice of law provision, a federal court in Texas will apply Texas law unless a conflict exists between Texas law and the other state. *Mumblow v. Monroe Broadcasting, Inc.*, 401 F.3d 616, 620 (5th Cir. 2005). Texas law, however, generally gives effect to contractual choice of law provisions. *See Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990), (applying Texas conflict of laws) Restatement (Second) of Conflict of Laws § 187.  The first step in the analysis is to decide whether the contracted choice of law provision is broad enough to cover

---

[11]   *See In re Nucorp Energy Securities Litigation*, 772 F.2d 1486, 1492 (9th Cir. 1985) ("[W]e would normally apply the choice-of-law rules of California, because the district court hearing the claims was sitting in California.  In this case, however, we must apply the choice of law rules of Illinois because the claims were originally filed in district court in Illinois before they were transferred to California by the Judicial Panel on Multidistrict Litigation."); *In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 860 F.Supp.2d 1062, 1067 (C.D. Cal. 2012) (finding that it would "apply the state law of the transferor forum, including the transferor's choice-of-law rules, to state law claims"); *Minnesota Life Ins. Co., et al. v. Countrywide Financial Corp.*, 2012 WL 6742119, at 2 (C.D. Cal. Dec. 6, 2012) ("First, the Court must apply Minnesota state law to any issues of state law, since the case was originally filed in Minnesota before its transfer to this Court.  The Court will apply substantive law as well as the state's choice-of-law rules.").

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

Defendants' fraud and tort claims and tortious interference claims.  If broad enough such provisions may cover tort claims as well as contracted claims. *Cf. Caton*, 896 F.2d at 943.

The Agreement says it covers "all claims."  It also says all claims that arise from the relationship are subject to Texas law.[12]

But the circumstances of the Agreement and its back-dating cannot ,by stroke of the pen, obviate the remainder of the business relationships and agreements.[13]  While RETI and Montelongo do business in California, RETI is a Texas corporation and Montelongo is a Texas citizen.  Between 2010 and 2013, the relevant time period of Defendants' association with Plaintiff and Counter-Defendant, Montelongo was based in Texas, running RETI, when the alleged tortious conduct occurred and from where the alleged tortious conduct originated.  When Vetucci was paid, he was paid by Montelongo's Texas-based company, RETI.  Part of the Counterclaim involves claim for a breach of his compensation agreement.  Furthermore, as evidenced in the Agreement upon which Plaintiff bases its claims, RETI and Montelongo clearly anticipated the possibility of being subject to Texas law in at least some capacity by including the language that "[t]his Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Texas, <u>without reference to principles of conflicts of laws</u>." [D.E. 49, Exh. 1].

---

[12] "This Agreement constitutes the entire agreement between the parties and supersedes any and all prior understandings, representations, warranties, and agreements of the parties regarding the subject matter hereof.  This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Texas, *without contractual reference to principles of conflict of law* . . . . Vendor shall be deemed to be an independent contractor and in no event shall this agreement or any provisions hereof be construed to form a partnership or any other relationship between AMS and Vendor."

[13] Ironically, by back-dating the Agreement to January 2010 – the superseding language above only relates to agreements that superseded 2010.  The joint venture and the compensation agreement at issue in the Counterclaims <u>post-date</u> the alleged date of the Vendor Agreement and, therefore, could not be superseded by the alleged effective date of the Agreement.

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiff asserts that the counterclaims[14] are extra-contractual torts and therefore are not covered under the Agreement. There is no dispute in this matter as to the fact that the choice of law designated for the alleged Agreement between RETI and Defendants is Texas.  [*See* D.E. 49, Exh. 1].  The scope of the Agreement covers not only matters such as prohibitions on Defendants' using Plaintiff's alleged "confidential information,"  soliciting "clients," or "potential clients" or suppliers, customers or clients of Plaintiff, but also the addresses such matters as "Vendor access to AMS events and customer bases; "AMS's agreement to allow access to such events and customer bases;" Vendor obligations to pay a booth services rental fee to AMS for access to various events and AMS customers 'at the agreed rate attached hereto as Exhibit A.'"

### b.    Conflict of Law

With respect to any alleged extra-contractual claims Texas applies the "most significant relationship test" found in Section 6 and 145 of the Restatement (Second) of Conflict of Laws when considering tort claims.  *Malibu Consulting Corp. v. Funair Corp.*, 2008 WL 583882, at *2 (W.D. Tex. Feb. 28, 2008).  *Quicksilver Resources, Inc. v. Eagle Drilling, LLC*, 792 F. Supp. 2d 948 (S.D. Tex. 2011).[15]

---

[14] There are eight (8) counterclaims for: (1) tortious interference with contract; (2) tortious interference with business relationship; (3) fraudulent inducement to contract; (4) breach of oral contract; (5) quantum meruit; (6) conspiracy; (7) theft of services; and (8) declaratory judgment. Counter-Plaintiffs assert that Declaratory Judgment Act (Count 8) is not an extra-contractual claim because it seeks a declaration that the provisions in the alleged agreement the forms the basis of Plaintiff's breach of contract claim are unenforceable. Because Plaintiff has not asserted a claim in the Second Amended Complaint as to these provisions, the declaratory judgment that Counter-Plaintiffs seek is properly before this Court.  *See Gage Van Horn & Assocs., Inc. v. Tatom*, 26 S.W.3d 730 (Tex. App.—Eastland 26 S.W.3d 730, --- 2000).

[15] Under Texas choice of law rules the non-exclusive list of factors the court considers in conducting the most significant relationship analysis, once a conflict has been identified, include: (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application of the law to be applied.  *Id.* Furthermore, the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state that has the most significant relationship to the occurrence and the parties under the principles stated in Section 6 of the Restatement (Second) of Conflict of Laws, *id,* when applying these principles include: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION**
**TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Defendants' counterclaims are based on conduct engaged in by RETI and Montelongo during the course of the business relationship. The business was based in Texas. The Complaint claims against the Defendants relate to alleged post-termination conduct of the Defendants in California. As agreed to by the district judge in Texas who transferred the case to this court, the alleged post-termination conduct of the Defendants occurred, if at all, in California, [D.E. 28, 29]. The Counter-plaintiff's counterclaims relate to and refer to pre-termination conduct involving the parties' then-relationship which occurred in Texas. While Defendants contest its enforceability, according to Plaintiff's own Agreement – everything regarding the relationship between Plaintiff and Defendants arises from the Texas agreement and is governed by Texas law. The booth fees referenced in the agreement paid by Vertucci involved a booth used by Vertucci at AMS events to sell the Vertucci-Fernandez joint venture properties. [D.E. 65, pp. 26-28]. The Defendants' pleadings allege the interference with the Vertucci-Fernandez joint venture as a motivation for Plaintiff's termination of the Vendor Agreement. [D.E. 65, p. 41]. Under the conflict of laws analysis, Texas law applies to the counterclaims. *See Malibu Consulting Corp.*, 2008 WL 583882, at *4 (W.D. Tex. Feb. 28, 2008) (finding that the state laws where the plaintiff is based and where the parties had justified expectations as a result of an agreement applied).

### 3. Even under applicable California conflict of laws principles Texas law applies

Even under California choice of law principles applying the governmental interest test the court must (1) consider whether the two states' laws actually differ; (2) examine each state's interest in applying its laws to determine whether there is a true conflict; and (3) if each state has a legitimate interest, compare the impairment to each jurisdiction under the other's rule of law. *Page v. Something Weird Video*, 908 F.Supp.

---

domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. The most significant relationship test focuses on the qualitative, not quantitative, nature of the contacts as affected the policy factors outlined in Section 6.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

714, 716 (C.D. Cal. 1995).  *Id.* at 716.  California like Texas, starts with the analysis of whether there is an agreement that governs the choice of law.  *Brazil v. Dell, Inc.*, 585 F.Supp.2d 1158 (N.D. Cal. 2008).[16]

The Agreement purports to evidence, according to Plaintiff, the business relationship between Plaintiff and Defendants. Plaintiff and Montelongo would be hard-pressed to argue that California has an interest in protecting the Texas Defendants from claims by their California vendor and that California law should apply to their relationship and dealings with the California-based Defendants/Counter-Plaintiffs. Plaintiff chose Texas law; Plaintiff <u>required</u> Defendants to sign an Agreement choosing Texas law; Plaintiff sued Defendants in Texas under Texas law.  Defendants concede that Texas law applies to all of the claims asserted by Plaintiff. The counterclaims should also be governed by Texas because they arise from Defendants' working relationship with Plaintiff and Montelongo pre-termination – which occurred both in Texas and California.  Plaintiff and Montelongo are based in Texas. To that extent Montelongo interfered with Vertucci's business relationship with Fernandez, he interfered, using Plaintiff as a vehicle to accomplish the interference, in Texas. Montelongo and Plaintiff breached Vertucci compensation agreement in Texas because that is where the compensation was promised, that where it was paid from, and that is where the breach occurred.

All of the contracts/connections/and torts that are the subject of the counterclaims occurred in Texas.  In summary, in applying either state's conflicts of laws analysis, the factors weigh in favor of the application of Texas law.

---

[16] "The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to the fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of §188, would be the state of the applicable law in the absence of an effective choice of law by the parties." *Id.* at 1162.

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### III.   DEFENDANTS HAVE MET THEIR RULE 8 AND RULE 9 PLEADING OBLIGATIONS UNDER RULE 12(B)(6)

**A.   Count I – Tortious Interference with Contract**

**1.   Asserted against RETI**

Counter-Plaintiffs have stated sufficient facts to support a claim for tortious interference with an existing contract.[17]   Plaintiff's own brief shows that the elements of the cause of actions in Texas are essentially the same as those in California and therefore, there is no conflict between the two states' laws. Contrary to RETI and Montelongo's allegation that no contract has been pled, Counter-Plaintiffs specifically alleged that there was a joint-venture agreement between Fernandez and Vertucci involving the acquisition, purchase, rehabbing, maintenance, management, rental, and sale of cash-flow generating properties.   [D.E. 65, pp. 40, 41]. A joint-venture agreement is a contract, recognized in Texas, *see Swinehart v. Stubbemon, McRae, Sealy, Laughlin-Browder, Inc.,* 48 S.W.3d 865 (Tex.App. – Houston [14th Dist.] 2011), and in California, *Jorgensen v. Cassiday,* 320 F.3d 906 (9th Cir. 2003); *Scottsdale Ins. Co. v. Essex Ins. Co.,* 98 Cal.App. 4th 86, 119 Cal. Rptr. 2d 62 (4th Dist. 2002). Counter-Plaintiffs allege the agreement was recognized and affirmed between Fernandez and Vertucci, as they detailed the fee split, expenses, profits and losses from the sale of the NV properties. [D.E. 65 at p. 40]. They specifically identified how the fees were billed, received, split and divided.  *Id.* at p. 41.  Montelongo was not a party to the Agreement. *Id.* at pp. 40-41.  Of course, Montelongo and RETI knew about the contract. They were beneficiaries of payments made under the Agreement, but not

---

[17] "To recover for tortious interference with an existing contract, a plaintiff must prove: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of the plaintiff's damages; and (4) actual damage or loss." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996); *see Thrift v. Hubbard*, 44 F.3d 348, 356 (5th Cir. 1995) (emphasis added) (same); *S&W Enterprises, LLC v. Southtrust Bank of Ala.*, 180 F.Supp.2d 811, 814 n.3. (N.D. Tex. 2001) (same).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

parties to the joint venture agreement.  But Montelongo intentionally, and willfully interfered with the joint venture.  *Id*. at ¶51.[18]

Plaintiff argues that it is not "wrongful" if the interference is not "criminal," "violent," or "fraudulent," but that is not the law.  The claim requires intentional interference that was willful and intentional.  *Texas Beef Cattle Co. v. Green,* 92 S.W.2d 203, 210 (Tecx. 1996).  The Counterclaims set forth the intentional interference of Montelongo.  All of these facts, which are detailed in the Amended Counterclaims, [D.E. 65], demonstrate that the interference was intentional and wrongful.  As such, Counter-Plaintiffs have stated a viable claim for tortious interference with an existing contract regardless of whether under Texas, or California law.

## B.    Count II – Tortious Interference with Business Relationship

Counter-Plaintiffs have alleged sufficient facts to support their claim for tortious interference with a business relationship,[19] namely, the one between Vertucci and Fernandez.  There was a clear business relationship between Vertucci and Fernandez. [D.E. 65, p. 42] by virtue of their joint venture.   Plaintiff argues that it is not "wrongful" if the interference is not "criminal," "violent," or "fraudulent," but that is not the law.  The claim requires intentional interference that was independently tortious or unlawful.  *ACS Investments, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex. 1997). The Counterclaims set forth the intentional interference of Montelongo. [D.E. 65].  The Plaintiff can prove tortious interference by establishing the defendant intentionally

---

[18]  The interference was wrongful interference <u>and</u> took two forms: (1) Montelongo strong-armed the Vendor Agreement with Vertucci which subjected him to non-solicitation and non-circumvention and confidentiality agreements, that Vertucci was not previously subject to, which RETI/Montelongo then terminated.  And, Montelongo threatened Fernandez with termination and assumption of control over the joint venture properties Montelongo did not own, manage, rent, or acquire if Fernandez did not agree breach his agreement with Vertucci.  *Id.* at p. 41.

[19]  "[T]o establish liability for interference with a prospective contractual or business relation, the plaintiff must prove that it was harmed by the defendant's conduct that was either independently tortious or harmful."  *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.2d 711, 713 (Tex. 2001). Independently, tortious means that the conduct would violate some other recognized tort duty.  *Id.*; *Millionway Int'l, Inc. v. Black Rapid, Inc.*, 2013 WL 6230366, at *4 (S.D. Tex. Dec. 2, 2013) ("Without factual allegations of an independent tort or unlawful conduct by Black Rapid, Millionway fails to state a claim for tortious interference with business relations.")

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

induced or caused a third-party to breach its contract with Plaintiff. *John Paul Mitchell Sys. v. Randall's Food Mkts., Inc.,* 17 S.W.3d 721, 730-31 (Tex.App.—Auston 2000, pet. denied) or by showing the defendant intentionally interferred with the performance of the contract either by preventing the performance, or by making the performance more burdensome, difficult or expensive. *See Seelbach v. Clubb,* 7 S.W.3d 749, 757 (Tex.App. – Texarkana 1999, *pet. denied*). All of these facts, which are detailed in the Amended Counterclaims, demonstrate that the interference was intentional and tortious. As such, Counter-Plaintiffs have stated a viable claim for tortious interference with an existing contract.

## C.   Count III – Fraudulent Inducement

RETI and Montelongo assert that the fraudulent inducement claim should be dismissed because: (1) it is not plead with particularity pursuant to Fed. R. Civ. P. 9(b);[20] (2) the tort claims cannot stand because of the contract claims and are duplicative of the contract claims; and (3) the economic loss doctrine requires the tort claims to be distinct from the contract damages. [D.E. 68, pp. 11-14].

Under California law, to state a claim for fraudulent inducement, one must allege: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Chronic Tacos Enterprises, Inc. v. Chronic Tacos Huntington Beach, Inc.*, 2011 WL 1585594, at *2 (C.D. Cal. Apr. 26, 2011); *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47-48 (Tex. 1998).

Counter-Plaintiffs stated that when Montelongo breached the agreement to pay them $1,000 per BU in 2012, Montelongo made a false promise that he would continue

---

[20] Rule 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme. *StreamCast Networks, Inc. v. IBIS, LLC*, 2006 WL 5720345, at *7 (C.D. Cal. May 2, 2006) (citing *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 402 (9th Cir. 1991)); *Andres Holding Corp. v. Villaje Del Rio, Ltd.*, 2011 WL 3444010, at *3 (W.D. Tex. Aug. 8, 2011) (citing *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter. *Id.*

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

1  allowing Counter-Plaintiffs access to his clients, which permitted Vertucci to continue

2  making "good money" with REIT and/or AMS through the Vertucci-Fernandez joint

3  venture.  [D.E. 65, pp. 27-28, 32, 44].  Based on this promise, Counter-Plaintiffs

4  continued to provide speaking services to Defendants, even though the promise was

5  false or recklessly made by Montelongo without regard for the truth or falsity.  *Id*. at p.

6  44.  Montelongo made the false promise for monetary reasons.  *Id*.  As a result of the

7  false promise, Vertucci was damage not less than $500,000, *id*, by providing service-

8  based or false promises not to disturb his joint venture revenues.

9              ***b.        The tort claim is not duplicative of the contract claims.***

10            "The same wrongful act may constitute both a breach of contract and an invasion

11  of an interest protected by the law of torts."  *StreamCast Networks, Inc.*, 2006 WL

12  5720345, at *9 (citing *North American Chemical Co. v. Superior Court*, 59 Cal. App.

13  4th 764, 774 (1997)); *see Formosa Plastics Corp. USA*, 960 S.W.2d at 46 ("Texas law

14  has long imposed a duty to abstain from inducing another to enter into a contract

15  through the use of fraudulent misrepresentations.").  Courts recognize that contract

16  remedies do not address the full range of policy objective underlying the tort action.

17  *StreamCast Networks, Inc.*, 2006 WL 5720345, at *9 (citing *Lazar v. Superior Court of*

18  *Los Angeles County*, 12 Cal. 4th 631, 646 (1996)).[21]

19            Here, Counter-Plaintiffs' fraudulent inducement claim concerns a violation of an

20  independent legal duty and is, therefore, not redundant of its breach of oral contract

21  claim.  *See StreamCast Networks, Inc.*, 2006 WL 5720345, at *10.  Furthermore,

22

23

24            [21] "In pursuing a valid fraud action, plaintiff advances the public interest in punishing
     intentional misrepresentations and in deterring such misrepresentations in the future."  *Id*. (citation
25  omitted).  "One circumstance in which courts have routinely recognized the availability of both a
     fraud and a contract action is a case in which a party contends that it was fraudulently induced to enter
26  into a contract."  *Id*. at *10 (citation omitted); *see Formosa Plastics Corp. USA*, 960 S.W.2d at 46
     ("As a rule, a party is not bound by a contract procured by fraud.").  Courts have found that "tort
27  damages are recoverable for a fraudulent inducement claim irrespective of . . . whether the plaintiff
     only suffers an economic loss related to the subject matter of [a] contract."  *Formosa Plastics Corp.*
28  *USA*, 960 S.W.2d at 46.

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

Montelongo made a promise with no intention of performing. *See Formosa Plastics Corp. USA*, 960 S.W.2d at 46.

### c.  The economic loss doctrine does not prevent the claim.

The Texas Supreme Court has declined to extend the economic loss doctrine to a fraudulent inducement claim. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011). Further, "it has long been the rule [in California] that where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for fraud." *Lazar,* 12 Cal. 4th at 645 (1996). As such, the economic loss doctrine is not a barrier to Counter-Plaintiffs' fraudulent inducement to contract claim.

## D.   Count IV – Breach of Oral Contract

RETI and Montelongo argue that Count IV should be dismissed because: (1) the allegations supporting the claim are conclusory and lack specificity; and (2) it is time barred under California law's statute of limitations, which is two years under under Cal. Code Civ. Proc. §339. [D.E. 68, pp. 14-15].

First, Counter-Plaintiffs assert that Texas law applies to their breach of oral counterclaim.[22] Under Texas law, there is a statute of limitations period for contract – written or oral - for four years. Tex. Civ. Prac. & Rem. Code §16.001 et seq. RETI and Montelongo assert that under California law, the statute of limitations period is only two years and, therefore, the oral contract claim is time-barred under Cal. Code Civ. Proc. §339. [D.E. 68, pp. 15-16].

Here, Counter-Plaintiffs have asserted all four of the elements of the claim. First, there was the existence of a valid contract as to the payment of the speaking fees. Specifically, Counter-Plaintiffs alleged facts that there was a valid agreement  relating to the speaking fees to be provided to RETI. [D.E. 65, pp. 32, 45]. Second, Counter-

---

[22] Under Texas law, a breach of oral contract claims requires a showing that: (1) there was the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach. *Oliphant Fin. LLC v. Patton*, 2010 WL 936688, at *3 (Tex. App.—Dallas Mar. 17, 2010).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

Plaintiffs provide services pursuant to this agreement. *Id*. Third, payments subsequently ceased. *Id*. at p. 45. And fourth, Counter-Plaintiffs suffered damages as a result of the breach. *Id*. Thus, Counter-Plaintiffs have stated a claim upon which relief can be granted as to Count IV. *See* Cal. Civ. Code §1550; *Robinson v. Bank of America, N.A.*, 2014 WL 940330 (N.D. Tex. Mar. 11, 2014) (denying the motion to dismiss the breach of oral contract claim).

Furthermore, even if California law did apply, this breach of contract claim, which is based on RETI and/or Montelongo breaching its oral agreement to pay Counter-Plaintiffs' speaking fees, relates back to the date of the filing of the original complaint. Under California law, a counterclaim relates back to the filing of the original complaint. *Trindade v. Superior Court*, 29 Cal. App. 3d 857, 859-60 (1973); *see Turtle v. Castle Records, Inc.*, 2005 WL 1159419, at *1(N.D. Cal. May 17, 2005). Here, the original complaint was filed against Defendants on January 16, 2014. The breach of the oral contract occurred in the summer of 2012. [D.E. 65, p. 32]. On its face, the breach of oral contract is not, *per se,* time barred under California law based on the relation back doctrine[23] and should not be dismissed. *See Turtle*, 2005 WL 1159419, at *1. Because the elements for the breach of contract under California law are the same as Texas, Counter-Plaintiffs have re-assert their previous argument, noting that they have stated a claim upon which relief can be granted as to Count IV. *See Silver v. Goldman Sachs Group, Inc.*, 2011 WL 1979241, at *3-4 (C.D. Cal. May 19, 2011) (denying the motion to dismiss breach of oral contract).

## E.    Count V – Quantum Meruit

RETI and Montelongo argue that the quantum meruit should be dismissed because: (1) Counter-Plaintiffs specifically pleaded a contract existed; (2) RETI did

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[23]    Defendants are filing a motion for leave to amend to specifically assert the date of the breach of the oral contract so it will be clear to the Court that the claim is not time barred under California law.

not "specifically" request services from Counter-Plaintiffs; and (3) the claim is contingent on a possible affirmative defense.  [D.E. 68, pp. 15-16].

Initially, Counter-Plaintiffs emphasize that they have asserted the quantum meruit claim as an alternative to their breach of contract claims, which is permissible. Fed. R. Civ. P. 8(d)(2) & (3); *see Southwestern Bell Telephone Co. v. Fitch*, 643 F. Supp. 2d 902, 910 (S.D. Tex. 2009); *Scripps Health v. Blue Cross & Blue Shield of Kansas, Inc.*, 2011 WL 292142, at *3 (S.D. Cal. Jan. 26, 2011).[24]

Secondly, Counter-Plaintiffs have asserted the necessary elements for their quantum meruit claim.[25]  Counter-Plaintiffs rendered valuable services, namely their speaking services for RETI's seminars.   [D.E. 65, pp. 25, 30, 46].   RETI and Montelongo accepted those services, as there is no dispute that Counter-Plaintiffs did provide speaking services.  *Id.*; *see* D.E. 49, ¶7.  Furthermore, under the circumstances, Counter-Plaintiffs' provide these services and expected to be paid for these services. [D.E. 65, pp. 25, 30, 46].  As such, they have stated a claim upon which relief can be granted as to their quantum meruit claim.

Finally, as to RETI and Montelongo's argument that RETI did not personally request and/or contract with Counter-Plaintiffs to provide services is an argument that is contradictory to not only Counter-Plaintiffs' demonstrated facts, but also RETI's alleged facts in its Second Amended Complaint.  Counter-Plaintiffs explicitly assert that Montelongo invited Vertucci to become a speaker at Montelongo-sponsored seminars on how to purchase cash-flow generating properties, an area of special focus for Vertucci.  [D.E. 65, p. 25].  Moreover, RETI explicitly states that the alleged Vendor Agreement that forms the basis of its breach of contract claim is supposed to

---

[24]   RETI and Montelongo's alternative request that Count V should be stricken pursuant to Fed. R. Civ. P. 12(f) is inapplicable because it is neither immaterial or redundant of Count IV.  It is permissibly pled in the alternative.

[25]   To recover for such a claim, they must show: (1) valuable services were rendered; (2) for RETI and/or Montelongo; (3) RETI and/or Montelongo accepted those services; and (4) under such circumstances, Counter-Plaintiffs were expecting to be paid for rendering those services.  *See Fitch*, 643 F. Supp. 2d at 910; *Moses v. Innoprise Software, et al.*, 2013 WL 6019536, at *6 (N.D. Cal. Nov. 13, 2013) (citing *Huskinson & Brown v. Wolf*, 32 Cal. 4th 453 (2004)).

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   evidence Plaintiff's agreement for Defendants to "provide real estate training services

2   on behalf of Plaintiff's companies to Plaintiff's customers . . . ." [D.E. 49, ¶7; Exh. A].

3   To now assert that RETI "did not personally make the request and/or contract with

4   Defendant Vertucci to provide services" is completely contradictory to its previous

5   assertions.

6   **F.    Count VI – Conspiracy**

7           RETI and Montelongo assert: (1) California does not recognize independent

8   actions for conspiracy; (2) the facts do not make allegations of conduct that is, in and of

9   itself, tortious; (3) Counter-Plaintiffs did not satisfy the elements to plead such a claim;

10  and (4) California law prohibits Montelongo and RETI from being co-conspirators.

11  [D.E. 68, pp. 16-18].

12          First, as previous set forth, Texas law should apply to the counterclaims.  Texas

13  recognizes a claim for civil conspiracy.[26]  Counter-Plaintiffs specifically assert that two

14  or more persons, Fernandez and either Montelongo, individually, or as an agent of

15  RETI, wrongfully and intentionally sought to harm Counter-Plaintiffs financial.  [D.E.

16  65, p. 48].  Aware of Montelongo's intent to harm Counter-Plaintiffs, Fernandez and

17  Montelongo facilitated and/or acquiesced to the wrongful purpose that Montelongo

18  sought to harm Counter-Plaintiffs financially.  *Id*.  The unlawful overt act was to

19  tortiously interfere with the Fernandez-Vertucci joint venture.  *Id*.  A result of the

20  tortious interference with the contract and business relationship between Fernandez and

21  Vertucci, Counter-Plaintiffs were damaged in an amount of no less than $2 million

22  dollars.  *Id*. at p. 49.  Based on these allegations, Counter-Plaintiffs have stated a viable

23  counterclaim for civil conspiracy against RETI and Montelongo under Texas law and

24  under Rule 8 of the Federal Rules.

25  
26          [26] The claim requires five elements: (1) two or more persons; (2) an object to be accomplished;
    (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and
27  (5) damages as the proximate result.  *Apani S.W., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3 620, 635
    (5th Cir. 2002).  The party asserting a theft of services claim must plead an underlying tort for its civil
28  conspiracy claim to be actionable.  *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *Texas
    Com. Energy v. TXU Energy, Inc.*, 2004 WL 1777597, at *19 (S.D. Tex. June 24, 2004) (same).

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

Even considering California law, Counter-Plaintiffs have alleged a claim for civil conspiracy.[27]

Ignoring the Counterclaims, Counter-Defendan argues that RETI and Montelongo cannot be co-conspirators, but Counter-Plaintiffs have asserted that RETI and/or Montelongo <u>combined</u> <u>with</u> Fernandez for an unlawful purpose – to harm Vertucci and the NV Companies financially. [D.E. 65, pp. 47-49]. Montelongo/RETI's purpose was to ruin Vertucci's cash-flow property business and enrich Montelongo at Vertucci's expense. *Id*. This conduct also forms the basis of Counter-Plaintiff's tortious interference claims against RETI and/or Montelongo and, therefore the civil conspiracy claims rests on independent tortious conduct attributable to Montelongo and/or RETI. Further, Montelongo and RETI could not have accomplished this goal without Fernandez's agreement to terminate the joint venture agreement. Counter-Plaintiffs were damaged in an amount not less than $2 million dollars by Montelongo and/or RETI's wrongful acts. These acts were done in furtherance of the common design with Fernandez. *Id*. As such, Counter-Plaintiffs' counterclaim for conspiracy have been adequately stated and should not be dismissed. *See Greiling v. Zahoudanis, et al.*, 2009 WL 700049, at *3 (C.D. Cal. Mar. 13, 2009).

## G.   Count VII – Theft of Services

RETI and Montelongo assert that Count VII should be dismissed because California does not recognize a theft of services claim. [D.E. 68, p. 18]. However, Counter-Plaintiffs contend and have demonstrated that Texas law should apply to their counterclaims. Texas law recognizes a claim for theft of services under the Texas Theft Liability Act.[28]

---

[27]   The elements for civil conspiracy in California are: (1) formation and operation of the conspiracy by an agreement between two or more persons to commit an unlawful act or a lawful act in an unlawful manner; and (2) damages resulting to the plaintiff; (3) from a wrongful act done in furtherance of a common design. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (Cal. 2006).

[28]   To state a claim for theft of services, the plaintiff must assert: (1) it was the provider of services; (2) the defendant unlawfully obtains services in violation of certain sections of the Penal Code; and (3) the plaintiff sustained damages as a result of the theft. Tex. Civ. Prac. & Rem. Code 134.002(2), 134.003, 134.005; Tex. Penal Code §31.04(a); *Brown v. Kleerekoper*, 2013 WL 816393,

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   Counter-Plaintiffs have asserted that they provided services to RETI and

2   Montelongo.  [D.E. 65, p. 49].  At a minimum, RETI knew that the services were

3   provided for compensation and agreed to provide compensation for the services.  *Id*. at

4   p. 49.  And they did provide compensation for a period.  RETI and Montelongo,

5   however, stopped any compensation for these services.  *Id*. at pp. 49-50.  As a result,

6   Counter-Plaintiffs sustained damages.  *Id*. at p. 50.  Therefore, the Court should deny

7   the Motion to Dismiss the theft of services claim.

8   **H.      Count VIII – Declaratory Judgment Action**

9   Montelongo and RETI argue that under the Declaratory Judgment Act, the Court

10  should use its discretion  and not entertain Count VIII.  [D.E. 68, p. 18]; *see* 28 U.S.C.

11  § 2201(a).

12  Here, the declaratory  judgment will clarify and settle the legal relations at issue

13  with regard to the Vendor Agreement.   The Complaint asserts a breach of contract

14  claim based on the Vendor Agreement.   [D.E. 49, ¶¶27-30].   In the Count VIII,

15  Counter-Plaintiffs seek a declaration that provisions in the Vendor Agreement are void

16  as a matter of law, and unenforceable either under the California Business and

17  Profession Code §16600 or under Tex. Bus. & Com. Code §§15.50 and 15.51.

18  [D.E. 65, pp. 50-51].   In the relief requested, Counter-Plaintiffs seek damages.   As

19  such, the dispute is ripe for consideration by the Court in the counterclaim for a

20  declaratory judgment.  *See Taser Int'l, Inc. Stringer Systems, Inc., et al.*, 2011 WL

21  3273881, at *6 (D. Nev. July 29, 2011) (denying motion to dismiss declaratory

22  judgment counterclaim).

23  **VI.      CONCLUSION**

24  For the foregoing reasons, Defendants respectfully request the Court deny the

25  Motion to Dismiss Amended Counterclaims.

26

27

28  at *3-4 (Tex. App.—Houston [1st Dist.] Mar. 5, 2013); *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 542-43 (S.D. Tex. 2011).

1

Dated: November 10, 2014

Respectfully submitted,

2

**AKERMAN LLP**

3

4

By: */s/ Karen P. Ciccone*

Karen P. Ciccone, Esq.

5

Clint Corrie, Esq.

*Admitted Pro Hac Vice*

6

Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS OF AUTHORITIES IN OPPOSITION
TO THE MOTION TO DISMISS AMENDED COUNTERCLAIMS**

**PROOF OF SERVICE**

I am employed in the City and County of Los Angeles, California.  I am over the age of 18 and not a party to the within action.  My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA  90017.

On November 10, 2014, I served the following documents

**MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

on the persons below as follows:

JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
GORDON & REES LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

JOSEPH WESLEY HUESSER II (*Pro Hac Vice Pending*)
EDUCATION MANAGEMENT SERVICES, LLC
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
weshuesser@yahoo.com

*Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC*

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **November 10, 2014**, at Los Angeles, California.

| Karen P. Ciccone | /s/ Karen P. Ciccone |
|---|---|
| (Type or print name) | (Signature) |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342