**AKERMAN LLP**
KAREN PALLADINO CICCONE (SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CLINT A. CORRIE (*Admitted Pro Hac Vice)*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

Attorneys for Defendants
*The Nick Vertucci Companies, Inc.and Nick Vertucci*

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

REAL ESTATE TRAINING INTERNATIONAL, LLC,

*Plaintiff,*

v.

THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,

*Defendants.*

Case No. SACV14-00546 AG (DFMx)

Hon. Andrew J. Guilford, Crtrm. 10D

**NOTICE OF MOTION FOR LEAVE TO AMEND AND JOIN INDISPENSABLE PARTY: MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER AND AMENDED COUNTERCLAIMS**

**FED. R. CIV.P. 15, 13, 19, 20**

Hearing Date:
Date: December 15, 2014
Time: 10:00 a.m.
Crtrm.: 10D

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 15, 2014 at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom 10D of the United States District Court, Central District of California-Southern Division, Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, Defendants The Nick Vertucci Companies, Inc. ("NV Companies") and Nick Vertucci ("Vertucci") (collectively "Defendants" or "Counter-Plaintiffs"), will move the Court for an order granting Counter-Plaintiffs leave to file their second amended counterclaims and joining Armando Montelongo ("Montelongo") as an indispensable party.

This motion is made and based upon Rules 15, 13, 19, and 20 of the *Federal Rules of Civil Procedure*. This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, as well as any oral argument that may be presented at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 10, 2014, and Plaintiff's Counsel agreed to Defendants' Counsel filing this Motion immediately. Counsel discussed the substance of the contemplated motion and any potential resolutions. Counsel could not resolve the matters contained herein.

Dated: November 14, 2014

Respectfully Submitted,

**AKERMAN LLP**

*/s/ Karen P. Ciccone*
Karen Palladino Ciccone
Clint A. Corrie
Nefertari S. Rigsby
Attorneys for Defendants
THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI

# TABLE OF CONTENTS


I. SUMMARY OF ARGUMENT ..... 1

II. BACKGROUND ..... 1

III. LEGAL STANDARD ..... 2

- A. Amendments Pursuant to Fed. R. Civ. P. 15 ..... 2
- B. Counterclaims Under Fed. R. Civ. P. 13 ..... 3
- C. Joinder Pursuant to Fed. R. Civ. P. 19 and 20 ..... 3

IV. ARGUMENT ..... 4

- A. Counter-Plaintiffs Should Be Permitted Leave to Amend Their Counterclaims.endments Pursuant to Fed. R. Civ. P. 15 ..... 4
  1. *Counter-Defendants will suffer no prejudice.* ..... 4
  2. *Counter-Plaintiffs seek to amend their counterclaims, and such amendments will not be futile* ..... 5
  3. *There was no undue delay in bringing this motion for leave to amend.* ..... 7
  4. *There is no evidence of bad faith or dilatory motive on the part of Counter-Plaintiffs in seeking leave to amend.* ..... 8
  5. *Counter-Plaintiffs have only amended their claims once in this proceeding.* ..... 9
- B. Montelongo is an Indispensable Party. ..... 9
  1. *In Montelongo's absence, the Court cannot award Counter-Plaintiffs complete relief as to their Compulsory Counterclaims.* ..... 9
  2. *Joining Montelongo is feasible and will not deprive this Court of subject matter jurisdiction* ..... 10
- C. Alternatively, Permissive Joinder is Appropriate to Join Montelongo. ..... 11

V. CONCLUSION ..... 13


AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Cases**

*Aten Int'l Co., Ltd., et al. v. Emine Technology Co., Ltd., et al.* 2010 WL 1462110, at *2 (C.D. Cal. Apr. 12, 2010) .......... 2, 4

*Baker v. Gold Seal Liquors* 417 U.S. 467, 468 n. 1 (1974) .......... 5

*Cobra North America, LLC v. Cold Cut Systems Svenska AB* 2009 WL 4506404, at *2 n.3 (D. Colo. Nov. 30, 2009) .......... 9

*DCD Programs, Ltd. v. Leighton* 833 F.2d 183, 186 (9th Cir. 1987) .......... 3

*Desert Empire Bank v. Ins. Co. of North America, et al.* 623 F.2d 1371 (9th Cir. 1980) .......... 11

*Diaz v. Allstate Ins. Group, et al.* 185 F.R.D. 581, 587 (C.D. Cal. 1998) (quoting Fed. R. Civ. P. 20) .......... 11

*Diodem, LLC*, 2005 WL 6219898, at *11 .......... 3

*EEOC v. Peabody W. Coal Co.* 400 F.3d 774, 799 (9th Cir. 2005) .......... 3

*Eminence Capital, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1052 (9th Cir. 2003) .......... 3

*Gukasyan v. Chase Bank USA, N.A.* 2011 WL 3439265, at *3 (C.D. Cal. Aug. 3, 2011) .......... 7

*Howey v. Radio Corp. of Am.* 481 F.2d 1187, 1190 (9th Cir. 1973) .......... 4

*Int'l Flavors & Fragrances, Inc. v. Van Eeghen Int'l B.V.* 2007 WL 1490663, at *2-4 (E.D. Cal. May 21, 2007) .......... 11

*Ixys Corp. v. Advanced Power Technology, Inc.* 2004 WL 135861, at *2 (N.D. Cal. Jan. 22, 2004) .......... 7

*Orange County Health Care Agency v. Dodge* 793 F. Supp. 2d 1121, 1128-29 (C.D. Cal. 2011) .......... 6

*Phoenix Leasing, Inc. v. Venture Funding, Ltd., et al.* 1994 WL 449036, at *5 (N.D. Cal. Aug. 12, 1994) .......... 11

*Pochiro v. Prudential Ins. Co. of America* 827 F.2d 1246, 1249 (9th Cir. 1987) .......... 5

*Roth v. Marquez* 942 F.2d 617 (9th Cir. 1991) .......... 10

*Sparrow v. Mazda American Credit* 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005) .......... 7

*U.S. v. One Oil Painting Entitled "Femme En Blanc" By Pablo Picasso* 362 F. Supp. 2d 1175, 1187 (C.D. Cal. 2005) .......... 10

*U.S. v. Webb* 655 F.2d 977, 980) (9th Cir. 1981) .......... 7

*Whitmore v. Snyder, et al.* 2010 WL 2990028, at *1 (C.D. Cal. July 27, 2010) .......... 9

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Rules**

Fed. R. Civ. P. 13 .......... i, 1, 3, 5, 8
Fed. R. Civ. P. 15 .......... i, 1, 2
Fed. R. Civ. P. 19 .......... i, 1, 3, 4, 9
Fed. R. Civ. P. 20 .......... 1, 4, 11

## I. SUMMARY OF ARGUMENT

Counter-Plaintiffs' seek leave from the Court pursuant to Fed. R. Civ. P. 15 to amend their counterclaims. The purpose of the amendment is to clarify the specific counterclaims and their bases in this matter.

First, Counter-Plaintiffs' seek leave to amend the counterclaims because they are compulsory to this litigation. Fed. R. Civ. P. 13(a). The claims arise out of the same transaction or occurrence that forms the basis of Real Estate Training International ("RETI")'s claims against Counter-Plaintiffs. Alternatively, Counter-Plaintiffs' seek leave to amend the counterclaims because, if they are not deemed compulsory, there are permissive under Fed. R. Civ. P. 13(b).

Second, Counter-Plaintiffs seek an order from the Court joining Montelongo as an indispensable party to this matter pursuant to Fed. R. Civ. P. 19. Alternatively, if the Court finds that Montelongo is not an indispensable party, Counter-Plaintiffs seek an order adding Montelongo as a proper party under Fed. R. Civ. P. 20.

## II. BACKGROUND

NV Companies is a Nevada corporation, with its principal place of business in Nevada. D.E. 65, p. 20, ¶1. Vertucci is an individual residing in the State of California. *Id.* at ¶2. Real Estate Training International, LLC ("RETI") is a Delaware company with a principal place of business in Texas. *Id.* at ¶3. Montelongo resides in Texas and owns a residence in Newport Beach, California. *Id.* at ¶4.

Montelongo and Vertucci began meeting in California to discuss doing business together in 2009. *Id.* at p. 25, ¶16. Montelongo invited Vertucci to become a speaker at Montelongo-sponsored seminars on how to purchase cash-flow generating properties. *Id.* Vertucci agreed, and he and his company operated as consultants to RETI without a formal agreement. *Id.* RETI paid Vertucci fees for him speaking about cash-flow properties at RETI-sponsored events. *Id.*

Vertucci also had agreement with Giovanni Fernandez ("Fernandez") with whom he sold cash-flowing properties in the Las Vegas market while he also provided

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

services to RETI. *Id.* at pp. 27-29, ¶¶19-20, 22-23. Montelongo knew that if Vertucci sold properties to his students, Montelongo could make money from the sales. *Id.* at pp. 27, 31, ¶¶20, 27. The Vertucci-Fernandez joint venture contained millions of dollars in property inventory. *Id.* at p. 35, ¶33.

Vertucci was contacted by lawyers for RETI in July 2013, threatening to terminate Defendants' relationship with RETI if he did not sign a Vendor Agreement. *Id.* at p. 34, ¶32. Two weeks later, in August 2013, RETI terminated the back-dated Vendor Agreement it had induced Vertucci to sign and terminated the relationship with Defendants. *Id.* at p. 37, ¶38.

After forcing Vertucci to sign this Agreement, Montelongo interfered with the Vertucci-Fernandez joint venture, leading to the termination of the business relationship between Vertucci and Fernandez. *Id.* at pp. 35-37, ¶¶34-37, 39. Vertucci was owed over $1 million on the properties in the Vertucci-Fernandez joint venture. *Id.* at pp. 37-38, ¶40. At Montelongo's insistence, and with his interference and threats, Fernandez held Vertucci's invested money and profits from the sale of the NV Properties hostage for over six months, while Montelongo and his lawyers tried to get Vertucci to sign a release of liability. *Id.* at pp. 37-38, ¶40. Generally, the tortious conduct of Montelongo and RETI caused Vertucci and the NV Companies significant harm. *Id.* at pp. 37-40, ¶¶39-47.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## III. LEGAL STANDARD

### A. Amendments Pursuant to Fed. R. Civ. P. 15

Fed. R. Civ. P. 15(a) states that "leave shall be freely granted when justice so requires." "In determining whether to grant leave to amend, a court considers the following factors: (1) whether the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory motive on the part of the motive; (3) the movant's repeat failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment." *Aten Int'l Co., Ltd., et al. v. Emine Technology Co., Ltd., et al.*, 2010 WL 1462110, at *2 (C.D. Cal. Apr. 12, 2010) (citing

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see Aten Int'l Co.*, 2010 WL 1462110, at *2 (same).

**B. Counterclaims Under Fed. R. Civ. P. 13**

Under Federal Rule of Civil Procedure 13, counterclaims are either compulsory or permissive. Compulsory counterclaims are those claims asserted against an opposing party that arise out of the same transaction or occurrence that is the basis of the opposing party's claims and do not require adding another party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a). Counterclaims that are not compulsory may also be brought against a opposing party as permissive counterclaims. Fed. R. Civ. P. 13(b).

**C. Joinder Pursuant to Fed. R. Civ. P. 19 and 20**

Under Fed. R. Civ. P. 13(h), parties may be joined to actions pursuant to Fed. R. Civ. P. 19 and 20. Rule 19 provides for mandatory joinder of a party who is indispensable and needed for a just adjudication. *See EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 799 (9th Cir. 2005); *Diodem, LLC v. Lumenis, Inc., et al.*, 2005 WL 6219898, at *11 (C.D. Cal. Sept. 14, 2005). Joinder is required in one of three circumstances. *See* Fed. R. Civ. P. 19(a). First, a party is considered necessary and must be joined when the court cannot accord "complete relief to the existing parties without the absent party's participation." Fed. R. Civ. P. 19(a)(1); *see Diodem, LLC*, 2005 WL 6219898, at *11. Second, joinder is required when an absent party claims an interest in the subject of the existing litigation that may be prejudiced by the outcome of the case. Fed. R. Civ. P. 19(a)(2)(i); *see id.* Third, if an existing party will be subjected to substantial risk of incurring multiple or inconsistent obligations if an absent party is not joined, joinder is required. Fed. R. Civ. P. 19(a)(2)(ii); *see id.*

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Under any one of these circumstances, the court can find that a party is necessary to the proceedings.

If deemed a necessary party, the court then considers whether it is feasible to join the party. Fed. R. Civ. P. 19(b). Joinder is not feasible: (1) when venue is improper; (2) when the absent party is not subject to personal jurisdiction; (3) or when joinder would destroy subject matter jurisdiction. *Id.*; *see Peabody W. Coal. Co.*, 400 F.3d at 779.

Alternatively, a person may be joined in an action as a defendant if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions and occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). A defendant is not required to defend against all of the relief demanded because the court may grant judgment against one or more defendants according to their liabilities. Fed. R. Civ. 20(a)(3).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## IV. ARGUMENT

### A. Counter-Plaintiffs Should Be Permitted Leave to Amend Their Counterclaims.

The proposed amendments include joining Montelongo as either an indispensable or proper party to this action, asserting certain counterclaims against Montelongo, individually and/or using RETI as his alter ego, and clarifying the bases for the counterclaims, such as the basis for the declaratory judgment claim. Pursuant to Local Rule 15, the Proposed Amended Counterclaims are attached.

#### 1. *Counter-Defendants will suffer no prejudice.*

First, the most crucial factor is prejudice to the opposing party. *See Aten Int'l Co.*, 2010 WL 1462110, at *2 ("While a court should consider each of the five factors when conducting its analysis, the crucial factor is the resulting prejudice to the opposing party.") (citing *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973)). Here, there will be no prejudice as to either RETI or Montelongo. Neither side

has propounded discovery. Moreover, the discovery deadline in this case is June 29, 2015. D.E. 48; *see Aten Int'l Co.*, 2010 WL 1462110, at *4 (noting that the counsel had sufficient time to prepare their case through discovery, a factor weighing in favor of permitting the amendment). Because there are no pending discovery deadlines or exigent time pressures, RETI and Montelongo will not be prejudiced by the amendments. *See id.* at *5 ("In sum, the Court finds that Belkin will not be prejudiced by the amendments, so this factor favors granting leave to amend."). As such, Counter-Plaintiffs should be permitted to amend their counterclaims.

**2. *Counter-Plaintiffs seek to amend their counterclaims, and such amendments will not be futile.***

Second, the amendments that Counter-Plaintiffs seek to make will not be futile. Counter-Plaintiffs assert that their counterclaims are compulsory under Fed. R. Civ. P. 13(a). Under Fed. R. Civ. P. 13(a)(1)(A), a compulsory counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Counter-Plaintiffs assert that their counterclaims arise out of the of the subject matter of RETI's claims against it.

**a. *Compulsory Counterclaim***

The Ninth Circuit applies the "logical relationship test" to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987). If compulsory counterclaims are not brought, the counter-plaintiff is barred from asserting those claims in a future proceeding. Fed. R. Civ. P. 13(a). Federal courts have supplemental jurisdiction over compulsory counterclaims because of this fact. *See Baker v. Gold Seal Liquors*, 417 U.S. 467, 468 n. 1 (1974).

Initially, the declaratory judgment action in Counterclaim VIII seeks a declaration that the non-circumvention, or alleged non-compete, provision in the Vendor Agreement is unenforceable under either California or Texas law, to the extent

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

that the Court finds that the Agreement is valid and enforceable, which Counter-Plaintiffs contest.

Then, the Vendor Agreement, as drafted, is supposed to evidence the business relationship between Counter-Plaintiffs and RETI. *See* D.E. 49, Exh. 1. The first line of the Vendor Agreement is dated January 1, 2010. *See id.* The Agreement asserts that Counter-Plaintiffs "shall provide all services reasonably requested by [RETI] and shall promptly pay a booth services rental fee to [RETI] for access to various events and [RETI] customers." *See id.* The Agreement purports to constitute "the entire agreement between the parties . . . ." *See id.* The basis of the fraudulent inducement, breach of oral contract, quantum meruit, and theft of services counterclaims are based on Counter-Plaintiffs providing services to RETI at the RETI seminars. *See* D.E. 65. Counter-Plaintiffs received payments from RETI pursuant to the business relationship. *See id.* at pp. 30-31, ¶26. As with the declaratory judgment counterclaims, these counterclaims should be found as compulsory, warranting amendments. *See Orange County Health Care Agency v. Dodge*, 793 F. Supp. 2d 1121, 1128-29 (C.D. Cal. 2011) (finding that the counterclaims were compulsory)

Next, the counterclaims based on the joint-venture agreement are, likewise, arising out of the same business relationship among the Parties. It was through the booth that Vertucci was permitted to set up at the seminars that he was also able to present cash-flow properties to the students. *See* D.E. 65, pp. 25-26, ¶18. Montelongo, either individually or using RETI as his alter ego, began to interfere with Counter-Plaintiffs' business agreement with a third party. *See id.* at pp. 27-38, ¶¶20-25, 27, 29, 32-40. Furthermore, during the course of the business relationship, Vertucci submitted payments to Montelongo, on behalf of RETI and/or individually. *See id.* at pp. 31-32, ¶27. Therefore, in the interest of justice, Counter-Plaintiffs request that this Court permit them to file their amended counterclaims because they are compulsory counterclaims, and such amendments will not be futile.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**b. *Permissive Counterclaims***

Alternatively, if the Court finds that the claims are not compulsory, they may also be asserted against RETI and Montelongo as permissive counterclaims. Permissive counterclaims require their own jurisdictional basis. As permissive counterclaims, this Court may exercise supplemental jurisdiction over those claims. 28 U.S.C. §1367(a). The Court must determine whether the permissive counterclaim is so related to the claims within the action that they form part of the same case or controversy under Article III of the United States Constitution. Here, the counterclaims have an independent basis for being in federal court. *See* 28 U.S.C. 1332(a).

As previously noted, the counterclaims stem from the business relationship between Counter-Plaintiffs, RETI and Montelongo. The claims rest on conduct committed by RETI and/or Montelongo during the course of the business relationship and are, therefore, logically related to Plaintiff's claims against Defendants. *See Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005) (finding that the defendant's counterclaims had a logical and factual relationship to the plaintiff's claims). Because the counterclaims may be considered permissive under Rule 13(b), are related to Plaintiff's claims against Defendants, and have an independent basis for jurisdiction, which permits the Court to exercise jurisdiction over the claims, Counter-Plaintiffs should be permitted to amend and assert these claims in this action. *See Gukasyan v. Chase Bank USA, N.A.*, 2011 WL 3439265, at *3 (C.D. Cal. Aug. 3, 2011).

**3. *There was no undue delay in bringing this motion for leave to amend.***

Third, there was no undue delay in bringing this Motion for Leave to Amend. *See Ixys Corp. v. Advanced Power Technology, Inc.*, 2004 WL 135861, at *2 (N.D. Cal. Jan. 22, 2004) (citing *U.S. v. Webb*, 655 F.2d 977, 980) (9th Cir. 1981)). The determination as to which claims would remain in Plaintiff's Second Amended

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Complaint was not determined by the Court until after the Parties' proposed deadline to amend and add parties. *See* D.E. 45, 60. It was not until that point that it was clear which claims would remain in this case.

Further, Counter-Plaintiffs timely filed their answer and initial counterclaims on August 18, 2014. *See* D.E. 58. Therefore, RETI and Montelongo were aware at that time that Counter-Plaintiffs sought to add Montelongo as a party. In an attempt to clarify the factual bases and issues raised in both the affirmative defenses and counterclaims, Counsel for the Parties engaged in several conferences to address any objections and concerns. Counter-Plaintiffs, in an effort to promote judicial economy, agreed to amend the counterclaims and extend the time for Counter-Defendants to respond. *See* D.E. 63, 64. Counter-Plaintiffs filed their amended answer and counterclaims on September 26, 2014. *See* D.E. 65.[1] The issue regarding the assertion of the counterclaims (or "cross-claims") against Montelongo was not raised in any of the pre-filing conferences. As such, when the matter was brought to Counter-Plaintiffs' attention, they sought to confer with Counsel for Counter-Defendants to amend and clarify the jurisdictional basis for the claims against Montelongo. All other amendments will be made to clarify legal theories asserted and the factual bases for the claims, in addition to clarifying the specific issues raised in the counterclaims. This factor weighs in favor of granting leave to amend.

**4. *There is no evidence of bad faith or dilatory motive on the part of Counter-Plaintiffs in seeking leave to amend.***

Fourth, as demonstrated by the filings, Counter-Plaintiffs have not engaged in bad faith or dilatory tactics in seeking this leave to amend. The jurisdictional basis for joining Montelongo was not an issue raised in the pre-filing conferences. Additionally, the reference to the cross-claim was not in bad faith or with a dilatory purposes. This factor weighs in favor of granting leave to amend.

[1] As noted in the opposition to the Motion to Dismiss the Amended Counterclaims, Counter-Plaintiffs concede they erroneously referred to Fed. R. Civ. P. 13(g) instead of Rule 13(h).

### 5. *Counter-Plaintiffs have only amended their claims once in this proceeding.*

Finally, Counter-Plaintiffs have only amended once as a matter of course in this proceeding. In presenting the factual background of the counterclaims, Counter-Plaintiffs sought to be as detailed as possible to make Counter-Defendants aware of the bases of the claims against them, in addition to providing the Court with sufficient information in finding that Counter-Plaintiffs have stated claims upon which relief can be granted. This request from the Court for leave to amend will cure the jurisdictional basis for joining Montelongo as a party and address any ambiguities as to the theories asserted and claims alleged against the Counter-Defendants.

## B. Montelongo is an Indispensable Party.

### 1. *In Montelongo's absence, the Court cannot award Counter-Plaintiffs complete relief as to their Compulsory Counterclaims.*

In Montelongo's absence, the Court cannot accord relief to Counter-Plaintiffs for their Compulsory Counterclaims. Montelongo, as the principal of RETI, must be joined because the Vendor Agreement submitted to the Court has been submitted to the Court as evidence the business arrangement between RETI and Counter-Plaintiffs between 2010 and the termination of the business relationship in 2013. Counter-Plaintiffs' counterclaims are based on various tortious conduct committed by Montelongo, either individually or using RETI as his alter ego, during the course of the same business relationship. As such, Montelongo is a necessary party, to the extent that the tortious claims are alleged against him individually and/or to the extent that he used RETI as his alter ego. *See Whitmore v. Snyder, et al.*, 2010 WL 2990028, at *1 (C.D. Cal. July 27, 2010) (granting motion to join a party as a defendant under Fed. R. Civ. P. 19(a)(1)(A)); *Cobra North America, LLC v. Cold Cut Systems Svenska AB*, 2009 WL 4506404, at *2 n.3 (D. Colo. Nov. 30, 2009) (finding that joinder of the party would have been appropriate under Fed. R. Civ. P. 19(a)(1)(A)).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### 2. *Joining Montelongo is feasible and will not deprive this Court of subject matter jurisdiction.*

Montelongo can be joined because he is subject to specific jurisdiction in this Court. "The Court may exercise specific jurisdiction over a defendant if the controversy is related to or "arises out of" a defendant's contacts with the forum state. *U.S. v. One Oil Painting Entitled "Femme En Blanc" By Pablo Picasso*, 362 F. Supp. 2d 1175, 1187 (C.D. Cal. 2005). The Ninth Circuit has a three-part test to determine whether courts may exercise specific personal jurisdiction: purposeful availment; relatedness of claims; and reasonableness. *Id.* (citing *Roth v. Marquez*, 942 F.2d 617 (9th Cir. 1991)). Once the first two prongs are met, there is a presumption that the exercise of jurisdiction is reasonable, and the burden then shifts to the defendant to establish a compelling case that the exercise of jurisdiction is unreasonable. *Id.*

First, Montelongo has engaged in the following forum-related activities: (1) Montelongo has a residence in Newport Beach, California [D.E. 65, p. 21, ¶4]; (2) Montelongo and Vertucci met several times in California to discuss doing business together [*Id.* at p. 25, ¶16]; and (3) Montelongo has been specifically soliciting California customers for business. [*Id.* at pp. 24-25, ¶¶13-14]. "These contacts are not 'random, fortuitous, or attenuated . . . .'" *One Oil Painting*, 362 F. Supp. 2d at 1187.

Second, the contacts with this forum are related to and give rise to the counterclaims asserted against Montelongo. Based on the business relationship that the two established from meeting in California, Vertucci entered into various agreements with Montelongo and RETI, which ultimately led to him suffering financial harm as a result of their tortious conduct. D.E. 65 at pp. 24-25, ¶¶13-14. Montelongo's intent was to do business in California based on his relationship with Vertucci. *Id.* at pp. 24-25, ¶¶13-14. Therefore, exercising personal jurisdiction over Montelongo in California specific to the counterclaims asserted against him is based on purposeful availment and related contacts with this forum. *See One Oil Painting*, 362 F. Supp. 2d at 1189; *Int'l Flavors & Fragrances, Inc. v. Van Eeghen Int'l B.V.*, 2007 WL 1490663, at *2-4 (E.D.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Cal. May 21, 2007); *Phoenix Leasing, Inc. v. Venture Funding, Ltd., et al.*, 1994 WL 449036, at *5 (N.D. Cal. Aug. 12, 1994).

In addition, venue is proper in the Southern Division of the Central District of California. In addition to Montelongo having a residence in this jurisdiction, [D.E. 65, p. 21, ¶4], Vertucci also resides in the Central District of California.

Third, adding Montelongo as an indispensable party will not divest this Court of jurisdiction. The counterclaims are asserted against RETI and Montelongo, individually, pursuant to 28 U.S.C. §1332(a). *See* D.E. 65. Furthermore, Montelongo and RETI are citizens of Texas and Delaware, whereas Vertucci and the NV Companies are citizens of California and Nevada. *See id.* at pp. 20-21. As such, it is feasible for the Court to join Montelongo as an indispensable party.

**C. Alternatively, Permissive Joinder is Appropriate to Join Montelongo.**

Alternatively, Counter-Plaintiffs assert that if Montelongo is not found to be an indispensable party, he should be joined in this litigation as a proper party pursuant to Fed. R. Civ. P. 20. "Rule 20 allows for permissive joinder of parties, and in particular of party defendants, ' . . . if there is asserted against (the defendants) jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences . . . .'" *Diaz v. Allstate Ins. Group, et al.*, 185 F.R.D. 581, 587 (C.D. Cal. 1998) (quoting Fed. R. Civ. P. 20); *see Desert Empire Bank v. Ins. Co. of North America, et al.*, 623 F.2d 1371 (9th Cir. 1980)).

Plaintiff's own allegations in the Second Amended Complaint support a finding that Montelongo is, at least, a proper party to this action. Montelongo is the principal of RETI. [D.E. 49, ¶7]. Montelongo and Vertucci had a personal friendship, which eventually led to them developing a business relationship. *Id.* According to Plaintiff, Defendants provided mentorship and real estate services to Plaintiff's clients. *Id.*

Counter-Plaintiffs' facts are directly related to, and arise out of, the same business relationship that Plaintiff relies on to support its claims. *See* D.E. 65, pp. 24-

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

26, ¶13, 16. During the course of this business relationship that RETI and/or Montelongo engaged in tortious conduct. *Id.* at pp. 30-31, ¶26. Furthermore, Montelongo took advantage of Counter-Plaintiffs' joint venture with a third party. *Id.* at pp. 31, ¶27. This conduct ultimately led to the conspiracy to take over the joint venture between Counter-Plaintiffs and the third party, which caused Counter-Plaintiffs significant financial harm. *Id.* at p. 35-36, ¶¶33-37.

Counter-Plaintiffs seek to alleged various torts against Montelongo, individually and using RETI as his alter ego. First, Counter-Plaintiffs assert a tortious interference with contract claim against Montelongo. Specifically, Montelongo, either individually or using RETI as his alter ego, caused a third party to breach a joint venture agreement with Vertucci. The joint venture agreement related to the sale of properties that RETI's clients would purchase and/or invest in following the seminars that they attended where Vertucci spoke. As a result that interference, Vertucci suffered financial damages.

Second, Counter-Plaintiffs assert a fraudulent inducement to agree to forbearance/contract against Montelongo. Following the breach of the oral agreement to pay Vertuccie for providing services to RETI's clients on behalf of RETI, Montelongo made false promises to Vertucci. Montelongo promised not to interfere with the joint-venture agreement and to continue permitting Vertucci to have access to RETI's clients if Vertucci would forego seeking his speaking fees. However, these promises were false at the time they were made, and they were made solely for the purposes of Montelongo reaping financial benefit.

Third, Counter-Plaintiffs assert a civil conspiracy claim against Montelongo, individually, and RETI. Either as an agent of RETI or individually, Montelongo conspired with a third party to essentially cut Counter-Plaintiffs out of their joint venture with a third party and from profiting on the sale of the properties in joint venture. Based on this conspiracy to harm Counter-Plaintiffs financially, they suffered damages. As such, Counter-Plaintiffs' facts supporting their counterclaims against Montelongo, in conjunction of RETI's allegations support its claims, demonstrate that

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Montelongo is a proper party to this action. *See Diaz*, 185 F.R.D. at 589 (finding that the plaintiffs assert a right to relief against each defendant arising out of the series of transactions involving the basis of the dispute).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant this Motion to Amend and Join Indispensable Party and: (1) permit the filing of the Second Amended Counterclaims; and (2) order that Montelongo be joined in this action as either an indispensable or proper party.

Dated: November 14, 2014

Respectfully Submitted,

**AKERMAN LLP**

*/s/ Karen P. Ciccone*
Karen Palladino Ciccone
Clint A. Corrie
Nefertari S. Rigsby
Attorneys for Defendants/Counter-Plaintiffs THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

On **November 14, 2014**, I served the following documents

**NOTICE OF MOTION FOR LEAVE TO AMEND AND JOIN INDISPENSABLE PARTY: MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER AND AMENDED COUNTERCLAIMS**

on the persons below as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Joseph Wesley Huesser, II, Esq.<br>Andrew J. Moon, Esq.<br>Education Management Services, LLC<br>2935 Thousand Oaks Dr., #6-285<br>San Antonio, TX 78247 | Telephone: 210-501-0077<br>Facsimile: 210-568-4493 | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC |
| Jeffre D. Cawdrey, Esq.<br>Kimberly D. Howatt, Esq.<br>Gordon & Rees LLP<br>633 W. 5th Street, 52nd Floor<br>Los Angeles, CA 90017 | Telephone: 213.576.5000<br>Facsimile: 213.680.4470<br>jcawdrey@gordonrees.com<br>khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC |

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **November 14, 2014**, at Los Angeles, California.

Karen P. Ciccone
(Type or print name)

*/s/ Karen P. Ciccone*
(Signature)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342