**AKERMAN LLP**
KAREN PALLADINO CICCONE (SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CLINT A. CORRIE (*Admitted Pro Hac Vice*)
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

**AKERMAN LLP**
NEFERTARI S. RIGSBY (*Admitted Pro Hac Vice*)
Email: nefertari.rigsby@akerman.com
One S.E. Third Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 374.5600
Facsimile: (305) 374.5095

Attorneys for Defendants
*The Nick Vertucci Companies, Inc. and Nick Vertucci*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>Defendants. | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford<br>Courtroom 10D<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND JOIN INDISPENSABLE PARTY**<br><br>**FED. R. CIV. P. 15, 13, 19, 20**<br><br>Hearing Date:<br>Date: December 15, 2014<br>Time: 10:00 a.m.<br>Crtrm.: 10D |

## I. SUMMARY OF ARGUMENT

Real Estate Training International, LLC ("RETI") and its principal, Armando Montelongo ("Montelongo") (collectively "Counter-Defendants") present four arguments in opposition to the Motion for Leave to Amend and Join Indispensable Party filed by Nick Vertucci and The Nick Vertucci Companies ("Defendants" or "Counter-Plaintiffs"). None of them have merit. As outlined below, good cause has been shown to permit a modification of the Scheduling Order deadline to amend the counterclaims and join an indispensable party. The proposed amended pleadings would not be futile. Furthermore, Defendants have not engaged in any form of bad faith in any of the Rule 7-3 pre-filing discussions. And RETI and Montelongo will suffer no prejudice as a result of the amendments.

## II. LEGAL STANDARD

### A. Good Cause Has Been Shown To Modify the Scheduling Order.

Although not explicitly requested, in the context of and referencing the Scheduling Order, Defendants sought leave to amend the counterclaims and join an indispensable party, which requires a modification of the Scheduling Order entered on June 9, 2014. [D.E. 48]. The Court may treat the Motion for Leave to Amend and Join an Indispensable Party as a *de facto* motion to amend the Scheduling Order.[1]

Pursuant to Fed. R. Civ. P. 16(b), a scheduling order may be modified only upon a showing of good cause and by leave of the District Judge. *C.F., et al. v. Capistrano Unified School District, et al.*, 656 F. Supp. 2d 1190, 1192 (C.D. Cal. 2009). The minutes regarding the scheduling conference, entered on June 9, 2014, [D.E. 40] and the Court's standing scheduling order deadline to join a party or amend a pleading sets

---

[1] *See Her v. Career Sys. Dev. Corp.*, 2008 WL 4584768, at *1 (E.D. Cal. Oct. 7, 2008) ("Although Plaintiffs did not specifically request that the court modify its scheduling order and merely moved to amend their Complaint, the motion is treated as a de facto motion to amend . . . ."); *Robinson v. Frostholm 2003 Living Trust*, 2008 WL 4000410, at *1 (E.D. Cal. Aug. 27, 2008) (same); *see also Liberty Mut. Ins. Co. v. California Automobile Assigned Risk Plan*, 2012 WL 3277213, at *4 n.4 (N.D. Cal. Aug. 9, 2012) (noting that the Court would treat the motion to file an amended complaint as a de facto motion to amend the scheduling order).

{29960791;2}  1  CASE NO. SACV14-00546 AG (DFMx)
**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND JOIN INDISPENSABLE PARTY**

a date 60 days from the date of the Scheduling Order.[2] The Court's Scheduling Order did not anticipate a substantial counterclaim when entered, and Counter-Plaintiffs were not then required to file any compulsory counterclaims. To address a pending Motion to Dismiss filed by Defendants [D.E. 33] RETI filed its Second Amended Complaint [D.E. 49] on **June 17, 2014** after the Scheduling Order was entered. Plaintiff's Second Amended Complaint required Defendants to file another motion to dismiss, which they timely filed **July 1, 2014** [D.E. 50, 51] and set for hearing at the earliest possible date. The hearing on Defendants' Motion to Dismiss the Second Amended Complaint was not until **August 4, 2014**.

Upon the Court's review of Plaintiff's Second Amended Complaint, which dismissed one of Plaintiff's asserted claims with prejudice, Defendants then timely filed their Answer, Affirmative Defenses and Counterclaims on August 18, 2014 [D.E. 58]. Under Plaintiff and Montelongo's argument, Defendants should have asserted any counterclaims by August 8th – 4 days after the hearing on the Motion to Dismiss the Second Amended Complaint – even though under the Rules, Defendants have fourteen (14) days to file their Answer, Affirmative defenses and Counterclaims. Fed. R .Civ. P. 15(a)(3). Defendants were diligent in asserting their counterclaims as of August 18, 2014. As of that date, RETI and Montelongo were on notice of the Counterclaims being asserted against them. *See, e.g. Sousa v. Unilab Corp. Class II (Nonexempt) Members Group Benefit Plan*, 252 F. Supp. 2d 1046, 1059 (E.D. Cal. 2002) (finding good cause and modifying scheduling order to include the defendant's statute of limitations defense where the plaintiff had been aware of defense's existence). As such, there is good cause to permit Defendants to amend their counterclaims and join Montelongo as an indispensable party. *See Mytee Products, Inc. v. H.D. Products,*

---

[2] The Parties previously proposed a deadline of 60 days of the Scheduling Order, which was submitted to the Court on June 2, 2014. Vertucci assumed that the deadline was August 1, 2014, which would have been before the hearing. Regardless of whether the deadline was either August 1st or August 8th, the hearing on RETI's claims in the Second Amended Complaint was not heard until August 4, 2014, and Vertucci timely complied in asserting the Answer, Affirmative Defenses and Counterclaims against Montelongo and RETI.

*Inc.*, 2007 WL 4105713, at *2-3 (S.D. Cal. Nov. 16, 2007) (finding good cause to modify the scheduling order).

### B. Leave to Amend is Permitted in This Case.

Fed. R. Civ. P. 15(a) states that "leave shall be freely granted when justice so requires." "In determining whether to grant leave to amend, a court considers the following factors: (1) whether the movant *unduly* delayed in bringing the motion; (2) evidence of bad faith or dilatory motive on the part of the motive; (3) the movant's *repeat failure* to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment." *Aten Int'l Co., Ltd., et al. v. Emine Technology Co., Ltd., et al.*, 2010 WL 1462110, at *2 (C.D. Cal. Apr. 12, 2010) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)) (emphasis added). "**Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend**." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis added); *see Aten Int'l Co.*, 2010 WL 1462110, at *2 (same).

RETI and Montelongo focus their arguments[3] on a bullet-point version of their 12(b)(6) Motion to Dismiss arguments and unsubstantiated bad faith and prejudice arguments. However, these arguments are either inapplicable to the criteria set forth to analyze pleadings and amendments or the facts do not support a denial of the motion for leave.

---

[3] Noting their objections to the Motion for Leave to Join Montelongo are procedural in nature, even in its Reply to Counter Plaintiff's Response to its Motion to Dismiss [D.E. 80], Counter-Defendants largely focus on the procedural devices by which Counter-Plaintiffs seek to add Montelongo, not the substantive merit of whether he is an indispensable party. The only "substantive" merit they address in passing reference is a rehashing of their 12(b)(6) arguments. In short, because they assume their 12(b)(6) arguments will prevail, they argue any amendments are futile. While the Motion for Leave and proposed Amended Counterclaims largely moot the arguments as to why Montelongo has not been properly joined, Counter-Defendants do not argue that Montelongo should not and cannot be made a party under Rule 13(h), 19 and/or 20. They simply argue he is not currently properly before the Court.

### 1. *There was no undue delay in filing the motion for leave to amend and to join an indispensable party.*

RETI and Montelongo cite no evidence to show that Defendants have *unduly delayed* bringing the counterclaims or seeking to join Montelongo as an indispensable party. RETI and Montelongo cite only to cases where an amendment was sought **after** discovery had commenced. *See Hip Hop Beverage Corp. v. Ric Representatcoes Importacao E Comercio Ltd.*, 220 F.R.D. 614, 621 (9th Cir. 2003). Here, there has been no discovery. The discovery deadline is not until **June 29, 2015**, which is far from "rapidly approaching" as Counter-Defendants misrepresent. As noted above, there was no undue delay in bringing this Motion for Leave to Amend. *See Ixys Corp. v. Advanced Power Technology, Inc.*, 2004 WL 135861, at *2 (N.D. Cal. Jan. 22, 2004) (citing *U.S. v. Webb*, 655 F.2d 977, 980) (9th Cir. 1981)). Defendants made clear their intent to add Montelongo as a party when they were required to file their Answer and Counterclaims in August, 2014.

### 2. *There is no evidence of bad faith or dilatory motives on the part of Counter-Plaintiffs in seeking leave to amend.*

Counter-Plaintiffs have not engaged in bad faith or dilatory motives in seeking this Motion for Leave to Amend. Contrary to RETI and Montelongo's unsupported assertion that Counter-Plaintiffs engaged in "bad faith tactics" by disregarding discussions under Local Rule 7-3, if anything, the evidence points to potential bad faith by the Counter-Defendants. During the pre-filing conferences, Counter-Plaintiffs acknowledged and considered Counter-Defendants' objections to the counterclaims that **were raised**. All of those objections centered on Counter-Defendants' assertion that California law applied to the counter-claims and all their 12(b)(6) arguments flowed from that assumption. The jurisdictional basis for joining Montelongo was never raised by Counter-Defendants' counsel as an issue in the pre-filing conferences at a time when any procedural issues could have been cured and re-pled by Counter-Plaintiffs by right under Rule 15(a) to clarify joinder and jurisdictional bases. That means either Counter-

Defendants did not consider it at the time of the pre-filing conference, or they did, they chose not to raise it so they could raise it in their Motion to Dismiss for the first time. The reference to the cross-claim was not in bad faith or with a dilatory purpose. It was an inadvertent misnomer to which Counter-Plaintiffs conceded. In sum, there was no discussion in the L.R. 7-3 conferences about any joinder issue; the discussion was the basis of their 12(b)(6) arguments.

Further, contrary to the allegation that Counter-Plaintiff have amended "multiple times" Counter-Plaintiffs have only amended their Counterclaim **once** as a matter of course in this proceeding. Ironically, RETI has amended its Complaint, not once, but **twice**. *See* D.E. 1, Exh. 2, Tab 4; D.E. 9; D.E. 49. In presenting the factual background of the Counterclaims, Counter-Plaintiffs sought to be as detailed as possible to make Counter-Defendants aware of the bases of the claims against them, in addition to providing the Court with sufficient information in finding that Counter-Plaintiffs have stated claims upon which relief can be granted. The extra time needed was required so Counter-Plaintiffs' counsel could confer with Counter-Plaintiffs' witnesses after reviewing thousands of emails between the parties and parties to be added to make sure the allegations were factually supportable.

The sum and substance of Counter-Defendants' arguments are that they will be prejudiced by having to undergo motion to dismiss pleading practices if the Amended Counterclaims are allowed. Absent in their argument is the implicit opposite argument - that Counter-Plaintiffs had to incur the same types of costs and resources addressing 12(b) arguments as to their amended pleadings. In short, Counter-Defendants claim they will be prejudiced by the same procedural practice Counter-Plaintiffs had to undergo. But this is not "prejudice" – it's practice in the federal courts under federal court rules. These alleged prejudice arguments have no merit.

### 3. *Counter-Plaintiffs' amendments will not be futile*.

Counter-Defendants' mere assertions by way a bullet point restatement of its 12(b)(6) arguments, does not present a sufficient basis for the futility of the Amended

Counterclaim. Moreover, completely absent from the Opposition filed by RETI and Montelongo is any analysis that the proposed amendments to the compulsory (or even permissive) counterclaims will be futile. In fact, there is absolutely no mention by Counter-Defendants of whether the claims to be asserted against RETI and Montelongo are compulsory under Fed. R. Civ. P. 13(a) and, therefore, any such objection is waived. Under Fed. R. Civ. P. 13(a)(1)(A), a compulsory counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Counter-Plaintiffs assert that their counterclaims arise out of the of the subject matter of RETI's claims against it. Nor do Counter-Defendants address the alternative basis for joining Montelongo under Rule 20 as a permissive counter-claim. Again, the failure to address this basis for joinder waives this argument.

### 4. *Counter-Defendants will suffer no prejudice*.

The most crucial factor is the analysis of whether to grant a motion for leave to amend pleadings or add parties is prejudice to the opposing party. *See Aten Int'l Co.*, 2010 WL 1462110, at *2 ("While a court should consider each of the five factors when conducting its analysis, the **crucial factor** is the resulting prejudice to the opposing party.") (citing *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973)) (emphasis added). Here, not only do Counter-Defendants make no showing of prejudice, the only two sentences that RETI and Montelongo assert to demonstrate prejudice further support a finding that there is no prejudice as to either party. Neither side has propounded any formal discovery. Moreover, the discovery deadline in this case is June 29, 2015. The trial in this case is set for September 2015. D.E. 48; *see Aten Int'l Co.*, 2010 WL 1462110, at *4 (noting that the counsel had sufficient time to prepare their case through discovery, a factor weighing in favor of permitting the amendment). Because there are no pending discovery deadlines or exigent time pressures, RETI and Montelongo will not be prejudiced by the amendments. *See id.* at *5 ("In sum, the Court finds that Belkin will not be prejudiced by the amendments, so

this factor favors granting leave to amend."). As such, Counter-Plaintiffs should be permitted to amend their counterclaims.

### C. Joinder of Indispensable Party - Montelongo

Finally, there is absolutely no argument or contention that Montelongo is not an indispensable party to be joined in this litigation pursuant to Fed. R. Civ. P. 19(a). This lack of argument, too, should be treated as a waiver of any objection to joining Montelongo pursuant to this Rule (or Rule 20). In Montelongo's absence, the Court cannot accord relief to Counter-Plaintiffs for their Compulsory Counterclaims. Montelongo, as the principal of RETI, must be joined because the Vendor Agreement submitted to the Court by Plaintiff RETI has been submitted to the Court as evidence of the only business arrangement between RETI and Counter-Plaintiffs between 2010 and the termination of the business relationship in 2013. That is a false and incomplete picture of the business relationships, which include and encompass all of the facts and circumstances asserted in the all versions of the Counterclaim. *See* D.E. 58, 65. Counter-Plaintiffs' counterclaims are based on and reflect various tortious conduct and additional breaches of contract committed by Montelongo, either individually or using RETI as his *alter ego*, during the course of the same business relationship. As such, Montelongo is an indispensable party, to the extent that the tortious claims are alleged against him individually and/or to the extent that he used RETI as his *alter ego*. *See Whitmore v. Snyder, et al.*, 2010 WL 2990028, at *1 (C.D. Cal. July 27, 2010) (granting motion to join a party as a defendant under Fed. R. Civ. P. 19(a)(1)(A)); *Cobra North America, LLC v. Cold Cut Systems Svenska AB*, 2009 WL 4506404, at *2 n.3 (D. Colo. Nov. 30, 2009) (finding that joinder of the party would have been appropriate under Fed. R. Civ. P. 19(a)(1)(A)).

Montelongo can also be joined because he is subject to specific jurisdiction in this Court. "The Court may exercise specific jurisdiction over a defendant if the controversy is related to or "arises out of" a defendant's contacts with the forum state. *U.S. v. One Oil Painting Entitled "Femme En Blanc" By Pablo Picasso*, 362 F. Supp.

2d 1175, 1187 (C.D. Cal. 2005). It is undisputed Montelongo was actively conducting business in California. The Ninth Circuit has a three-part test to determine whether courts may exercise specific personal jurisdiction: whether the Defendants' conduct included purposeful availment; the relatedness of the claims; and the reasonableness. *Id*. (citing *Roth v. Marquez*, 942 F.2d 617 (9th Cir. 1991)). Once the first two prongs are met, there is a presumption that the exercise of jurisdiction is reasonable, and the burden then shifts to the defendant to establish a compelling case that the exercise of jurisdiction is unreasonable. *Id*.

First, Montelongo has engaged in the following forum-related activities: (1) Montelongo has a residence in Newport Beach, California that was purchased through his contract with Vertucci [D.E. 65, p. 21, ¶4]; (2) Montelongo and Vertucci met several times in California to discuss doing business together [*Id*. at p. 25, ¶16]; and (3) Montelongo has been specifically soliciting California customers for business. [*Id*. at pp. 24-25, ¶¶13-14]. "These contacts are not 'random, fortuitous, or attenuated . . . .'" *One Oil Painting*, 362 F. Supp. 2d at 1187.

Second, the contacts with this forum are related to and give rise to the counterclaims asserted against Montelongo. Based on the business relationship that the two established, Vertucci entered into various agreements with Montelongo and RETI. Therefore, exercising personal jurisdiction over Montelongo in California specific to the counterclaims asserted against him is based on his purposeful availment and related contacts with this forum. *See One Oil Painting*, 362 F. Supp. 2d at 1189; *Int'l Flavors & Fragrances, Inc. v. Van Eeghen Int'l B.V.*, 2007 WL 1490663, at *2-4 (E.D. Cal. May 21, 2007); *Phoenix Leasing, Inc. v. Venture Funding, Ltd., et al.*, 1994 WL 449036, at *5 (N.D. Cal. Aug. 12, 1994).

The argument that there are no facts to support subject matter diversity jurisdiction, just ignores every Counterclaim filed. The diverse citizenship of parties and proposed parties and the fact the Counterclaims seek damages well in excess of $75,000 has always been stated in D.E. 58, 65 and the Proposed Counterclaim In short,

there is no basis to assert that there are insufficient pleadings to support diversity jurisdiction.

In addition, venue is proper in the Southern Division of the Central District of California under 28 U.S. 1391(a)(2) and/or 1391(b)(3). In addition to Montelongo having a residence in this jurisdiction, [D.E. 65, p. 21, ¶4], Vertucci also resides in the Central District of California.

Finally, adding Montelongo as an indispensable party will not divest this Court of jurisdiction. The counterclaims are asserted against RETI and Montelongo, individually, pursuant to 28 U.S.C. §1332(a). *See* D.E. 65. Furthermore, Montelongo and RETI are citizens of Texas and Delaware, whereas Vertucci and the NV Companies are citizens of California and Nevada. *See id.* at pp. 20-21. As such, it is proper for the Court to join Montelongo as an indispensable party.

### D. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant this Motion to Amend and Join Indispensable Party and: (1) permit the filing of the Second Amended Counterclaims; and (2) order that Montelongo be joined in this action as an indispensable party.

Dated: December 1, 2014                    **AKERMAN LLP**

                                          */s/ Karen P. Ciccone*
                                          Karen Palladino Ciccone
                                          Clint A. Corrie
                                          Nefertari S. Rigsby
                                          Attorneys for Defendants/Counter-Plaintiffs THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

On **December 1, 2014**, I served the following document(s):

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND JOIN INDISPENSABLE PARTY**

on the persons below as follows:

| Attorney | Telephone/Facsimile/Email | Party |
|---|---|---|
| Joseph Wesley Huesser, II, Esq.<br>Andrew J. Moon, Esq.<br>Education Management Services, LLC<br>2935 Thousand Oaks Dr., #6-285<br>San Antonio, TX 78247 | Telephone: 210-501-0077<br>Facsimile: 210-568-4493 | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC |
| Jeffre D. Cawdrey, Esq.<br>Kimberly D. Howatt, Esq.<br>Gordon & Rees LLP<br>633 W. 5th Street, 52nd Floor<br>Los Angeles, CA 90017 | Telephone: 213.576.5000<br>Facsimile: 213.680.4470<br>jcawdrey@gordonrees.com<br>khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC |

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

| | | |
|---|---|---|
| ☐ | | (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| ☐ | | (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| ☒ | | (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se." |
| ☐ | (State) | I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| ☒ | (Federal) | I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. |

Executed on **December 1, 2014**, at Los Angeles, California.

| Karen P. Ciccone | */s/ Karen P. Ciccone* |
|---|---|
| (Type or print name) | (Signature) |