UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0546 AG (DFMx) | Date | December 15, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**  [IN CHAMBERS] ORDER GRANTING MOTION FOR LEAVE TO AMEND AND DENYING MOTION TO DISMISS

Counter-Plaintiffs The Nick Vertucci Companies, Inc. and Nick Vertucci ("Counter-Plaintiffs") assert several claims against Counter-Defendants Real Estate Training International, LLC and Armando Montelongo ("Counter-Defendants") concerning the dissolution of their business relationship. (Amended Answer and Counterclaim ("Counter-Complaint"), Dkt. No. 65.) Counter-Defendants filed a Motion to Dismiss the Counter-Complaint. ("Motion to Dismiss," Dkt. No. 67.) Apparently seeking to correct some issues cited in the Motion to Dismiss, Counter-Plaintiffs filed a Motion for Leave to Amend and Join Indispensable Party. ("Motion for Leave to Amend," Dkt. 74.)

The Motion for Leave to Amend is GRANTED. The Motion to Dismiss is DENIED. Upon Counter-Plaintiffs' filing and serving the amended counter-complaint, Counter-Defendants may respond to that document.

## BACKGROUND

Real Estate Training International, LLC filed this case in Texas state court in January 2014. Defendants removed the case to the United States District Court for the Western District of Texas (Notice of Removal, Dkt. No. 1.), and the case was transferred to this Court in April

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | December 15, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

2014 for reasons of venue. (Transfer Order, Dkt. No. 28.)

Multiple rounds of motions to dismiss and amended complaints followed, culminating with the Court's August 2014 order granting in part and denying in part Defendants' motion to dismiss the second amended complaint. (Dkt. No. 55.) Within two weeks of that order, Counter-Plaintiffs filed their Counter-Complaint, adding Armando Montelongo as a party to this litigation. (Dkt. No. 58.) They then filed an Amended Counter-Complaint (Dkt. No. 65), and Counter-Defendants filed their Motion to Dismiss in mid-October.

Counter-Plaintiffs filed the Motion for Leave to Amend on November 14. (Dkt. No. 74.) According to the Court's scheduling order, the deadline for amending pleadings was August 8, 2014. (Dkt. No. 48; Scheduling Order Specifying Procedures at 3.)

**LEGAL STANDARD**

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4) . . . rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1993) (alterations in original)).

**ANALYSIS**

Counter-Plaintiffs have shown that there was good cause for their failure to seek leave to amend before the scheduling order's deadline. Most significantly, because of the various motions and amendments concerning Plaintiffs' complaint in this action, Counter-Plaintiffs' original Answer and Counterclaim was itself filed after the scheduling order's deadline for

CIVIL MINUTES - GENERAL
Page 2 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | December 15, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

amending pleadings. The scheduling order as written would thus preclude any amendment to the Counter-Complaint, no matter the diligence of Counter-Plaintiffs. Here, the Court finds that the diligence of Counter-Plaintiffs and the lack of prejudice to Counter-Defendants weigh in favor of granting the Motion for Leave to Amend.

Counter-Plaintiffs seek to amend the Counter-Complaint to correct a flawed jurisdictional statement concerning Armando Montelongo. They filed the Motion for Leave to Amend shortly after Counter-Defendants identified the flaw in their Motion to Dismiss. Counter-Defendants do not argue that Counter-Plaintiffs knew of this defect any sooner. Instead, Counter-Defendants assert it took too long for Counter-Plaintiffs to file the Motion for Leave to Amend, which was filed a month after the Motion to Dismiss. Counter-Plaintiffs respond that Counter-Defendants first raised the jurisdictional issue in the Motion to Dismiss rather than the pre-filing meetings, giving them little opportunity to respond. The Court need not weigh in on this finger-pointing. Based on the record, the Court finds that Counter-Plaintiffs were reasonably diligent.

Additionally, the Court is unconvinced that Counter-Defendants will suffer prejudice if the Motion is granted. Counter-Defendants merely argue that a new Counter-Complaint will "trigger yet another round of Rule 12(b) briefing." (Opposition, Dkt. 79, at 7:24-27.) This is not the type of consequence that constitutes prejudice.

Finally, the amendment would not be futile. Given the claims stated against Montelongo, there is little question that he is a proper Counter-Defendant. The claims are based on the same business relationships at issue in the complaint, and thus satisfy the test for permissive joinder and supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); Fed. R. Civ. P. 20(a)(2). Counter-Defendants do not argue otherwise. Instead, they argue that amending the complaint would be futile because the claims against Montelongo would not survive a 12(b)(6) motion. The Court will not address the sufficiency of the claims against Montelongo in this Motion for Leave to Amend.

The Motion for Leave to Amend is GRANTED. The Motion to Dismiss is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | December 15, 2014 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

                                                      : 0

Initials of Preparer      lmb