**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38ᵗʰ Floor
Los Angeles, California 90017-5433
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342

**AKERMAN LLP**
CLINT A. CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339

Attorneys for Defendants The Nick Vertucci
Companies and Nick Vertucci.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>            Defendants. | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford Courtroom 10D<br><br>**NOTICE OF MOTION AND MOTION TO DISQUALIFY ATTORNEY ANDREW MOON; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>Documents filed herewith:<br>1.  [Proposed] Order<br><br>Hearing Date:<br>Date:     April 20, 2015<br>Time:    10:00 a.m.<br>Crtrm.:  10D<br><br>SAC File:           June 17, 2014<br>FAC Filed:          March 7, 2014<br>Complaint Filed:  January 16, 2014 |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 20, 2015, at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom 10D of the United States District Court, Central District of California-Southern Division, Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, Defendants The Nick Vertucci Companies, Inc. ("NV Companies") and Nick Vertucci ("Vertucci") (collectively "Defendants"), will move the Court for an order disqualifying counsel, Andrew Moon, for Plaintiff Real Estate Training International, LLC ("Plaintiff").

This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

With respect to the Motion to Disqualify, and pursuant to Local Rule 7-3, undersigned counsel contacted Plaintiff's Counsel on February 6, 2015 regarding the relief sought in the motion. On February 6, 2015, Plaintiff's counsel noted that Plaintiff opposes the Motion.

Dated: March 20, 2015

Respectfully submitted,
**AKERMAN LLP**

By: */s/ Clint A. Corrie*
        Karen Palladino Ciccone, Esq.
        Clint A. Corrie, Esq.
        (*Admitted Pro Hac Vice*)
        Attorneys for Defendants

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# **TABLE OF CONTENTS**

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.    BACKGROUND ............................................................................................. 1

II.   FACTS ............................................................................................................ 1

III.  LEGAL STANDARD ................................................................................... 3

IV.   ARGUMENT .................................................................................................. 5

  A.    There is no other means to obtain the information other than deposing Moon. ................................................................................................. 5

  B.    The information sought from Moon is relevant and non-privileged. ......... 6

    As already demonstrated, the information surrounding the circumstances for executing the Agreement, as well as the inclusion of certain provisions in the Agreement is relevant to Defendants' affirmative defenses and counterclaims. Furthermore, the information is not privileged. Moon's communications with Vertucci regarding the execution of the Agreement were not within the confines of an attorney-client relationship: Moon is general counsel for Plaintiff. Furthermore, the inclusion of the non-solicitation and non-circumvention provisions in the Agreement to be executed by a California resident, goes directly to the enforceability of such provisions under California law and/or Texas law. ................................... 6

  C.    The information from Moon is crucial to the preparation of the case. ........ 6

V.    CONCLUSION .............................................................................................. 6

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

CASES                                                                PAGE(S)

*Ayus v. Total Renal Care, Inc.*,
   48 F. Supp. 2d 714 (S.D. Tex. 1999)................................................................ 4

*Caluori v. One World Techs., Inc.*,
   2012 WL 2004173 (C.D. Cal. June 4, 2012)...................................................... 3, 4

*Carta v. Lumbermens Mut. Cas. Ins. Co.*,
   419 F. Supp. 2d 23 (D. Mass. 2006).................................................................. 5

*Colyer v. Smith*,
   50 F. Supp. 2d 966 (C.D. Cal. 1999) ................................................................ 1

*Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*,
   No. A-03-CA-754-SS, 2006 WL 1544621 (W.D. Tex. May 31, 2006)................. 3, 5

*Doubleday v. Ruh*,
   149 F.R.D. 601 (E.D. Cal. 1993)...................................................................... 5

*Eaton v. Siemens*,
   2007 WL 2318531 (E.D. Cal. Aug. 10, 2007) ................................................... 5

*FDIC v. U.S. Fire Ins. Co.*,
   50 F. 3d 1304 (5th Cir. 1995) .......................................................................... 3

*In re County of Los Angeles*,
   223 F.3d 990 (9th Cir. 2000) ........................................................................... 3

*People v. Donaldson*,
   113 Cal. Rptr. 2d 548 (Cal. Ct. App. 2001)...................................................... 4

*Smith, Smith & Kring v. Sup. Ct.*,
   60 Cal. App. 4th 573, 70 Cal. Rpt. 2d 507 ....................................................... 5

*U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*,
   No. CV 08-1885-GHK, 2013 WL 2278122 (C.D. Cal. May 20, 2013)..................... 3

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# OTHER AUTHORITIES

Cal. R. Prof'l Conduct 5-210 ............................................................................. 4

Local Rule 7(a) .................................................................................................. 3

Local Rule 83–3.1.2........................................................................................... 3

Rule 3.7, Model Rules of Professional Conduct of the
      American Bar Association......................................................................... 3, 4

Texas Rule 3.08 ................................................................................................. 4

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     BACKGROUND

This motion to disqualify is based on the advocate-witness rule as it applies to Counsel for Plaintiff, Andrew J. Moon ("Moon").

## II.     FACTS

Vertucci encountered Moon during the business relationship between Defendants, Plaintiff and Armando Montelongo ("Montelongo").  [Exh. 1, Declaration, ¶¶3-5].[1]  Based upon information and belief, Moon is general counsel for Plaintiff.  [*Id.* at ¶5].

In June 2012, Giovanni Fernandez ("Fernandez") and Vertucci entered into a joint venture agreement to market certain real estate properties to attendees of the real estate seminars.  [*Id.* at ¶7].  This agreement was made separate and apart from any agreement that Vertucci had with Montelongo and RETI, also doing business as Armando Montelongo Seminars ("AMS").  During the course of developing the joint venture agreement between Vertucci and Fernandez and Moon, Moon advised and commented on various aspects of the arrangements between Vertucci and Fernandez. This joint venture agreement is at the heart of Defendants' and Counter-Plaintiffs' Counterclaims.   There were conversations and email exchanges between Vertucci, Fernandez and Moon regarding the terms of the joint venture, with Moon requesting various changes and asking questions regarding the terms of how it would work and how everyone would get paid, including Montelongo because he wanted to be paid, even though he was not directly involved in the purchasing, rehabbing, and leasing of the properties.  [*Id.* at ¶8].  Additionally, Moon asked Vertucci questions about and insisted that he be copied on emails regarding Vertucci's joint venture with Giovanni Fernandez and Fernandez's wife, Elisa Sabatino ("Sabatino").  [*Id.* at ¶9].

---

[1] Motions to disqualify must be accompanied by declarations and admissible evidence sufficient to establish the factual predicate upon which the motion depends.  *See Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999).

1  In July 2013, Vertucci made arrangements to, and planned to, present at another
2  bus tour for AMS/RETI, as Vertucci had done in the past. [*Id.* at ¶10]. The bus tour that
3  Vertucci was scheduled to speak at and attend was scheduled to take place beginning
4  on July 11, 2013. [*Id.* at ¶11]. On July 8, 2013, Moon submitted a "Vendor
5  Agreement" to Vertucci for him to sign. [*Id.* at ¶12, Exh. A]. The Agreement was sent
6  to Vertucci just three days before a bus tour. [*Id.* at ¶¶11-12]. Vertucci had been
7  working with AMS/RETI for almost four (4) years under his company name, The Nick
8  Vertucci Companies, Inc. [*Id.* at ¶13]. Prior to receiving this email from Moon,
9  Vertucci did not have any conversations with either him, or anyone at RETI or AMS,
10  including Montelongo regarding the need for him to sign a vendor agreement prior to
11  attending the bus tour. [*Id.*]. This email was the first time that Vertucci heard or
12  became aware of the need for a vendor agreement. [*Id.*].

13  After briefly skimming the Vendor Agreement, Vertucci asked Moon why the
14  Agreement was backdated to be effective as of January 2010, although Vertucci was
15  not going to execute it until 2013. [*Id.* at ¶14]. Vertucci also noted that he did not have
16  time to review the Vendor Agreement prior to the bus tour set for July 11, 2013, and
17  may want to review it with an attorney. [*Id.*]. Moon told him that there was not time
18  for that and Vertucci had to sign right away or Vertucci would not be able to have
19  access to any AMS students to sell his cash-flow properties. [*Id.*].

20  To appease Moon's demands and to ensure that he could actually go on the bus
21  tour in which he had already invested, Vertucci signed the Agreement and returned it to
22  Moon on July 9, 2013. [*Id.* at ¶¶15, 18]. Moon was the only person who presented the
23  Agreement to him, and the only person who told Vertucci he was required to sign the
24  Agreement before Vertucci could attend the bus tour and present to the students. [*Id.* at
25  ¶19].

26  The Agreement that Moon drafted and sent to Vertucci to sign is the basis of
27  Plaintiff's breach of contract claim against Defendants. [D.E. 49]. Furthermore, in
28  Defendants' Answer and Affirmative Defenses to Plaintiff's claims, Defendants contest

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the validity of the Agreement given the circumstances under which it was presented and required for Vertucci to sign.  [D.E. 58, 65].  Defendants disclosed in their initial disclosures that Moon would be an individual likely to have discoverable information. [Exh. 2, Initial Disclosures].   Based on the above information, Moon should be disqualified under the advocate-witness rule.

## III.   LEGAL STANDARD

District courts have the inherent power and discretion to disqualify counsel in order to maintain the ethical standards of professional responsibility.  *See U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.,* No. CV 08-1885-GHK, 2013 WL 2278122, at *1 (C.D. Cal. May 20, 2013).  Pursuant to Local Rule 83–3.1.2, attorneys appearing before this Court must "comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto."  L. R. 83–3.1.2.[2]  These statutes, rules, and decisions have been adopted by this Court as the standard of professional conduct.  *Id.*[3]

The advocate-witness rule is recognized as a long standing tenet of ethics in our legal system which prohibits an attorney from acting as both a witness and an advocate in the same proceeding.  *See Caluori v. One World Techs., Inc.*, 2012 WL 2004173, at *4 (C.D. Cal. June 4, 2012); *see also FDIC v. U.S. Fire Ins. Co.*, 50 F. 3d 1304, 1312 (5th Cir. 1995).  This basic ethics principle is articulated in Rule 3.7 of the Model Rules of Professional Conduct of the American Bar Association as follows:[4]

---

[2] Western District of Texas Local Rule 7(a) has a similar requirement regarding compliance with state bar rules of professional conduct.  *See* L.R. 7(a).

[3] Federal courts apply state law in determining matters of disqualification.  *See In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

[4] Model Rule 3.7 has been applied by the Central District of California and the Western District of Texas in attorney disqualification cases under the advocate-witness rule.  *See Caluori*, 2012 WL 2004173, at *5 ("Model Rules serve as a collateral source for guidance on proper professional conduct in California."); *see also Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *9 (W.D. Tex. May 31, 2006) (applying Rule 3.7 in the court's analysis to disqualify an attorney).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

     (a)    A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:

        (i)    the testimony relates to an uncontested issue;

        (ii)    the testimony relates to the nature and value of legal services rendered in the case; or

        (iii)    disqualification would cause substantial hardship on the client.[5]

*Id.*

Permitting an attorney to perform these dual roles in the same proceedings threatens to undermine the foundational concept of due process:

> The prohibition against a lawyer's serving as advocate and testifying as a witness in the same matter is essentially aimed at eliminating confusion over the lawyer's role. This confusion could prejudice one or more of the parties or call into question the impartiality of the judicial process itself. As an advocate, the lawyer's task is to present the client's case and to test the evidence and arguments put forth by the opposing side. A witness, however, provides sworn testimony concerning facts about which he or she has personal knowledge or expertise. The very fact of a lawyer taking on both roles will affect the way in which a jury evaluates the lawyer's testimony, the lawyer's advocacy, and the fairness of the proceedings themselves.

*People v. Donaldson*, 113 Cal. Rptr. 2d 548, 556 (Cal. Ct. App. 2001).

Moreover, an attorney shall not serve as trial counsel where he or she is a necessary witness in a case. *See Caluori*, 2012 WL 2004173, at *5 (finding that a

---

[5] District courts do not merely rely upon the American Bar Association's Model Rules of Professional Conduct, but also on the rules of professional conduct enacted by the bar of the state in which the court sits and local rules of professional conduct of the district courts. However, these rules are substantially similar to Model Rule 3.7. *See* Cal. R. Prof'l Conduct 5-210 (similar to Model Rule 3.7, but additionally provides for an exception where an attorney obtains informed consent from his or her client); *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 717 (S.D. Tex. 1999) (stating that Model Rule 3.7 is "substantially similar to that of Texas Rule 3.08").

patent attorney was a necessary witness for issues of inventorship and enforceability of a patent); *see also Crossroads Sys. (Tex.), Inc.* 2006 WL 1544621, at *9.  "A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and obtainable elsewhere." *Carta v. Lumbermens Mut. Cas. Ins. Co.*, 419 F. Supp. 2d 23, 29 (D. Mass. 2006).

When an adversary declares his intent to call opposing counsel as a witness, prior to ordering disqualification of counsel, the court should determine whether counsel's testimony is, in fact, genuinely needed.  *See Smith, Smith & Kring v. Sup. Ct.*, 60 Cal. App. 4th 573, 581, 70 Cal. Rpt. 2d 507 (1997).  A party seeking to depose opposing counsel must show that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.  *Eaton v. Siemens*, 2007 WL 2318531, at *5 (E.D. Cal. Aug. 10, 2007); *Doubleday v. Ruh*, 149 F.R.D. 601, 613-14 (E.D. Cal. 1993).

## IV.    ARGUMENT

### A.    There is no other means to obtain the information other than deposing Moon.

As part of Defendants' defense against Plaintiff's claims in this action is the assertion that the Agreement was signed under duress.  As noted in the exchange directly between Vertucci and Moon: (1) the Agreement was drafted by Moon; (2) the Agreement was presented to Vertucci for the first time three days before Vertucci's last bus tour; (3) Moon did not give Vertucci sufficient time to review the Agreement prior to signing it; and (4) Moon backdated the Agreement to 2010.  Among other reasons, Defendants will contest the validity and enforceability on the basis of the circumstances of its signing.

To establish its affirmative defense related to the execution of the Agreement, Defendants cannot obtain information from any other witness, including Montelongo, as to the circumstances regarding the execution of the Agreement.  Furthermore, as the

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

draft of the Agreement, Defendants will need to depose Moon on the specific terms and conditions that he included in the Agreement, such as the non-solicitation and non-circumvention provisions and their enforceability, which are also a part of Defendants' affirmative defenses as well as Defendants' counterclaim regarding the non-circumvention provision.

**B.     The information sought from Moon is relevant and non-privileged.**

As already demonstrated, the information surrounding the circumstances for executing the Agreement, as well as the inclusion of certain provisions in the Agreement is relevant to Defendants' affirmative defenses and counterclaims. Furthermore, the information sought from Moon is not privileged.   Moon's communications with Vertucci regarding the execution of the Agreement were not within the confines of an attorney-client relationship:  Moon is the general counsel for Plaintiff.   Furthermore, the inclusion of the non-solicitation and non-circumvention provisions in the Agreement to be executed by a California resident, goes directly to the enforceability of such provisions under California law and/or Texas law.

**C.     The information from Moon is crucial to the preparation of the case.**

Without the deposition testimony of Moon, there will be no other witness for Defendants to depose regarding the drafting and execution of the Agreement that forms the basis of Plaintiff's claims against Defendants.   This information is crucial to preparing the defenses to those claims as well as the prosecution of Defendants' counterclaims regarding the enforceability of provisions in the Agreement.   Because this information is critical to Defendants' defense and prosecution of claims, Defendants will be prejudiced if Moon is not deposed as a fact witness in this case.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant this Motion to Disqualify Attorney Andrew Moon.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Dated: March 20, 2015

Respectfully submitted,
**AKERMAN LLP**

By: */s/ Clint A. Corrie*
Karen P. Ciccone, Esq.
Clint A. Corrie, Esq.
*Admitted Pro Hac Vice*
Attorneys for Defendants

## **PROOF OF SERVICE**

I am employed in the City and County of Dallas, Texas. I am over the age of 18 and not a party to the within action. My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

On **March 20, 2015**, I served the following documents

**NOTICE OF MOTION TO DISQUALIFY; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

on the persons below as follows:

JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
GORDON & REES LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Admitted Pro Hac Vice*)
EDUCATION MANAGEMENT SERVICES, LLC
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
andrew.j.moon@gmail.com
andym@teamarmando.com
*Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC*

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Dallas, Texas.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **March 20, 2015**, at Dallas, Texas.

| | |
|---|---|
| Clint A. Corrie | /s/ Clint A. Corrie |
| (Type or print name) | (Signature) |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342