UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Nancy Boehme | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Counter-Plaintiffs The Nick Vertucci Companies, Inc. and Nick Vertucci ("Counter-Plaintiffs") assert several claims against Counter-Defendants Real Estate Training International, LLC ("RETI") and Armando Montelongo (together, "Counter-Defendants") concerning the dissolution of their business relationship. (Second Amended Answer and Counterclaims ("SACC"), Dkt. No. 75.) Before the Court is Counter-Defendants' "Motion to Dismiss and/or Strike Second Amended Counterclaims." ("Motion," Dkt. No. 84.) The Motion is GRANTED in part and DENIED in part.

**BACKGROUND**

The following facts are taken primarily from the SACC, and assumed to be true for the purposes of this Motion.

Before Counter-Plaintiff Nick Vertucci met Counter-Defendant Armando Montelongo, Montelongo and RETI offered seminars to teach people how to buy and sell real estate for profit. (SACC ¶¶ 18-19.) Vertucci had his own business teaching people how to invest in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

"cash-flow properties." (*Id.* ¶ 12-13.) At that time, Montelongo did not train students on cash-flow properties or sell real estate to students. (*Id.* ¶ 19.)

When Montelongo met Vertucci in 2009, he invited Vertucci to teach about cash-flow investing at RETI seminars. (*Id.*, ¶ 20.) They entered into an oral agreement where Vertucci would receive $1,000 for each student who paid the $10,000 price for a 3-day cash-flow seminar. (*Id.* ¶ 21.) They also agreed to offer for sale to students various investment properties owned by Vertucci. (*Id.* ¶ 22.) Montelongo received a fee for these sales. (*Id.* ¶ 23.)

When Vertucci's inventory of properties diminished due to his new arrangement with Montelongo, he recruited Giovanni Fernandez as an "on-the-ground" contact to find new investment properties in Las Vegas. (*Id.* ¶ 25.) Together, they agreed to a joint venture buying and selling the properties. (*Id.* ¶ 25-27.) Although Fernandez and Vertucci had separate corporations, Fernandez used Vertucci's logo ("NV") and the name "NV Acquisitions" for properties purchased under their joint venture agreement. (*Id.* ¶ 26.) They created a business plan for the joint venture. (*Id.* ¶ 27, Ex. A.)

In mid-2012, Montelongo's business was losing money. Looking to recover, he decided to stop paying Vertucci the $1,000-per-student fee for the cash-flow events. (*Id.* ¶ 33.) When Vertucci protested, Montelongo reassured him that he could continue selling properties at the events and making money that way. But Montelongo did not intend to keep that promise. In July 2013, Montelongo's lawyer presented Vertucci with a "Vendor Agreement" back-dated to 2010 and demanded that Vertucci sign it or be terminated. (*Id.* ¶ 37.) The Vendor Agreement prohibited Vertucci from soliciting RETI customers or using confidential information for 24 months after termination of their business relationship. (*Id.*) Vertucci signed it because he felt he had no choice. Nevertheless, Montelongo soon convinced Fernandez to work with him directly, and stopped talking to Vertucci. (*Id.* at 39.) Vertucci was cut out of the business.

RETI filed this case in Texas state court in January 2014. Among other things, RETI claims Vertucci breached the Vendor Agreement. Counter-Plaintiffs removed the case to the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

States District Court for the Western District of Texas (Notice of Removal, Dkt. No. 1.), and the case was transferred to this Court in April 2014 for reasons of venue. (Transfer Order, Dkt. No. 28.)

In the SACC, Vertucci and The Nick Vertucci Companies assert eight claims: (1) tortious interference with contract, (2) tortious interference with business relationship, (3) breach of oral contract, (4) fraudulent inducement to agree to forbearance/contract, (5) quantum meruit, (6) conspiracy, (7) theft of services, and (8) declaratory judgment that the Vendor Agreement non-compete provision is invalid.

## LEGAL STANDARD

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); see Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); see *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

**PRELIMINARY MATTERS**

Oddly, Counter-Defendants ask the Court to dismiss all claims against Montelongo because he was not timely joined. But the Court previously granted Counter-Plaintiffs' request for leave to amend their counterclaim specifically to allow joinder of Montelongo. (See Order Granting Leave to Amend, Dkt. No. 82.) Counter-Defendants' renewed request is unpersuasive. The request to dismiss the claims against Montelongo is DENIED.

**ANALYSIS**

**1. Choice of Law**

Before addressing the sufficiency of the counterclaims, the Court must decide which state's law to apply. Counter-Defendants say that California law governs the counterclaims. Counter-Plaintiffs say it's Texas law that applies. The Court concludes that California law governs counterclaims 1, 2 and 6, and Texas law governs counterclaims 3-5 and 7-8.

**1.1 Applicable Choice-of-Law Rules**

A federal court generally applies the choice-of-law rules of the state where the court is located. When a case is transferred to the court under 42 U.S.C. § 1404, however, the court applies the choice-of-law rules of the state where the case was filed. *See In re Nucorp Energy*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

*Securities Litgation*, 772 F.2d 1486, 1492 (9th Cir. 1985).  Here, RETI initially filed this case in Texas, and it was transferred to this Court under § 1404. Therefore, the Court would apply Texas choice-of-law rules. Nevertheless, Counter-Defendants argue that because the counterclaims were filed after the case was transferred to this Court, California choice-of-law rules should apply. But Counter-Defendants cite no similar cases applying the choice-of-law rules of the transferee forum, and the Court is not persuaded that a party can control which choice-of-law rules apply by timing their counterclaims. Thus the Court applies Texas choice-of-law rules, while noting that the outcome is the same regardless of which state's rules apply.

### 1.2 Application of Texas Choice-of-Law Rules

Under Texas law, the Court takes a three-step analysis to determine the applicable state law for each claim. First, the Court looks to whether a contractual choice-of-law provision covers the claims. If so, Texas law generally gives effect to the provision. *Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990). Next, Texas law requires that "'i[f] the laws of the states do not conflict, then no choice-of-law analysis is necessary,' and [the Court] simply appl[ies] the law of the forum state." *Mumblow v. Monroe Broadcasting, Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) (quoting *Schnieder Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002)). Finally, if a conflict exists, Texas has adopted the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *Quicksilver Resources, Inc. v. Eagle Drilling, LLC*, 792 F.Supp.2d 948 (S.D. Tex. 2011).

Thus the Court first considers whether a contractual choice-of-law provision covers the claims. Here, the Vendor Agreement says, "This agreement shall be governed by, construed and enforced in accordance with the laws of the State of Texas, without reference to principles of conflicts of laws." (Dkt. 49-1 at 5.) By its own terms, this provision doesn't purport to cover all claims related to the parties' relationship, but rather it is limited to the claims arising from the contract itself. Thus, the provision does not end the choice-of-law inquiry for the present claims, which do not arise from the Vendor Agreement. *See Caton*, 896 F.2d at 943.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Next, Texas law requires that "'i[f] the laws of the states do not conflict, then no choice-of-law analysis is necessary,' and [the Court] simply appl[ies] the law of the forum state." *Mumblow v. Monroe Broadcasting, Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) (quoting *Schnieder Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002)). Here, the parties point out numerous conflicts between Texas law and California law. For instance, the states have different statutes of limitations for breach of oral contract claims. And only Texas law provides a claim for theft of services. Thus the Court must conduct a choice-of-law analysis.

So finally, the Court applies the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *Quicksilver Resources, Inc. v. Eagle Drilling, LLC*, 792 F.Supp.2d 948 (S.D. Tex. 2011). In considering which state has the most significant relationship to the claims, the Court weighs various factors including "1) needs of interstate and international systems; 2) relevant policies of the forum; 3) relevant policies of other interested states and those states' interests in determining the issue at hand; 4) protection of justified expectations; 5) basic policies underlying the area of law in issue; 6) certainty, predictability, and uniformity of result; and 7) ease with which the relevant law can be determined and applied." *Id.* (citing Restatement (Second) of Conflict of Laws § 6 (1971)). In weighing these factors, the Court should also consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement § 145.

Weighing these varying factors, the Court concludes that California law applies to Counterclaims 1, 2, and 6—concerning Counter-Defendants' purported interference with the contractual and business relationship of Vertucci and Fernandez—and Texas law applies to Counterclaims 3-5 and 7-8, concerning the contractual and business relationship of Vertucci and RETI.

Based on what is now before the Court, the relationship between Vertucci and Fernandez has little to no connection to Texas. Vertucci and his company are based in California. The purported joint business plan attached to the SACC was apparently drafted in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

While Montelongo resides in Texas, Texas appears to have little relationship to the claims at issue, which concern Montelongo's alleged interference with the California-based joint venture. Therefore, the Court applies California law to Counterclaims 1, 2, and 6.

On the other hand, Counterclaims 3-5 and 7-8 concern RETI's relationship with Vertucci. RETI is based in Texas, and hired Vertucci to speak at seminars that took place in various states. While not dispositive, it is telling that the Vendor Agreement between the parties included a choice-of-law provision selecting Texas law. Also notable is the parties' agreement that Texas law applies to RETI's claims against Vertucci in this same case. Given these circumstances, Texas has the most significant relationship with Counterclaims 3-5 and 7-8.

**2. Analysis of Claims**

Having determined which state's law applies to each claim, the Court now turns to the sufficiency of the claims.

### 2.1  Tortious Interference with Contract (California law)

Under California law, the elements of a claim for tortious interference with contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). Counter-Defendants argue that Counter-Plaintiffs fail to sufficiently plead that there was a valid contract between Vertucci and Fernandez and that Montelongo committed a wrongful act to induce a breach of that contract. The Court disagrees.

Counter-Plaintiffs do allege the existence of a valid contract between Vertucci and Fernandez with allegations that Vertucci and Fernandez entered into an oral joint-venture agreement concerning the purchase and sale of properties in Las Vegas, Nevada. (SACC ¶¶ 26-27, 54-55.) Their agreement involved "purchasing, rehabbing, maintenance, and sale of properties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

and the splitting of fees, expenses, and profits . . . ." (*Id.* ¶ 55.) Together, they created a business plan to further the venture. (*Id.* ¶ 27.) Counter-Defendants' arguments primarily concern whether these allegations are true, not whether they were adequately pled. These arguments are unpersuasive on a motion to dismiss.

Likewise, Counter-Plaintiffs adequately plead intentional acts designed to induce a breach. In a tortious interference with contract claim, "it is not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 55 (1998). Here, Counter-Plaintiffs allege that Montelongo intentionally offered Fernandez money to breach his contract with Vertucci, and threatened him with a loss of business if he declined to do so. This is enough.

On this point, the Court is concerned with Counter-Defendants' representations in their briefing that "the act of inducing a breach of contract must be, in itself, <u>wrongful</u>." (Motion at 7:24-25.) At best, this is a misstatement of the law. Indeed, the very case cited by Counter-Defendants says, as noted above, "it is *not* necessary that the defendant's conduct be wrongful apart from the interference with the contract itself." *Quelimane Co.* at 55 (emphasis added). And this is not the only misstatement of the law in Counter-Defendants' briefing. (*See, e.g.*, Motion at 4:19-23 (omitting choice-of-law rule concerning § 1404 venue transfer)).The Court relies upon the diligence and candor of counsel, and repeated misstatements severely impair the effectiveness of briefing. *See* Antonin Scalia & Bryan Garner, Making Your Case: The Art of Persuading Judges 14 (2008) ("Inaccuracies can result from either deliberate misstatements or carelessness. Either way, the advocate suffers a grave loss of credibility from which it's difficult to recover.") Additionally, the Court reminds counsel that they have an ethical duty of candor to the Court. *See* Cal. Rules of Prof. Conduct 5-200 ("In presenting a matter to a tribunal, a member . . . shall not mislead the judge [or] intentionally misquote to a tribunal the language of a . . . decision . . . .") Violations of those duties can result in sanctions and other consequences.

The Motion is DENIED as to Counterclaim 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

### 2.2 Tortious Interference with Business Relationship (California law)

Under California law, what Counter-Plaintiffs call "tortious interference with business relationship" is usually called "interference with prospective economic advantage." The elements of this claim are: (1) an economic relationship between the plaintiff and a third-party with an expectation of future economic benefits, (2) the defendant's knowledge of the relationship, (3) intentional acts by the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, (5) economic harm to the plaintiff, and (6) conduct that was independently wrongful apart from the interference. *See* 5 Witkin, Summary of Cal. Law § 744 (10th ed. 2005). Thus interference with prospective economic advantage differs from tortious interference with a contract in that it does require that the interfering act be independently wrongful.

Here, Counter-Plaintiffs do not identify any independent basis to conclude that Montelongo's acts were wrongful. Rather, they argue merely that the conduct was "targeted to destroy ongoing business relationships for financial gain." (Opposition, Dkt. No. 89, at 12:7-8.) As noted, it is insufficient to say the acts were wrongful merely because they interfered with the prospective business relationship. That Counter-Defendants' may have had an improper motive for interfering is irrelevant.

The Motion is GRANTED as to Counterclaim 2.

### 2.3  Breach of Oral Contract (Texas law)

The breach of oral contract claim is governed by Texas law. Under Texas law, the elements of the claim are: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Hussong v, Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320 (Tex. App. 1995). The statute of limitations is four years from the breach. Tex. Civ. Prac. & Rem. Code § 16.051.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Counter-Defendants apply California law and its two-year statute of limitations, and argue on that basis that the breach of contract claim is time-barred. Because Texas law applies to this claim, however, the claim is timely. Beyond that, Counter-Defendants do not argue that this claim is insufficiently pled.

The Motion is DENIED as to Counterclaim 3.

### 2.4 Fraudulent Inducement (Texas law)

Counter-Defendants argue that the fraudulent inducement claim should be dismissed because it seeks to recover in tort what should be left to contract law. The Court disagrees. Under Texas law, "it is well established that the legal duty not to fraudulently procure a contract is separate and independent from the duties established by the contract itself." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 46 (1998). Moreover, "a fraud claim can be based on a promise made with no intention of performing, irrespective of whether the promise is later subsumed within a contract." *Id.* And "tort damages are not precluded simply because a fraudulent representation causes only an economic loss." *Id.* at 47. Therefore, Counter-Plaintiffs' claim, based on the allegations that Montelongo induced Plaintiff to continue to speaking at events with an intentionally false promise of future benefits, is allowable under Texas law.

Counter-Defendants also argue that the claim doesn't comply with the heightened pleading requirements of Rule 9. The Court again disagrees. Counter-Plaintiffs properly plead the "who, what, when, where, and how" of the alleged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

The Motion is DENIED as to Counterclaim 4.

### 2.5 Quantum Meruit (Texas law)

In asking the Court to dismiss Counter-Plaintiff's quantum meruit claim, Counter-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Defendants again misstate the law. Counter-Defendants say, "When a party unequivocally alleges the existence of a contract, a claim for quantum meruit cannot be maintained." (Motion at 16:24-26.) But the case they cite doesn't support that broad rule. *See Corsini v. Canyon Equity, LLC*, 2011 U.S. Dist. LEXIS 54872, at *5-6 (N.D. Cal. May 23, 2011). Rather, the court in that case finds factual inconsistencies precluding a quantum meruit claim where the plaintiff asserts a contract claim against one party and the quantum meruit claim against another for the same services. *Id.* The reasoning in *Corsini* doesn't apply here. In this case, Counter-Plaintiffs assert both a contract claim and a quantum meruit claim against RETI and Montelongo. Where the alleged facts support the elements of both claims, it is permissible to raise both claims in the alternative.

Counter-Plaintiffs' quantum meruit claim is sufficiently pled. Under Texas law, the elements of a quantum meruit claim are: (1) valuable services were rendered; (2) for the defendant; (3) the services were accepted by defendant; (4) under circumstances reasonably notifying the defendant that the plaintiff expected to be paid. *Southwestern Bell Telephone Co. v. Fitch*, 643 F.Supp.2d 902, 910 (S.D. Tex. 2009). Counter-Plaintiffs allege that Vertucci continued to provide speaking services to RETI with the understanding that he would receive money or benefits from RETI, and that RETI failed to provide that money or benefits. This is enough.

The Motion is DENIED as to Counterclaim 5.

### 2.6 Conspiracy (California law)

Counter-Plaintiffs assert that Counter-Defendants are liable for conspiracy because they conspired with Fernandez to interfere with the joint venture between Vertucci and Fernandez. Under California law, however, a party to a contract cannot be held liable in tort based on a conspiracy to interfere with his own contract. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 521 n.10 (1994). As for the third-party who interferes with the contract, the proper tort claim is tortious interference with a contract, not conspiracy. To allow otherwise would be redundant and nonsensical, and Counter-Plaintiffs cite no cases allowing conspiracy claims in this situation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

The Motion is GRANTED as to Claim 6.

### 2.7 Theft of Services (Texas law)

Under Texas law, a plaintiff can sue in tort for certain violations of the penal code. *See* Tex. Civ. Prac. & Rem. Code § 134.001. One such claim is for theft of services, defined as follows.

> (a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:
>
> (1) he intentionally or knowingly secures performance of the service by deception, threat, or false token; . . . .
>
> or . . .
>
> (4) he intentionally or knowingly secures the performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make payment after receiving notice demanding payment.

Tex. Penal Code § 31.04.

Counter-Defendants don't argue that Counter-Plaintiffs' theft-of-services claim is insufficient under Texas law. Instead, they argue that California law applies and, under California law, no such claim exists. Because the Court finds that Texas law applies, this argument fails.

The Motion is DENIED as to Counterclaim 7.

### 2.8 Declaratory Judgment

The final counterclaim is for a declaratory judgment that certain provisions in the Vendor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

Agreement are invalid. Counter-Defendants argue that the Court should dismiss this counterclaim because it "involves a contract entered into between seasoned businessmen" and because the validity of the Vendor Agreement is already an issue to be decided in Counter-Defendants' claims against Vertucci. (Motion at 20:3-12.) The Court is not persuaded. Whether the contract should be enforced because the parties to the contract were sophisticated is not a matter to decide on a motion to dismiss. Neither will the Court preclude Counter-Plaintiffs from seeking affirmative relief from the contract along with raising invalidity as a defense.

The Motion is DENIED as to Counterclaim 8.

**3. Request to Strike Allegations**

Besides asking the Court to dismiss the counterclaims, Counter-Defendants also request that the Court strike the "alter ego allegations against Montelongo and RETI." (Motion at 20:15-17.) But Counter-Defendants haven't shown that these allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Instead, they argue that the allegations are legally insufficient to establish alter-ego liability. In their Opposition, however, Counter-Plaintiffs say they are not pursuing alter-ego liability. Rather, the allegation was intended to support joinder of Montelongo, which the Court has already decided is appropriate. Motions to strike portions of a pleading are "generally disfavored," and "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F.Supp.2d 1205, 1209 (C.D. Cal. 2008). The Court is not persuaded that these allegations should be stricken.

The request to strike alter-ego allegations is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0546 AG (DFMx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC, d/b/a ARMANDO MONTELONGO SEMINARS v. THE NICK VERTUCCI COMPANIES, INC. et al. | | |

**DISPOSITION**

The Motion is GRANTED as to Counterclaims 2 and 6. Because of the inherent deficiencies of these claims, further amendment would be futile. Therefore, leave to amend is DENIED.

The Motion is DENIED as to the remaining Counterclaims. The request to strike alter-ego allegations is DENIED.

                                                                    :     0

                          Initials of
                          Preparer              nkb