JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
**GORDON & REES LLP**
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Pro Hac Vice*)
**EDUCATION MANAGEMENT SERVICES, LLC**
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
andym@teamarmando.com

Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING
INTERNATIONAL, LLC and Counterdefendant ARMANDO MONTELONGO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, | CASE NO. 8:14-cv-00546-AG-DFM |
| Plaintiff, | **ANSWER TO SECOND AMENDED COUNTERCLAIMS** |
| v. | Dept.: Courtroom 10D |
| THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, | Judge: Hon. Andrew J. Guilford |
| Defendants. | |
| THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, | |
| Counterclaimants | |
| v. | |
| REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO | |
| Counterdefendants. | |

1    COME NOW, Plaintiff and counterdefendant Real Estate Training

2  International, LLC and crossdefendant Armando Montelongo, Jr. (collectively

3  "RETI") and hereby answers the second amended counterclaims ("SACC") of

4  Defendants and counterclaimants The Nick Vertucci Companies and Nick Vertucci

5  (collectively "Counterclaimants"), as follows:

6    1.    Answering Paragraph 1 of the SACC, RETI is informed and believes

7  in the truth of this allegation that NV Companies is a Nevada corporation, and on

8  that basis admits it.  As to the remainder of the paragraph, RETI lacks sufficient

9  information to admit or deny the allegations and therefore denies them.

10    2.    Answering Paragraph 2 of the SACC, RETI lacks sufficient

11  information to admit or deny the allegations and therefore denies them.

12    3.    Answering Paragraph 3 of the SACC, RETI denies that counsel of

13  record, Jeffrey D. Cawdrey and Kimberly D. Howatt are authorized agents for

14  service of process, denies that it is Entity Number 20100810033, denies that CT

15  Corporation has been assigned no C0165406, and admits the remainder of the

16  allegations.

17    4.    Answering Paragraph 4 of the SACC, RETI denies that its place of

18  business is as identified and denies that Montelongo owns the California property

19  identified and admits the remainder of the allegations.

20    5.    Answering Paragraph 5 of the SACC, the allegations in this paragraph

21  are primarily argumentative and/or include legal rather than factual matter, and

22  thus RETI is not required to admit or deny.  The SACC is the best evidence of its

23  contents.  To the extent necessary, RETI denies the allegations.

24    6.    Answering Paragraph 6 of the SACC, the allegations in this paragraph

25  are primarily argumentative and/or include legal rather than factual matter, and

26  thus RETI is not required to admit or deny.  To the extent necessary, RETI denies

27  the allegations.

28  / / /

7.      Answering Paragraph 7 of the SACC, RETI denies the allegations.

8.      Answering Paragraph 8 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies the allegations.

9.      Answering Paragraph 9 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies the allegations.

10.     Answering Paragraph 10 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

11.     Answering Paragraph 11 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

12.     Answering Paragraph 12 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

13.     Answering Paragraph 13 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

14.     Answering Paragraph 14 of the SACC, RETI admits that it does business under the names "Armando Montelongo Seminars" or "AMS," and that there are other companies affiliated with RETI, including Education Management Services, LLC.  RETI denies the remainder of the allegations.

15.     Answering Paragraph 15 of the SACC, RETI lacks sufficient information as to what Counterclaimants have been informed and what they believe, and therefore denies the allegations.  RETI denies that Montelongo committed various tortious acts.

16.     Answering Paragraph 16 of the SACC, RETI admits that other seminars and courses were available for purchase at RETI events.  RETI denies the remainder of the allegations.

17.     Answering Paragraph 17 of the SACC, RETI admits that in or about 2009, Vertucci and Montelongo were introduced, that Chris Sanders was then a colleague of Montelongo, and that Montelongo and Vertucci were, at one time, business colleagues.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

18.     Answering Paragraph 18 of the SACC, RETI admits that it or its affiliates were doing bus tours in 2009 and that they continue through the present. As to the remainder of the paragraph, because the paragraph does not establish the time period at issue, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

19.     Answering Paragraph 19 of the SACC, RETI denies that Montelongo acted on the suggestion of Vertucci.  RETI admits that Montelongo offers mentorships.  As to the remainder of the paragraph, which does not specify the time period at issue, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

20.     Answering Paragraph 20 of the SACC, RETI admits that Montelongo and Vertucci met in 2009 and that they discussed doing business together.  RETI admits that Montelongo invited Vertucci to become a speaker at Montelongo-sponsored semnairs.  RETI denies that there was no formal agreement between the parties.  RETI admits that Vertucci did not speak at every AMS event.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

21.     Answering Paragraph 21 of the SACC, RETI denies that Vertucci designed any RETI program.  RETI admits that the parties had an agreement.  As to the remainder of the paragraph, which does not specify the time period at issue, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

/ / /

22. Answering Paragraph 22 of the SACC, RETI denies any interest in Vertucci's claimed "asset." As to the remainder of the paragraph, which does not specify the time period at issue, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

23. Answering Paragraph 23 of the SACC, RETI admits that it conducted at least dozens of seminars over a 4 ½ year period. As to the remainder of the paragraph, which does not specify the time period at issue, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

24. Answering Paragraph 24 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

25. Answering Paragraph 25 of the SACC, RETI admits that Giovanni Fernandez worked for RETI. RETI denies that Vertucci notified Montelongo that he wanted to recruit Fernandez to help him with Vertucci's NV Properties sales such that Montelongo had an opportunity to object or not. As to the remainder of the paragraph, which does not specify the time period at issue and is vague, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

26. Answering Paragraph 26 of the SACC, including the footnotes thereto, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

27. Answering Paragraph 27 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them. Exhibit A is the best evidence of its contents, and thus RETI is not required to admit or deny same.

28. Answering Paragraph 28 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

29. Answering Paragraph 29 of the SACC, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

30.     Answering Paragraph 30 of the SACC, and the footnote thereto, RETI lacks sufficient information to admit or deny the allegations, which are not specific as to relevant time period, and therefore denies them.

31.     Answering Paragraph 31 of the SACC, RETI lacks sufficient information as to what Counterclaimants have been informed and what they believe, and therefore denies the allegations.  RETI denies the remainder of the allegations.

32.     Answering Paragraph 32 of the SACC, RETI lacks sufficient information to admit or deny the allegations, which are not specific as to relevant time period, and therefore denies them.

33.     Answering Paragraph 33 of the SACC, RETI denies the allegations.

34.     Answering Paragraph 34 of the SACC, RETI lacks sufficient information to admit or deny the allegations, which are not specific as to relevant time period, and therefore denies them.

35.     Answering Paragraph 35 of the SACC, RETI lacks sufficient information to admit or deny the allegations, which are not specific as to relevant time period, and therefore denies them.

36.     Answering Paragraph 36 of the SACC, the referenced article is the best evidence of its contents, and thus RETI is not required to admit or deny same. RETI admits that a writer from Forbes was allowed to attend a Montelongo event, and that RETI anticipated that the article would be favorable and help business. RETI denies that the article was not favorable and denies that it did not help business.  RETI denies that Montelongo's business/brand started to suffer, that Montelongo's sales numbers started declining, and that Montelongo was prompted thereby to look for ways to raise or maintain revenue.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations and therefore denies them.

/ / /

1       37.    Answering Paragraph 37 of the SACC, the Vendor Agreement,

2   Exhibit B, and the referenced email exchange are the best evidence of their

3   contents, and thus RETI is not required to admit or deny same.   RETI admits that

4   Andy Moon is a lawyer for Montelongo and that he presented Vertucci with a

5   Vendor Agreement.  RETI denies that Vertucci was not offered compensation in

6   exchange for entering the Vendor Agreement, and denies that the Vendor

7   Agreement was "false," or ever said by RETI to be "false."  RETI denies that there

8   were no beneficial clauses in the Vendor Agreement or that Vertucci was

9   threatened as alleged.  RETI denies that Vertucci was not allowed time to review

10   the Vendor Agreement with counsel.  RETI admits that Vertucci signed the Vendor

11   Agreement and that it included a January 2010 effective date.  As to the remainder

12   of the paragraph, RETI lacks sufficient information to admit or deny the

13   allegations and therefore denies them.

14       38.    Answering Paragraph 38 of the SACC, RETI denies having the

15   knowledge alleged and lacks sufficient information to admit or deny the remainder

16   of the allegations and therefore denies them.

17       39.    Answering Paragraph 39 of the SACC, RETI denies that it "court[ed]

18   Fernandez on the idea of going behind Vertucci's back to effectively cut Vertucci

19   out of the Vertucci-Fernandez NV Properties real estate property sales joint

20   venture agreement."  RETI admits that it spoke to Fernandez and his wife about the

21   property sales business moving forward, but denies that such conversation took

22   place at Vertucci's last bus tour.  As to the remainder of the paragraph, RETI lacks

23   sufficient information to admit or deny the allegations, which are not specific as to

24   relevant time period and are vague, and therefore denies them.

25       40.    Answering Paragraph 40 of the SACC, RETI lacks sufficient

26   information to admit or deny the allegations, which are not specific as to relevant

27   time period, and therefore denies them.

28   / / /

41.     Answering Paragraph 41 of the SACC, RETI denies the first two sentences of the paragraph, except as to whether Fernandez quit a Vertucci-Fernandez joint venture.  As to the remainder of the paragraph, including whether Fernandez quit a Vertucci-Fernandez joint venture, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

42.     Answering Paragraph 42 of the SACC, RETI denies the allegations.

43.     Answering Paragraph 43 of the SACC, RETI admits that Vertucci signed the Vendor Agreement and that RETI terminated its relationship with Vertucci in or about August 2013.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

44.     Answering Paragraph 44 of the SACC, the referenced social media postings, to the extent they exist, are the best evidence of their contents, and thus RETI is not required to admit or deny same.  As to the remainder of the paragraph, RETI denies the allegations.

45.     Answering Paragraph 45 of the SACC, RETI denies the allegations regarding Montelongo's "insistence," "interference," and "threats," and denies that Montelongo "acknowledged that existence and validity of the joint venture between Fernandez and Vertucci."  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

46.     Answering Paragraph 46 of the SACC, RETI denies the allegations.

47.     Answering Paragraph 47 of the SACC, RETI denies the allegations.

48.     Answering Paragraph 48 of the SACC, to the extent the allegation is an extension of paragraph 46, RETI denies that RETI caused harm.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

/ / /

49.     Answering Paragraph 49 of the SACC, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them. to the extent the allegation is an extension of paragraph 46, RETI denies that RETI caused harm.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

50.     Answering Paragraph 50 of the SACC, to the extent the allegation is an extension of paragraph 46, RETI denies that RETI caused harm.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

51.     Answering Paragraph 51 of the SACC, to the extent the allegation is an extension of paragraph 46, RETI denies that RETI caused harm and denies that Montelongo engaged in "wrongful" conduct.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

52.     Answering Paragraph 52 of the SACC, to the extent the allegation is an extension of paragraph 46, RETI denies that RETI caused harm and denies that Montelongo "interefere[d]" or "insiste[d]" as alleged.  As to the remainder of the paragraph, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

53.     Answering Paragraph 53 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as if fully stated herein.

54.     Answering Paragraph 54 of the SACC, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

55.     Answering Paragraph 55 of the SACC, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.  Exhibit A

1    is the best evidence of its contents, and thus RETI is not required to admit or deny

2    same.

3        56.    Answering Paragraph 56 of the SACC, RETI denies the allegations.

4        57.    Answering Paragraph 57 of the SACC, RETI denies the allegations.

5        58.    Answering Paragraph 58 of the SACC, RETI denies the allegations.

6        59.    Answering Paragraph 59 of the SACC, RETI denies the allegations.

7        60.    Answering Paragraph 60 of the SACC, the allegations in this

8    paragraph are primarily argumentative and/or include legal rather than factual

9    matter, and thus RETI is not required to admit or deny.  Also, RETI is not

10   obligated to respond to this allegation because this count was dismissed upon

11   RETI's motion by order or the Court.  To the extent necessary, RETI incorporates

12   herein by reference its responses to the foregoing paragraphs, as if fully stated

13   herein.

14       61.    Answering Paragraph 61 of the SACC, RETI is not obligated to

15   respond to this allegation because this count was dismissed upon RETI's motion

16   by order or the Court.  To the extent necessary, RETI denies the allegations.

17       62.    Answering Paragraph 62 of the SACC, RETI is not obligated to

18   respond to this allegation because this count was dismissed upon RETI's motion

19   by order or the Court.  To the extent necessary, RETI denies the allegations.

20       63.    Answering Paragraph 63 of the SACC, RETI is not obligated to

21   respond to this allegation because this count was dismissed upon RETI's motion

22   by order or the Court.  To the extent necessary, RETI denies the allegations.

23       64.    Answering Paragraph 64 of the SACC, RETI is not obligated to

24   respond to this allegation because this count was dismissed upon RETI's motion

25   by order or the Court.  To the extent necessary, RETI denies the allegations.

26       65.    Answering Paragraph 65 of the SACC, RETI is not obligated to

27   respond to this allegation because this count was dismissed upon RETI's motion

28   by order or the Court.  To the extent necessary, RETI denies the allegations.

66.     Answering Paragraph 66 of the SACC, RETI is not obligated to respond to this allegation because this count was dismissed upon RETI's motion by order or the Court.  To the extent necessary, RETI denies the allegations.

67.     Answering Paragraph 67 of the SACC, RETI is not obligated to respond to this allegation because this count was dismissed upon RETI's motion by order or the Court.  To the extent necessary, RETI denies the allegations.

68.     Answering Paragraph 68 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as if fully stated herein.

69.     Answering Paragraph 69 of the SACC, RETI lacks sufficient information to admit or deny the allegations, and therefore denies them.

70.     Answering Paragraph 70 of the SACC, RETI denies the allegations.

71.     Answering Paragraph 71 of the SACC, RETI denies the allegations.

72.     Answering Paragraph 72 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as if fully stated herein.

73.     Answering Paragraph 73 of the SACC, RETI lacks sufficient information to admit or deny these allegations because it is unclear whether Counterclaimants are referring to the agreement underlying the Vendor Agreement, or to a different contract, and therefore RETI denies them.

74.     Answering Paragraph 74 of the SACC, RETI denies the allegations.

75.     Answering Paragraph 75 of the SACC, RETI denies the allegations.

76.     Answering Paragraph 76 of the SACC, RETI denies the allegations.

77.     Answering Paragraph 77 of the SACC, RETI denies the allegations.

78.    Answering Paragraph 78 of the SACC, RETI denies the allegations.

79.    Answering Paragraph 79 of the SACC, RETI denies the allegations.

80.    Answering Paragraph 80 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as if fully stated herein.

81.    Answering Paragraph 81 of the SACC, RETI lacks sufficient information to admit or deny these allegations because it is unclear whether Counterclaimants are referring to the agreement underlying the Vendor Agreement, or to a different contract, and therefore RETI denies them.

82.    Answering Paragraph 82 of the SACC, RETI denies the allegations.

83.    Answering Paragraph 83 of the SACC, RETI denies the allegations.

84.    Answering Paragraph 84 of the SACC, RETI denies the allegations.

85.    Answering Paragraph 85 of the SACC, RETI denies the allegations.

86.    Answering Paragraph 86 of the SACC, RETI denies the allegations.

87.    Answering Paragraph 87 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  Also, RETI is not obligated to respond to this allegation because this count was dismissed upon RETI's motion by order or the Court.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as if fully stated herein.

88.    Answering Paragraph 88 of the SACC, RETI is not obligated to respond to this allegation because this count was dismissed upon RETI's motion by order or the Court.  To the extent necessary, RETI denies the allegations.

/ / /

/ / /

89.     Answering Paragraph 89 of the SACC, RETI is not obligated to respond to this allegation because this count was dismissed upon RETI's motion by order or the Court.  To the extent necessary, RETI denies the allegations.

90.     Answering Paragraph 90 of the SACC, RETI is not obligated to respond to this allegation because this count was dismissed upon RETI's motion by order or the Court.  To the extent necessary, RETI denies the allegations.

91.     Answering Paragraph 91 of the SACC, RETI is not obligated to respond to this allegation because this count was dismissed upon RETI's motion by order or the Court.  To the extent necessary, RETI denies the allegations.

92.     Answering Paragraph 92 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as if fully stated herein.

93.     Answering Paragraph 93 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies them.

94.     Answering Paragraph 94 of the SACC, RETI denies the allegations.

95.     Answering Paragraph 95 of the SACC, RETI denies the allegations.

96.     Answering Paragraph 96 of the SACC, RETI denies the allegations.

97.     Answering Paragraph 97 of the SACC, RETI denies the allegations.

98.     Answering Paragraph 98 of the SACC, RETI denies the allegations.

99.     Answering Paragraph 99 of the SACC, RETI denies the allegations.

100.    Answering Paragraph 100 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as

if fully stated herein and denies all additional allegations.

101.   Answering Paragraph 101 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies them.

102.   Answering Paragraph 102 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI incorporates herein by reference its responses to the foregoing paragraphs, as if fully stated herein.

103.   Answering Paragraph 103 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies the allegations.

104.   Answering Paragraph 104 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies the allegations.

105.   Answering Paragraph 105 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies the allegations.

106.   Answering Paragraph 106 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus RETI is not required to admit or deny.  To the extent necessary, RETI denies the allegations.

107.   Answering Paragraph 107 of the SACC, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual

1  matter, and thus RETI is not required to admit or deny.  To the extent necessary,

2  RETI denies the allegations.

3       108.   Answering Paragraph 108 of the SACC, the allegations in this

4  paragraph are primarily argumentative and/or include legal rather than factual

5  matter, and thus RETI is not required to admit or deny.  To the extent necessary,

6  RETI denies the allegations.

7       109.   Answering Paragraph 109 of the SACC, the allegations in this

8  paragraph are primarily argumentative and/or include legal rather than factual

9  matter, and thus RETI is not required to admit or deny.  To the extent necessary,

10  RETI denies the allegations.

11       110.   Answering Paragraph 110 of the SACC, the allegations in this

12  paragraph are primarily argumentative and/or include legal rather than factual

13  matter, and thus RETI is not required to admit or deny.  To the extent necessary,

14  RETI denies the allegations.

15       111.   Answering Paragraph 111 of the SACC, the allegations in this

16  paragraph are primarily argumentative and/or include legal rather than factual

17  matter, and thus RETI is not required to admit or deny.  To the extent necessary,

18  RETI denies the allegations.

19       112.   Answering Paragraph 112 of the SACC, the allegations in this

20  paragraph are primarily argumentative and/or include legal rather than factual

21  matter, and thus RETI is not required to admit or deny.  To the extent necessary,

22  RETI denies the allegations.

23       113.   Answering Paragraph 113 of the SACC, the allegations in this

24  paragraph are primarily argumentative and/or include legal rather than factual

25  matter, and thus RETI is not required to admit or deny.  To the extent necessary,

26  RETI denies the allegations.

27  / / /

28  / / /

PRAYER

RETI is not obligated to respond the SACC prayer for relief, as a matter of law; however, to the extent necessary, RETI denies that Counterclaimants are entitled to any of the relief requested thereby, or any relief at all.

**AFFIRMATIVE DEFENSES**

As for additional defenses to the complaint, and without assuming any burden of pleading or proof that would otherwise rest on Counterclaimants, RETI states as follows:

FIRST AFFIRMATIVE DEFENSE

The SACC fails in whole or in part to state facts sufficient to state a claim for relief, or a claim upon which relief can be granted, or entitlement to the relief requested.

SECOND AFFIRMATIVE DEFENSE

Counterclaimants have failed to join all necessary and/or indispensable parties.

THIRD AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred in whole or part by the doctrines of waiver and/or estoppel.

FOURTH AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred in whole or part by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

Counterclaimants are barred by the doctrine of unclean hands from maintaining their SACC and all claims for relief stated therein.

SIXTH AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred because Counterclaimants, collectively and respectively, lack standing.

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred in whole or part by the applicable statute(s) of limitation(s).

## EIGHTH AFFIRMATIVE DEFENSE

Counterclaimants are barred from recovery herein by virtue of the fact that they failed to perform certain conditions of the alleged contractual agreement(s) in issue which were on Counterclaimants' part to be performed, whereas RETI reasonably performed any and all of the duties required thereof.

## NINTH AFFIRMATIVE DEFENSE

Counterclaimants are barred from recovery herein by virtue of the fact that certain conditions precedent to the maturation of contractual duties allegedly owed by others did not occur.

## TENTH AFFIRMATIVE DEFENSE

Counterclaimants are barred from the recovery sought by their SACC because they are in breach of the contract(s) alleged.

## ELEVENTH AFFIRMATIVE DEFENSE

Counterclaimants' allegations assume obligations non-existent, not contracted for, and/or outside any agreement or relationship with RETI, respectively or collectively.

## TWELFTH AFFIRMATIVE DEFENSE

Any purported action on the part of RETI with relation to the events described in the SACC was justified and reasonable under the circumstances and/or in no way constitutes any actionable conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any duty or performance of RETI is excused by reason of failure of consideration, waiver, breach of condition precedent, breach by Counterclaimants, impossibility of performance, prevention by Counterclaimants, frustration of purpose, anticipatory breach, and/or acceptance by Counterclaimants.

FOURTEENTH AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred by the Statute of Frauds.

FIFTEENTH AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred under the Lanham Act.

SIXTEENTH AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred by the Bankruptcy Code.

SEVENTEENTH AFFIRMATIVE DEFENSE

The SACC, and each claim for relief therein, is barred due to lack of jurisdiction over RETI or either of them.

EIGHTEENTH AFFIRMATIVE DEFENSE

RETI has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on any other applicable defenses as may become available or apparent during discovery proceedings. RETI further reserves the right to withdraw defenses, and to amend this Answer or these defenses accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, RETI prays the Court determine and adjudge as to the SACC:

1.      That the SACC, and all claims alleged therein, be dismissed with prejudice;

2.      That Counterclaimants recover nothing;

3.      That RETI be awarded their costs, expenses, and attorneys' fees incurred in this action; and,

4.      That RETI be awarded such other and further relief as the Court may deem just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

RETI hereby demands a jury trial on any and all issues in the SACC as to which a jury is available under applicable law.


Dated:  June 10, 2015                          GORDON & REES LLP

*/S/ KIMBERLY D. HOWATT*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Andrew J. Moon
Attorneys for Plaintiff and
Counterdefendant REAL ESTATE
TRAINING INTERNATIONAL,
LLC and Counterdefendant
ARMANDO MONTELONGO

- 18 -

ANSWER TO SECOND AMENDED COUNTERCLAIMS
CASE NO. 8:14-cv-00546-AG-DFM