JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
BRITTANY L. MCCARTHY (SBN: 285947)
**GORDON & REES LLP**
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Pro Hac Vice*)
**EDUCATION MANAGEMENT SERVICES, LLC**
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
andym@teamarmando.com

Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING INTERNATIONAL, LLC and Counterdefendant ARMANDO MONTELONGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Defendants. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Counterclaimants <br><br> v. <br><br> REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO <br><br> Counterdefendants. | CASE NO. 8:14-cv-00546-AG-DFM <br><br> **PLAINTIFF AND COUNTERDEFENDANTS' OPPOSITION TO APPLICATION TO FILE CERTAIN DOCUMENTS UNDER SEAL** <br><br> Dept.: Courtroom 10D <br> Judge: Hon. Andrew J. Guilford |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY OF FACTS ........................................ 1

II. DEFENDANTS' APPLICATION IS PROPERLY DENIED ....................... 3

    A. Defendants Cannot Establish A Compelling Reason or Good Cause Sufficient to Justify Sealing the Joint Stipulation ...................... 4

    B. Long Standing Precedent and the Broad Discovery Rules Support Plaintiff's Right to the Discovery and Depositions, and Weigh Against Sealing the Joint Stipulation ......................................... 7

III. NO PART OF THE STIPULATION SHOULD BE SEALED ...................... 8

IV. CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cipollone v. Liggett Group, Inc.*
   785 F.2d 1108 (3d Cir. 1986).................................................................................5

*Comcast of Los Angeles, Inc. v. Top End International, Inc.*
   2003 U.S. Dist. LEXIS 18640 (C.D. Cal. 2003).......................................................7

*Dawe v. Corr. USA*
   2008 U.S. Dist. LEXIS 51122 (E.D. Cal. Apr. 23, 2008)...........................4, 5, 6, 7

*Foltz v. State Farm Mutual Insurance Co.*
   331 F.3d 1122 (9th Cir. 2003)..................................................................................4

*Holguin v. County of Los Angeles*
   2011 WL 7128640 (C.D. Cal. 2011).......................................................................7

*In re Alexander Grant & Co. Litigation*
   820 F.2d 352 (11th Cir. 1987)..................................................................................9

*In re Roman Catholic Archbishop of Portland in Oregon*
   661 F.3d 417 (C.D. Cal. 2011).................................................................................3

*Kamkana v. City & County of Honolulu*
   447 F.3d 1172 (9th Cir. 2006)..........................................................................3, 4, 5

*Nixon v. Warner Comm., Inc.*
   435 U.S. 589 (1978).................................................................................................3

*Renteria v. Collectcorp*
   2005 U.S. Dist. LEXIS 41769 (N.D. Cal. Oct. 26, 2005)........................................5

*Romero v. Drummond*
   480 F.3d 1234 (11th Cir. 2007)................................................................................8

*Seattle Times Co. v. Rhinehart*
   467 U.S. 20 (1984)...................................................................................................8

*Valley Broadcasting Co. v. U.S. Dist. Court*
   798 F.2d 1289 (9th Cir. 1986)..................................................................................4

**Rules**

Federal Rules of Civil Procedure
   Rule 26 ..........................................................................................................3, 5, 6, 7

Plaintiff and Counterdefendant Real Estate Training International, LLC ("RETI") and specially appearing Cross-Defendant Armando Montelongo, Jr. ("Montelongo") (collectively referred to herein as "Counterdefendants") hereby submit their Opposition to defendants and counter-claimants THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI ("Defendants") Application to File the Joint Stipulation Under Seal.

## I.

## **INTRODUCTION AND SUMMARY OF FACTS**

Defendants do not seek to have sealed anything that is warranted under legal or public policy principles. On the contrary, they seek to have sealed RETI's factual responses to the untrue allegations Defendants have asserted in their Counterclaims and in their previously (and publicly) filed motion for protective order. Otherwise stated, Defendants have made accusations against RETI in the public record, and want to seal the evidence and arguments that constitute RETI's defensive response.

Specifically, Defendants have repeatedly alleged throughout their Counterclaims that RETI terminated the Parties' relationship for financial motives following an unflattering article, and due to a deep-seeded desire to wrongfully cut Vertucci out of the business, thus entitling Vertucci to damages stemming from the termination. (Doc. 75, ¶¶ 22, 26, 38, 39, 56, 64, 75, 88, 107-109.)[1] These allegations, however, are untrue, and the evidence – including RETI CEO Montelongo's own testimony[2] – will establish that RETI severed the relationship with Defendants because Vertucci, in his former role as a RETI speaker and representative, affirmatively misrepresented himself – as a part of his RETI

---

[1] Defendants have *also* raised this theory as a basis for "unclean hands" affirmative defenses to Plaintiff's Complaint. Doc. 75, pg. 13, ¶ 5.

[2] *See*, Declaration of Armondo Montelongo, Jr. in support of Plaintiff's position re: Joint Stipulation, ¶ 2.

presentation and directed to RETI clients – as a person whose business, livelihood, and success depended upon his 20-year marriage and that he was an honest and trustworthy person with whom RETI clients should invest their money.  In actuality, as soon as he stepped off the RETI stage and into the audience, Vertucci became an unabashed philanderer, without any level of discretion in the presence of RETI clients, employees, and contractors.  Because Vertucci was fraudulently representing himself to RETI clients, customers, and contractors and recklessly revealing that fraud through his womanizing behavior at the same RETI events where he spoke; he was thereby risking damage to the RETI brand, and Montelongo was not going to tolerate such conduct, for the protection of his clients and his company.  RETI thus severed the relationship.  This is the side of the story that Vertucci – after having put the matter squarely at issue in his own public pleadings – does not want the public to see, in contrast to his own public spin on the events.

Defendants also do not want the public to see RETI's response to their accusation that the "personal" and "sexual" lives are somehow being needlessly raised by RETI, and that Plaintiff's intent is to "litigate in the gutter" (Doc. 109). In actuality, these matters are highly relevant.  In addition to the relevance described above, the information is relevant to Plaintiff's case-in-chief, and in particular, its Sixth Claim for Relief for Tortious Interference with Business Relations.  Not only did Vertucci put the RETI name(s) at risk by his conduct at RETI events, but also, he used such extramarital relationships in an effort to interfere with Plaintiff's business relations.  In particular, Vertucci carried on an affair with a RETI officer, and when his relationship with RETI terminated, he tried to get convince her to leave Plaintiff's employment, as well (who indeed ultimately *left*).  Once again, however, Defendants are happy to leave their own image-damaging accusations against the Plaintiff in the public record, but now seek to preclude RETI from properly publishing its defensive response.

The remainder of the joint stipulation arguments and evidence are inherently public, having been obtained from Defendants' commercial website(s), Defendants' mailing advertisements, and the Vertuccis' *public* Facebook and Twitter accounts. There is no legal or logical basis to seal these items and conceal them from public access, and Ninth Circuit precedent has consistently held that "material produced in pretrial discovery is 'presumptively public.'" *In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d 417, 426 (C.D. Cal. 2011). Indeed, as noted in this Court's own Procedures and Schedules page, "…there is a strong presumption in favor of granting the public access to court records." Judge Guilford's FAQs about Judges' Procedures and Schedules, No. 8 "Sealing" (citing *Kamkana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Accordingly, to seal documents Defendants are required to establish "compelling reasons" and "good cause" to seal documents. *Id.* Considering most of these items have already been raised in the public forum, (see Doc 109 and records of Bexar County Litigation, Doc. 109, p.9, fn. 6.), there is neither a compelling reason, nor good cause to seal the Joint Stipulation.

Against this background, Defendants' motion to seal must be denied.

## II.

## **DEFENDANTS' APPLICATION IS PROPERLY DENIED**

Defendants' application is not supported by law or logic. Public access to the courts and the records therein has consistently been a high priority upheld by all courts in this nation. *Nixon v. Warner Comm., Inc.,* 435 U.S. 589, 597 (1978); *Kamakana v. City & County of Honolulu,* 447 F.3d 1172-1178-79 (9th Cir. 2006) ("*Kamakana"*). Accordingly, there is a strong presumption in favor of access to all records. *Kamakana,* 447 F.3d at 1178. Thus, before any document is sealed, compelling reasons and good cause must be demonstrated by the party seeking to seal documents. FRCP, Rule 26; *Kamakana,* 447 F.3d at 1178.

/ / /

### A. Defendants Cannot Establish A Compelling Reason or Good Cause Sufficient to Justify Sealing the Joint Stipulation

A compelling reason requires a party articulate specific factual findings that support the compelling reason to seal documents. *Id.*[3] Similarly, good cause requires the party to make a "particularized showing" of specific factual findings. *Id.* at 1180. Good cause is determined by balancing the needs of discovery against the need for confidentiality. *Dawe v. Corr. USA*, 2008 U.S. Dist. LEXIS 51122, *48-50 (E.D. Cal. Apr. 23, 2008).

The only "specific reason" articulated by Defendants to date to seal any records has been the potential for embarrassment.[4] The potential for embarrassment alone does not constitute either a compelling reason or good cause. *Id.* Under Ninth Circuit precedent, the fact that embarrassment may occur is not a sufficient reason to seal records:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598; *accord Valley Broadcasting Co*. [*v. U.S. Dist. Court*], 798 F.2d [1289] at 1294 [(9th Cir. 1986)]. **The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records**. *Foltz* [*v. State Farm Mutual Insurance Co*.], 331 F.3d [1122] at 1136 [(9th Cir. 2003)].

---

[3] Defendants misstate the standard of *Kamakana*, the standard to *unseal* documents related to a non-dispositive discovery motion fall under an exception to the presumption of access. *Id.* at 1179 (addressing *already sealed* discovery records). The standard to seal documents is clearly set forth as requiring a "compelling reason." *Id.* at 1178.

[4] The documents that Defendants' previously applied to seal were sealed prior to Plaintiff's opportunity to oppose the application. Counterdefendants intend to bring a Motion to unseal those documents on the grounds that most are already in the public record or publicly available.

1  *Kamakana*, 447 F.3d at1179.  Nor does embarrassment constitute good cause.  "As
2  one circuit court has noted, 'because release of information not intended by the
3  [speaker] to be for public consumption will almost always have some tendency to
4  embarrass, an applicant for a protective order whose chief concern is
5  embarrassment must demonstrate that the embarrassment will be particularly
6  serious.'"  *Renteria v. Collectcorp*, 2005 U.S. Dist. LEXIS 41769, *6 (N.D. Cal.
7  Oct. 26, 2005) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d
8  Cir. 1986)).  Broad allegations of harm, unsubstantiated by specific examples or
9  articulated reasoning, do not satisfy the Rule 26(c) test. *Cipollone v. Liggett
10 Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

11        Particularly where the issues that may give rise to embarrassment have been
12 put at issue by the party seeking the protective order – here, Vertucci/NVC – and
13 are already part of the public record, the argument that either compelling reasons
14 or good cause exists is exceptionally weak.  *See*, *Dawe v. Corr. USA*, 2008 U.S.
15 Dist. LEXIS 51122, *50 (E.D. Cal. Apr. 23, 2008) ("Many of the allegations
16 contained in the [] deposition have already been rehashed (by both sides) in the
17 public papers filed in connection with the pending motions.")

18        In *Dawe v. Corr. USA*, the defendants sought a protective order regarding
19 the discovery of certain documents and to seal the deposition transcript of a non-
20 party witness that contained embarrassing information.  *Id.* at *10-11.  There, the
21 court held that the documents were discoverable to the plaintiff, not only because
22 the defendants put the matter at issue, but also because the matters were relevant to
23 proving the truth or falsity of the claims and defenses of both parties.  *Id.* at *15-
24 17. ("…based on a reading of its complaint, [defendant] has placed in issue its
25 financial records … [plaintiff] is entitled to access those records in order to defend
26 against the many claims asserted against him").

27        Similarly, with regard to deposition testimony, the court found that although
28 the deposition transcript contained some potentially embarrassing information, the

1  information was properly discoverable due to the theories of the case at put at issue
2  and the broad scope of the discovery allowed per the Federal Rules of Civil
3  Procedure. *Id.* at *49 ("…the court has determined that a broad range of
4  information supporting that [Plaintiff's theory of the case] is discoverable … <u>The
5  need of discovery as to some of the testimony outweighs the need for
6  confidentiality.</u>" [emphasis added].)  Accordingly, the *Dawe* court denied the
7  motion to seal the transcript.

8      Here, as in *Dawe,* the issues that are the subject of the discovery sought by
9  Plaintiff are the result of what has been put at issue by the Defendants in their
10 Counterclaims, discovery responses, and affirmative defenses to the Complaint.
11 And, as in *Dawes,* Defendant has failed to articulate a compelling reason, good
12 cause, or that any embarrassment would be "particularly serious" within the
13 meaning of Rule 26(c), especially when weighed against the right of RETI to
14 conduct discovery to support and defend the claims at issue.  That Defendant Mr.
15 Vertucci has taken actions that may cause him embarrassment is not the fault of
16 RETI.  If he wished to prevent embarrassment, he either should not have taken the
17 action(s) or should have not asserted theories in his counterclaim that put the
18 matters directly at issue.  As noted herein, the matters are relevant to proving the
19 falsity of Defendants' claims and Plaintiff's defenses.

20     Defendants also allude to business reputation and competitive leverage as a
21 factor that weighs in favor of sealing the record.  Defendants note that reputation is
22 an important factor for both the Plaintiff's and the Defendants' businesses.  Absent
23 from this analysis is any reference to Defendants' own derogatory assertions
24 *already* made in a public forum (Doc. 109).  Accordingly, any analysis regarding
25 the effects of business reputation and leverage weigh in favor of counter
26 defendants as the parties who have been attacked in a public forum, but have not
27 yet had an opportunity to defend their position in the public forum.
28 / / /

### B. Long Standing Precedent and the Broad Discovery Rules Support Plaintiff's Right to the Discovery and Depositions, and Weigh Against Sealing the Joint Stipulation

The broad rules supporting the right of a party to discovery of any non-privileged matter that is relevant to a claim or defense, regardless of admissibility, Fed. R. Civ. P. 26(b)(1), trumps Defendants' unspecific[5] claims regarding embarrassment, particularly because they are implicated by Defendants' own pleadings, against which RETI has the right to defend. *See, Dawe v. Corr. USA*, 2008 U.S. Dist. LEXIS 51122, *15-17, 49-50 (E.D. Cal. Apr. 23, 2008) .

The discovery sought by Plaintiff in this case and addressed in the Joint Stipulation is directly aimed at defending the assertions of Defendants' counterclaims and proving Plaintiff's claim for tortious interference with business relations. Long established precedent provides for broad discovery under the Federal Rules: "Rule 26(b) is to be liberally interpreted to permit wide ranging discovery of information." FRCP, Rule 26(b)(1); *Holguin v. County of Los Angeles,* 2011 WL 7128640, *4 (C.D. Cal. 2011) ("*Holguin*")(*citing Comcast of Los Angeles, Inc. v. Top End International, Inc.*, 2003 U.S. Dist. LEXIS 18640, *2 (C.D. Cal. 2003)).

Moreover, Defendant may not determine what is relevant to a Plaintiff's case. *Holguin* explicitly states that "it is not up to defendants to decide what plaintiff needs to pursue [in an] action." *Holguin,* 2003 U.S. Dist. LEXIS 18640 at *5. Accordingly, Plaintiff is entitled to pursue any discovery that is relevant to the action. The claims alleged and put at issue by the Defendants are directly relevant to the discovery sought. As stated, the issues that are the subject of the Joint Stipulation, and in particular the deposition of Ms. Vertucci, are relevant because they relate to matters that are (1) already in the public forum via Defendants' own

---

[5] Notably, Defendants never claim Vertucci's "alleged affair" to be true or untrue, nor do they offer any further detail to show the potential for "embarrassment."

1  publicly filed documents (i.e., Doc. 109, *see also*, Bexar County litigation); (2) have been directly put at issue by the Defendants' own, publicly filed, counterclaims (Doc. 75); and (3) are directly relevant to prove Plaintiff's cause of action for tortious business interference (Doc. 49).

Notably, Defendants cite to nearly no Ninth Circuit precedent. Defendants rely on *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32 (1984) for the proposition that potentially embarrassing personal information is subject to being sealed. However, *Seattle Times* is apposite to the case here. *Seattle Times* addressed discovery of financial information and prior restraint and free speech concerns related to the use of information obtained in discovery by the newspaper. *Id*. Even so, the Court upheld the newspaper's right to discovery of the information. *Id.* at 37. Further, unlike *Seattle Times,* this case addresses information that is, and was, known to the parties prior to the termination of the business arrangement, not learned in discovery. Moreover, the termination of the business arrangement lies at the very heart of the instant litigation, unlike the financial information at issue in *Seattle Times*. Unequally unhelpful to Defendants' position is *Romero v. Drummond,* 480 F.3d 1234, 1248 (11th Cir. 2007) where the court unsealed records on the grounds of the importance of public access to the courts.

The Joint Stipulation, and all documents and discovery sought therein, are properly pursued as relevant issues to the claims and defenses of this case. They are properly matters of the public record and should not be sealed as Defendants have failed to demonstrate "articulable compelling reasons supported by specific factual findings" or "particularized good cause" sufficient to overcome the presumption in favor of public access to court records.

### III.
### NO PART OF THE STIPULATION SHOULD BE SEALED

Defendants are seeking the benefits of a protective order that they do not yet hold, and was, in fact, denied. Doc. 110. Defendants are not the gatekeepers of

1  the record.  They simultaneously express concern for the effect of any
2  "derogatory" information on business reputation of Mr. Vertucci, forgetting
3  entirely Defendants raise the issue of termination in their counterclaims, and in
4  their own motion for a protective order, publicly suggest that RETI is creating a
5  "circus like" atmosphere.  Doc. 109.  In the face of this publicly filed derogatory
6  commentary, RETI must be allowed to defend itself in the public record, precisely
7  where Defendants have placed these issues.

8       Interestingly, Defendants cited to *In re Alexander Grant & Co. Litigation,*
9  820 F.2d 352, 356 (11th Cir. 1987) noting that "whether there will be an
10 opportunity to respond to the information" is a factor considered by the courts.
11 This is particularly true where, as here, Defendant's have set forth their assertions
12 in the public forum, but seek to prevent Counterdefendants' defenses from being
13 presented in the public forum.  Here, Counterdefendants must be allowed to
14 publicly respond to Defendant's publicly made allegations, revealing the true
15 reasons for the termination of business relationship between the two parties,
16 namely, that Mr. Vertucci was fraudulently representing himself to RETI
17 customers, contractors, and clients.  While potentially embarrassing information
18 may be associated with RETI's defense of Defendants' theory for termination of the
19 business relationship, such information was put in issue by Defendants and is
20 properly set forth in the public record.

21      Additionally, the Exhibits to the Joint Stipulation are either publicly
22 available or not private.  The exhibits consist primarily of public facebook posts,
23 and also contain two emails that were on RETI's computers, preventing
24 Defendants from making any claims of privacy.

25      Public access to the Joint Stipulation is a just and fair vehicle to present
26 Counterdefendants' defenses to the publicly made accusations lauded by
27 Defendants to date.
28 ///

Finally, Counterdefendants object to the Defendant's request that documents remain sealed and be returned to Defendants. There is no provision in 79-5.1 for the return of documents in the event the court denies the application to seal.

## IV.

## CONCLUSION

Sealing the Joint Stipulation, supporting declarations and documents is unnecessary, improper and prejudicial to Plaintiff and Counterdefendants. Defendants have failed to articulate compelling reasons or particularized good cause to support its motion. Moreover, the substantial majority of the documents lodged in support of the joint stipulation are already publicly available.

Further, Plaintiff and Counterdefendants have set forth specific facts that demonstrate the relevance of the discovery at issue: namely, that Defendants publicly alleged in its counter claim that RETI terminated the parties' business relationship due to financial motives. Accordingly, discovery on the issues surrounding termination of the parties' business relationship is directly relevant to Counterdefendants' defense and to our RETI's claim for tortious business interference.

Based on the foregoing, Plaintiff and Counterdefendants respectfully request that this Court deny Defendants' Application in its entirety. Further, Plaintiff and Counterdefendants respectfully request that to the extent the Joint Stipulation, supporting declarations and exhibits have been sealed, that such Joint Stipulation, declarations and exhibits be promptly unsealed and made available on the public record.

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: June 30, 2015 | GORDON & REES LLP |
| 2 | | */S/ JEFFERY D. CAWDREY* |
| 3 | | Jeffrey D. Cawdrey |
| 4 | | Kimberly D. Howatt |
| 5 | | Brittany L. McCarthy |
| 6 | | Attorneys for Plaintiff REAL ESTATE TRAINING INTERNATIONAL, LLC and Specially Appearing for ARMANDO MONTELONGO |

1096731/24060227v.1