**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:  (213) 688-9500
Facsimile:  (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339

Attorneys for Defendants The Nick Vertucci Companies and Nick Vertucci.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>Defendants. | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford<br>Courtroom 10D<br><br>**DECLARATION OF CLINT CORRIE IN SUPPORT OF DEFENDANTS' EMERGENCY/EXPEDITED MOTION TO QUASH AND FOR PROTECTIVE ORDER**<br><br>Hearing Date:<br>Date:            TBD<br>Time:           10:00 a.m.<br>Crtrm.:         10D<br><br>SAC File:              June 17, 2014<br>FAC Filed:            March 7, 2014<br>Complaint Filed:   January 16, 2014 |

# DECLARATION OF CLINT CORRIE

I, Clint Corrie, hereby declare as follows:

1. I am over the age of twenty-one (21) years, of sound mind, have never been convicted of a felony or of a crime involving moral turpitude, and fully competent to testify to the matters herein stated. I am an attorney licensed to practice in the State of Texas and have been admitted *pro hac vice* to practice before this Court. I am also a partner with the law firm of Akerman LLP, which is counsel of record for Defendants The Nick Vertucci Companies, Inc. and Nick Vertucci ("Defendants") in the above-captioned matter. The statements and facts contained within this Declaration are within my personal knowledge based on my capacity as counsel for Defendants and are true and correct.

2. In this case, a dispute between two businesses and the two men who run them, Plaintff/Counter-Defendant s have previously requested the deposition of Gina Vertucci, Nick Vertucci's wife, and she has been identified as a potential witness by the Plaintiff in this case and Plaintiff's affiliate in other cases.(*See* **Exs. 5, 6, & 7** to Emergency Motion to Quash and for Protective Order ("Motion to Quash")).

3. Each time the Gina Vertucci deposition has been requested, Defendants have challenged and questioned the relevance of the deposition. (*See* **Ex. 8, 9** to Motion to Quash).

4. Despite being told several times that Mrs. Vertucci has no relevant knowledge, the Counter-Defendants have formally noticed her deposition for June 16, 2015. (*See* **Ex. 11** to Motion to Quash)

5. Nevertheless, in one last attempt to avoid the need for the Motion to Quash, on June 10, 2015 I sent I sent the proposed order sought by the Motion to Quash to counsel for Plaintiff and Counter-Defendant and requested an opportunity to confer concerning the relief sought therein. (See **Ex. A** to this Declaration). this

proposed order very clearly told the Plaintiff Counter-Defendants the relief we sought and told them we would need to file the motion by the close of business

6. Unfortunately, The Plaintiff's/ Counter-Defendants did not respond to that invitation to discuss the merits of the motion to see if some agreement could be reached.

7. On June 15, 2014 at approximately 3:33 pm I received the attached email from Ms. Howatt wanting to know who was attending the deposition of Ms. Vertucci on June 16 **(Ex. B)**. I responded by reminding her of my June 10 email to her and Mr. Cawdrey and the fact we were moving to quash the deposition of Ms. Vertucci and I again invited them to confer if they wanted to or let us know they were opposed to the Motion. **(Ex. C)**

8. In response to my email at 3:49 pm I received the attached email from Ms. Howatt indicating they were not in agreement to discuss Ms. Vertucci's deposition and they were insisting on going forward with it. **(Ex. D.)**

9. Accordingly, I conclude the Plaintiffs /Counter-Defendants are not interested in discussing the motion and are opposed to the motion.

10. On June 17, 2015, I participated in a telephonic conference as required by Local Rule 37-1. Madison S. Spach, Jr, David Meek, Andrew Tsu and I participated on behalf of Defendants and Counter-Claimants. Jeffrey Cawdrey and Kimberly Howatt participated on behalf of Plaintiff/Counter-Defendant Real Estate Training International, LLC ("RETI") and Counter-Defendant Armando Montelongo ("Montelongo") (collectively referred to as "Counter-Defendants"). We conferred on the three outstanding issues as set forth in Defendants' Motion. Counter-Defendants' counsel agreed to stipulate that parties' attorneys should not be directly contacting any party or witness represented by counsel, noting that this was also barred by appropriate legal ethics/rules, however Counter-Defendants' counsel would not stipulate to barring represented parties and/or witnesses from contacting each other directly.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

I declare under penalty of perjury pursuant to the laws of the State of California and 28 U.S.C. §1746 that the foregoing is true and correct.

Dated this 29th day of June, 2015.

By: */s/Clint A. Corrie*
Clint A. Corrie

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342