AKERMAN LLP
KAREN PALLADINO CICCONE (SBN 143432)
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Tel: (213) 688-9500 / Fax: (213) 627-6342
karen.ciccone@akerman.com

AKERMAN LLP
CLINT A. CORRIE (Admitted Pro Hac Vice)
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Tel: (214) 720-4300 / Fax: (214) 981-9339
clint.corrie@akerman.com

SPACH, CAPALDI & WAGGAMAN, LLP
MADISON S. SPACH, JR., SBN 94405
(Email: madison.spach@gmail.com)
ANDREW D. TSU, SBN 246265
(Email: andrewtsu@gmail.com)
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

Attorneys for Defendants/Counter-
Claimants, The Nick Vertucci
Companies, Inc. and Nick Vertucci

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE NICK VERTUCCI COMPANIES, INC., and <br><br> NICK VERTUCCI, <br><br> Defendant. <br><br>_____ <br><br> AND RELATED COUNTER-CLAIMS | CASE NO: SACV14-00546 AG (DFMx) <br><br> Judge: Hon. Andrew J. Guilford <br> Dept.: Courtroom 10D <br><br> **DEFENDANTS THE NICK VERTUCCI COMPANIES, INC. AND NICK VERTUCCI'S APPLICATION TO FILE UNDER SEAL EXHBITS 1-4, INCLUSIVE, 13, 14, AND 16 FOR THE JOINT STIPULATION** <br><br> Complaint <br> Filed:         January 16,2014 <br> Trial Date:   September 29, 2015 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

Table of Authorities……………………………………………………………..ii

APPLICATION…..…...………………………..…………….................…….....1

Good Cause Exists for the Sealing……………………….……………....……3

1

# TABLE OF AUTHORITIES

2

**Case Law**

3

4

*In re Alexander Grant & C., Litig*
    (11th Cir. 1987) 820 F.2d 352.....................................................5

5

6

*Chicago Tribune v. Bridgestone/Firestone*
    (11th Cir. 2001) 263 F. 3d 1304…………………………......…….5

7

8

*Foltz v. State Farm Mutual Auto Insurance Company*
    (9th Cir. 2003) 331 F.3d 1122……………………………….…..……5

9

10

*Kamakana v. City & County of Honolulu*
    (2006) 447 F. 3d 1172 …......…………………………...............…….5

11

12

*Nixon v. Warner Comm.*
    (1978) 435 U.S. 589…………………………………….……………6

13

14

*Philips v. GMC*
    (9th Cir. 2002) 307 F.3d 1206……………………....…………….....3,4,5

15

16

*Seattle Times Co. v. Rhinehart*
    (1984) 467 U.S. 20.......…………………………….……………….4,5

17

18

*Stern v. Does*
    (C.D. Cal., 2011) 978 F. Supp. 2d 1031…………………………….2

19

20

21

**Statutes**

22

Federal Rule of Civil Procedure § 26(c)(1)(A)……………………….…….11

23

24

25

26

27

28

# APPLICATION

For the second time, Defendants Counter-Claimants, The Nick Vertucci Companies, Inc. and Nick Vertucci (hereafter collectively the "Defendants") request these documents be filed under seal and in support of Defendants' portion of the Joint Stipulation re: Defendants' certain Emergency/Expedited Motions to Quash and for Protective Order ("Joint Stipulation").  Defendants filed this near verbatim application to seal Exhibits 1-4, inclusive, 13, 14, and 16 to Defendants' original Emergency/Expedited Motions to Quash and for Protective Order ("Motion"), which the Court granted on or about June 16, 2015.  (*See* Doc. No. 113.)

Subsequently, on June 16, 2015, the Court dismissed Defendants' Motion without prejudice and ordered Defendants' to re-submit the Motion as a Joint Stipulation pursuant to Local Rules 37-1 *et seq.* (*See* Doc. No. 110.)  Pursuant to the Court's order, the Parties did file their Joint Stipulation re: the Motions to Quash and for a Protective Order on July 1, 2015.   Concurrently herewith, the Parties will be filing their stipulation to file Exhibits P, Q, and X, filed in support of Plaintiff and Counter-Defendant Real Estate Training International, LLC ("RETI") and Counter-Defendant Armando Montelongo's ("Montelongo," and together with RETI, the "Plaintiffs") portion of the Joint Stipulation, to be filed under seal.  Defendants hereby re-submit their Application to file under seal Exhibits 1-4, inclusive, 13, 14, and 16 as follows:

This Application is made pursuant to Local Rule 79-5.  Defendants hereby apply to this Court for an Order permitting Defendants to file under seal certain documents, specifically Exhibits 1-4, inclusive, 13, 14, and 16.

These documents were either produced in discovery, requested in discovery, published on social media, provided by opposing counsel, or responses to and requests for discovery propounded by Plaintiffs and that Defendants deem be highly private personal information or involve allegations made by the Plaintiffs and their

agents alleging highly private and derogatory personal information, that have no relevance to the claims in the subject litigation.

Good cause exists for this Application.  As set forth in the Joint Stipulation, Plaintiffs have propounded discovery that requests information of a highly private, inflammatory and derogatory nature, or makes allegations of a highly private inflammatory and derogatory personal nature about Defendant Nick Vertucci, his wife (who is not involved with Vertucci's business), and certain non-parties -- information that has no relevance to this action.  Plaintiffs have made plain that they are seeking discovery into this information.  They are doing so for the purpose of "annoyance, embarrassment, oppression, or undue burden or expense."  (Rule 26(c)(1), *see also Stern v. Does*, 978 F. Supp. 2d 1031, 1051 (C.D. Cal., 2011).) Specifically, Plaintiffs seek documents and information relating to the personal life of Defendant Nick Vertucci, attempting to inquire into claims Plaintiffs have made concerning alleged affairs, and alleged inappropriate relationships in order to embarrass and harass not only Vertucci, but his wife, his family, and other non-party witnesses with questions about such inflammatory and derogatory information – even though such matters have no relevance to the issues of this action.

This case involves causes of action and cross-claims relating to a breach of contract and interference with business relations.  Regardless of whether Plaintiffs' allegations about Defendant's personal life are true, false, innuendo, or rumor and whether Plaintiffs, claims about Vertucci's personal life are true, false, innuendo, or rumor, they are <u>not</u> relevant to any cause of action or defense in this matter. Plaintiffs have just recently made their intentions concerning these matters clear to Defendants, and have made clear that refusal to accept settlement terms proffered by Plaintiffs will be punished by systematic attempts by Plaintiffs to delve into these private, personal and unrelated allegations.  Plaintiffs are not shy about making their intent clear in very explicit terms.  Moreover, Plaintiffs and their agents have in the past, and Defendants expect they would now, take to social media to comment on

any matters filed of record in this case. (see Exhibits 2,3,4).  In order to discuss and demonstrate the graphic nature of the derogatory allegations without revealing those very statements and allegations they seek to protect from the public record, Defendants seek the sealing of seven specific documents that reflect these allegations and in support of Defendants' Motion for a Protective Order prohibiting the inquiry and further discovery into these irrelevant personal issues of both parties.

Concurrently herewith, Defendants have filed the Joint Stipulation re: Defendants' Motions to Quash and for a Protective Order to prohibit Plaintiffs from taking the deposition of Mr. Vertucci's wife and/or otherwise trying to delve into these unrelated alleged sexual/relationships.  Harassment and undue leverage, rather than to discover and develop relevant and material admissible evidence, is the true purpose of Plaintiffs' in attempting to bring up these matters.  To demonstrate that purpose, Defendants need to have the Court review, *in camera* and out of the public record, several documents that contain the highly private, confidential and unrelated personal allegations – documents that reflect the very matters that Defendants seek to keep out of the public record of this action.  To file and discuss the content of these documents as part of Defendants' motion would defeat the very purpose of the protective order by spreading on the public record the inflammatory and derogatory non-relevant matters Plaintiffs have threatened to spread.  Accordingly, for the relief requested by the motion to achieve its purpose – keeping allegations, that are by their nature harassing and inflammatory and derogatory for Defendants and third parties by virtue of the very fact that they have been raised – seven specific documents must be submitted under seal.

### Good Cause Exists for the Sealing

For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. GMC*, 307 F.3d 1206, 1210–1211 (9th Cir. 2002). "Rule 26(c) confers broad discretion on the trial court to decide when a protective

order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, (1984) 467 U.S. 20, 36; *see* also *Phillips ex rel. Estates of Byrd v. GM Corp.*, (2002) 307 F.3d 1206, 1211 ("The law ... gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information[.]").  Here, Defendants assert that the requested documents should be sealed as Plaintiffs are seeking information as to highly personal and irrelevant information that has nothing to do with the merits of the case.  Defendants seek a Protective Order to prevent the noticed deposition of Defendant's wife and further discovery about such personal issues that have no relevancy to the underlying matter and offer the sealed documents to demonstrate Plaintiffs' intent to delve into these irrelevant, highly inflammatory and derogatory issues.  Defendants' request for these documents to be sealed should be granted. Otherwise, requiring Defendants' to file the subject documents as part of the public record would effectively require Defendants to self-publish the inflammatory and derogatory documents and, thereby, defeat the purpose of the Protective Order.  Moreover, Defendants assert that the following factors weigh in favor of sealing the requested documents:

(1)     Disclosure of such documents would violate the privacy interests of Defendant Nick Vertucci, his wife and family, and other non-parties;

(2)     The information sought by Plaintiffs as to Defendant Vertucci's alleged sexual conduct, relationships, and other highly personal, private matters are being sought for the improper purpose to harass, embarrass, and intimidate Defendant Vertucci;

(3)     Disclosure of such information would cause Defendant Vertucci and his family and non-parties undue embarrassment;

(4)     Such information is not important to public health and safety; and

(5)     The subject matter sought to be protected does not involve issues important to the public as this is a business dispute between two private companies/individuals.

While Defendants recognize that there is a strong presumption of public access to documents and information, Defendants assert that the requested documents to be sealed are in support of a non-dispositive motion i.e. Motion for a Protective Order, and thus, falls under the exception to the presumption of access. (*See Kamakana v. City & County of Honolulu* (2006) 447 F.3d 1172, 1179 – confirming an exception to the presumption of access to judicial records for a sealed discovery document attached in support of a non-dispositive motion; *citing Foltz v. State Farm Mutual Auto Insurance Company* (9th Cir. 2003) 331 F.3d 1122,1135 and *Phillips v. General Motors Corp.* , (9th Cir. 2002) 307 F.3d 1206, 1213.)  Moreover, the use of highly personal and sexual material that is irrelevant to the underlying claims are subject to being sealed as they would cause undue embarrassment and harassment of a party.  (*Cf, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) (no First Amendment violations by the trial court's protective order prohibiting the release of inflammatory allegations alleging sexual misconduct of defendant ).  The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential."  *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir. 2001).  In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among the factors, whether attorney access would impair court functions or harm legitimate privacy interests, the degree of, and likelihood of, the information it made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials in public concerns and the availability of less onerous attention to sealing the documents. *See In re Alexander Grant & C., Litig.,* 820 F.2d 352, 35 6 (11th Cir. 1987).  A party's privacy or proprietary interests in information sometimes overcomes the interest of the public in accessing the information.  *See*

1   *Nixon v. Warner Comm.*, 435 U.S. 589, 598 (1978); *Romero v. Drummond*
2   *Company*, 480 F.3d 1234 (11th Cir. 2007).

3          Finally, because of the very personal nature of the allegations that are
4   contained in the documents to be sealed, the mere allegations, aired in a public
5   forum, could be harmful not only to Mr. Vertucci but to his family and several non-
6   parties. The allegations by the Plaintiffs are not only intended to exert improper
7   pressure in this case by threatening to air the allegations in a public forum, but to
8   create business leverage as well by a competitor. Plaintiffs assert that Mr. Vertucci
9   and his company are business competitors with Plaintiffs and their Affiliate
10  Companies. [*See* D.E. 49]. A significant part of both Plaintiffs' and Defendants'
11  business is advertising for and giving public speeches/presentations and ultimately,
12  for those customers who pay for further training, charging attendees a fee for such
13  presentations. Thus, both Plaintiffs' and Defendants' business is tied to their public
14  image and reputation. Thus, if derogatory information as to the personal life of
15  Defendant Vertucci were to be part of the public record, Defendants' business could
16  suffer significantly from a tarnished public reputation and potential reduced
17  patronage and Plaintiffs would exploit such information absent discovery of this
18  same type of information as to Plaintiffs. As will be seen by Exhibits 2, 3, and 4
19  below, Defendants believe that the Plaintiffs and their agents have not hesitated
20  before to use social media to post outrageous and derogatory remarks and allegations
21  about the Defendants. The public filing of the documents subject to this Application
22  would give the Plaintiffs and their agents the opportunity to abuse such documents
23  and their contents on social media – in short to do the very thing that the Motion for
24  Protective Order is intended to prevent.

25         Accordingly, Defendants, pursuant to Central District Local Rule 79-5,
26  request that the Court accept the several documents described below under seal, and
27  that the Court considers these documents in support of Defendants' request for a
28  Protective Order.

The Defendants, contemporaneously with this Application on June 15, 2015, submit the following documents to be lodged under seal:

1.   Exhibit 1: a police report in filed in Garden Grove, California that was not a public record.  Defendant learned, after he was interviewed by the police, that the police had likewise interviewed the General Counsel of the Plaintiffs. The Plaintiffs' General Counsel made unfounded false and outrageous statements to the Garden Grove police about Mr. Vertucci to fend off an investigation into whether a process server who attempted to breach a Nick Vertucci Companies public event was connected to the Plaintiffs.  Due to the highly graphic, inappropriate and patently false nature of the statements of Plaintiffs' General Counsel, Defendants request to submit this document under seal as inappropriate for this litigation. Additionally, because Defendants' business is closely tied to Defendants' public image and reputation, and because Plaintiffs' and Defendants' are business competitors, if inflammatory and derogatory information as to the personal life of Defendant Vertucci, such as Exhibit 1, were to be made part of the public record and available to Plaintiffs and their agents to maliciously use, Defendants' business could suffer significantly from a tarnished public reputation and potential reduced patronage.

2.   Exhibits 2, 3, and 4: a print-out of a fake Facebook accounts that Defendants believe, Plaintiffs and Cross-Defendants, or their agents, created for the purposes of intimidating, harassing, and embarrassing Defendant Nick Vertucci. Such pages included graphic allegations about Defendant Nick Vertucci and a former Montelongo employee, which the creators of such page attempted to link and distribute the postings to Nick Vertucci's Facebook "friends" and family. Defendants submit this document is consistent with the threats to delve into such matters that Plaintiffs have made (as shown in related documents), and is therefore submitted in support of its motion.

Because the matters to be sealed reference another person who is not a party to the action, Defendants ask that the document be received and maintained under seal in support of Defendants' Motion for a Protective Order to protect the third party, and well as Mr. Vertucci and his family, from discovery into the claims raised in this fake page.  Defendants submit that the information in this document is not relevant to the issues of this action and inappropriate for discovery and discussion in this case.   Moreover, due to the highly graphic, inappropriate and patently false nature of the statements contained in this print-out of a false Facebook account, Defendants request to submit this document under seal.   Additionally, because Defendants' business is closely tied to Defendants' public image and reputation, and because Defendants are business competitors with Plaintiffs, if derogatory information as to the personal life of Defendant Vertucci, such as Exhibit 2, were to be made part of the public record and available to Plaintiffs to maliciously use, Defendants' business could suffer significantly from a tarnished public reputation and potential reduced patronage.

3.    Exhibit 13:   A redacted copy of a written settlement offer sent by Plaintiffs' counsel of record in which he includes the same threat to focus on claims concerning Defendant Nick Vertucci's relationships and personal information, as well as revealing and conducting discovery regarding intimate matters concerning third parties, should the settlement offer proffered not be accepted.  Defendants have redacted the content of the settlement offer itself, and left as readable only the text of the threat.  But because of its graphic nature and the fact that individuals who are not parties to this action are mentioned by name and the Plaintiffs' counsel explicitly threatens to spread on the public record allegations concerning a third party, Defendants submit this document under seal in support of their motion for a Protective Order to demonstrate Plaintiffs' clear intent to delve into allegations of a highly sensitive and outrageous personal nature not relevant to this action.  In other words, this threat is part of an attempt to coerce a settlement, but not part of the

settlement offer itself, and thus this discreet portion of the email stating the consequences of refusing to settle should be considered by the Court, for this phrase makes clear that the penalty for refusing the settlement offer will be to dredge through these claims concerning personal and unrelated matters.   The threats by Plaintiffs also make clear in this and in other communications that the cost of refusing will be that Vertucci, and others not a party to this action, will have to suffer through the harm caused by this irrelevant discovery.

Moreover, due to the highly graphic, inappropriate and patently false nature of the threats contained in the settlement offer, Defendants request to submit this document under seal.  Additionally, because Defendants' business is closely tied to Defendants' public image and reputation, and because Defendants and Plaintiffs are business competitors, if derogatory information as to the personal life of Defendant Vertucci, such as the certain references contained in Exhibit 13, were to be made part of the public record and available to Plaintiffs to maliciously use, Defendants' business could suffer significantly from a tarnished public reputation and potential reduced patronage.

4.   Exhibit 14:  Plaintiffs' Supplemental amended interrogatory responses served on May 25, 2015, specifically in response to Interrogatory No. 25, at pages 39-41 of the Response.  Plaintiffs have indicated their intent to delve into the claims about Defendant Nick Vertucci's personal life, claiming it to be part of their "defense" to Defendants' claim for tortious interference with his business relationship with Gio Fernandez.  Defendants submit this document under seal in support of their motion for a Protective Order, and request that it be accepted under seal because third parties are mentioned by name and because Plaintiffs have no legitimate purpose to inquire into such matters, for whether they are true or not has no relevance to any issue in this action.  Furthermore, due to the highly graphic, inappropriate and patently false nature of the discovery responses, Defendants request to submit this document under seal.  Additionally, because Defendants'

business is closely  tied to Defendants' public image and reputation, and because Defendants and Plaintiffs are business competitors, if derogatory information as to the personal life of Defendant Vertucci, such as those specific responses referenced in Exhibit 14, were to be made part of the public record and available to Plaintiffs to maliciously use, Defendants' business could suffer significantly from a tarnished public reputation and potential reduced patronage.

5.     Exhibit 16:  Plaintiffs propounded Request for Admissions where the first three requests require Defendant Nick Vertucci to respond to allegations involving non-relevant personal conduct pertaining to claims of relationships with certain individuals who are not are a party to this litigation.  Those individuals are referenced by name.  *When* these requests were served is critical; Plaintiffs served this discovery immediately after Defendants declined to accept a settlement Plaintiffs proposed and is clearly the 'shot across the bow' evidencing Plaintiffs' litigation  tactic of inquiring into these irrelevant matter.  Defendants submit this document under seal in support of their motion for a Protective Order to demonstrate Plaintiffs' clear intention, and ask that the document be accepted under seal because the non-party individuals are referenced by name.  Moreover, such matters are intended to harass and annoy Mr. Vertucci by delving into such allegations and by making the costs of refusing the proffered settlement will include Mr. Vertucci and non-party individual being subjected to inquiries into these matters.  Furthermore, due to the highly graphic and inappropriate nature of the referenced discovery requests, Defendants request to submit this document under seal.  Additionally, because Defendants' business is closely tied to Defendants' public image and reputation, and Defendants and Plaintiffs are business competitors, if derogatory information as to the personal life of Defendant Vertucci, such as those specific requests referenced in Exhibit 16, were to be made part of the public record and available to Plaintiffs to maliciously use, Defendants' business would suffer significantly from a tarnished public reputation and potential reduced patronage.

Defendants submit that discovery that involves delving into such claims, which will entail referencing the specific allegations under the guise of pursuing the general question and topics areas, should be prohibited because the sole purpose for which such inquiries are being made is to intimidate, harass, annoy, and embarrass Defendants in violation of Fed. R. Civ. P. 26(c)(1)(A).

Defendants submit that because compelling interests of avoiding harassment and potential embarrassment to individuals that are not a party to this litigation, as well as to blunt an unfair attempt to gain undue advantage not related to the merits of this action by making the harms of annoyance, embarrassment and vexation a necessary consequence of going forward, good cause exists for the Court to accept the documents referenced herein under seal pursuant to Rule 79-5.

Moreover, the documents requested to be filed under seal are needed to demonstrate Plaintiffs' improper intention to pursue discovery into claims of personal matters, irrelevant here, to embarrass, vex and annoy Mr. Vertucci and third parties, and for this additional reason these document should be received under seal and considered by the Court, but not spread upon the record.  Indeed, requiring Defendants to self-publish the subject documents in support of their motion for a protective order would defeat the purpose of such motion in the first place, and would provide Plaintiffs yet another avenue to maliciously circulate such irrelevant, highly personal, and derogatory information in violation of Defendants' right to privacy.

///

///

///

///

///

1      In the event that the Court denies this application, Defendants ask that the

2  Court order, under the provisions of Local Rule 79-5.1 that the documents shall

3  remain sealed, and that they be returned to Defendants and not be made part of the

4  record of this action.

5                      Respectfully submitted,

6  DATED: July 2, 2015        AKERMAN LLP
                         SPACH, CAPALDI & WAGGAMAN, LLP

7

8

9                    BY:____/s/ ANDREW TSU_____
                         Karen Palladino Ciccone

10                   Clint A. Corrie
                     Madison S. Spach, Jr.

11                   Andrew Tsu
                Attorneys for Defendants and Counter-Claimants

12            The Nick Vertucci Companies, Inc. and Nick
            Vertucci

13  //

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the City of Newport Beach, California.  I am over the age of 18 and not a party to the within action.  My business address is 4675 MacArthur Court, Suite 550, Newport Beach California 92660.

On **July 2, 2015**, I served the following document(s):

**DEFENDANTS THE NICK VERTUCCI COMPANIES, INC. AND NICK VERTUCCI'S APPLICATION TO FILE UNDER SEAL EXHIBITS 1-4, INCLUSIVE, 13, 14, AND 16 FOR THE JOINT STIPULATION; [PROPOSED] ORDER**

on the persons below as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq. Education Management Services, LLC 2935 Thousand Oaks Dr., #6-285 San Antonio, TX  78247 | Telephone:  210-501-0077 Facsimile:  210-568-4493 andrew.j.moon@gmail.com andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq. Kimberly D. Howatt, Esq. Gordon & Rees LLP 633 W. 5th Street, 52nd Floor Los Angeles, CA  90017 | Telephone:  213.576.5000 Facsimile:  213.680.4470 jcawdrey@gordonrees.com khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☐     (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Dallas, Texas.

1
2
3
4

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

5
6
7

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

8
9
10

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

11
12
13

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14
15
16
17
18

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

19

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20
21
22

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 2, 2015**, at Newport Beach, California.

23
24
25
26
27
28

| Janna Choi | /s/ Janna Choi |
|---|---|
| (Type or print name) | (Signature) |