JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
BRITTANY L. MCCARTHY (SBN: 285947)
**GORDON & REES LLP**
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Pro Hac Vice*)
**EDUCATION MANAGEMENT SERVICES, LLC**
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
andym@teamarmando.com

Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING INTERNATIONAL, LLC and Counterdefendant ARMANDO MONTELONGO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Defendants. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Counterclaimants <br><br> v. <br><br> REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO <br><br> Counterdefendants. | CASE NO. 8:14-cv-00546-AG-DFM <br><br> **PLAINTIFF AND COUNTERDEFENDANTS' OPPOSITION TO APPLICATION TO FILE DOCUMENTS 1-4, INCLUSIVE, 13, 14 AND 16 UNDER SEAL** <br><br> Dept.: Courtroom 10D <br> Judge: Hon. Andrew J. Guilford |

Plaintiff and Counterdefendant Real Estate Training International, LLC ("RETI") and specially appearing Cross-Defendant Armando Montelongo, Jr. ("Montelongo") (collectively referred to herein as "Counterdefendants") hereby submit their Opposition to defendants and counter-claimants THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI ("Defendants") Application to File Documents 1-4, inclusive, 13, 14 and 16 Under Seal.

## I.

## **SUMMARY OF OPPOSITION**

Defendants' application is properly denied.[1]  Defendants seek to seal documents that are not entitled to protection, i.e., public records or previously filed court documents.  Moreover, Defendants cannot meet the high standard required to seal documents. Accordingly, Defendant's Application is properly denied, and these documents are properly unsealed and made publically available.

## II.

## **DEFENDANTS' CANNOT ESTABLISH A COMPELLING REASON OR GOOD CAUSE TO SEAL DOCUMENTS**

Defendants' application is not supported by law.  Public access to the courts and the records therein has consistently been a high priority upheld by all courts in this nation.  *Nixon v. Warner Comm., Inc.,* 435 U.S. 589, 597 (1978); *Kamakana v. City & County of Honolulu,* 447 F.3d 1172-1178-79 (9th Cir. 2006) ("*Kamakana"*).  Accordingly, there is a strong presumption in favor of access to all records.  *Kamakana,* 447 F.3d at 1178.  Thus, before any document is sealed, compelling reasons and good cause must be demonstrated by the party seeking to seal documents.  FRCP, Rule 26; *Kamakana,* 447 F.3d at 1178.

///

---

[1] The Magistrate sealed these documents before Counterdefendants had an opportunity to oppose the application.  Accordingly, in response to this Application, Coutnerdefendants formally oppose the sealing of these documents, and if necessary, will bring a formally noticed motion at a later date.

A compelling reason requires a party articulate specific factual findings that support the compelling reason to seal documents. *Id.*[2] Similarly, good cause requires the party to make a "particularized showing" of specific factual findings. *Id.* at 1180. Good cause is determined by balancing the needs of discovery against the need for confidentiality. *Dawe v. Corr. USA*, 2008 U.S. Dist. LEXIS 51122, *48-50 (E.D. Cal. Apr. 23, 2008).

Again, in this application the only "specific reason" articulated by Defendants to seal any records is the potential for embarrassment. The potential for embarrassment alone does not constitute either a compelling reason or good cause. *Id.* Under Ninth Circuit precedent, the fact that embarrassment may occur is not a sufficient reason to seal records:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598; *accord Valley Broadcasting Co*. [*v. U.S. Dist. Court*], 798 F.2d [1289] at 1294 [(9th Cir. 1986)]. **The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records**. *Foltz* [*v. State Farm Mutual Insurance Co*.], 331 F.3d [1122] at 1136 [(9th Cir. 2003)].

*Kamakana*, 447 F.3d at 1179.

Nor does embarrassment constitute good cause. "As one circuit court has noted, 'because release of information not intended by the [speaker] to be for

---

[2] Defendants misstate the standard of *Kamakana*, the standard to *unseal* documents related to a non-dispositive discovery motion fall under an exception to the presumption of access. *Id.* at 1179 (addressing *already sealed* discovery records). The standard to seal documents is clearly set forth as requiring a "compelling reason." *Id.* at 1178.

1 public consumption will almost always have some tendency to embarrass, an
2 applicant for a protective order whose chief concern is embarrassment must
3 demonstrate that the embarrassment will be particularly serious.'" *Renteria v.*
4 *Collectcorp*, 2005 U.S. Dist. LEXIS 41769, *6 (N.D. Cal. Oct. 26, 2005) (quoting
5 *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Broad
6 allegations of harm, unsubstantiated by specific examples or articulated reasoning,
7 do not satisfy the Rule 26(c) test. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108,
8 1121 (3d Cir. 1986).

9       Particularly where the issues that may give rise to embarrassment have been
10 put at issue by the party seeking to seal documents – here, Vertucci/NVC – and are
11 already part of the public record, the argument that either compelling reasons or
12 good cause exists is exceptionally weak. *See*, *Dawe v. Corr. USA*, 2008 U.S. Dist.
13 LEXIS 51122, *50 (E.D. Cal. Apr. 23, 2008) ("Many of the allegations contained
14 in the [] deposition have already been rehashed (by both sides) in the public papers
15 filed in connection with the pending motions.")

16       In *Dawe v. Corr. USA*, the defendants sought a protective order regarding
17 the discovery of certain documents and to seal the deposition transcript of a non-
18 party witness that contained embarrassing information. *Id.* at *10-11. There, the
19 court held that the documents were discoverable to the plaintiff, not only because
20 the defendants put the matter at issue, but also because the matters were relevant to
21 proving the truth or falsity of the claims and defenses of both parties. *Id.* at *15-
22 17. ("…based on a reading of its complaint, [defendant] has placed in issue its
23 financial records … [plaintiff] is entitled to access those records in order to defend
24 against the many claims asserted against him").

25       Here, as in *Dawe,* the issues that are the subject of the documents
26 Defendants seek to seal are the result of what has been put at issue by the
27 Defendants in their Counterclaims, discovery responses, and affirmative defenses
28 to the Complaint. And, as in *Dawes,* Defendant has failed to articulate a

compelling reason, good cause, or that any embarrassment would be "particularly serious" such that sealing the records is necessary. This is especially true when weighed against the right of RETI to conduct discovery and use these documents to support and defend the claims at issue with use and reference to these exhibits, which are already in the public domain. That Defendant Mr. Vertucci has taken actions that may cause him embarrassment and that there are documents related to that, is not the fault of RETI. If he wished to prevent embarrassment, he either should not have taken the action(s) or should have not asserted theories in his counterclaim that put the matters directly at issue. As noted herein, the matters are relevant to proving the falsity of Defendants' claims and Plaintiff's defenses.

Defendants also allude to business reputation and competitive leverage as a factor that weighs in favor of sealing the documents at issue. Defendants note that reputation is an important factor for both the Plaintiff's and the Defendants' businesses. However, Defendants fail to consider that these documents are already in the public domain. Public availability to them in this action will have no effect on Defendants,' and to the contrary, would prejudice Counterdefendants by denying the use of public documents in the defense of its case and to prove its allegations of the true reasons for the termination of the business arrangement.

Notably, Defendants cite to nearly no Ninth Circuit precedent. Defendants rely on *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32 (1984) for the proposition that potentially embarrassing personal information is subject to being sealed. However, *Seattle Times* is apposite to the case here. *Seattle Times* addressed discovery of financial information and prior restraint and free speech concerns related to the use of information obtained in discovery by the newspaper. *Id.* Even so, the Court upheld the newspaper's right to discovery of the information. *Id.* at 37. Further, unlike *Seattle Times,* this case addresses information that is, and was, known to the parties prior to the termination of the business arrangement, not learned in discovery. Moreover, the termination of the business arrangement and

reasons related thereto, lie at the very heart of the instant litigation, unlike the financial information at issue in *Seattle Times*. Equally unhelpful to Defendants' position is *Romero v. Drummond,* 480 F.3d 1234, 1248 (11th Cir. 2007) where the court unsealed records on the grounds of the importance of public access to the courts.

### III.
### DEFENDANTS' APPLICATION IS SUBSTANTIVELY IMPROPER

The documents the Defendants seek to file under seal do not qualify for protection, they consist largely of documents that are publically available or in the public domain. Defendants seek protection for unproduced, publically available documents- as is described in Defendants own papers. Doc. 151, pgs. 7-11. Defendants' application is properly denied.

Addressing the documents that Defendants' seek to file under seal:

Exhibit 1: Garden Grove Police Report.

Police reports are public records of which a court can take judicial notice. *Palmer v. Savona*, 2013 U.S. Dist. LEXIS 119570, *14 (D. Ariz. Aug. 21, 2013) ("The Court takes judicial notice of this police report as a public record."). As this document is already a public record, no harm can come to the Defendants vis-à-vis entry of this public record to these public proceedings. Further, the issue of the Police Report has been discussed at length amongst the parties previously; Defendants are recycling and spinning unsuccessful arguments for an improper purpose on an issue upon which the parties have already addressed. Accordingly, Exhibit 1is not appropriately the subject of an application to file under seal.

Exhibits 2, 3, and 4: Facebook Posts

Not only are these Facebook posts already in the public domain, but they are also protected speech under the First Amendment as decided by the Bexar County Judge previously addressing these same posts. These Facebook posts have already been the subject of litigation in Bexar County, Texas, where Defendants

unsuccessfully sought a TRO regarding these Facebook posts. (See, Defendants' Notice of Emergency Motion, Dkt. 109, p. 9, fn. 6.) After the Bexar County Judge decide the posts were protected, Defendants dismissed the case. Accordingly, the issue of the Facebook posts have been previously vetted, raised, resolved and decided. These documents should not be subject to seal.

### Exhibit 13: Redacted Written Settlement Offer

Contrary to Defendants' assertion, this document is not a threat, but clearly and specifically outlines the issues brought into contention by Defendants' counterclaim regarding the circumstances of the termination of the business agreement between the two parties. In other words, it accurately and succinctly describes the relevance of the discovery sought. Witness credibility is a matter that is left to the jury, but is properly explored in discovery in order to prepare for cross examination of witnesses. This requires the depositions of people with knowledge of the witness so both facts and credibility may be evaluated in preparation for trial. *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (Rule 26 "permits the discovery of information which may simply relate to the credibility of a witnesses or other evidence in the case"); *see also, Grobee v. Corr. Corp. of Am.*, 2014 U.S. Dist. LEXIS 6479, *6 (S.D. Cal. Jan. 17, 2014) (allowing discovery on matters that may be relevant to witness credibility).

### Exhibit 14: Interrogatory Responses

These interrogatory responses go directly to the issues raised by Defendants in the counterclaim regarding the claim for tortious interference. Defendant has raised this issue by way of assertion of the counterclaim, and asking the question presented in the interrogatory, and then demanding a further supplemental response. Defendants now must accept that Counterdefendants have answered the request, and have the right to explore this area in discovery as it is reasonably calculated to lead to admissible evidence regarding the Defendants' claim for tortious interference. FRCP Rule 26(b)(1) ("…Parties may obtain discovery

regarding any non-privileged matter that is relevant to any party's claim or defense…")

Exhibit 16: Requests for Admission

Defendants have put at issue the circumstances of the termination of the business relationship between the two parties. Counterdefendants have made it consistently clear, in their answer to the counterclaim and throughout the discovery process, that Mr. Vertucci's inappropriate relationships were a reason that Counterdefendants terminated the business relationship. Discovery seeking factual support for the defenses and allegations that are at issue in this case are proper. FRCP Rule 26(b)(1) ("…Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…") Sealing these documents is both unnecessary and inappropriate.

## IV.

## CONCLUSION

Based on the foregoing, Counterdefendants respectfully request that this Court deny Defendants' Application to File Documents 1-4, inclusive, 13, 14 and 16 Under Seal.

Dated: July 2, 2015

GORDON & REES LLP

*/S/ BRITTANY L. MCCARTHY*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Brittany L. McCarthy
Attorneys for Plaintiff REAL ESTATE TRAINING INTERNATIONAL, LLC and Specially Appearing for ARMANDO MONTELONGO