**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339

**SPACH, CAPALDI & WAGGAMAN, LLP**
MADISON S. SPACH, JR., SBN 94405
Email: madison.spach@gmail.com
ANDREW D. TSU, SBN 246265
Email: andrewtsu@gmail.com
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

*Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci Companies, Inc. and Nick Vertucci*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>             Defendants. | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford Courtroom 10D<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br><u>Documents filed herewith</u>:<br>1.  [Proposed] Order<br>2.  Joint Stipulation |

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Hearing Date</u>:
Date:   TBD
Time:   TBD
Crtrm.: TBD

SAC Filed:        June 17, 2014
FAC Filed:        March 7, 2014
Complaint Filed:  January 16, 2014

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 19, 2015, at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom 10D of the United States District Court, Central District of California-Southern Division, Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, Defendants The Nick Vertucci Companies, Inc. ("NVC") and Nick Vertucci ("Vertucci") (collectively "Defendants"), will move the Court for an order compelling production of all documents requested by The Nick Vertucci Companies, Inc. and Nick Vertucci's First Request For Production to Plaintiff/Counter-Defendant Real Estate Training International, LLC and Counter-Defendant Armando Montelongo, served on March 6, 2015 (the "Request for Production"), or, alternatively, prohibiting Plaintiff/Counter-Defendant Real Estate Training International, LLC ("RETI") and Counter-Defendant Armando Montelongo ("Montelongo") (collectively "Counter-Defendants") from introducing into evidence any documents not produced.  Defendants will also seek its expenses, including attorneys' fees, incurred in pursuing this motion.

This motion is based upon this notice, the attached joint stipulation, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Dated: July 29, 2015

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Clint A. Corrie*

Karen Palladino Ciccone, Esq.
Clint A. Corrie, Esq.
(*Admitted Pro Hac Vice*)
Madison S. Spach, Jr.
Attorneys for Defendants

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION AND BACKGROUND ........................................................... 1

II.   FACTS ........................................................................................................ 1

III.  ARGUMENT AND AUTHORITIES ................................................................ 2

IV.   ARGUMENT ................................................................................................ 3

      A.    The Discovery Sought by Defendants' Request for Production Is Relevant and Non-Privileged and Should Be Compelled. ........................................... 3

      B.    Counter-Defendants Are Entitled to Reasonable Expenses, Including Attorneys' Fees, in Pursuing this Motion. .................................................. 3

V.    CONCLUSION ............................................................................................ 4

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**CASES**                                                                                              **PAGE(S)**

*U.S. ex rel. O'Connell v. Chapman Univ.*,
    245 F.R.D. 646 (C.D. Cal. 2007)..................................................................... 4

**RULES**

Fed. R. Civ. P. 26(b) .................................................................................. passim

Fed. R. Civ. P. 26(b)(1) ..................................................................................... 4

Fed. R. Civ. P. 33 ............................................................................................... 1

Fed. R. Civ. P. 34 ............................................................................................... 1

Fed. R. Civ. P. 37 ............................................................................................... 1

Fed. R. Civ. P. 37(a)(3)(B) ................................................................................ 5

Fed. R. Civ. P. 37(a)(5).................................................................................. 5, 49

Cal. C. Dist. Local Rule 37-1 ........................................................................... 2

Cal. C. Dist. Local Rule 37-2.4 ........................................................................ 2

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND BACKGROUND

Pursuant to Federal Rule of Civil Procedure 37, Defendants move to compel discovery that is extremely overdue from Counter-Defendants.  Counter-Defendants failed to produce a single document responsive to Defendants' Requests for Production until early June, and instead provided only rote boilerplate objections as a placeholder. Since the small production of documents in early June, Counter-Defendants have made small supplements to their production, all while promising a more complete production. The most recent promised deadline for this final production, June 21, 2015, came and went without a production and  without an explanation.  In order to effectively conduct depositions, the deadline for which has already been extended to accommodate this delayed production of documents, the Defendants/Counter-Plaintiffs need the Plaintiff/Counter-Defendants' documents.  Because the Defendants/Counter-Plaintiffs once again find themselves preparing to take and defend depositions without Counter-Defendants documents that were requested months ago, Defendants/Counter-Plaintiffs seek an order prohibiting Counter-Defendants from introducing into evidence any documents not already produced, and awarding expenses, including attorneys' fees, incurred by Defendants in pursuing this Motion or, in the alternative, an order compelling production of all documents sought in their Request for Production, as well as striking Counter-Defendants' objections to the Request for Production, and awarding expenses, including attorneys' fees, incurred by Defendants in pursuing this Motion.

## II.    FACTS

A more complete recitation of the relevant facts in this matter are set forth in the Joint Stipulation re: Defendants' Motion to Compel ("Joint Stipulation"), which was filed contemporaneously herewith, but Defendants/Counter-Plaintiffs will briefly set forth the most relevant facts herein.  On **March 6, 2015**, Defendants served Counter-Defendants with The Nick Vertucci Companies, Inc. and Nick Vertucci's First Request For Production to Plaintiff/Counter-Defendant Real Estate Training International, LLC

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and Counter-Defendant Armando Montelongo, (the "Request for Production") as well as The Nick Vertucci Companies, Inc.'s First Set of Interrogatories to Plaintiff/Counter-Defendant Real Estate Training International, LLC and Counter-Defendant Armando Montelongo (the "Interrogatories").  Pursuant to Federal Rules of Civil Procedure 33 and 34, **responses were due from Counter-Defendants on April 6, 2015, a deadline that was extended to April 17, 2015** by Defendants/Counter-Plaintiffs**.**

On April 17, 2015, Counter-Defendants served their responses to the Interrogatories, which included no substantive responses but only rote, boilerplate objections to every single Interrogatory and their responses to the Request for Production, which also contained nothing but rote, boilerplate objections to each and every request.  No documents were produced at that time, and, in fact, no documents were produced at any point before June 4, 2015.

On April 30, 2014 the parties agreed to the terms of a protective order, but still no production was forthcoming.  As a result of the continued delays in production, Defendants/Counter-Plaintiffs sent a letter to counsel for Counter-Defendants on May 22, 2015, in accordance with Local Rule 37-1, identifying each issue or discovery request in dispute, stating Defendants' position on each issue or request, specifying the terms of any discovery order to be sought, and requesting a conference to resolve those issues.  Conferrals related thereto ensued, as did promised dates of production, but with no document production until June 4, 2015.  After the partial June 4, 2015 production, Counter-Defendants made another partial production, and promised the remainder of its production by July 21, 2015.  To date, no final production has been made.

## III.   ARGUMENT AND AUTHORITIES

A party may seek discovery as to "any nonprivileged matter that is relevant to any party's claim or defense," even if that information would not necessarily be admissible at trial. Fed. R. Civ. P. 26(b)(1).  "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying,

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

explaining, and supporting its objections." *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 104 (D.N.J. 1990)).  General, conclusory, and boilerplate objections are not proper objections.  *Id.* at 649.

When a party fails to provide requested discovery, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection." Fed. R. Civ. P. 37(a)(3)(B).  Furthermore, if a motion to compel is granted, the court must order the responding party to pay the movant's reasonable expenses, including attorneys' fees, incurred in making the motion.  Fed. R. Civ. P. 37(a)(5).

## IV.   ARGUMENT

### A.   The Discovery Sought by Defendants' Request for Production Is Relevant and Non-Privileged and Should Be Compelled.

As noted more thoroughly in the Joint Sitpulation, Counter-Defendants' objections to the Request for Production are invalid for a variety of reasons.  They are comprised of boilerplate objections, with no substantiating rationale.  Furthermore, while Counter-Defendants have finally produced some documents, they have not come close to a fully-responsive production.  The documents they have produced are not fully responsive to any document request, and they are only partially responsive to Request numbers 5–7, 18, 38, 44, 45, and possibly 47.  Defendants are entitled to a full production of responsive documents to every request, or a statement by Counter-Defendants that no such documents exist.

### B.   Counter-Defendants Are Entitled to Reasonable Expenses, Including Attorneys' Fees, in Pursuing this Motion.

As noted in Exhibit F, counsel for Defendants have billed reasonable and necessary expenses and fees in excess of $5,000.00 in relation Counter-Defendants failure to comply with their discovery-related obligations.  Should Defendants prevail

on this motion, Rule 37(a)(5) entitles Counter-Defendants and/or their counsel to recover those expenses and fees.

## V.   CONCLUSION

For the foregoing reasons, Defendants/Counter-Plaintiffs respectfully request the Court grant this Motion to Compel, prohibit Counter-Defendants from introducing any documents into evidence that have not been produced, and award Defendants their reasonable and necessary expenses, including attorneys' fees, incurred in prosecuting this motion, or, alternatively, order that Counter-Defendants produce all documents requested by Defendants' Request for Production, and award Defendants their reasonable and necessary expenses, including attorneys' fees, incurred in prosecuting this motion.

Dated: July 29, 2015                      Respectfully submitted,

                                          **AKERMAN LLP**


                                          By:  */s/ Clint A. Corrie*
                                              Karen P. Ciccone, Esq.
                                              Clint A. Corrie, Esq.
                                              *Admitted Pro Hac Vice*
                                              Madison S. Spach, Jr.
                                              Attorneys for Defendants

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE

I am employed in the City of Dallas and County of Dallas, Texas.  I am over the age of 18 and not a party to the within action.  My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

On **July 29, 2015**, I served the following document(s):

**DEFENDANTS' NOTICE OF MOTION AND
MOTION TO COMPEL PRODUCTION; MEMORANDUM
OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

on the persons below as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq. Education Management Services, LLC 2935 Thousand Oaks Dr., #6-285 San Antonio, TX  78247 | Telephone:  210-501-0077 Facsimile:  210-568-4493 andrew.j.moon@gmail.com andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq. Kimberly D. Howatt, Esq. Gordon & Rees LLP 633 W. 5th Street, 52nd Floor Los Angeles, CA  90017 | Telephone:  213.576.5000 Facsimile:  213.680.4470 jcawdrey@gordonrees.com khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Dallas, Texas.

☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 29, 2015**, at Dallas, Texas.

_____          _____
        Clint A. Corrie                        */s/ Clint A. Corrie*
     (Type or print name)                         (Signature)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342