KAREN PALLADINO CICCONE (CA SBN 143432)
**AKERMAN LLP**
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
karen.ciccone@akerman.com

CLINT CORRIE *(Admitted Pro Hac Vice)*
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
clint.corrie@akerman.com

**SPACH, CAPALDI & WAGGAMAN, LLP**
MADISON S. SPACH, JR., SBN 94405
(Email: madison.spach@gmail.com)
ANDREW D. TSU, SBN 246265
(Email: andrewtsu@gmail.com)
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

Attorneys for Defendants and Counter-Plaintiffs THE NICK VERTUCCI COMPANIES and NICK VERTUCCI

*(Additional Counsel and Parties Listed on Following Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, | Case No. SACV14-00546 AG (DFMx) |
| *Plaintiff*, | Assigned to Hon. Andrew J. Guilford Courtroom 10D |
| v. | |
| THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, | **JOINT STIPULATION RE: DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION** |
| *Defendants*. | SAC Filed: June 17, 2014 FAC Filed: March 7, 2014 Complaint Filed: January 16, 2014 Discovery Cutoff: June 29, 2015 Pretrial conference: September 14, 2015 Trial Date: September 29, 2015 |

THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,

   *Counter-Plaintiffs*,

   v.

REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO

   *Counter-Defendants*.

JEFFREY D. CAWDREY (SBN:  120488)
KIMBERLY D. HOWATT  (SBN:  196921)
BRITTANY L. McCARTHY (SBN: 285947)
**GORDON & REES LLP**
633 W. Fifth Street, 52nd Floor
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Pro Hac Vice*)
**EDUCATION MANAGEMENT SERVICES, LLC**
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone:  (210) 501-0077
Facsimile:  (210) 568-4493
andym@teamarmando.com

Attorneys for Plaintiff and
Counterdefendant REAL ESTATE TRAINING
INTERNATIONAL, LLC and Crossdefendant
ARMANDO MONTELONGO

# <u>TABLE OF CONTENTS</u>

<u>PAGE(S)</u>

INTRODUCTORY STATEMENTS.................................................................. 1

I.      DEFENDANTS' INTRODUCTION AND BACKGROUND............................ 1

II.     DEFENDANTS' STATEMENT OF FACTS.............................................. 4

III.    DEFENDANTS' POINTS AND AUTHORITIES....................................... 6

        A.      The Discovery Sought by Defendants' Request for Production Is
                Relevant and Non-Privileged and Should Be Compelled........................... 6

        B.      Defendants Are Entitled to Reasonable Expenses, Including Attorneys'
                Fees, in Pursuing this Motion. .................................................... 7

V.      DEFENDANTS' CONCLUSION ........................................................ 48

        B.      RETI's Legal Objections are Properly Stated and Sustained .................. 52

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*U.S. ex rel. O'Connell v. Chapman Univ.*,
   245 F.R.D. 646 (C.D. Cal. 2007)................................................................ 4

**RULES**

Fed. R. Civ. P. 26(b) ...................................................................... passim

Fed. R. Civ. P. 26(b)(1) ....................................................................... 4

Fed. R. Civ. P. 33 .............................................................................. 1

Fed. R. Civ. P. 34 .............................................................................. 1

Fed. R. Civ. P. 37 .............................................................................. 1

Fed. R. Civ. P. 37(a)(3)(B) .................................................................. 5

Fed. R. Civ. P. 37(a)(5).................................................................... 5, 49

Cal. C. Dist. Local Rule 37-1 ............................................................... 2

Cal. C. Dist. Local Rule 37-2.4 ............................................................ 2

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

## PLAINTIFF'S TABLE OF CONTENTS

INTRODUCTORY STATEMENTS ................................................................. 1

II.    RETI'S INTRODUCTORY STATEMENT ........................................... 2

DEFENDANTS' CONTENTIONS OF POINTS AND AUTHORITIES ..................... 4

RETI'S CONTENTIONS OF POINTS AND AUTHORITIES ................................. 48

I.    RETI'S STATEMENT OF FACTS .................................................. 48

    A.    An Accurate Statement of the Relevant Procedural Background ............ 48

    B.    RETI's Legal Objections are Properly Stated and Sustained .................. 52

II.    AUTHORTY SUPPORTING OPPOSITION TO MOTION ........................... 54

    A.    Authority Governing Rule 34 Demands and Objections Thereto ............. 54

    B.    Authorities Governing Sanctions Requests ............................................ 55

III.    RETI'S RESPONSES TO SUBJECT REQUESTS FOR PRODUCTION ....... 57

IV.    DEFENDANTS' REQUEST FOR SANCTIONS IS UNSUPPORTED BY LAW OR FACT ................................................................................. 106

V.    RETI'S CONCLUSION ................................................................. 107

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

# PLAINTIFF'S TABLE OF AUTHORITIES

<u>C</u>ASES

*Alexander v. FBI,*
   194 F.R.D. 305 (D.D.C. 200)................................................................ 55, 96, 97, 106

*Dauska v. Green Bay Packaging Inc.,*
   291 F.R.D. 251 (E.D. Wisc. 2013) ..........................................................55

*Hooser v. Superior Court,*
   (2000) 84 Cal.App.4th 997 ..................................................................65

*Krause v. Nev. Mut. Ins. Co.,*
   2014 U.S. Dist. LEXIS 14872 (D. Nev. Feb. 6, 2014)...............................55

*Lefay v. Lefay,*
   2014 U.S. Dist. LEXIS 162143 (E.D. Cal. Nov. 18, 2014)........................56

*Valley Eng'rs v. Electric Eng'g Co.,*
   158 F.3d 1051 (1998)........................................................................56

*ViaSat, Inc. v. Space Sys./Loral, Inc.,*
   2014 U.S. Dist. LEXIS 30795 (S.D. Cal. Jan. 30, 2014) ..........................57

*Wanderer v. Johnston,*
   910 F.2d 652 (9th Cir. 1990) ..............................................................56

*Wendt v. Host Int'l, Inc.,*
   125 F.3d 806 (9th Cir. 1997) ..............................................................56

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
   259 F.3d 1101 (9th Cir. 2001) .............................................................57

<u>S</u>TATUTES

Cal.Const. Art. I, Section 1 ...............................................................65

U.S. Const., 14th Amend. ..................................................................65

<u>R</u>ULES

Cal. C. Dist. Local Rule 37-1 .........................................................56, 107

Fed. R. Civ. P. 24.......................................................................... passim

Fed. R. Civ. P. 26 ................................................................................ passim

Fed. R. Civ. P. 26(b) ........................................................................... passim

Fed. R. Civ. P. 26(e) .....................................................................3, 54, 107

Fed. R. Civ. P. 30(b)(6) ............................................................................52

Fed. R. Civ. P. 34 ................................................................................ passim

Fed. R. Civ. P. 34(a) ................................................................................54

Fed. R. Civ. P. 34(b) ................................................................................54

Fed. R. Civ. P. 37(a)(5)............................................................................55

## OTHER AUTHORITIES

8A Charles Alam Wright, et al.,
    Federal Practice and Procedure Section 2210 (2d ed. 1994).......................55, 64, 102

## JOINT STIPULATION RE: DEFENDANTS'
## MOTION TO COMPEL PRODUCTION

**PLEASE TAKE NOTICE** that pursuant to Local Rules 37-1 *et seq.*, Defendants/Counter-Claimants The Nick Vertucci Companies, Inc. ("NVC") and Nick Vertucci ("Vertucci") (each a "Defendant" and together, the "Defendants") and Plaintiff/Counter-Defendant[1] Real Estate Training International, LLC ("Plaintiff") and Counter-Defendant Armando Montelongo ("Montelongo") (collectively referred to as "RETI"), together, the "Parties," hereby submit their joint stipulation with respect to Defendants' Motion to Compel Production as set forth below.

## INTRODUCTORY STATEMENTS
## I.    DEFENDANTS' INTRODUCTION AND BACKGROUND

Pursuant to Federal Rule of Civil Procedure 37, Defendants move to compel discovery that was due from RETI, after Defendants agreed to a nearly two-week extension requested by RETI, <u>nearly three months ago</u>.  RETI failed to produce a single document responsive to Defendants' Requests for Production <u>until</u> June 4, 2015, and instead provided only rote boilerplate objections.  The few documents Counter-Defendants have produced do not constitute the entire universe of responsive documents, and although a further production has been promised on numerous occasions, no date for that production has been provided.

The discovery deadline in this case was June 29, 2015, and that date came and went with RETI continuing to ignore its discovery obligations.  In order to effectively conduct depositions by the extended date set by this Court, the Defendants need RETI's documents.  RETI's refusal to produce responsive documents and otherwise participate in the discovery process has made trial preparation and deposition-based

---

[1] RETI disagrees with Defendants' use of the term "Counter-Defendant" to describe Montelongo and contends he is properly designated "Cross-Defendant," as was indicated by Defendants' in their Second Amended Counterclaims (Doc. 75, p. 1.).  His particular designation is not vital to determination of this Motion.

discovery effectively useless and impossible.   Defendants therefore seek an order compelling production of all documents sought in their Request for Production, as well as striking Counter-Defendants' objections to the Request for Production, and awarding expenses, including attorneys' fees, incurred by Defendants in pursuing this Motion— or, alternatively, prohibiting Counter-Defendants from introducing into evidence any documents not produced on or before June 29, 2015.

## II. RETI'S INTRODUCTORY STATEMENT

Defendants' motion constitutes an unnecessary expenditure of this Court's resources, is unsupported by law or fact, and is properly denied.

The motion begins with a misrepresentation of the background facts, proceeds to overlook RETI's substantial and responsive document productions, offers overreaching assertions without supporting facts or law (or, without apparent consideration of the individual document requests and responses), and ends with a request for sanctions which, is factually unsupported and, as explained below, would logically result in an order precluding *Defendants* from introducing their *own* documents.

In sum, RETI timely provided its written responses and objections to Defendants' Requests for Production of Documents, Set One.   As noted – and much like Defendants *themselves* – RETI produced documents on a rolling basis after the written responses and objections were served.   In fact, to date, RETI has made two separate productions of documents, totaling 1,668 pages and 16 digital videos; Defendants have likewise made two productions (though they *refused* to respond at all to RETI's second set of Rule 34 requests, the subject of a separate motion to compel). *Both* parties produced a portion of documents after the original June 29th discovery cut-off date; while the discovery cut-off date is not a document production cut-off date, the court recently amended the scheduling order to extend percipient deposition dates by 60-90 days beyond June 29th.

At all times, RETI has committed to producing (and is in the process of producing) even more documents, in a third production (consisting of electronic data

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

collected with the assistance of a third party vendor). That third production has been delayed by various contamination and quality control issues, to which RETI and its vendor have been diligently attending. This is true, even though the document requests at issue were served on Cross-Defendant Montelongo before he had made an appearance in this matter, or was even served with summons (such that he is not properly subject to this motion to compel).

That said, RETI has made its document productions subject to its well-founded legal objections to Defendants' overbroad, duplicative, and in some cases wholly irrelevant document demands. As is manifest from the detailed discussion of Defendants' 47 Requests and RETI's 47 Responses, below, the Rule 34 demands consist of harassing requests asking for the same items several different ways, requests for documents already in Vertucci/NVC's possession (if not his sole possession), documents that implicate the Attorney-Client privilege, and requests for documents that have already been produced.

Against this background, Defendant's motion to compel is entirely unfounded. Because RETI's objections are legally supported, there is no basis (in law or fact) to "strike" same. Because their motion was unwarranted, there is no basis for an award of sanctions to Defendants. Finally, Defendants' suggestion that RETI be precluded from using as evidence documents produced after June 29, 2015 ignores the letter and spirit of Rule 26(e), as well as the court's extension of the discovery deadlines, and conflicts with their very suggestion that the documents are needed for their own conduct of depositions. In fact, given that Defendants, *themselves*, produced documents after the original June 29th discovery cut-off date, the same rationale would preclude *Defendants* from using any such documents. Otherwise stated, the end result requested by Defendants is inane.

Altogether, Defendants' motion to compel is properly denied, as is its monetary and evidentiary sanction requests.

## DEFENDANTS' CONTENTIONS OF POINTS AND AUTHORITIES

### II.   DEFENDANTS' STATEMENT OF FACTS

On **March 6, 2015**, Defendants served Counter-Defendants with The Nick Vertucci Companies, Inc. and Nick Vertucci's First Request For Production to Plaintiff/Counter-Defendant Real Estate Training International, LLC and Counter-Defendant Armando Montelongo, (the "Request for Production") as well as The Nick Vertucci Companies, Inc.'s First Set of Interrogatories to Plaintiff/Counter-Defendant Real Estate Training International, LLC and Counter-Defendant Armando Montelongo (the "Interrogatories"), attached as **Exhibits A** and **B**, respectively.  Pursuant to Federal Rules of Civil Procedure 33 and 34, **responses were due from Counter-Defendants on April 6, 2015.**  Following a request by counsel for Counter-Defendants, Defendants agreed to extend the response date for both the Request for Production and the Interrogatories until **April 9, 2015.**

On April 9, 2015, Counter-Defendants served their responses to the Request for Production, attached as **Exhibit C**, which contained nothing but rote, boilerplate objections to each and every request.[2]   Counter-Defendants did not produce any documents in connection with those responses, nor did the responses indicate that any documents would be forthcoming.

After two (2) weeks of attempting to informally resolve the issue of document production from RETI with upcoming requested depositions and agreeing to a proposed protective order on April 30, 2015 (**Exhibit D**), RETI requested another two (2) weeks for its provisional, partial production.  RETI then stated that it intended to amend its discovery responses by May 22, 2015. (**Exhibit E**). To protect their interests, Defendants sent a letter to counsel for Counter-Defendants on May 22, 2015, in

---

[2] On that same date, RETI served responses to the Interrogatories that were similarly nothing but rote, boilerplate objections.  RETI has since served somewhat more responsive responses to the Interrogatories, and, therefore, Defendants are not pursuing a motion to compel on RETI's responses to the Interrogatories at this time.

accordance with Local Rule 37-1, identifying each issue or discovery request in dispute, stating Defendants' position on each issue or request, specifying the terms of any discovery order to be sought, and requesting a conference to resolve those issues. A copy of this letter, with the email transmitting it, is attached as **Exhibit F**. Defendants followed up and requested that Counter-Defendants provide available times to confer.  Copies of these emails are attached as **Exhibits G and H**.

On May 25, 2015, Counter-Defendants served supplemental responses to Defendants' Interrogatories, originally due April 17, 2015, but have not to date supplemented their responses to the Request for Production.  On June 4, 2015, Counter-Defendants finally produced 543 pages of documents, which were at best partially responsive to only a few of Defendants' requests.  RETI and Montelongo have subsequently produced some additional documents, but promised a complete production by July 21, 2015.  July 21, 2015 has come and passed with no final production of documents.

Though RETI has been reticent to discuss its discovery shortcomings with counsel for the Defendants, meaningful telephonic conversations concerning RETI's failure to timely produce the documents responsive to the Request for Production have occurred on numerous occassions between May 25, 2015 and the date of this Stipulation.  RETI has remained generally non-committal during those discussions, and occasionally admitted to not knowing when the production will be made.  Each interim date for production that has been put forth by RETI has come and passed without production of documents, and without a reasonable explanation for that failure.  During these conversations, counsel for Defendants has proposed resolving this dispute by RETI withdrawing its improper and extensive objections while promptly producing all responsive documents.  To date, RETI has failed to do either.[3]

---

[3] A true and correct copy of the Minute Order dated June 9, 2014 the Scheduling Order Specifying Procedures, and Minutes of Status Conference Re Ex Parte Applications dated July 8, 2015 is attached hereto as **Exhibit I**.

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

## III.   DEFENDANTS' POINTS AND AUTHORITIES

A party may seek discovery as to "any nonprivileged matter that is relevant to any party's claim or defense," even if that information would not necessarily be admissible at trial.  Fed. R. Civ. P. 26(b)(1).  "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 104 (D.N.J. 1990)).  General, conclusory, and boilerplate objections are not proper objections. *Id.* at 649.

When a party fails to provide requested discovery, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection." Fed. R. Civ. P. 37(a)(3)(B).  Furthermore, if a motion to compel is granted, the court must order the responding party to pay the movant's reasonable expenses, including attorneys' fees, incurred in making the motion.  Fed. R. Civ. P. 37(a)(5).

### A.   The Discovery Sought by Defendants' Request for Production Is Relevant and Non-Privileged and Should Be Compelled.

As noted in Defendants' May 22, 2015 letter to Counter-Defendants, Counter-Defendants' objections to the Request for Production are invalid for a variety of reasons.  To begin with, each response contains nothing but boilerplate objections, repeated over and over, with no substantiating rationale.  For example, each response objects on some variant of the basis that the request is vague, ambiguous, and overbroad, and seeks information protected by the attorney-client privilege or work product doctrine, even where those objections cannot possibly apply.  Request numbers 35 and 36, for instance, seek communications between Counter-Defendants and Mr. Vertucci—information which cannot possibly be subject to attorney-client privilege or

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

the work product doctrine, and yet Counter-Defendants assert those boilerplate objections anyway.

While Counter-Defendants have finally produced some documents, they have not come close to a fully-responsive production. The documents they have produced are not fully responsive to any document request, and they are only partially responsive to Request numbers 5–7, 18, 38, 44, 45, and possibly 47. Defendants are entitled to a full production of responsive documents to every request, or a statement by Counter-Defendants that no such documents exist.

For the above reasons, and the reasons set forth below, the Court should strike RETI's objections to the Request for Production and compel production of all requested documents, or, in the alternative, prohibit RETI from introducing any documents into evidence that were not produced before June 29, 2015.

**B.  Defendants Are Entitled to Reasonable Expenses, Including Attorneys' Fees, in Pursuing this Motion.**

As noted in Exhibit F, counsel for Defendants have billed reasonable and necessary expenses and fees in excess of $5,000.00 in relation to RETI's failure to comply with its discovery-related obligations. Should Defendants prevail on this motion, Rule 37(a)(5) entitles Defendants and/or their counsel to recover those expenses and fees.

## IV.  DISCUSSION OF CONTESTED REQUESTS

Set forth below in this section are the individual requests set forth by Defendants in the Request to Produce, the objections raised by RETI in response thereto, Defendants' argument against the raised objections and for the production of responsive documents, and RETI's response thereto.

- **Request No. 1**: All "confidential and proprietary information, including but not limited to those items identified in the Vendor Agreement as well as client lists, photographs, and testimonials (sometimes referred to [in the Complaint] as the

'RETI Property')," which RETI contends in Paragraph 56 of the Complaint and otherwise that NVC and/or Vertucci have improperly used.

- <u>RESPONSE TO REQUEST NO. 1:</u>  Objection. The request lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**       This request seeks the "Confidential Information" or "RETI Property" that RETI contends NVC and/or Vertucci have improperly used, which goes to the heart of RETI's claims.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  In fact, it largely quotes language found in the Complaint.  Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 2**:  All documents containing confidential, proprietary, and/or trade secret information given to Vertucci while he performed services for RETI (contractually or otherwise

- <u>RESPONSE TO REQUEST NO. 2:</u>   Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**       This request seeks the documents containing the alleged confidential, proprietary, and/or trade secret information provided to Vertucci while he performed services for RETI.  Whether and when Vertucci received any such documents is a material element of RETI's claims against Vertucci and/or NVC and they are entitled to know what documents RETI considers confidential, proprietary, and/or a trade secret.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  These documents are not in in Vertucci's possession.   Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 3**:  All documents that RETI deems to be trade secret-protected information of RETI to which Vertucci had exposure and/or access to while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 3:</u>   Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the

request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**     This request seeks the documents containing alleged trade-secret protected information to which Vertucci was exposed while he performed services for RETI.  What trade-secret information Vertucci received from RETI is a material element of RETI's claims against Vertucci and/or NVC and they are entitled to know what documents RETI considers confidential, proprietary, and/or a trade secret.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  These documents are not in in Vertucci's possession.   Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 4**:  All documents that RETI deems to contain confidential and/or proprietary information of RETI to which Vertucci had exposure and/or access to while he performed services for RETI (contractually or otherwise).

- RESPONSE TO REQUEST NO. 4: Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition,

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**     This request seeks the documents containing alleged confidential or proprietary information to which Vertucci was exposed while he performed services for RETI.  What confidential or proprietary information Vertucci allegedly received from RETI is a material element of RETI's claims against Vertucci and/or NVC and they are entitled to know what documents RETI considers confidential, proprietary, and/or a trade secret.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.   These documents are not in Vertucci or NVC's possession. Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 5**:  All documents pertaining to Vertucci's use of any of RETI's confidential, proprietary, and/or trade secret-protected information after RETI terminated the Agreement.

- RESPONSE TO REQUEST NO. 5:    Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**      This request seeks documents which support RETI's claim that Vertucci has used allegedly confidential, proprietary, and/or trade-secret information of RETI's <u>after</u> RETI terminated RETI and Vertucci.  The documents sought pertain to a material issue in this matter.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 6**:  All statements, affidavits, or documents from third parties, including current and former employees, independent contractors, and/or affiliates of RETI, regarding any allegation in the Complaint.

- <u>RESPONSE TO REQUEST NO. 6:</u>  Objection. The request lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**      This request seeks documents and affidavits relating to the allegations in the Complaint.  As it specifically seeks documents related to the allegations in the Complaint, the documents sought are related to the claims and defenses at issue.  This request is not vague,

ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 7**:   All documents, memoranda, and policies relating to the Agreement, and similar contracts with other individuals and businesses, and any attempts to enforce the non-solicitation, non-competition, non-disclosure or confidentiality provisions thereof.

- RESPONSE TO REQUEST NO. 7:   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**   This request seeks documents, memoranda, and policies related to the alleged agreement at issue in this matter and related to other similar agreements with RETI and its efforts to enforce same.  NVC and Vertucci have an affirmative defense premised on RETI's selective enforcement of agreements like the one at issue in this matter, which makes these documents relevant to legal issues in the case and therefore discoverable.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of

item to be produced.  These documents are not in in Vertucci's possession.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 8**:  Documents and/or lists of RETI's vendors, suppliers, and/or independent contractors with whom Vertucci was affiliated while he performed services for RETI (contractually or otherwise).

- RESPONSE TO REQUEST NO. 8:   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place

- **Defendants' Response to Objections:**    This request seeks a list of the vendors, suppliers, and/or independent contractors with whom Vertucci allegedly was affiliated while working with RETI, since RETI claims in the alleged agreement that Vertucci is prohibited from talking with any of those persons or entities after leaving.  These documents go to the enforceability of the agreement at issue.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 9**:   Documents and/or lists of RETI's customers with whom Vertucci worked while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 9</u>:   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**   This request seeks a list of the "customers" with whom Vertucci allegedly worked while working with RETI, since the agreement purports to limit his contact with "customers" of AMS and RETI.  These documents go to the enforceability of the agreement at issue.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 10**:   Documents and lists of the products and/or services which RETI sold while Vertucci performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 10</u>:   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**    This request seeks a list of the products and services RETI allegedly sold while Vertucci worked with RETI. These documents go to the enforceability of the agreement at issue and RETI's claim against Vertucci and NVC for a breach thereof.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 11**: Documents and lists of the products with which Vertucci was affiliated while he performed services for RETI (contractually or otherwise).
- <u>RESPONSE TO REQUEST NO. 11:</u>   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is

confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**      This request seeks a list of the products and services with which Vertucci allegedly was affiliated while he worked with RETI.  These documents go to the enforceability of the agreement at issue and RETI's claim against Vertucci and NVC for a breach thereof.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.   These documents are not in Vertucci or NVC's possession. Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 12**:  All documents reflecting Vertucci's participation in real estate training seminars while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 12:</u>      Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- **Defendants' Response to Objections:**    This request seeks documents showing Vertucci's participation in real estate training seminars while working with RETI.  These documents go to what information and materials of RETI Vertucci was, or was not, allegedly exposed to during his time working with RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  These documents are not in Vertucci or NVC's possession.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 13**:  All documents reflecting the training provided by RETI to Vertucci while he performed services for RETI (contractually or otherwise).

- RESPONSE TO REQUEST NO. 13: Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**    This request seeks documents reflecting the alleged training provided to Vertucci while he performed services for RETI.  These documents go to what information and materials of RETI Vertucci was, or was not, allegedly exposed to during this time working with RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does

it fail to describe with reasonable particularity each item or category of item to be produced. These documents are not in Vertucci or NVC's possession. Furthermore, none of the documents sought are protected by the attorney-client privilege. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 14**: Documents relating to the training process used by RETI for its employees and/or independent contractors used by RETI.

- <u>RESPONSE TO REQUEST NO. 14:</u> Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:** This request seeks documents reflecting the training processes allegedly used by RETI. RETI has claimed that Vertucci and/or NVC are using RETI's materials, which would include training materials, meaning that this request seeks documents related to the claims and defenses at issue. This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 15**:  Documents concerning the methods and steps taken by RETI to maintain the confidentiality of proprietary information and/or trade secrets.

- <u>RESPONSE TO REQUEST NO. 15:</u> Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**    This request seeks documents reflecting the steps taken by RETI to protect its alleged confidential, proprietary, and/or trade secrets.   Whether RETI undertook efforts to protect its alleged confidential information, proprietary information, and/or trade secrets pertains to whether those materials can properly be treated as confidential, proprietary, and/or trade secrets.   This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 16**:  Documents and lists of all persons with access to confidential, proprietary, and/or trade secret information belonging to RETI while Vertucci performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 16:</u> Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**    This request seeks a list of all persons with access to RETI's alleged confidential information, proprietary information, and/or trade secrets.  What persons had access to RETI's alleged confidential information, proprietary information, and/or trade secrets pertains to whether those materials can properly be treated as confidential, proprietary, and/or trade secrets.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 17**:  Documents reflecting any complaints from Vertucci to RETI, Montelongo, and/or EMS while he performed services for RETI (contractually or otherwise).

- RESPONSE TO REQUEST NO. 17: Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and

oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**      This request seeks complaints from Vertucci to RETI, Montelongo, and/or EMS while Vertucci performed services for RETI.  Complaints made by Vertucci are related to the claims and defenses in this action and are, therefore, discoverable.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege  These documents are not in the possession of NVC and/or Vertucci.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 18**:  Documents reflecting any and all damages suffered by RETI as a result of any alleged breach of the non-solicitation, non-competition, and non-disclosure provisions of the Agreement by Vertucci and NVC.
- RESPONSE TO REQUEST NO. 18: Objection. The request is compound and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**   This request seeks documents reflecting the alleged damages RETI contends it has suffered in this action.  This request does not fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 19**: Documents pertaining to the determination of the reasonableness of the twenty-four month restrictive period outlined in the Agreement.

- RESPONSE TO REQUEST NO. 19:   Objection. The request is vague and ambiguous, lacks proper foundation and/or specificity, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**   This request seeks documents pertaining to the basis for RETI's belief that the 24 month restrictive period in the agreement at issue in this matter is reasonable, which is at issue in this matter.  This request does not fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 20**:      Documents pertaining to the determination of the reasonableness of the restrictive geographic area outlined in the Agreement.

- <u>RESPONSE TO REQUEST NO. 20:</u> Objection. The request is vague and ambiguous, lacks proper foundation and/or specificity, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**      This request seeks documents pertaining to the basis for RETI's belief that the restrictive geographic area in the agreement at issue in this matter is reasonable, which is at issue in this matter. This request does not fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, none of the documents sought are protected by the attorney-client privilege The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 21**:      Documents pertaining to the determination of the reasonableness of the restriction on the scope of activity outlined in the Agreement.

- <u>RESPONSE TO REQUEST NO. 21:</u> Objection. The request is vague and ambiguous, lacks proper foundation and/or specificity, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary,

and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **Defendants' Response to Objections:** This request seeks documents pertaining to the basis for RETI's belief that the restriction on the scope of activity in the agreement at issue in this matter is reasonable, which is at issue in this matter. This request does not fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, none of the documents sought are protected by the attorney-client privilege The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 22**: All communications concerning Cash-Flow Properties.
- <u>RESPONSE TO REQUEST NO. 22:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.
- **Defendants' Response to Objections:** This request seeks documents pertaining to the properties that NVC and Vertucci were selling at the time that RETI terminated its agreement with NVC and Vertucci. These properties are a large element of NVC and Vertucci's counterclaim. This request is not vague,

ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 23**: All communications concerning Vertucci.
- <u>RESPONSE TO REQUEST NO. 23:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.
- **Defendants' Response to Objections:**     This     request     seeks communications concerning Vertucci.  Communications in RETI's possession, concerning Vertucci, are relevant to the claims and defenses at issue in this matter.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 24**: All communications concerning NVC.

- <u>RESPONSE TO REQUEST NO. 24:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**      This request seeks communications concerning NVC.  Communications in RETI's possession, concerning NVC, are relevant to the claims and defenses at issue in this matter.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 25**: . All communications concerning the Joint Venture marketing or selling real estate at RETI seminars and/or other events.

- <u>RESPONSE TO REQUEST NO. 25:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request

improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:** This request seeks RETI's communications concerning the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand.  This joint venture is at the core of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 26**: All communications concerning Vertucci and/or Hernandez marketing or selling real estate at RETI seminars and/or other events.
- RESPONSE TO REQUEST NO. 26: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**      This request seeks communications concerning Vertucci and/or Fernandez marketing real estate at RETI seminars. The marketing and sale of real property at RETI-sponsored seminars is at the core of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 27**: All communications concerning the sale and marketing of real estate by NVC and/or the Joint Venture at RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 27: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**      This request seeks communications concerning the joint venture between Vertucci and NVC on the one hand and

Fernandez on the other hand and its sale of real estate at RETI seminars.  This joint venture and the sale of real property by this joint venture are at the core of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 28**: All communications with Hernandez concerning Cash-Flow Properties and/or Vertucci.

- RESPONSE TO REQUEST NO. 28: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**        This request seeks communications with Giovanni Fernandez concerning the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand and its sale of real estate. This joint venture and the sale of real property by this joint venture, along with RETI and Montelongo's interference therewith, are at the core of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous,

compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  This request does not seek privileged documents, and NVC and Vertucci are not in possession of the documents sought by this request.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 29**: All documents concerning Cash-Flow Properties.

- <u>RESPONSE TO REQUEST NO. 29:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**      This request seeks RETI and Montelongo's documents concerning the properties sold by the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand. The properties sold by this joint venture are at the core of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack

of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 30**: All documents concerning the Joint Venture.
- <u>RESPONSE TO REQUEST NO. 30:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.
- **Defendants' Response to Objections:**   This request seeks RETI and Montelongo's documents concerning the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand.  This joint venture is at the core of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 31**: All documents concerning real estate marketed and/or sold by the Joint Venture.

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- <u>RESPONSE TO REQUEST NO. 31:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**    This request seeks RETI and Montelongo's documents concerning the real-estate marketed by the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand.  The real estate marketed by this joint venture is at the core of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 32**: All documents concerning proceeds to Montelongo from sales of real estate by NVC and/or the Joint Venture.

- <u>RESPONSE TO REQUEST NO. 32:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein,

and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**     This request seeks documents concerning Montelongo's receipt of proceeds from the sale of real-estate marketed by the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand.  Montelongo's receipt of proceeds from the sale of real estate by this joint venture is part of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.   The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 33**: All documents concerning proceeds to RETI, EMS, and/or any other entities owned, in whole or in part, by Montelongo, from the sale of real estate by NVC and/or the Joint Venture.
- RESPONSE TO REQUEST NO. 33: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from

disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**    This request seeks documents concerning the receipt by RETI, EMS, and/or any other entities owned, in whole or in part, by Montelongo, of proceeds from the sale of real-estate marketed by the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand.  The receipt of proceeds by RETI, EMS, and/or any other entities owned, in whole or in part, by Montelongo from the sale of real estate by this joint venture is part of NVC and Vertucci's counterclaim against RETI.  This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 34**:  All communications concerning proceeds from the sale of real estate by NVC and/or the Joint Venture.
- <u>RESPONSE TO REQUEST NO. 34:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that

is protected from disclosure by the Attorney-Client Privilege and/or Attorney
Work Product Doctrine. Also, the request seeks information that is confidential,
proprietary, and/or private, and thus protected from disclosure, particularly
without a governing protective order in place. Given the excessive overbreadth
of the request, it calls for information that exceeds the scope of Rule 26(b) and
thus is not discoverable.

- **Defendants' Response to Objections:**       This request seeks communications
  concerning proceeds from the sale of real estate by the joint venture between
  Vertucci and NVC on the one hand and Fernandez on the other hand and its sale
  of real estate at RETI seminars.  The handling of the proceeds from the sale of
  real estate by this joint venture is at the core of NVC and Vertucci's
  counterclaim against RETI.  This request is not vague, ambiguous, compound, or
  overbroad, nor does it fail to describe with reasonable particularity each item or
  category of item to be produced.  The portion of the objection related to the lack
  of protective order is no longer valid as a protective order has been agreed to by
  the parties and entered by the Court.

- **Request No. 35**: All communications with Vertucci
- <u>RESPONSE TO REQUEST NO. 35:</u> Objection. The request is vague,
  ambiguous, and grossly overbroad, lacks proper foundation, calls for
  speculation, and does not describe with reasonable particularity each item or
  category of items to be produced. It is also duplicative of other requests herein
  and, as phrased, it seeks documents that are inherently in possession of
  Propounding Party, and therefore the request is burdensome, harassing, and
  oppressive. Moreover, as phrased, the request improperly seeks information that
  is protected from disclosure by the Attorney-Client Privilege and/or Attorney
  Work Product Doctrine. Also, the request seeks information that is confidential,
  proprietary, and/or private, and thus protected from disclosure, particularly

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**      This request seeks communications concerning Vertucci.   Communications in RETI's possession, concerning Vertucci, are relevant to the claims and defenses at issue in this matter.   This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.   The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 36**: All communications with Vertucci concerning Vertucci providing services related to RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 36: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:** This request seeks communications with Vertucci concerning his provision of services related to RETI-sponsored or affiliated seminars and or other events. Vertucci's provision of such services, and how he was paid therefor, is at the core of the claims and defenses before the Court. This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 37**: All documents concerning payments to Vertucci for his provision of services related to RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 37: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:** This request seeks documents concerning payments to Vertucci for his provision of services related to RETI-

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

sponsored or affiliated seminars and or other events. Vertucci's provision of such services, and how he was paid therefor, is at the core of the claims and defenses before the Court. This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 38**: All documents showing the number of attendees at RETI-sponsored or affiliated seminars from July 1, 2010 to date.
- RESPONSE TO REQUEST NO. 38: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It also calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.
- **Defendants' Response to Objections:**    This request seeks documents showing the number of attendees at RETI-sponsored or affiliated seminars from July 1, 2010 to date.  The measurement of damages suffered by Vertucci and NVC is specifically related to the number of attendees at such seminars as they were to be paid based on the number of attendees at RETI-sponsored seminars. This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, it does not call for speculation or seek privileged information. The

portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 39**: All communications concerning Vertucci providing services for RETI-sponsored or affiliated seminars and/or other events without receipt of direct payment for his services.

- RESPONSE TO REQUEST NO. 39: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:** This request seeks communications concerning Vertucci's provision of services related to RETI-sponsored or affiliated seminars and or other events without receipt of direct compensation for his services. Vertucci's provision of such services, and how he was paid therefor, is at the core of the claims and defenses before the Court. This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, it does not call for speculation or seek privileged information. The

portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 40**: All communications with Vertucci concerning Vertucci's creation of materials for RETI-sponsored or affiliated seminars and/or other events.

- <u>RESPONSE TO REQUEST NO. 40:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**    This request seeks communications with Vertucci concerning his creation of materials for RETI-sponsored or affiliated seminars and or other events.  Vertucci's provision of such services is related to the claims and defenses before the Court.  This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.  Furthermore, it does not call for speculation or seek privileged information. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 41**: All communications with third parties concerning Vertucci's creation of materials for RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 41: Objection. The request is vague, ambiguous, and grossly overbroad, lacks foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**     This request seeks communications with third parties concerning Vertucci's creation of materials for RETI-sponsored or affiliated seminars and or other events.  Vertucci's provision of such services is related to the claims and defenses before the Court.  This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, it does not call for speculation or seek privileged information. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 42**: All documents created or provided by Vertucci for use at RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 42: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**    This request seeks documents created by Vertucci for use at RETI-sponsored or affiliated seminars and or other events.   Vertucci's provision of such services is related to the claims and defenses before the Court.  This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced.   Furthermore, it does not call for speculation or seek privileged information. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 43**: All documents concerning the Joint Venture's payment of funds to Vertucci.

- <u>RESPONSE TO REQUEST NO. 43:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:** This request seeks documents concerning the payment of funds to Vertucci by the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand. The handling of the proceeds from the sale of real estate by this joint venture is at the core of NVC and Vertucci's counterclaim against RETI. This request is not vague, ambiguous, compound, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 44**: All communications concerning Vertucci, or any of his related companies, competing with RETI and/or Montelongo.

- <u>RESPONSE TO REQUEST NO. 44:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or

category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:**       This request seeks communications concerning Vertucci, NVC, or any other related company allegedly competing with RETI and/or Montelongo.   The whole basis of RETI's claims against Vertucci and NVC is that they are allegedly improperly competing with RETI. This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, it does not call for speculation. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 45**:  All documents concerning NVC and/or Vertucci competing with RETI and/or Montelongo.
- <u>RESPONSE TO REQUEST NO. 45:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and

oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:** This request seeks documents concerning Vertucci, NVC, or any other related company allegedly competing with RETI and/or Montelongo.  The whole basis of RETI's claims against Vertucci and NVC is that they are allegedly improperly competing with RETI. This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, it does not call for speculation. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

- **Request No. 46**:  All presentation slides, PowerPoint slides, or other documents or ESI which mention Vertucci by name or likeness.
- <u>RESPONSE TO REQUEST NO. 46:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential,

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **Defendants' Response to Objections:** This request seeks presentation slides, PowerPoint slides, or other documents or ESI which mention Vertucci by name or likeness. Part of Vertucci and NVC's defense against RETI's claims is that RETI is handling Vertucci and NVC differently than others who are similarly situated because of a personal vendetta against Vertucci. This request seeks documents supportive of that defense. This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, it does not call for speculation. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.


- **Request No. 47**: Records showing the number of attendees at "cash-flow events" that occurred after July 1, 2013.
- <u>RESPONSE TO REQUEST NO. 47:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It also calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **Defendants' Response to Objections:**      This request seeks documents showing the number of attendees at "cash flow events" that occurred after July 1, 2013.  Part of Vertucci's and NVC's  claims against RETI and Montelongo are that they were not properly compensated for work performed, and were improperly terminated, thus leading to further damages.  This request seeks documents directly related to NVC and Vertucci's damages claim.  This request is not vague, ambiguous, or overbroad, nor does it fail to describe with reasonable particularity each item or category of item to be produced. Furthermore, it does not call for speculation. The portion of the objection related to the lack of protective order is no longer valid as a protective order has been agreed to by the parties and entered by the Court.

## V.      DEFENDANTS' CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant this Motion to Compel, order that RETI produce all documents requested by Defendants' Request for Production or, alternatively, prohibit RETI from introducing any documents into evidence that were not produced on or before June 29, 2015, and award Defendants their reasonable and necessary expenses, including attorneys' fees, incurred in prosecuting this motion.

## RETI'S CONTENTIONS OF POINTS AND AUTHORITIES

### I.      RETI'S STATEMENT OF FACTS

#### A.      An Accurate Statement of the Relevant Procedural Background

Defendants' contrived portrayal of RETI's responses to their document demands and the events that followed is inaccurate and misleading.  A truthful account of the events (and one supported by the evidence) is outlined chronologically, below.

First, RETI timely served its written responses and objections ("Responses") to Defendants' Request for Production of Documents, Set One ("Requests"), *without* the courtesy of an extension of time from Defendants' counsel, as follows:

- **March 6, 2015**:   Defendants served their Requests, by electronic mail; therefore, <u>RETI's responses were due on April 9, 2015</u> (Defendants' Exhibit A);[4]

- **April 8, 2015**:     RETI requested a 2-week extension of the time to respond; <u>Defendants declined to grant such a courtesy and *rejected* this request</u> (RETI's Exhibit 1 [4/8/15 Howatt/Corrie Emails]);[5]

- **April 9, 2015**:     With the request for an extension having been rejected by Defendants, RETI[6] timely served its written responses and objections to Defendants' Requests (Defendants' Exhibit C).

In the weeks following RETI's service of its Responses, Defendants took no particular action relative thereto.  <u>Defendants did *not*, as they *misrepresent*, spend "two (2) weeks [] attempting to informally resolve the issue of document production"</u> (*contra*, Defendants' Statement of Facts).[7]  Instead, shortly after serving the Responses, RETI notified Defendants of the need for the entry of a protective order to govern discovery in this case – especially given the subject matter of the litigation and that the

---

[4] Defendants <u>inaccurately</u> state that RETI's Responses to the March 6th Requests were due on April 6th.  While the 30 days under Rule 34 elapsed on April 6th (April 5th was a Sunday), Rule 6 allows for an additional 3 days to respond to documents served by electronic service, thus making April 9th the date to respond.

Along the same lines, the statement in paragraph 2 on page 1 of Defendants' Exhibit F is likewise <u>inaccurate</u> – Defendants did <u>not</u> give RETI an extension to April 17th. (*See*, RETI's Exhibit 1.)

[5] Defendants <u>plainly misrepresent</u> their response to RETI's request for a courtesy extension of time, suggesting that they granted an extension to April 9th – which was the actual due date (and, notably, conflicts with their representation in Exhibit F).

[6] Because Cross-Defendant Armando Montelongo had neither been served with summons, nor generally appeared in the case, he only participated in such responses to the extent necessary, pending his motion to dismiss Defendants' counterclaims.  (*See*, Defendants' Exhibit C, p. 2, lines 16-19.)

[7] Tellingly, Defendants offer no evidence of these fictional "attempt[s]" preceding the entry of the Protective Order; indeed, all communications that they have attached, the content of which is likewise lacking in evidence of consistent attempts at resolution of document issues (discussed further, *infra*), are dated well *after* such time period.

very crux of Plaintiff's Complaint is Defendants' theft of its confidential information – and then spent significant effort trying to obtain Defendants' cooperation on an agreed order and corresponding joint motion, as follows:

- **April 23, 2015**:    RETI notified Defendants of its position that the entry of a stipulated protective order was needed for the exchange of documents in this case (RETI's Exhibit 2 [4/23/15 Howatt Email]);

- **April 28, 2015**:    Hearing nothing from Defendants, RETI repeated its position that a stipulated protective order was needed preparatory to the production of documents, and forwarded a draft of such (RETI's Exhibit 3 [4/28/15 Howatt Email]); Defendants' counsel did not object to a protective order, and instead, responded "yes. I am looking at protective orders today."  (RETI's Exhibit 4 [4/28/15 Corrie Email]);

- **April 30, 2015**:    Defendants' counsel finally responded with comments on the proposed stipulated protective order (RETI's Exhibit 5 [4/30/15 Corrie Email]); in reply, RETI's counsel quickly provided a revised version of the stipulated protective order, as well as a draft joint motion for its entry, and a request for Defendants consent to same – again, noting that such protective order was a necessary prerequisite for the supplementation of discovery responses (RETI's Exhibit 6 [4/30/15 Howatt Email]);

- **May 1, 2015**:    Hearing nothing from Defendants' counsel, RETI *again* requested Defendants' consent to the joint motion to enter the stipulated protective order, and *again* noted that such was necessary for the exchange of substantive discovery (RETI's Exhibit 7 [5/1/15 Howatt Email]);

-  **May 4, 2015**:    *Still* hearing nothing from Defendants' counsel, RETI yet *again* requested Defendants' consent to the joint motion to enter the stipulated protective order (RETI's Exhibit 8 [5/4/15 Howatt Email]);

- **May 6, 2016**:      Defendants' counsel finally approved RETI's proposed stipulated protective order and joint motion to file for entry of same (Exhibit 9 [5/6/15 Corrie Email]), which RETI proceeded to file.

The Stipulated Protective Order was granted by this Court on May 8, 2015. (Defendants' Exhibit D.)  During this time, Plaintiff had propounded Rule 34 document requests upon Defendants, responses to which were due May 26, 2015.  Defendants served their written responses and objections, *without* any corresponding documents. (RETI Exhibit 10 [5/27/15 Corrie Email delivering Discovery Responses]; *see also*, Defendants' Exhibit F, p. 1, par. 2.[8])  Indeed, both parties proceeded to produce documents well after their respective written responses were served, as follows:

- **June 4, 2015**:      RETI's Production #1 (RETI Exhibit 11 [Howatt Emails re Production of Documents])

- **June 15, 2015**:      Defendants' Production #1 (RETI Exhibit 12 [Meek Email re Production of Documents])

- **June 30, 2015**:      Defendants' Production #2 (RETI Exhibit 13 [Meek Email re Production of Documents])

- **July 7, 2015**:      RETI Production #2 (RETI Exhibit 14 [Christianson Emails re Production of Documents])

As Defendants are well aware, RETI has been working with an outside vendor (DTI) to search, collect, and store RETI's electronic data, for a further document production.  In the course of such, DTI has encountered various obstacles, including corrupted files (which DTI proceeded to repair) and problems with the importing of data (which required that the process be restarted).  Even so, RETI has at all times assured Defendants that it would further produce, and is indeed in the process of

---

[8]  "As for our written responses to your interrogatories and requests we will be serving those Tuesday but we will not be able to produce any documents … because of the holiday weekend, the availability of legal assistants and the large data base of documents that has to be culled through, put into a production log, and bates stamped." [Emphasis added.]

reviewing over 120 GB of data, and producing the non-privileged documents responsive to the Requests and within the scope of Rule 26(b) contained therein.

Given that *both* parties only began their document production(s) in the last month or so, it is unsurprising that *both* parties requested an extension of the discovery dates.  (*See*, Docs. 133, 134.)   Accordingly, and upon the joint agreement of counsel, the court amended the scheduling order to extend various percipient discovery dates into August and September 2015.  (*See*, Defendants' Exhibit I, p. 2 [Doc. 158].)  Even so, and despite RETI having provided several available dates for the depositions of its witnesses, Defendants have yet to confirm the scheduling of a single deposition.

Given the sheer inaccuracy of Defendants' account of events, and RETI's consistent representation of its ongoing efforts to collect and produce documents, it is unsurprising that Defendants' proffered exhibits provide little support for their motion to compel.  Perhaps the most notable example it Defendants' Exhibit E, which pertains to RETI's supplemental responses to *interrogatories*; and, (while irrelevant to this motion) such supplemental response to interrogatories were, indeed, served on May 26, 2015.  (RETI Exhibit 15.)  Exhibit E's references to depositions under Fed. R. Civ. P. 30(b)(6) are likewise irrelevant to Defendants' motion to compel documents.[9]

Altogether, and as demonstrated, RETI timely responded to Defendants' document demands, diligently pursued (and indeed, took the laboring oar on) the entry of a protective order to govern the parties' document productions, produced over 1,600 pages of documents and 16 videos to date, and continues to supplement its production as Defendants pursue this motion.

B.    RETI's Legal Objections are Properly Stated and Sustained

RETI's timely legal objections to certain requests remain well-founded and legally appropriate.  As discussed herein, in detail, many of Defendants' Requests were

---

[9] Notably, however, Defendants made the decision to issue a notice for the deposition of RETI's corporate designee without documents in hand.   They then refused to proceed with such depositions without receipt of documents.   In an effort towards cooperation but without obligation under Rule 30, and with RETI's witness standing ready to be deposed, RETI agreed to allow Defendants to continue the deposition.

duplicative and grossly overbroad, if not wholly irrelevant (e.g., requesting documents reflecting "trade secrets," where there is no UTSA claim in this case), and thus beyond the scope of discoverable information under Rule 26(b). Many failed to even describe with reasonable particularity – or *any* particularity – a category of documents to be produced. In such instances, RETI is expressly permitted under Rule 34 to state its objections to such improper requests, and Defendants offer no authority that such should be either withdrawn or stricken.

C.    Defendants' Assertions and Sanctions Requests are Unsupported

As demonstrated, Defendants' claims of their attempts to confer and/or informally resolve their issues with RETI's Responses are exaggerated, at best. At most, Defendants' sent a letter outlining their complaints regarding *every single one* of RETI's Responses, without discrimination. Significantly, this letter was sent <u>before</u> RETI's production of over 1,600 pages of documents and 16 videos, the total and substance of which is notably *not* acknowledged in their present motion. Defendants have made no effort to meet and confer on the document demands since such production.

Indeed, counsel for the parties have engaged in *dozens* of teleconferences over the past few months; while Defendants have raised the status of the document production, in general, they have not engaged in or initiated a discussion of RETI's legal objections, much less in the context of RETI's two document productions that followed such written responses.

Perhaps tellingly, Defendants offer only one exhibit in support of their monetary sanctions request: Exhibit F. (See, Defendants' Points and Authorities, subsection B.) Defendants' Exhibit F says nothing about fees incurred (much less the asserted "$5,000"), and is dated well *before* either of RETI's two document productions. Indeed, the cover email in Exhibit F is focused on the scheduling of depositions, and even more, indicates that Defendants' May 22nd letter was intended only as a

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

placeholder "to start the time period before we can file a motion," and not a genuine effort to meet and confer.

Defendants' request for evidence-preclusion sanctions is even more non-sensical:  they suggest that RETI should not be permitted to use any documents that were produced after the original June 29th discovery cut-off date, <u>apparently overlooking the fact that Defendants, *themselves*, produced documents after the June 29th discovery cut-off date</u>. (*See*, RETI Exhibit 13.)  Thus, under their own rationale, Defendants, too, should be precluded from introducing such documents.  In actuality, however, such an evidentiary sanction makes no sense:  the original June 29th discovery cut-off deadline is not a document production deadline; Rule 26(e) contemplates the parties' continuing supplementation of prior productions, and even more, percipient discovery has been extended into August and September of this year.   (See, Defendants' Exhibit I, p. 2 [Doc. 158].)  RETI's second document production – much like Defendants' – occurred mere day(s) after the original discovery cut-off, thus there can be no claim of prejudice.  Further, as more documents are continuing to be produced by RETI, Defendants have yet to accept any of the multiple deposition dates offered, and thus cannot claim that the ongoing document production has caused them prejudice in their conduct of deposition.

Altogether, Defendants' requested sanctions are unsupported by the facts, as well as by the law; the governing authorities are next discussed.

## II.   AUTHORTY SUPPORTING OPPOSITION TO MOTION

### A.   <u>Authority Governing Rule 34 Demands and Objections Thereto</u>

A request under Rule 34 is not without its limitations, both expressly stated within the rule and as established by decisional law.  Rule 34(a), in particular, requires that the request be "within the scope of Rule 26(b)."  Rule 26(b), in turn, defines the scope of discovery, as follows:   "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or

other tangible things and the identity and location of persons who know of any discoverable matter." Further, Rule 34(b) mandates that the request "describe with reasonable particularity each item or category of items to be inspected."

A motion to compel is not supported where the document request is overbroad on its face. *Krause v. Nev. Mut. Ins. Co.,* 2014 U.S. Dist. LEXIS 14872, *16-17 (D. Nev. Feb. 6, 2014) (holding that a request for all emails sent or received by plaintiff was patently overbroad and thus, a motion to compel was not supported).

> Requests which are worded too broadly or are too all inclusive of a general topic function like a giant broom, sweeping everything in their path, useful or not. They require the respondent either to guess or move through mental gymnastics which are unreasonably time-consuming and burdensome to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.

*Krause v. Nev. Mut. Ins. Co.,* 2014 U.S. Dist. LEXIS 14872, *16-17 (citing *Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 261 (E.D. Wisc. 2013)

"Rule 34 only requires a party to produce documents that are already in existence." *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 200) (denying motion to compel where there was no evidence that the documents sought existed). "A party is not required 'to prepare, or cause to be prepared,' new documents solely for their production. [citations omitted]." *Alexander*, 194 F.R.D. at 310. "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control." 8A Charles Alam Wright, et al., <u>Federal Practice and Procedure</u> § 2210 (2d ed. 1994).

As discussed below, these principles apply to most, if not all, of Defendants' Requests.

## B. <u>Authorities Governing Sanctions Requests</u>

Defendants offer a conveniently truncated recitation of Rule 37(a)(5) relative to monetary sanctions on a motion to compel; that provision, in full, states:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the

party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. <u>But the court must not order this payment if</u>:

> (i) the movant filed the motion <u>before attempting in good faith to obtain the disclosure or discovery without court action</u>;

> (ii) the opposing party's nondisclosure, response, or objection was <u>substantially justified</u>; or

> (iii) <u>other circumstances make an award of expenses unjust</u>. [Emphasis added.]

As discussed below, all three of these exceptions apply to the present case because, 1) Defendants did not attempt in good faith to obtain the discovery without court action before filing the motion, because the discovery was never withheld; even more, their "meet and confer" effort via self-serving letter does not comply with L.R. 37-1 – particularly given the shared locale of counsel; 2) RETI's responses, objections, and continuing document production are substantially justified; and 3) the other circumstances, including Defendants' own post-June 29th production and the continuance of the deposition dates so as to allow more time for document production, make an award of expenses unjust.  Therefore, Defendants' request for monetary sanctions is not only devoid of factual/evidentiary support, but also, it is legally unsupported.

In determining whether to issue an evidentiary sanction, the Ninth Circuit instructs that district courts consider the following factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [opposing party]; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Lefay v. Lefay*, 2014 U.S. Dist. LEXIS 162143, *12 (E.D. Cal. Nov. 18, 2014)).  Generally "factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (1998).  The

element of prejudice is essential as "sanctions which interfere with the litigants' claim or defenses violate due process when they are imposed merely for an infraction that did not threaten to interfere with the rightful decision of the case." *Wanderer, supra*, 9210 F.2d at 656 (internal quotations omitted). Accordingly, sanctions are allowed <u>only if</u>: "(1) the [discovery] violation caused prejudice to the opposing party; and (2) the violation was not substantially justified." *ViaSat, Inc. v. Space Sys./Loral, Inc.*, 2014 U.S. Dist. LEXIS 30795, *26-27 (S.D. Cal. Jan. 30, 2014) (citing <u>*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*</u>, 259 F.3d 1101, 1106 (9th Cir. 2001)).

Again, as discussed herein, there is no basis for such evidentiary sanctions, particularly in light of, 1) Defendants' own post-June 29th production of documents, 2) the recent continuance of the percipient and expert deposition dates, and, 3) RETI's actual production of substantial documents corresponding with the vast majority of the Requests (even subject to RETI's stated objections). Defendants have not made, and cannot make, the necessary showing of prejudice or lack of substantial justification for RETI's current production status (i.e, in the midst of their *third* production of documents).

## III.   RETI'S RESPONSES TO SUBJECT REQUESTS FOR PRODUCTION

While Defendants call into question *every single one of RETI's responses*, without discrimination or apparent thought, RETI's objections are well-founded and their responses sufficient. Indeed, Defendants offer very little in an effort to overcome these objections, and beyond baldly stating that the requests are not defective in the way RETI claims and that a protective order has been entered (albeit *after* RETI's issuance of its objections, and pursuant to the efforts of RETI). Even more, Defendants outright ignore the multiple, responsive productions made by RETI subject to said objections, and their continuing production, as outlined below.

- **Request No. 1**: All "confidential and proprietary information, including but not limited to those items identified in the Vendor Agreement as well as client lists, photographs, and testimonials (sometimes referred to [in the Complaint] as the

'RETI Property')," which RETI contends in Paragraph 56 of the Complaint and otherwise that NVC and/or Vertucci have improperly used.

- <u>RESPONSE TO REQUEST NO. 1:</u>   Objection. The request lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **<u>RETI's Opposition to Motion to Compel:</u>** As a result of RETI's diligent efforts, a protective order was entered on May 8, 2015 to protect information that is confidential, proprietary, and/or private.  Once such was in place, RETI proceeded to produce thereunder voluminous documentation responsive to this request, including color copies and photographs of its written materials, CDs, packaging, and logos, as well as Defendants' corresponding knock-off items (RETI 759-1583).  In addition, RETI produced *multiple* customer lists (RETI 19-20; RETI 145-203; RETI 547-566) – even despite Defendants' own refusal to do so in response to RETI's Rule 34 requests to Defendants.  That said, this request remains overbroad, in that only the proprietary information that constitutes Confidential Information under the Vendor Agreement is at issue in the operative complaint (*See*, Docs. 49, 49-1); thus, any other proprietary information exceeds the scope of Rule 26(b).

  Defendants' claim, in response to RETI's objection, that they do not possess such documents or information is highly questionable, given Vertucci's <u>very obvious copying of RETI's materials</u>.  For example:

❖ The Introduction to Vertucci's Quick Start Guide copies almost *word-for-word* the statements in RETI's prior-existing Quick Start Guide – from the very first duplicated line – "Congratulations! You have taken the first step to growing real estate wealth.  You are on your way!" – to the very same CD organization and concluding statement – "Now let's get started!" (*See*, RETI Exhibits 16 [RETI Quick Start Guide, © 2011] and 17 [TNVC Quick Start Guide, © 2014].)

❖ An even more glaring instance of Vertucci's copying of RETI proprietary materials is his proclaimed "catch phrase" – "Get in, Get Out, Get Paid" – which was taken from RETI's program years earlier.  (*See*, RETI Exhibit 18 [RETI Power Point, Fe. 2013] and 19 [TNVC Website, 7/28/15].)

From this exemplar evidence, alone (and there is *quite* a bit more), it is evident that Defendants *most certainly* possess many of the documents they are purportedly requesting by this Request (i.e., RETI's proprietary information), such that RETI's objection on such basis is well-founded; even so, RETI has produced, and is continuing to produce, the responsive documentation.

- **Request No. 2**:  All documents containing confidential, proprietary, and/or trade secret information given to Vertucci while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 2:</u>   Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential,

proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:**  This request is plainly duplicative of the preceding one (Request No. 1), with the exception that it also seeks "trade secret information" – even though there is no USTA or other "trade secrets" claim in the operative complaint (or relevant to the counterclaims or answer(s)). (*See generally*, Exhibit 20 [Second Amended Complaint, Docs. 49 and 49-1].) Even so, once RETI secured the entry of a protective order on May 8, 2015 to protect information that is confidential, proprietary, and/or private, it proceeded to produce thereunder voluminous documentation responsive to this request, including color copies and photographs of its written materials, CDs, packaging, and logos, as well as Defendants' corresponding knock-off items (RETI 759-1583).  In addition, RETI produced *multiple* customer lists (RETI 19-20; RETI 145-203; RETI 547-566) – even despite Defendants' own refusal to do so in response to RETI's Rule 34 requests.  That said, this request remains overbroad, in that it seeks trade secret information where there are no "trade secrets" claimed by Plaintiff; thus, it exceeds the scope of Rule 26(b).  (See also, RETI's Opposition to Motion to Compel re Request No. 1, incorporated herein by reference.)

<br>

- **Request No. 3**:  All documents that RETI deems to be trade secret-protected information of RETI to which Vertucci had exposure and/or access to while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 3:</u>   Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the

request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** Again**,** this request is plainly duplicative of the preceding one, with the exception that it also seeks "trade secret information" – even though there is no USTA or other "trade secrets" claim in the operative pleadings (or referenced in the underlying Vendor Agreement). (*See generally*, Exhibit 20.) As a result, "[w]hat trade-secret information Vertucci received from RETI" is <u>not</u> "a material element of RETI's claims," as Defendants argue. Even so, once RETI secured the entry of a protective order on May 8, 2015 to protect information that is confidential, proprietary, and/or private, it proceeded to produce thereunder voluminous documentation responsive to this request, including color copies and photographs of its written materials, CDs, packaging, and logos, as well as Defendants' corresponding knock-off items (RETI 759-1583). In addition, RETI produced *multiple* customer lists (RETI 19-20; RETI 145-203; RETI 547-566) – even despite Defendants' own refusal to do so in response to RETI's Rule 34 requests. That said, this request remains overbroad, in that it seeks trade secret information where there are no "trade secrets" claimed by Plaintiff; thus, it exceeds the scope of Rule 26(b). Further, as evidenced above, Defendants very plainly are in possession of – and are actively copying – RETI's information, such that this request is harassing. (See also, RETI's Opposition to Motion to Compel re Request Nos. 1 and 2, incorporated herein by reference.)

- **Request No. 4**:  All documents that RETI deems to contain confidential and/or proprietary information of RETI to which Vertucci had exposure and/or access to while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 4:</u> Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **<u>RETI's Opposition to Motion to Compel:</u>** Once again, in response to this duplicative request, RETI secured the entry of a protective order on May 8, 2015 to protect information that is confidential, proprietary, and/or private, and proceeded to produce thereunder voluminous documentation responsive to this request, including color copies and photographs of its written materials, CDs, packaging, and logos, as well as Defendants' corresponding knock-off items (RETI 759-1583).  In addition, RETI produced *multiple* customer lists (RETI 19-20; RETI 145-203; RETI 547-566) – even despite Defendants' own refusal to do so in response to RETI's Rule 34 requests.  That said, this request remains overbroad, in that it seeks trade secret information where there are no "trade secrets" claimed by Plaintiff; thus, it exceeds the scope of Rule 26(b).  Further, as evidenced above, Defendants very plainly are in possession of – and are actively copying – RETI's information, such that this request is harassing.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 1, 2, and 3, incorporated herein by reference.)

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- **Request No. 5**:  All documents pertaining to Vertucci's use of any of RETI's confidential, proprietary, and/or trade secret-protected information after RETI terminated the Agreement.

- <u>RESPONSE TO REQUEST NO. 5</u>:   Objection. The request is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **<u>RETI's Opposition to Motion to Compel</u>:**  As identified above, RETI has produced, not only its own proprietary information, but also, substantial copies and photos evidencing Vertucci's improper copying and use of such (RETI 759-1583).  (See also, RETI's Opposition to Motion to Compel re Request Nos. 1, 2, 3, and 4, incorporated herein by reference.)  These documents include images of RETI's written materials, CDs, packaging, and logos, as compared against Vertucci's corresponding knock-off items.   Moreover, the customer lists produced by RETI (RETI 19-20; RETI 547-566) evidence those persons who were clients of RETI, many of which were solicited by Defendants.  In addition, RETI has produced evidence of:

  - ❖ Defendants' efforts to <u>steal</u> RETI's custom-designed software code for its Salesforce program (RETI Exhibit 21, [Moreno Email - RETI 544-546].)

  - ❖ Defendants' theft of RETI's standard form contractor agreement (whether for use in their own business or in Vertucci's improper solicitation of RETI's personnel) (RETI Exhibit 23, p. 2 [Slaikeu email to "nick@nvcompanies.com].)

Thus, while RETI's objections are well-founded, it has produced its non-privileged responsive documents nonetheless.

- **Request No. 6**:  All statements, affidavits, or documents from third parties, including current and former employees, independent contractors, and/or affiliates of RETI, regarding any allegation in the Complaint.

- RESPONSE TO REQUEST NO. 6:  Objection. The request lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** At the outset, Defendants' request inherently seeks documents that are inherently in the possession of parties other than RETI, i.e., "third parties," and not RETI.  "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control."  8A Charles Alan Wright, et al., Federal Practice and Procedure § 2210 (2d ed. 1994).  In addition, the Request ignores that the affidavits in RETI's possession relative to its complaint are, in fact, *attached to the complaint*.  (*See*, Exhibit 20, 49-1, pp. 8-20.)   Beyond any other affidavits filed in the course of litigation (equally available to Defendants; see e.g., Response to Request No. 7, *infra*, re shared representation), these are the affidavits in its possession.  While Defendants' request for "statements" is, indeed, vague, ambiguous, and overbroad, many of the third party emails already produced by RETI (e.g., RETI

61, 62; RETI Exhibit 21), and continuing to be produced, arguably fall within this category.  Accordingly, RETI has complied and is continuing to comply via supplementation, with this Request.

- **Request No. 7**:   All documents, memoranda, and policies relating to the Agreement, and similar contracts with other individuals and businesses, and any attempts to enforce the non-solicitation, non-competition, non-disclosure or confidentiality provisions thereof.

- RESPONSE TO REQUEST NO. 7:   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** This request is not only vague and overbroad – particularly as to "documents, memoranda, and policies relating to the Agreement" – but also, it implicates the privacy rights of third parties under the California Constitution.  Cal.Const. Art. I, §1; *see also*, U.S. Const., 14th Amend.; *Hooser v. Superior Court,* (2000) 84 Cal.App.4th 997.  Further, information relative to the contracts, etc. of third parties has nothing to do with the present litigation, which involves *Defendants'* breach of Defendants' contract; *Defendants'* theft of RETI's property; and *Defendants'* illegal solicitation of RETI's personnel.  Even more, there is no identified legal basis

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

for Defendants' "selective enforcement" theory – in this case, Vertucci/TNVC
breached the contract, and thus Vertucci/TNVC is being sued; it matters not who
else has been subject to suit by RETI or its affiliates.  That said, Defendants are
readily aware that RETI's affiliate, EMS, has brought action against several
former contractors for violations of similar provisions; in fact, <u>Defendants are
funding the litigation defense for some, if not all, of these individuals and they
share the same counsel of record</u>.[10]    That said, RETI has produced the
Agreement, as well as the contracts of various others of its contractors with
similar provisions (RETI 63-323).

- **Request No. 8**:  Documents and/or lists of RETI's vendors, suppliers, and/or
  independent contractors with whom Vertucci was affiliated while he performed
  services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 8:</u>    Objection. The request calls for
  information that exceeds the scope of Rule 26(b) and thus is not discoverable.
  Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and
  does not describe with reasonable particularity each item or category of items to
  be produced. Moreover, as phrased, the request improperly seeks information
  that is protected from disclosure by the Attorney-Client Privilege and/or
  Attorney Work Product Doctrine. In addition, the request seeks information that
  is confidential, proprietary, and/or private, and thus protected from disclosure on
  such grounds, particularly without a governing protective order in place

---

[10] These cases include:  *Education Management Services, LLC v. Michael J. Tracey*,
W.D.Tex. Civil Action No. 5:15-cv-00075-DAE; *Education Management Services,
LLC v. Manuel Moreno*, Texas District Court Cause No. 2014-CI-04088; *Education
Management Services, LLC v. Siggi Ahrens and Cool Breeze Consulting, Inc.*, AAA
Case No. 01-14-0001-3543; *Education Management Services, LLC v. Erik Slaikeu*,
AAA Case No. 01-14-0001-3545; and, *Education Management Services, LLC v. Keith
Yackey*, Texas District Court Cause No. 2014-CI-15278.   Clint Corrie of Akerman,
LLP is counsel of record for the defendants in each of these cases, and at least one has
testified at deposition that Vertucci is funding the defense.

- **RETI's Opposition to Motion to Compel:** Once again, Defendants' Request is overreaching, and in particular, there is no identifiable (or identified) relevance of RETI's vendors, suppliers, or independent contractors.  RETI's suggestion that this information "goes to the enforceability of the agreement at issue" is non-sensical and unsupported.  That said, following the entry of a protective order, RETI *has* produced lists of customers (RETI 19-20; RETI 547-566), as well as lists reflecting contractors (RETI 527-543), and the actual contracts of the more relevant (i.e., improperly solicited) contractors (RETI 63-323).

- **Request No. 9**:  Documents and/or lists of RETI's customers with whom Vertucci worked while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 9:</u>   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** At the outset, the term "Documents … of RETI's customers" is non-sensical – and vague at the least.  Further, by requesting a customer list, Defendants are very plainly seeking information that is proprietary and private. Moreover, the information – customers with whom Vertucci worked – is very logically within his own possession; and, given the breadth of the request ("contractually or otherwise"), it reaches information that has no relevance at all to this case.  Even so, following the entry of a protective

order, RETI *has* produced lists of customers during the time period that Vertucci was affiliated with RETI (RETI 19-20; RETI 547-566).   Indeed, one of these documents includes <u>a letter to Vertucci</u> terminating RETI's business relationship therewith and expressly identifying customers of concern that he is precluded from contacting (RETI Exhibit 22 [Letter Terminating Vertucci]; RETI 19-20 [Enclosures to Exhibit 22]).

- **Request No. 10**:  Documents and lists of the products and/or services which RETI sold while Vertucci performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 10:</u>   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **<u>RETI's Opposition to Motion to Compel</u>:** At the outset, the term "Documents … of the products and/or services which RETI sold" is non-sensical – and vague at the least.  Further, this request *once again* duplicates prior requests, and thus suffers the same flaws.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 1, 2, 3, and 4, incorporated herein by reference.)  And again, as repeatedly stated above, following the entry of a protective order RETI produced its substantial evidence reflecting the written materials, CDs, and other items that it offered – along with images of Vertucci's knock-off items (RETI 759-1583).

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

Further, it has produced (and is continuing to produce) its power point presentations used at live seminars (e.g., RETI 00890).

- **Request No. 11**:  Documents and lists of the products with which Vertucci was affiliated while he performed services for RETI (contractually or otherwise).

- RESPONSE TO REQUEST NO. 11:   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:**  At the outset, the term "Documents … of the products with which Vertucci was affiliated" is non-sensical – and vague at the least.  Further, this request *yet again* duplicates prior requests (including the two immediately preceding Request Nos. 9 and 10), and thus suffers the same flaws.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 1, 2, 3, 4, 9, and 10 incorporated herein by reference.)  And again, as repeatedly stated above, following the entry of a protective order RETI produced its substantial evidence reflecting the written materials, CDs, and other items that it offered – along with images of Vertucci's knock-off items (RETI 759-1583).  Further, it has produced (and is continuing to produce) its power point presentations used at live seminars (e.g., RETI 00890).  Certainly, RETI is not obligated to create lists that do not exist.

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- **Request No. 12**:  All documents reflecting Vertucci's participation in real estate training seminars while he performed services for RETI (contractually or otherwise).

- <u>RESPONSE TO REQUEST NO. 12</u>:   Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** "All documents reflecting Vertucci's participation" does not identify an actual category of documents within the meaning of Rule 34; the request is thus plainly vague and ambiguous. To the extent that this request truly seeks "documents [that] go to what information and materials of RETI Vertucci was, or was not, allegedly exposed to during his time working with RETI," as Defendants contend (and which RETI doubts), such has been repeatedly covered in its responses to prior requests.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 1, 2, 3, 4, 9, 10, and 11 incorporated herein by reference.)  Surely Vertucci is the better source of records reflecting his own travels to and/or participation in RETI's seminars. That said, RETI is in the process of producing videos of Vertucci's antics at various RETI events, as well as documentation describing his behavior at such events and relative to his hotel stays during RETI seminars.

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- **Request No. 13**:  All documents reflecting the training provided by RETI to Vertucci while he performed services for RETI (contractually or otherwise).

- RESPONSE TO REQUEST NO. 13: Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** "All documents reflecting the training" does not identify an actual category of documents within the meaning of Rule 34; the request is thus vague and ambiguous.  Also, RETI's training processes and procedures is among its proprietary information, and thus a protective order was required for any such production.  To the extent that this request truly seeks "documents [that] go to what information and materials of RETI Vertucci was, or was not, allegedly exposed to during his time working with RETI," as Defendants contend (and which RETI doubts), such has been repeatedly covered in RETI's responses to prior requests.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 1, 2, 3, 4, 9, 10, and 11 incorporated herein by reference.)  Surely Vertucci is the better source of records reflecting his own training.  That said, RETI is in the process of producing its documentary training materials; most of the evidence of this nature, however,

will be testimonial, as RETI training is provided primarily in person, and not via documents.

- **Request No. 14**:  Documents relating to the training process used by RETI for its employees and/or independent contractors used by RETI.

- <u>RESPONSE TO REQUEST NO. 14:</u>  Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **<u>RETI's Opposition to Motion to Compel</u>:** "Documents relating to the training process" does not identify an actual category of documents within the meaning of Rule 34; the request is thus vague and ambiguous.  Moreover, to the extent that it seeks something other than that to which Vertucci was exposed, it exceeds the scope of Rule 26(b).  Also, RETI's training processes and procedures is among its proprietary information, and thus a protective order was required for any such production.  Defendants are incorrect that training material would necessarily include documents; indeed, most of the evidence of this nature, however, will be testimonial, as RETI training is provided primarily in person, and not via documents.  That said, RETI is in the process of producing its documentary training materials.

- **Request No. 15**:  Documents concerning the methods and steps taken by RETI to maintain the confidentiality of proprietary information and/or trade secrets.

- **RESPONSE TO REQUEST NO. 15:** Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** At the outset, this Request exceeds the scope of Rule 26(b) because it seeks "trade secret" information, where there is <u>no USTA or other trade secret claim at issue in this case</u>. (See generally, RETI Exhibit 20.) It further exceeds the scope of Rule 26, in that it assumes that RETI needed to take steps to keep its proprietary information "confidential" in order to prevent Vertucci from stealing it – such is not the case; Vertucci was precluded <u>by contract</u> from using RETI's proprietary information (See, Exhibit 20 49-1, Exhibit A [Vendor Agreement], p. 1.). His conversion of RETI's proprietary information, likewise, does not require that such property was held "confidential." Thus, the entirety of this Request exceeds Rule 26(b) – it simply has no bearing on the claims at issue. That said, RETI's documents bear confidentiality notices, where applicable, and the written materials bear copyright protection (*see e.g.*, RETI Exhibit 16, 9. 4), which are inherently responsive to this request.

- **Request No. 16**: Documents and lists of all persons with access to confidential, proprietary, and/or trade secret information belonging to RETI while Vertucci performed services for RETI (contractually or otherwise).

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- **RESPONSE TO REQUEST NO. 16:** Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** "Documents … of all persons with access to confidential" does not identify an actual category of documents within the meaning of Rule 34; the request is thus vague and ambiguous.  Moreover, this Request exceeds the scope of Rule 26(b) because it seeks "trade secret" information, where there is <u>no USTA or other trade secret claim at issue in this case</u>.  (*See generally*, RETI Exhibit 20.)  It further exceeds the scope of Rule 26, in that it assumes that RETI needed to take steps to keep its proprietary information "confidential" in order to prevent Vertucci from stealing it – such is not the case; Vertucci was precluded <u>by contract</u> from using RETI's proprietary information (See, Exhibit 20 49-1, Exhibit A [Vendor Agreement], p. 1.).  His conversion of RETI's proprietary information, likewise, does not require that such property was held "confidential."  While some of the documents produced by RETI might reflect those who had access to confidential information, RETI is not obligated to also create lists that do not exist, and no such "list" is in existence.

- **Request No. 17**:  Documents reflecting any complaints from Vertucci to RETI, Montelongo, and/or EMS while he performed services for RETI (contractually or otherwise).

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- **RESPONSE TO REQUEST NO. 17:** Objection. The request calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Also, it lacks foundation, is vague, ambiguous, compound, and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Further, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** It is wholly unclear how complaints (hypothetically) made by Vertucci to RETI could have any bearing on the claims and defenses in this case – particularly <u>given that the claims in the case stem from RETI's complaints about Vertucci</u>, and RETI's termination of Defendants as a result. (*See generally*, Doc. 142.[11]) And interestingly, Vertucci offers no evidence that any such "complaints" – within the meaning of his own request – were ever made. If they did, surely Vertucci would be the best source thereof. While RETI is in the process of producing Vertucci's communications, it is unaware of any documents which may or may not fall within Defendants' intended meaning of this Request.

---

[11] On page 6: "RETI severed the relationship with Defendants because Vertucci, in his former role as an RETI speaker and representative, and affirmatively misrepresented himself- as a part of his RETI presentation and directed to RETI clients - as a person whose business, livelihood, and success depended upon his 20-year marriage and that he was an honest and trustworthy person with whom RETI clients should invest their cash. In actuality, as soon as he stepped off the RETI stage and into the audience, Vertucci became an unabashed philanderer, without any level of discretion in the presence of RETI clients, employees, and contractors."

- **Request No. 18**: Documents reflecting any and all damages suffered by RETI as a result of any alleged breach of the non-solicitation, non-competition, and non-disclosure provisions of the Agreement by Vertucci and NVC.

- RESPONSE TO REQUEST NO. 18: Objection. The request is compound and overbroad, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. In addition, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure on such grounds, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** While this Request inherently calls for expert opinion evidence – which has been produced via the Report(s) of RETI's damages expert, Brian Bergmark – RETI, after the entry of a protective order in this case, proceeded to produce substantial financial documentation supporting its damages claims, including its detailed profit and loss statements for 2010 through 2014 (RETI 1-17) and its general ledger information and Quickbooks records (RETI 611-616 [multi-sheet Excel spreadsheets]) – these two categories of documents, alone, reflect the entirety of RETI's financial operations.  For example, these documents show *inter alia* RETI's product sales over the relevant (2010-2014) time period, its various costs and expenditures (including those specific to Defendants), and payroll/salaries.   All of this information pertains to its claim for damages caused by Defendants' theft of its confidential information, and use thereof in an effort to compete in the real estate seminar industry.   In addition, RETI produced documentation reflecting the salaries of and sales made by improperly solicited RETI personnel (RETI 63-323; RETI 528-543; RETI 547-566), relative to its claim for damages due to Defendants' business interference.

- **Request No. 19**: Documents pertaining to the determination of the reasonableness of the twenty-four month restrictive period outlined in the Agreement.

- RESPONSE TO REQUEST NO. 19:  Objection. The request is vague and ambiguous, lacks proper foundation and/or specificity, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** This request inherently seeks documents reflecting a legal analysis of the provisions in the subject Vendor Agreement, which information is plainly protected by the Attorney-Client Privilege and/or Attorney Work Product Doctrine.  To the extent the request is seeking anything else, such is unclear from both the amorphous Request itself (which does not describe with reasonable particularity each item or category of items to be produced as Rule 34 requires), and Defendants' assertions in this motion.

- **Request No. 20**:    Documents pertaining to the determination of the reasonableness of the restrictive geographic area outlined in the Agreement.

- RESPONSE TO REQUEST NO. 20: Objection. The request is vague and ambiguous, lacks proper foundation and/or specificity, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** Again, this request inherently seeks documents reflecting a legal analysis of the provisions in the subject Vendor Agreement, which information is plainly protected by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. To the extent the request is seeking anything else, such is unclear from both the amorphous Request itself (which does not describe with reasonable particularity each item or category of items to be produced as Rule 34 requires), and Defendants' assertions in this motion.

- **Request No. 21**:   Documents pertaining to the determination of the reasonableness of the restriction on the scope of activity outlined in the Agreement.

- RESPONSE TO REQUEST NO. 21: Objection. The request is vague and ambiguous, lacks proper foundation and/or specificity, and does not describe with reasonable particularity each item or category of items to be produced. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** Yet again, this request inherently seeks documents reflecting a legal analysis of the provisions in the subject Vendor Agreement, which information is plainly protected by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. To the extent the request is seeking anything else, such is unclear from both the amorphous

Request itself (which does not describe with reasonable particularity each item or category of items to be produced as Rule 34 requires), and Defendants' assertions in this motion.

- **Request No. 22**: All communications concerning Cash-Flow Properties.

- RESPONSE TO REQUEST NO. 22: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** This request is plainly, grossly overbroad, so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced as required by Rule 34.   For example:   Communications from whom? Communications to whom?  Which cashflow properties – those offered by RETI, those offered by Defendants (as Defendants appear to suggest in their motion), or those offered by someone else?  Or, is the request seeking communications about the topic of cashflow properties, in general?   While many of the documents in the course of being produced (following the May 8th entry of the protective order) refer to cashflow properties, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 23**: All communications concerning Vertucci.

- <u>RESPONSE TO REQUEST NO. 23:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** Again, this request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced. Communications from whom? Communications to whom? And even more, regarding what? RETI is possession of *many* communications "concerning Vertucci" (which arguably includes those *from* Vertucci – and involve a variety of "curious" topics).  If the Request is taken, as written, many of the documents already produced fall within this category (e.g., RETI Exhibits 21, 22; RETI Exhibit 24 [RETI 751-754]).  And, given that RETI's termination of its relationship with Defendants involved counsel (see, RETI Exhibit 22), may such communications are protected from disclosure under the Attorney-Client Privilege and/or Attorney Work Product Doctrine. While many of the documents (and videos) in the course of being produced (following the May

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

8th entry of the protective order) refer to Vertucci, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 24**: All communications concerning NVC.
- <u>RESPONSE TO REQUEST NO. 24:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.
- **RETI's Opposition to Motion to Compel:** Yet again, this request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced.  Again: Communications from whom? Communications to whom?  If the Request is taken, as written, many of the documents already produced fall within this category (e.g., RETI Exhibits 21, 22; RETI Exhibit 24 [RETI 751-754]). Further, most of the videos produced (RETI 1669-1684) involve Verutcci, himself, communicating on behalf of NVC.  And, given that RETI's termination of its relationship with Defendants involved counsel (see, RETI Exhibit 22), may such communications are protected from disclosure under the Attorney-Client Privilege and/or Attorney Work Product Doctrine. While many of the documents in the course of being produced (following the May 8th entry of the protective

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

order) refer to Vertucci (the principal of NVC), this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 25**: All communications concerning the Joint Venture marketing or selling real estate at RETI seminars and/or other events.

- RESPONSE TO REQUEST NO. 25: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** Once again, this request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced.  Again: Communications from whom? Communications to whom? Even more, the district court, upon RETI's motion, dismissed Defendants' counterclaim for interference with its alleged non-contractual "joint venture" (Doc. 94, p. 9); thus, to the extent this Request pertains to that claim and/or non-contractual relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture?  Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were unable to identify any actual contract reflecting such (*see*, Doc. 75, Exhibit A thereto.)  While some of the documents in the

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

course of being produced (following the May 8th entry of the protective order) may refer to Giovanni Fernandez, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 26**: All communications concerning Vertucci and/or Hernandez marketing or selling real estate at RETI seminars and/or other events.

- <u>RESPONSE TO REQUEST NO. 26:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **<u>RETI's Opposition to Motion to Compel:</u>** This request is plainly duplicative of the preceding request.  As such, this request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced.  Again:  Communications from whom? Communications to whom? Even more, the district court, upon RETI's motion, dismissed Defendants' counterclaim for interference with its alleged non-contractual "joint venture" (Doc. 94, p. 9); thus, to the extent this Request pertains to that claim and/or non-contractual relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture?  Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were unable to identify any actual contract reflecting such (see, Doc. 75, Exhibit A

thereto.)   While some of the documents in the course of being produced
(following the May 8th entry of the protective order) may refer to Giovanni
Fernandez, this Request is improper under Rules 26 and 24, and does not provide
grounds for a motion to compel.

- **Request No. 27**: All communications concerning the sale and marketing of real
  estate by NVC and/or the Joint Venture at RETI-sponsored or affiliated
  seminars and/or other events.

- RESPONSE TO REQUEST NO. 27: Objection. The request is vague,
  ambiguous, and grossly overbroad, lacks proper foundation, calls for
  speculation, and does not describe with reasonable particularity each item or
  category of items to be produced. As phrased, it seeks documents that are
  inherently in possession of Propounding Party, and therefore the request is
  burdensome, harassing, and oppressive. Moreover, as phrased, the request
  improperly seeks information that is protected from disclosure by the Attorney-
  Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks
  information that is confidential, proprietary, and/or private, and thus protected
  from disclosure, particularly without a governing protective order in place.
  Given the excessive overbreadth of the request, it calls for information that
  exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** Yet again, this request is plainly
  duplicative of the two preceding requests.  As such, this request is grossly
  overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with
  reasonable particularity each item or category of items to be produced.  Again:
  Communications from whom? Communications to whom? Even more, the
  district court, upon RETI's motion, dismissed Defendants' counterclaim for
  interference with its alleged non-contractual "joint venture" (Doc. 94, p. 9); thus,
  to the extent this Request pertains to that claim and/or non-contractual

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture?  Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were unable to identify any actual contract reflecting such (see, Doc. 75, Exhibit A thereto.)  While some of the documents in the course of being produced (following the May 8th entry of the protective order) may refer to Giovanni Fernandez, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 28**: All communications with Hernandez concerning Cash-Flow Properties and/or Vertucci.
- <u>RESPONSE TO REQUEST NO. 28:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. As phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.
- **<u>RETI's Opposition to Motion to Compel:</u>** This request is duplicative of Request Nos. 22 and 23.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 22 and 23 incorporated herein by reference.)  As such, it suffers many of the same flaws.  Interestingly, while Defendants assert that such Request "seeks communications with Giovanni Fernandez concerning the joint venture between Vertucci and NVC on the one hand and Fernandez on the other

hand," there is no reference in the Request to a "joint venture" – thus only further lending to the vagueness and ambiguity of the Request. While many of the documents (and videos) in the course of being produced (following the May 8th entry of the protective order) refer to cash-flow properties and/or Vertucci, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 29**: All documents concerning Cash-Flow Properties.
- <u>RESPONSE TO REQUEST NO. 29:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.
- **RETI's Opposition to Motion to Compel:** This request is duplicative of Request No. 22. (See also, RETI's Opposition to Motion to Compel re Request No. 22 incorporated herein by reference.) As such, it suffers many of the same flaws. The request is plainly, grossly overbroad, so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced as required by Rule 34. For example: Which cashflow properties – those offered by RETI, those offered by Defendants (as Defendants appear to suggest in their motion), or those offered by someone else?

Or, is the request seeking communications about the topic of cashflow properties, in general?  While many of the documents in the course of being produced (following the May 8th entry of the protective order) refer to cashflow properties, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 30**: All documents concerning the Joint Venture.
- <u>RESPONSE TO REQUEST NO. 30:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.
- **<u>RETI's Opposition to Motion to Compel</u>:** This request is duplicative of Request Nos. 25 and 27.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 25 and 27, incorporated herein by reference.)  As such, it suffers many of the same flaws.  In particular, the district court, upon RETI's motion, dismissed Defendants' counterclaim for interference with its alleged non-contractual "joint venture" (Doc. 94, p. 9); thus, to the extent this Request pertains to that claim and/or non-contractual relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture?  Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

unable to identify any actual contract reflecting such (*see*, Doc. 75, Exhibit A thereto.)  Further, if Defendants are one half of the "joint venture" and RETI is not (as they assert), Defendants are more logically to the source of relevant documents, such that this duplicative Request is burdensome and harassing. While some of the documents in the course of being produced (following the May 8th entry of the protective order) may refer to a relationship between Defendants and Mr. Fernandez, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 31**: All documents concerning real estate marketed and/or sold by the Joint Venture.

- RESPONSE TO REQUEST NO. 31: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** Again, this request is duplicative of Request Nos. 25, 27, and 30.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 25, 27, and 30 incorporated herein by reference.)  As such, it suffers many of the same flaws.  In particular, the district court, upon RETI's motion, dismissed Defendants' counterclaim for interference with its alleged

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

non-contractual "joint venture" (Doc. 94, p. 9); thus, to the extent this Request pertains to that claim and/or non-contractual relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture?   Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were unable to identify any actual contract reflecting such (*see*, Doc. 75, Exhibit A thereto.)  Further, if Defendants are one half of the "joint venture" and RETI is not (as they assert), Defendants are more logically to the source of relevant documents, such that this duplicative Request is burdensome and harassing. While some of the documents in the course of being produced (following the May 8th entry of the protective order) may refer to a relationship between Defendants and Mr. Fernandez, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 32**: All documents concerning proceeds to Montelongo from sales of real estate by NVC and/or the Joint Venture.

- RESPONSE TO REQUEST NO. 32: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** Again, this request is duplicative of Request Nos. 25, 27, 30, and 31.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 25, 27, 30, and 31 incorporated herein by reference.) As such, it suffers many of the same flaws.  In particular, the district court, upon RETI's motion, dismissed Defendants' counterclaim for interference with its alleged non-contractual "joint venture" (Doc. 94, p. 9); thus, to the extent this Request pertains to that claim and/or non-contractual relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture?  Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were unable to identify any actual contract reflecting such (*see*, Doc. 75, Exhibit A thereto.)   That said, RETI has provided substantial financial information showing the business income (RETI 1-17; RETI 611-616), which Defendants are free to review and analyze as to whether the proceeds they claim actually exist – notably, they have not offered to any evidence that they do, or to conflict with the documents already produced.

- **Request No. 33**: All documents concerning proceeds to RETI, EMS, and/or any other entities owned, in whole or in part, by Montelongo, from the sale of real estate by NVC and/or the Joint Venture.

- RESPONSE TO REQUEST NO. 33: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a

governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** Yet again, this request is duplicative of Request Nos. 25, 27, 30, 31, and 32. (See also, RETI's Opposition to Motion to Compel re Request Nos. 25, 27, 30, 31, and 32 incorporated herein by reference.) As such, it suffers many of the same flaws. In particular, the district court, upon RETI's motion, dismissed Defendants' counterclaim for interference with its alleged non-contractual "joint venture" (Doc. 94, p. 9); thus, to the extent this Request pertains to that claim and/or non-contractual relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture? Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were unable to identify any actual contract reflecting such (*see*, Doc. 75, Exhibit A thereto.) That said, RETI has provided substantial financial information showing the business income (RETI 1-17; RETI 611-616), which Defendants are free to review and analyze as to whether the proceeds they claim actually exist – notably, they have not offered to any evidence that they do, or to conflict with the documents already produced.

- **Request No. 34**: All communications concerning proceeds from the sale of real estate by NVC and/or the Joint Venture.

- <u>RESPONSE TO REQUEST NO. 34:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** Once again, this request is duplicative of Request Nos. 25, 27, 30, 31, 32, and 33. (See also, RETI's Opposition to Motion to Compel re Request Nos. 25, 27, 30, 31, 32, and 33, incorporated herein by reference.)  As such, it suffers many of the same flaws. In particular, the district court, upon RETI's motion, dismissed Defendants' counterclaim for interference with its alleged non-contractual "joint venture" (Doc. 94, p. 9); thus, to the extent this Request pertains to that claim and/or non-contractual relationship, it exceeds the scope of Rule 26(b), and presents the question, what joint venture?  Indeed, while Defendants have alleged that there exists a joint venture "agreement," they were unable to identify any actual contract reflecting such (*see*, Doc. 75, Exhibit A thereto.)  That said, RETI has provided substantial financial information showing the business income (RETI 1-17; RETI 611-616), which Defendants are free to review and analyze as to whether the proceeds they claim actually exist – notably, they have not offered to any evidence that they do, or to conflict with the documents already produced.


- **Request No. 35**: All communications with Vertucci
- <u>RESPONSE TO REQUEST NO. 35:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of

Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **<u>RETI's Opposition to Motion to Compel</u>:** This request is duplicative of Request No. 23.  (See also, RETI's Opposition to Motion to Compel re Request No. 23, incorporated herein by reference.)  And again, this request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced as required by Rule 34 – and, Defendants offer no real argument as to how the communications (or which) are relevant so as to provide any guidance to RETI on how to properly tailor/interpret this request.  If the Request is taken, as written, many of the documents already produced fall within this category (e.g., RETI Exhibits 22, 23).  Also, given both 1) the fact that this request is plainly duplicative of others herein, and 2) the request calls for communications *with Vertucci* and thus are inherently within his possession, the Request is improperly burdensome and harassing.  While many of the documents (and videos) in the course of being produced (following the May 8th entry of the protective order) refer to Vertucci, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 36**: All communications with Vertucci concerning Vertucci providing services related to RETI-sponsored or affiliated seminars and/or other events.

- <u>**RESPONSE TO REQUEST NO. 36:**</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **<u>RETI's Opposition to Motion to Compel</u>:**  This request is duplicative of both Request No. 23 *and* the preceding Request No. 35.  (See also, RETI's Opposition to Motion to Compel re Request Nos. 23 and 35, incorporated herein by reference.)  As such, this request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced as required by Rule 34.  If the Request is taken, as written (particularly as to "other events"), many of the documents already produced fall within this category (e.g., RETI Exhibits 22, 23).  Also, given both 1) the fact that this request is plainly duplicative of others herein, and 2) the request calls for communications *with Vertucci* and thus are inherently within his possession, the Request is improperly burdensome and harassing. While many of the documents (and videos) in the course of being produced (following the May 8th entry of the protective order) refer to Vertucci in the context of a present and former vendor of RETI, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 37**: All documents concerning payments to Vertucci for his provision of services related to RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 37: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** This request is duplicative and overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced as required by Rule 34.   Also, given both 1) the fact that this request is plainly duplicative of others herein, and 2) the request calls for payments *to Vertucci* and thus are inherently within his possession, the Request is improperly burdensome and harassing.  That said, RETI, after the entry of a protective order in this case, proceeded to produce substantial financial documentation, including its detailed profit and loss statements for 2010 through 2014 (RETI 1-17) and its general ledger information and Quickbooks records (RETI 611-616 [multi-sheet Excel spreadsheets]) – these documents show *inter alia* RETI's costs and expenditures

(including those specific to Defendants), and payroll/salaries.  Further, RETI is in the process of producing documentation relative to Vertucci's hotel expenses while traveling with RETI.

- **Request No. 38**: All documents showing the number of attendees at RETI-sponsored or affiliated seminars from July 1, 2010 to date.

- RESPONSE TO REQUEST NO. 38: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It also calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **RETI's Opposition to Motion to Compel:** Once again, this request is duplicative, this time of Request Nos. 1-5 and 9, the responses to which, supra, are incorporated herein by this reference.  RETI produced *multiple* customer lists (RETI 19-20; RETI 145-203; RETI 547-566) – even despite Defendants' own refusal to do so in response to RETI's Rule 34 requests.  RETI is not obligated to "create" a new document reflecting a single/total number, particularly where, as here, it has provided the documentation for Defendants to review and perform their own calculations.  "Rule 34 only requires a party to produce documents that are already in existence." *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 200) (denying motion to compel where there was no evidence that the documents sought existed). "A party is not required 'to prepare, or cause to be prepared,'

new documents solely for their production. [citations omitted]." *Alexander*, 194 F.R.D. at 310.

- **Request No. 39**: All communications concerning Vertucci providing services for RETI-sponsored or affiliated seminars and/or other events without receipt of direct payment for his services.

- RESPONSE TO REQUEST NO. 39: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** This request is duplicative of Request Nos. 37 and 36, and thus also duplicative of Request Nos. 23 and 35. (See also, RETI's Opposition to Motion to Compel re Request Nos. 23, 35, 36, and 37, incorporated herein by reference.) As such, this request is ambiguous (documents showing a *lack* of payment?) and grossly overbroad (particularly as to "other events") so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced as required by Rule 34. Also, given both 1) the fact that this request is plainly duplicative of others herein, and 2) the request calls for payments *to*

*Vertucci* and thus are inherently within his possession, the Request is improperly burdensome and harassing.  That said, RETI, after the entry of a protective order in this case, proceeded to produce substantial financial documentation, including its detailed profit and loss statements for 2010 through 2014 (RETI 1-17) and its general ledger information and Quickbooks records (RETI 611-616 [multi-sheet Excel spreadsheets]) – these documents show *inter alia* RETI's costs and expenditures (including those specific to Defendants), and payroll/salaries. Further, RETI is in the process of producing documentation relative to Vertucci's hotel expenses while traveling with RETI.

- **Request No. 40**: All communications with Vertucci concerning Vertucci's creation of materials for RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 40: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** At this point, the request has been made for "communications with Vertucci" several times, such that Defendants'

requests are indeed harassing and plainly intended to be burdensome. In addition to this duplication, the request calls for communications *with Vertucci* and "Vertucci's creation of materials" which are logically and inherently within his own possession; on this additional basis, the Request is improperly burdensome and harassing. Furthermore, there is no indication or argument by Defendants as to how Vertucci's alleged "creation of materials" has any bearing on his case – his claim for breach of oral contract against RETI pertains to fees for his *speaking services*, not creation of materials. (*See e.g.*, Doc. 75, ¶33.) Altogether, this request is overbroad (particularly as to "other events") and irrelevant to any claim or defense in this case, so as to both exceed the scope of discoverable information, as governed by Rule 26(b).

- **Request No. 41**: All communications with third parties concerning Vertucci's creation of materials for RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 41: Objection. The request is vague, ambiguous, and grossly overbroad, lacks foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** This request is duplicative of Request No. 23, the response to which, *supra*, is incorporated herein by this reference.  Furthermore, there is no indication or argument by Defendants as to how Vertucci's alleged "creation of materials" has any bearing on his case – his claim for breach of oral contract against RETI pertains to fees for his *speaking services*, not creation of materials.  (*See e.g.*, Doc. 75, ¶33.)  Altogether, this request is overbroad (particularly as to "other events") and irrelevant to any claim or defense in this case, so as to both exceed the scope of discoverable information, as governed by Rule 26(b).  Also, by its overbreath, it implicates RETI's conversations with counsel, which are protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine.

- **Request No. 42**: All documents created or provided by Vertucci for use at RETI-sponsored or affiliated seminars and/or other events.

- RESPONSE TO REQUEST NO. 42: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** This is duplicative of Request Nos. 40 and 41, the responses to which, *supra*, are incorporated herein by this reference.  Furthermore, there is no indication or argument by Defendants as to how Vertucci's alleged "creation of materials" has any bearing on his case – his claim for breach of oral contract against RETI pertains to fees for his *speaking services*, not creation of materials.  (*See e.g.*, Doc. 75, ¶33.)  Altogether, this request is overbroad (particularly as to "other events") and irrelevant to any claim or defense in this case, so as to both exceed the scope of discoverable information, as governed by Rule 26(b).  Also, by its overbreath, it implicates RETI's conversations with counsel, which are protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine.  In addition to the duplication, the request calls for "documents created or provided by Vertucci's" which are logically and inherently within his own possession; on this additional basis, the Request is improperly burdensome and harassing.

- **Request No. 43**: All documents concerning the Joint Venture's payment of funds to Vertucci.

- <u>RESPONSE TO REQUEST NO. 43:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth

of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **RETI's Opposition to Motion to Compel:** This non-sensical request seeks documents that are inherently not in the custody of RETI, and logically in the possession of Defendants themselves.   This is clear even from Defendants' characterization of what documents they seek by this Request:   "documents concerning the payment of funds to Vertucci *by the joint venture between Vertucci and NVC on the one hand and Fernandez on the other hand*." [Emphasis added.]  RETI does not, and is not alleged to, have any involvement in these alleged transactions.  "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control."  8A Charles Alam Wright, et al., <u>Federal Practice and Procedure</u> § 2210 (2d ed. 1994).

- **Request No. 44**:  All communications concerning Vertucci, or any of his related companies, competing with RETI and/or Montelongo.
- <u>RESPONSE TO REQUEST NO. 44:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

- **RETI's Opposition to Motion to Compel:** This request is duplicative of Request No. 23, as well as Request Nos. 28, 34-36, 39-41, the responses to which, *supra*, are incorporated herein by this reference. As such, the request bears many of the same flaws: The request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced. Communications from whom? Communications to which "third parties"? And even more, regarding what? AS noted above, RETI is possession of _many_ communications "concerning Vertucci" (which arguably includes those *from* Vertucci – and involve a variety of "curious" topics). If the Request is taken, as written, many of the documents already produced fall within this category. And, given that RETI's termination of its relationship with Defendants involved counsel (see, RETI Exhibit 22), may such communications are protected from disclosure under the Attorney-Client Privilege and/or Attorney Work Product Doctrine. While many of the documents (and videos) in the course of being produced (following the May 8th entry of the protective order) refer to Vertucci and his companies, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 45**: All documents concerning NVC and/or Vertucci competing with RETI and/or Montelongo.

- RESPONSE TO REQUEST NO. 45: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney

Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **<u>RETI's Opposition to Motion to Compel</u>:** This request is duplicative of Request Nos. 5, 6, 18, 23, 26, 27, 29, 35, 36, and 44, the responses to which, *supra*, are incorporated herein by this reference.  As such, the request bears many of the same flaws:  The request is grossly overbroad so as to both exceed the scope of Rule 26(b) and fail to describe with reasonable particularity each item or category of items to be produced.  As set forth above, RETI has produced evidence of Defendants' theft of RETI's proprietary property, its effort to "knock-off" RETI's programs, Vertucci's deceptive videos, and the financial information relative to same.  While many of the documents (and videos) in the course of being produced (following the May 8th entry of the protective order) refer to Vertucci and his companies, this Request is improper under Rules 26 and 24, and does not provide grounds for a motion to compel.

- **Request No. 46**:  All presentation slides, PowerPoint slides, or other documents or ESI which mention Vertucci by name or likeness.

- <u>RESPONSE TO REQUEST NO. 46:</u> Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It is also duplicative of other requests herein and, as phrased, it seeks documents that are inherently in possession of Propounding Party, and therefore the request is burdensome, harassing, and oppressive. Moreover, as phrased, the request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney

Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place. Given the excessive overbreadth of the request, it calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable.

- **<u>RETI's Opposition to Motion to Compel</u>:** This request is duplicative and grossly overbroad:  Whose "presentation slides"?  What "other documents"? As such, it both exceeds the scope of Rule 26(b) and fails to describe with reasonable particularity each item or category of items to be produced as required by Rule 34.  Also, given both 1) the fact that this request is plainly duplicative of others herein, and 2) the request calls for items reflecting *Vertucci* and thus are inherently within his possession, the Request is improperly burdensome and harassing.  That said, RETI, after the entry of a protective order in this case, proceeded to substantial "documents and ESI" that mention Vertucci, and is continuing to do so, including documents that show TNVC's knock-off books, CDS, and other materials (RETI Exhibits 16 and 17); Vertucci's theft of his proclaimed "catch phrase" from RETI's PowerPoint presentations (RETI Exhibits 18 and 19); and several video presentations involving Vertucci and his wife, Gina Vertucci (RETI 1669-1684).  In addition to this substantial volume of documents, .

- **Request No. 47**:   Records showing the number of attendees at "cash-flow events" that occurred after July 1, 2013.

- <u>RESPONSE TO REQUEST NO. 47</u>: Objection. The request is vague, ambiguous, and grossly overbroad, lacks proper foundation, calls for speculation, and does not describe with reasonable particularity each item or category of items to be produced. It also calls for information that exceeds the scope of Rule 26(b) and thus is not discoverable. Moreover, as phrased, the

**JOINT STIPULATION RE: NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

request improperly seeks information that is protected from disclosure by the Attorney-Client Privilege and/or Attorney Work Product Doctrine. Also, the request seeks information that is confidential, proprietary, and/or private, and thus protected from disclosure, particularly without a governing protective order in place.

- **<u>RETI's Opposition to Motion to Compel</u>:** Yet again, this request is duplicative, this time of Request No. 38, inter alia, the response to which, *supra*, is incorporated herein by this reference.  RETI produced *multiple* customer lists showing event attendance (RETI 19-20; RETI 145-203; RETI 547-566) – even despite Defendants' own refusal to do so in response to RETI's Rule 34 requests. It is continuing with additional productions, as applicable.  RETI is not obligated to "create" a new document reflecting a single/total number, particularly where, as here, it has provided the documentation for Defendants to review and perform their own calculations.  "Rule 34 only requires a party to produce documents that are already in existence."  *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 200) (denying motion to compel where there was no evidence that the documents sought existed). "A party is not required 'to prepare, or cause to be prepared,' new documents solely for their production. [citations omitted]."  *Alexander*, 194 F.R.D. at 310.

## IV.   DEFENDANTS' REQUEST FOR SANCTIONS IS UNSUPPORTED BY LAW OR FACT

Defendants' motion was brought without sincere efforts to meet and confer, and with complete disregard of the documents that were actually produced.  Instead, Defendants called into question every single response and objection asserted by RETI, without discrimination or thoughtful consideration.

RETI has not refused to produce documents, and instead has been actively providing them on a rolling basis, even expending monies on a third party vendor in order to ensure its search and production is complete.  While such production remains

ongoing, it is clear from the discussion above the RETI has already produced substantial documents responsive to Defendants' Requests.

Accordingly, Defendants' request for monetary sanctions is properly denied because 1) Defendants did not attempt in good faith to obtain the discovery without court action before filing the motion, because the discovery was never withheld; even more, their "meet and confer" effort via self-serving letter does not comply with L.R. 37-1 – particularly given the shared locale of counsel; 2) RETI's responses, objections, and continuing document production are substantially justified; and 3) the other circumstances, including Defendants' own post-June 29th production and the continuance of the deposition dates so as to allow more time for document production, make an award of expenses unjust. Even more, the amount of the sanctions requested – $5,000 – is wholly unsupported.

Defendants' request for an evidence-preclusion sanction is indeed capricious: one hand they say that they need the documents in order to conduct depositions, and on the other, they want to preclude anything produced post-June 29th. Defendants cannot have it both ways – if they prefer an evidence sanction for documents produced after June 29th, then there is no reason for RETI to continue the ongoing production efforts. And, of course, Defendants overlook that they, themselves, produced documents after June 29th. Perhaps tellingly, Defendants offer no legal authority that would support such a sanction – and indeed, it is not logically supported. Percipient and expert discovery remains on going, and even Rule 26(e) contemplates a party's supplementation of its prior discovery responses. Even more, the law has specific requirements for the issuance of such a sanction, namely a showing of prejudice and lack of substantial justification – no such showing has been made, or even attempted, by Defendants here.

## V.    RETI'S CONCLUSION

As well-demonstrated above, RETI's objections to Defendants' duplicative, harassing, and oft-irrelevant or unintelligible requests are well-founded. Where

appropriate, RETI has already produced substantial documents, and is actively continuing in its production.  Defendants' motion, thus, should be denied on all counts.


Dated: July 29, 2015

                                        **AKERMAN LLP**


                              By:    */s/ Clint A. Corrie*
                                     Karen P. Ciccone, Esq.
                                     Clint A. Corrie, Esq.
                                     *Admitted Pro Hac Vice*
                                     Attorneys for Defendants


Dated:  July 29, 2015                 **GORDON & REES LLP**


                              By:   */s/ Kimberly D. Howatt*
                                    Jeffrey D. Cawdrey
                                    Kimberly D. Howatt
                                    Andrew J. Moon
                                    Attorneys for Plaintiff and
                                    Counterdefendant REAL ESTATE
                                    TRAINING INTERNATIONAL,
                                    LLC and Crossdefendant
                                    ARMANDO MONTELONGO

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PROOF OF SERVICE

I am employed in the City of Dallas and County of Dallas, Texas.  I am over the age of 18 and not a party to the within action.  My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

On **July 29, 2015**, I served the following document(s):

**JOINT STIPULATION RE: DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**

on the persons below as follows:

| Attorney | Telephone/Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq. Education Management Services, LLC 2935 Thousand Oaks Dr., #6-285 San Antonio, TX  78247 | Telephone:  210-501-0077 Facsimile:  210-568-4493 andrew.j.moon@gmail.com andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq. Kimberly D. Howatt, Esq. Gordon & Rees LLP 633 W. 5th Street, 52nd Floor Los Angeles, CA  90017 | Telephone:  213.576.5000 Facsimile:  213.680.4470 jcawdrey@gordonrees.com khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Dallas, Texas.

☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 29, 2015**, at Dallas, Texas.

| | |
|---|---|
| Clint A. Corrie | */s/ Clint A. Corrie* |
| (Type or print name) | (Signature) |