JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
BRITTANY L. McCARTHY (SBN: 285947)
**GORDON & REES LLP**
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Pro Hac Vice*)
**EDUCATION MANAGEMENT SERVICES, LLC**
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
andym@teamarmando.com

Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING
INTERNATIONAL, LLC and Crossdefendant ARMANDO MONTELONGO

*(Additional Counsel and Parties Listed on Following Page)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>                    Defendants. | CASE NO. 8:14-cv-00546-AG-DFM<br><br>**JOINT STIPULATION RE: MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS, SETS ONE AND TWO**<br><br>Dept.:  Courtroom 10D<br>Judge:  Hon. Andrew J. Guilford |
| THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>Counterclaimants<br><br>    v.<br><br>REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO<br><br>Counterdefendant/Crossdefendant. | |

- 1 -

KAREN PALLADINO CICCONE (CA SBN 143432)
**AKERMAN LLP**
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342
karen.ciccone@akerman.com

CLINT CORRIE (Admitted *Pro Hac Vice*)
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339
clint.corrie@akerman.com

Attorneys for Defendants and Counterclaimants THE NICK VERTUCCI
COMPANIES and NICK VERTUCCI

## JOINT STIPULATION RE: MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

# TABLE OF CONTENTS

**Page No.**

I.    RETI'S INTRODUCTORY STATEMENT ...................................................... 1

II.   DEFENDANTS' INTRODUCTORY STATEMENT .................................... 2

III.   RETI'S CONTENTIONS AND POINTS AND AUTHORITIES ................ 4

     A.     Supplemental Responses are Properly Compelled ............................. 5

     B.     Supplemental Responses to Interrogatories (Set One) are Warranted ........................................................................................ 6

     C.     Additional and/or Supplemental Document Production is Properly Compelled for Requests for Production of Documents (Set One) ...................................................................................... 11

     D.     Responses to Discovery Set Two are Properly Compelled ............... 20

IV.   DEFENDANTS' CONTENTIONS AND POINTS AND AUTHORITIES .............................................................................. 22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
  2014 U.S. Dist. LEXIS 173425 (D. Minn. Dec. 16, 2014).................................15

*Evans v. Liberty Nat'l Life Ins. Co.*,
  2014 U.S. Dist. LEXIS 94335 (N.D. Okla. July 11, 2014). .................................4

*Lykins v. Certainteed Corp.*,
  2012 U.S. Dist. LEXIS 115844 (D. Kan., Aug. 17, 2012) .................................15

**Rules**

Federal Rules of Civil Procedure
  Rule 26 ....................................................................................................1, 2, 4

Federal Rules of Civil Procedure
  Rule 33 ................................................................................................1, 3, 4, 14

Federal Rules of Civil Procedure
  Rule 34 ................................................................................................1, 3, 8, 14

Federal Rules of Civil Procedure
  Rule 36 ....................................................................................................1, 3

Federal Rules of Civil Procedure
  Rule 37 ....................................................................................................3, 4

1      PLEASE TAKE NOTICE that pursuant to Local Rules 37-1, et seq, Plaintiff

2 and counterdefendant Real Estate Training International, LLC ("RETI LLC") and

3 crossdefendant Armando Montelongo, Jr. ("Montelongo"), collectively "RETI",

4 and Defendants and counterclaimants The Nick Vertucci Companies ("TNVC")

5 and Nick Vertucci ("Vertucci"), and collectively, "Defendants", hereby submit

6 their joint stipulation with respect to RETI's Motion to Compel Supplemental

7 Responses to Interrogatories, Requests for Admissions, and Requests for

8 Production of Documents, Sets One and Two.

9                      **INTRODUCTORY STATEMENTS**

10 **I.    RETI'S INTRODUCTORY STATEMENT**

11      RETI moves the court to compel Defendants' further responses to

12 Interrogatories (Set One) and Requests for Production of Documents (Set One)

13 (collectively "Set One"), as well as Requests for Production of Documents (Set

14 Two), Interrogatories (Set Two), and (as to defendant Vertucci, only) Requests for

15 Admissions (Set Two) (collectively "Set Two") in accord with the Federal Rules of

16 Civil Procedure, Rules 26, 33, 34, and 36.

17      As to Set One, RETI finds that many of Defendant's responses are

18 insufficient or incomplete.  As to Set Two, Defendants flat-out refused to provide

19 any substantive responses at all, but instead offered only a general objection to

20 time and scope.  The Parties have discussed these deficiencies on multiple

21 occasions, but have been unable to reach a compromise or other agreement as to

22 the discovery responses.

23      As this Court is likely aware, the Parties vehemently dispute the scope of

24 relevance in this case.  RETI maintains that under Rule 26, all information sought

25 via interrogatory, request for documents, and requests for admissions is seeking

26 "nonprivileged matter that is relevant to any party's claim or defense…."

27 Defendants have taken the position that it should not have to respond to discovery

28 that it finds embarrassing or has self-designated as not relevant.  The result is that

1   Defendants are effectively refusing to provide the responses to discovery to which
2   Plaintiff and Cross-Defendant are plainly entitled, with no privilege or protection
3   against doing so.  Indeed, the Parties agreed to a stipulated protective order to
4   protect any sensitive or proprietary (yet non-privileged) information, and
5   Defendants are simply electing to refuse to provide discovery instead utilizing this
6   protective order that they jointly requested.  The federal rules do not so permit.

7          Defendants object and withhold documents that RETI asserts are directly
8   relevant to the claims and defenses of this case; for instance, to RETI's claim that
9   Defendants solicited customers and used confidential and/or proprietary
10  information; to Defendants' claim regarding the reasons for termination of the
11  agreement between RETI and Defendants; to claims regarding oral contracts and
12  consideration related thereto; to performance or breach of written contracts; to
13  proof of damages; and to defenses such as unclean hands, waiver, estoppel,
14  anticipatory breach, impossibility and frustration of purpose, among others.

15         Supplemental responses to these interrogatories and requests for documents
16  in Set One – and actual substantive responses to the request and interrogatories in
17  Set Two – are due to RETI and necessary for RETI to evaluate claims and prepare
18  defenses as appropriate.  Because Defendants will not voluntarily produce them  in
19  accord with the federal rules, such production must be compelled by this Court.

20  ## II.   DEFENDANTS' INTRODUCTORY STATEMENT

21         Defendants and Counter-Plaintiffs The Nick Vertucci Companies, Inc.
22  ("NVC") and Nick Vertucci ("Vertucci") (each a "Defendant" and together, the
23  "Defendants") hereby object to proposed Joint Stipulation by Plaintiff/Counter-
24  Defendant Real Estate Training  International, LLC ("RETI") and Counter-
25  Defendant Armando Montelongo (each a "Counter-Defendant" and collectively
26  hereafter referred to as "RETI").[1]

27
28  [1] Despite RETI's attempt to label Counter-Defendant Armando Montelongo a "Cross-Defendant," this issue was already briefed and decided by the Court.  In the Court's minute order re: Defendants' Motion for Leave to Amend the Counter

1   RETI has not complied with the Local Rules in filing this Joint Stipulation.

2   Prior to filing a joint stipulation for a discovery motion, a moving party must (1)

3   send a detailed meet and confer letter setting forth all contested issues and (2) have

4   a pre-filing conference to discuss and attempt to resolve any contested issues in

5   good faith.  (*See* Local Rules 37-1, 37-2.1 and 37-2.2.)

6   RETI did not comply with either of the two pre-circulation required steps

7   before sending the proposed Joint Stipulation.  RETI did not send a detailed meet

8   and confer letter and did not set up a pre-filing conference ten days later to meet

9   and confer on the contested issues.  Moreover, RETI ignored the formatting

10  requirements for a Joint Stipulation, which must set forth individually each request

11  and response in dispute, rather than combining a series requests into a single

12  paragraph that describes, but does not quote, their content.

13  With respect to Set One of Discovery, RETI literally raised the issue of any

14  alleged deficiencies for the first time when sending the Joint Stipulation on July

15  22, 2015.   There was no meet and confer letter or pre-filing conference on any

16  issues relating to Set One of Discovery.   There was literally no discussion at all

17  about Set One of Discovery prior to RETI's proposed Joint Stipulation.  (*See*

18  Defendants' letter dated July 29, 2015, attached hereto as Exhibit "A;" Decl. of

19  David A. Meek, attached hereto as Exhibit "B" ("Meek Decl."), ¶¶ 4, 5.)

20  With respect to Set Two of Discovery, RETI did not send any meet and

21  confer letter and did not have a pre-filing conference before sending the proposed

22  Joint Stipulation.  The extent of any discussion regarding any alleged deficiencies

23  with Set Two of Discovery, was that counsel for RETI mentioned that it would

24  have to bring a motion to compel, but no attempt at any substantive meet and

25

26

27

28  Claims, the Court expressly ruled: "Finally the amendment would not be futile. Given the claims stated against Montelongo, there is little question that he is a proper Counter-Defendant."  (Doc. 82 at pg. 3.)

---

1  confer was made by RETI.  There was no meet and confer letter and no pre-filing

2  conference on these issues.[2]  (*See* Meek Decl., ¶¶ 4, 6.)

3      In addition, notwithstanding the fact that RETI failed to comply with the

4  meet and confer requirement prior to the Joint Stipulation, RETI did not comply

5  with the required format of the Joint Stipulation, which requires the moving party

6  to set forth individually each request and response in dispute, rather than

7  combining a series requests into a single paragraph that describes, but does not

8  quote, their content.  RETI lumps groups of requests together and only provides a

9  glancing, conclusory statement that the responses are deficient, RETI made no

10  effort to set forth each disputed request/interrogatory individually as required by

11  the Local Rules.

12      Defendants' hereby object the RETI's proposed Joint Stipulation in its

13  entirety based on its failure to comply with the meet and confer requirements of the

14  Local Rules.  As such, Defendants do not reply to each and every issues raised in

15  RETI's deficient Joint Stipulation, as RETI has not complied with the Local Rules

16  and has not obligated Defendants to respond to RETI's proposed Joint Stipulation.

17  **III.   RETI'S CONTENTIONS AND POINTS AND AUTHORITIES**

18      Federal Rule of Civil Procedure, Rule 26 allows for discovery of all

19  nonprivileged matter that is relevant to any party's claim or defense.   RETI's

20  interrogatories and documents requests seek only relevant, non-privileged

21  information.  RETI issued Interrogatories and Requests for Production of

22  Documents to Vertucci and TNVC.  The discovery propounded, and the responses

23  from Vertucci and TNVC were nearly identical.[3]  For this reason,  and to save

24

25

26

---

[2] Regarding Set Two of Discovery, RETI served this discovery late.  Pursuant to the Court's original scheduling order that was in effect at that time, the parties were required to serve any discovery 45 days before the discovery cut-off which was June 29, 2015.  RETI served Set Two of Discovery on May 29, 2015, in violation of the Court's scheduling order.  Although the Court amended the scheduling order on or about July 8, 2015, the original scheduling order still controls the service requirements of discovery.

27

28  [3] Document Request 91, was only to Mr. Vertucci, seeking his resume or CV.  The remaining Requests and Interrogatories were identical.

---

space, the responses are only addressed once although applicable to each party separately.

### A.   Supplemental Responses are Properly Compelled

Rule 37 authorizes a motion to compel further responses to discovery propounded under Rules 33 and 34, where such responses are deficient and/or not in compliance with said rules.  Specifically, Rule 37(a)(3)(B) provides as follows:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> …
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

For the purposes of Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4).

Rule 36, pertaining to requests for admissions, contains its own authority for the compelling of further responses, as follows:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. ...

Rule 37 also provides for an award of sanctions where a party is forced to resort to a motion to compel to obtain proper and adequate answers from a party: "If the motion is granted … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   Fed.R.Civ.P. 37(a)(5)(A).

> Courts use a broad definition of relevance when determining whether discovery is permissible, because discovery "is designed to help define and clarify the issues." [citations omitted.] When it is "readily apparent" that the information sought is relevant, the burden is on the party opposing the discovery request to show that the need for the discovery is outweighed by the potential harm to the party resisting discovery. *Evans v. Liberty Nat'l Life Ins. Co.*, 2014 U.S. Dist. LEXIS 94335, *6-7 (N.D. Okla. July 11, 2014).

Under these standards, Defendants' responses to RETI's discovery requests are properly compelled.

**B.**     **Supplemental Responses to Interrogatories (Set One) are Warranted**

RETI's interrogatories seek relevant information within Defendants' personal knowledge.  Under Rule 33, "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." The interrogatories propounded by RETI are properly within the scope of FRCP Rule 33.

In response, Defendants objected and provided incomplete responses. Vertucci's responses are attached as Exhibit 1.  TNVC's responses are attached as Exhibit 2.  Supplemental responses are properly compelled for the reasons set forth below.

For ease of reference, the interrogatory and response is inserted, followed by an explanation of the need to compel a supplemental response.

INTERROGATORY NO. 2:

> Please IDENTIFY all facts RELATING TO YOUR Count III for "Breach of Oral Contract" as asserted in YOUR COUNTERCLAIMS.

ANSWER:

> Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in a legal claim of his Counterclaims as overbroad, repetitive, and harassing. Notwithstanding the foregoing, Vertucci is entitled to damages in the amount of $1,000 per BU for cash-flow seminars between April 2012 and August 28, 2013, because that is the value of

his services as agreed to between NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking services. Montelongo reneged on that agreement breaching it and later fraudulently induced Vertucci and NVC to continue under a different arrangement by making the false promise to not interfere with the operations of NVC/Vertucci's joint venture with Fernandez at RETI-sponsored seminars- the remaining source of revenue for Vertucci and NVC to get paid from his speaking and teaching of cash-flow properties.

<u>Supplemental Response to Interrogatory No. 2 Should be Compelled</u>

This response is missing many of the basic facts necessary to support a claim for breach of oral contract.  In order to assert a claim for breach of oral contract, Defendants must establish a valid contract, performance, breach, and damages resulting from breach.  This response does little to provide facts to support the allegation.

First, there are no facts that support an oral contract was made.  For instance, on what date was the contract entered into? Where were the parties when the oral agreement was made? Were any witnesses present?  Further, there are no facts that establish breach.  How many seminars did Mr. Vertucci present at?  How many BU's does Mr. Vertucci claim from the cash flow seminars between April 2012 and August 28, 2013?

These facts are within Mr. Vertucci's personal knowledge and are properly sought via interrogatory.  Accordingly, a supplemental response with, at least, the responses to the questions raised,  along with any other facts within Mr. Vertucci's personal knowledge relating to this claim and all of its attendant elements is properly compelled.[4]

<u>Defendants' Response re: Interrogatory No. 2</u>

---

[4]   NOTE:  In providing its section of this Joint Stipulation, Defendants integrated their responses in RETI's Contentions and Points and Authorities.  While RETI objects to this structure, Defendants provided their section at **4:58 p.m.** on the filing date for the Joint Stipulation, and thus in the interests of time, RETI is including these sections as provided by Defendants.  RETI does not consider them a part of Plaintiff's Contentions and Points and Authorities, and disputes each and every point under the  headings "Defendants' Response re:  Interrogatory No. []."

Defendants object to and oppose this request on the grounds that RETI failed to comply with the Local Rules prior to circulating this Stipulation in that RETI has never served a meet-and-confer letter concerning the claimed deficiencies of this response and never conducted the required meeting/discussion following the foregoing. Accordingly, RETI has no right to proceed with this proposed Joint Stipulation.

INTERROGATORY NO. 4:

Please IDENTIFY all facts RELATING TO YOUR Count V for "Quantum Meruit" as asserted in YOUR COUNTERCLAIMS.

ANSWER:

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in a legal claim of his Counterclaims as overbroad, repetitive, and harassing. Notwithstanding the foregoing, Vertucci is entitled to damages in the amount of $1,000 per BU for cash-flow seminars between April 2012 and August 28, 2013, because that is the value of his services as agreed to between NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking services. Quantum meruit, as Plaintiff knows, is an alternative legal theory for the recovery of goods or services rendered even absent a formal contract. While Vertucci contends he did have an oral contract supported by consideration for his speaking and teaching services, in the event a formal contract is not found by the Court or jury, he is entitled to the reasonable value of services performed and not paid by Counter-Defendants. Beyond that, this is an improper subject for an interrogatory in that it asks a fact witness to prove a legal assertion.

Supplemental Response to Interrogatory No. 4 Should be Compelled

This response lacks the basic facts necessary for a claim for quantum meruit recovery.  Plaintiff expects that the facts within Defendants' personal knowledge that would be responsive to this interrogatory include: The number of BU's claimed as unpaid during the referenced time period, which events those BU's were purportedly earned, the amounts actually paid for participation during events between April 2012 and August 28, 2013, and the amount claimed outstanding.

This type of record would be kept by any ordinary businessman or salesperson and Defendants' should have personal knowledge of these facts and/or access to records allowing him to provide a full and complete response after a

reasonable and diligent inquiry.  A supplemental response containing at least this information, along with any other relevant information within Mr. Vertucci's personal knowledge is properly compelled.

Defendants' Response re: Interrogatory No. 4

Defendants object to and oppose this request on the grounds that RETI failed to comply with the Local Rules prior to circulating this Stipulation in that RETI has never served a meet-and-confer letter concerning the claimed deficiencies of this response and never conducted the required meeting/discussion following the foregoing. Accordingly, RETI has no right to proceed with this proposed Joint Stipulation.

INTERROGATORY NO. 5:

Please IDENTIFY all facts RELATING TO YOUR Count VII for "Theft of Services" as asserted in YOUR COUNTERCLAIMS.
ANSWER:

The facts supporting the claim are asserted in the SACC and in Count VII so the request for the facts is duplicative, overbroad, repetitive, and harassing. Subject to the objections and without waiving the same, RETI and Montelongo received valuable teaching and speaking services, they knew that Vertucci and NVC expected to be paid, they misled them and made false promises of alternative forms of payment and then they did not pay Vertucci and NVC through the alternative means of payment. Accordingly, Counter-Defendants secured Vertucci and NVC's services under false pretenses and failed to pay Vertucci for the reasonable value of those services.

Supplemental Response to Interrogatory No. 5 Should be Compelled

This response lacks relevant detail that is within Defendants' personal knowledge and responsive to the request.  For instance information such as, for which, and how many, events were alternative payments promised? What was the alternative payment? What was the promise, if any, that was made?  Were there terms or conditions attendant to the promise?

These are all facts within Defendants' personal knowledge, and necessary for the response to be complete and accurate.  Moreover, this information is

necessary for RETI to evaluate the Defendants' claims and damages.   A

supplemental response is properly compelled.

Defendants' Response re: Interrogatory No. 5

Defendants object to and oppose this request on the grounds that RETI failed

to comply with the Local Rules prior to circulating this Stipulation in that RETI

has never served a meet-and-confer letter concerning the claimed deficiencies of

this response and never conducted the required meeting/discussion following the

foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

Stipulation.

INTERROGATORY NO. 16:

Please IDENTIFY all facts RELATING TO YOUR contention
in paragraph 69 of YOUR COUNTERCLAIMS that "Vertucci gave
up other income opportunities he had, based on this agreement."

ANSWER:

Vertucci objects to this interrogatory requesting the
identification of "all" facts relating to a specific contention of his
Counterclaims as overbroad, repetitive, and harassing. Specific facts
supporting the claim are set forth in Paragraph 69, and elsewhere, of
the SACC. However, subject to these objections and without waiving
the same, Vertucci was purchasing cash flow properties, and selling
cash flow properties, before he ever met Montelongo; had a radio
show where he focused on purchasing cash flow properties, made
sales to callers to the show, as well as being a featured speaker with
other real estate seminar programs. He gave up some of those
opportunities and/or let them go dormant when he began getting
involved with RETI and AMS events and as the cash-flow properties
of the Vertucci-Fernandez portfolio grew, Vertucci had less time to
spend on other income opportunities.

Supplemental Response to Interrogatory No. 16 Should be Compelled

As with the above requests, this response lacks relevant detail that is within

Defendants' personal knowledge and responsive to the request.  Responsive

information lacking from this response includes what opportunities, specifically,

were given up?  Which were allowed to go dormant?  This information is

necessary to evaluate any claim for damage and to assess the value of any such

opportunities.

1   The vague nature of this response leads to the conclusion that these

2   "opportunities" were speculative and did not actually manifest.  In other words,

3   this response lacks any factual detail regarding offers to speak that were turned

4   down  or that the radio show was cancelled, in order to show a valid income

5   opportunity that was "given up" as alleged in the Counterclaims.  For this reason, a

6   supplemental response is properly compelled to provide factual, non-speculative

7   facts relating to the Defendants' claims.

8   <u>Defendants' Response re: Interrogatory No. 16</u>

9   Defendants object to and oppose this request on the grounds that RETI failed

10  to comply with the Local Rules prior to circulating this Stipulation in that RETI

11  has never served a meet-and-confer letter concerning the claimed deficiencies of

12  this response and never conducted the required meeting/discussion following the

13  foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

14  Stipulation.

15   **C.    Additional and/or Supplemental Document Production is**

16   **Properly Compelled for Requests for Production of Documents**

17   **(Set One)**

18   RETI's Requests for Production of Documents (Set One) seek relevant

19  documents that are properly within the scope of FRCP Rule 34.  In response,

20  Defendants objected and provided incomplete document production or refused to

21  produce any documents.  Vertucci's responses are attached as Exhibit 3.  TNVC's

22  responses are attached as Exhibit 4.  Production of documents or supplemental

23  production as the case may be, is properly compelled for the reasons set forth

24  below.

25  <u>Request Nos. 50 and 51:</u>

26   These requests seek a customer list and employee list for the period of

27  January 1, 2010 to the present.  The responses to both requests state, in sum, that

28

1    the requests do not seek relevant documents and that there are no responsive

2    documents to these requests.

3    <u>Supplemental Production to Request Nos. 50 and 51 Should be Compelled</u>

4          These requests are directly relevant to the issues of this matter.  RETI

5    alleges that Defendants' wrongfully solicited customers and employees from

6    RETI.  Defendants' customer list(s) and employee list(s), whether in "list" form or

7    a compilation of documents sufficient to show a list of customers and employees,

8    are therefore directly relevant.

9          Moreover, Defendants' interrogatory responses, as set forth above,

10    demonstrate that he had a radio show and was allegedly a featured speaker during

11    this time period.  It seems unlikely that there are no records of customers from

12    these enterprises, and similarly unlikely that there was no sort of assistant or

13    employee to aid with business during this time.  Accordingly, supplemental

14    production of documents sufficient to respond to the request, whether a compiled

15    list or otherwise, is properly compelled.

16    <u>Defendants' Response re: Request Nos. 50 and 51</u>

17          Defendants object to and oppose this request on the grounds that RETI failed

18    to comply with the Local Rules prior to circulating this Stipulation in that RETI

19    has never served a meet-and-confer letter concerning the claimed deficiencies of

20    this response and never conducted the required meeting/discussion following the

21    foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

22    Stipulation.  Moreover, Defendants further object because the format presented

23    fails to comply with the Local Rules and thus is not presented in a format that

24    triggers an obligation to respond.

25    <u>Request Nos. 52 through 57</u>

26          These requests seek social media communications (facebook and twitter)

27    that reference RETI, Montelongo, or AMS.  Defendants' respond that all

28

1   information is publically available and further, that there are no responsive

2   documents.

3   <u>Supplemental Production to Request Nos. 52 – 57 Should be Compelled</u>

4          As an initial matter, that documents may be publically available is not

5   legally recognized reason to deny production if the documents are requested and

6   within the responding party's possession, custody or control.  Secondly, Mr.

7   Vertucci's personal facebook page is not publically accessible. To the extent any

8   responsive documents were withheld/not produced on the grounds that they

9   are/were publically available, supplemental production is requested, and may be

10  compelled.

11  <u>Defendants' Response re: Request Nos. 52–57</u>

12         Defendants object to and oppose this request on the grounds that RETI failed

13  to comply with the Local Rules prior to circulating this Stipulation in that RETI

14  has never served a meet-and-confer letter concerning the claimed deficiencies of

15  this response and never conducted the required meeting/discussion following the

16  foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

17  Stipulation.  Moreover, Defendants further object because the format presented

18  fails to comply with the Local Rules and thus is not presented in a format that

19  triggers an obligation to respond.

20  <u>Request Nos. 58 through 76</u>

21         Requests 58 through 76 seek communications between Mr. Vertucci/TNVC

22  and the following individuals: Keith Yackey, Gillian Bernie, Chris Sanders, Erik

23  Slaikeu, Siggi Ahrens, Nicole Marshall, Mike Schock, Dom Montes, Krista

24  Garren, Giovanni Fernandez, Elise Sabatino, Jamie Tomlinson, Mindi Cicero, Tina

25  Balderston, Mathew Galvez, Manny Moreno, Armondo Montelongo and Andy

26  Moon.

27         In response, Mr. Vertucci and TNVC state that the request is overbroad by

28  seeking all documents without reference to time, topic or scope are therefore

1 | beyond the scope of discovery permitted by Rule 26 for all individuals except
2 | Giovanni Fernandez and Elise Sabatino.  For Mr. Fernandez, Ms. Sabatino, Mr.
3 | Montelongo and Mr. Moon the responses state all communications "relevant" to
4 | the lawsuit will be produced.

5 | <u>Supplemental Production to Request Nos. 58 and 76 Should be Compelled</u>

6 | As to Mr. Fernandez and Ms. Sabatino it has become clear that the Parties
7 | disagree on what constitutes "relevant" for the purposes of this case.  For this
8 | reason, all communications are sought.  Similarly, due to the circumstance of this
9 | case, the employment and relationship of these individuals to Mr. Vertucci, the
10 | scope of communications is already limited in time.

11 | This analysis is equally applicable to the remaining individuals:  the parties
12 | vehemently disagree regarding what constitutes relevant data, and the relationship
13 | between the remaining individuals and Defendants' naturally limits the scope of
14 | time of the request.  Accordingly, all communications for all individuals listed are
15 | properly compelled.

16 | However, in the spirit of cooperation, if Defendants' are aware of a
17 | relationship that spans an extraordinary length of time, RETI is willing to work
18 | with Defendants to identify a specific time period for that individual.

19 | <u>Defendants' Response re: Request Nos. 58 and 76</u>

20 | Defendants object to and oppose this request on the grounds that RETI failed
21 | to comply with the Local Rules prior to circulating this Stipulation in that RETI
22 | has never served a meet-and-confer letter concerning the claimed deficiencies of
23 | this response and never conducted the required meeting/discussion following the
24 | foregoing. Accordingly, RETI has no right to proceed with this proposed Joint
25 | Stipulation.  Moreover, Defendants further object because the format presented
26 | fails to comply with the Local Rules and thus is not presented in a format that
27 | triggers an obligation to respond.

28 |

1  Request No. 78

2       This requests all documents relating to seminar materials provided by Mr.

3  Vertucci/TNVC at seminars.  The sum of the response is that this request seeks

4  irrelevant documents and that Plaintiff may have these documents in its possession.

5  Supplemental Production to Request No. 78 Should be Compelled

6       This request seeks highly relevant documents.  As Defendant/Counter-

7  plaintiff is aware, the claims at issue include the use of RETI's confidential,

8  proprietary information by Mr. Vertucci and TNVC.  Review of the content of the

9  seminar information provided by Mr. Vertucci and/or TNVC will reveal if any of

10  RETI's confidential information is contained therein.  Further, the scope of the

11  request is tailored to seminar materials.  The time is not unlimited, but does seek

12  documents for any seminars presented by Mr. Vertucci prior to his affiliation with

13  RETI, as comparison of pre-RETI documents may also demonstrate Mr.

14  Vertucci/TNVC use of RETI's confidential information.

15  Defendants' Response re: Request No. 78

16       Defendants object to and oppose this request on the grounds that RETI failed

17  to comply with the Local Rules prior to circulating this Stipulation in that RETI

18  has never served a meet-and-confer letter concerning the claimed deficiencies of

19  this response and never conducted the required meeting/discussion following the

20  foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

21  Stipulation.

22  Request Nos. 79-80

23       These requests seek documents provided by RETI, Montelongo, or AMS to

24  Mr. Vertucci/TNVC.  To both, Defendants reply there are no responsive

25  documents.

26  Supplemental Production to Request Nos. 79 and 80 Should be Compelled

27       This response lacks any indication that a diligent search for responsive

28  documents was undertaken.  This is important because, in accord with RETI's

complaint allegations, it is strongly believed – and evidenced – that was in possession of RETI's materials when he "designed" his own (or, more accurately, copied RETI's)  – something that is plainly obvious from a comparison of RETI's original materials and Defendants' later-developed documents.  (*See*, Exhibits 13 and 14.)  Vertucci RETI requests that a diligent search be undertaken, and this response be supplemented to reflect the results of a diligent search with either production of documents, or a statement *under oath* that after a diligent search of documents within Mr. Vertucci/TNVC's control, custody or possession, no responsive documents were located.

Defendants' Response re: Request Nos. 79–80

Defendants object to and oppose this request on the grounds that RETI failed to comply with the Local Rules prior to circulating this Stipulation in that RETI has never served a meet-and-confer letter concerning the claimed deficiencies of this response and never conducted the required meeting/discussion following the foregoing. Accordingly, RETI has no right to proceed with this proposed Joint Stipulation.  Moreover, Defendants further object because the format presented fails to comply with the Local Rules and thus is not presented in a format that triggers an obligation to respond.

Request No. 82

This request seeks internal communications for a finite period of time relating to a specific topic: sources of customer information and leads.  The responses indicate a lack of understanding of the request and objection to the "artificial" date.

Supplemental Production to Request No. 82 Should be Compelled

Regardless of whether the date is "artificial" or not, it specifies a finite time period, this objection is not well taken.  Further, the request very clearly seeks internal communications via any means regarding new customers.  This request is clear and unambiguous and directly relevant to the claims and issues of this case.

Namely, that Defendants improperly solicited clients away from RETI. Documents regarding leads may show that Defendants' had wholly independent leads, or may show that Defendants' poached customers from RETI. This information is relevant to the RETI's claims and properly compelled.

Defendants' Response re: Request No. 82

Defendants object to and oppose this request on the grounds that RETI failed to comply with the Local Rules prior to circulating this Stipulation in that RETI has never served a meet-and-confer letter concerning the claimed deficiencies of this response and never conducted the required meeting/discussion following the foregoing. Accordingly, RETI has no right to proceed with this proposed Joint Stipulation.

Request No. 85

This request seeks documents relating to gross income from seminars from January 1, 2010 to present. In response, Defendants claim the request is irrelevant, and that Defendants cannot understand what documents are sought by this request.

Supplemental Production to Request No. 85 Should be Compelled

This request is remarkably similar to Request No. 88, which Defendants understood, and agreed to produce responsive documents. Accordingly, feigned misunderstanding of the request appears disingenuous. Further, these documents are directly relevant in order for Defendants to prove damages, and thus RETI is entitled to discovery in order to prepare a response. Supplemental production is therefore properly compelled.

Defendants' Response re: Request No. 85

Defendants object to and oppose this request on the grounds that RETI failed to comply with the Local Rules prior to circulating this Stipulation in that RETI has never served a meet-and-confer letter concerning the claimed deficiencies of this response and never conducted the required meeting/discussion following the

1  foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

2  Stipulation.

3  <u>Request Nos. 85, 86, 88, 90</u>

4  These requests seek documents reflecting net or gross income from January

5  1, 2010 to present.  Defendants respond as set forth above for 85, and for 86 and 88

6  state they will produce all non-privileged responsive documents.  The response to

7  request 90 is plaintiff is already in possession of these documents.

8  <u>Supplemental Production to Request Nos. 85, 86. 88, and 90 Should be Compelled</u>

9  In reviewing the expert report submitted by Defendants, documents have

10  been produced to Defendants' expert that has not been produced to RETI.

11  Specifically, Bank Statements of Innovative Holdings Group, Hand written check

12  registers, Civil Minutes dated April 20, 2015, Balance sheets prepared by DBN tax

13  for various years.  RETI believes these documents fall within the scope of these

14  requests.  Supplemental production of these documents is therefore properly

15  compelled.

16  <u>Defendants' Response re: Request Nos. 85, 86, 88, 90</u>

17  Defendants object to and oppose this request on the grounds that RETI failed to

18  comply with the Local Rules prior to circulating this Stipulation in that RETI has

19  never served a meet-and-confer letter concerning the claimed deficiencies of this

20  response and never conducted the required meeting/discussion following the

21  foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

22  Stipulation.  Moreover, Defendants further object because the format presented

23  fails to comply with the Local Rules and thus is not presented in a format that

24  triggers an obligation to respond.

25  <u>Request No. 89</u>

26  This request seeks documents relating to funding or financing for the

27  production of seminar events from January 2010 to present.  In response,

28

1    Defendants' contend the information is unrelated and that Plaintiff should be in

2    possession of any such documents.

3    <u>Supplemental Production to Request No. 89 Should be Compelled</u>

4         In Defendant's Joint Stipulation re: Emergency Relief and Motion for a

5    Protective Order, Defendants' concede "loans from students may be a fair topic for

6    questioning." (Doc. 142, p.17, ¶ 11.) This request seeks any documents relating to

7    funding or financing of seminar events from January 2010 to the present. This

8    scope of time is not limited to the time that Defendants were affiliated with RETI.

9    Documents such as loan documents from students would be responsive to this

10   request. Supplemental production with these responsive documents is properly

11   compelled.

12   <u>Defendants' Response re: Request No. 89</u>

13        Defendants object to and oppose this request on the grounds that RETI failed

14   to comply with the Local Rules prior to circulating this Stipulation in that RETI

15   has never served a meet-and-confer letter concerning the claimed deficiencies of

16   this response and never conducted the required meeting/discussion following the

17   foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

18   Stipulation.

19   <u>Request No. 91</u>

20        This request asks for a CV or resume from Mr. Vertucci. He responds that

21   he does not have a CV.

22   <u>Supplemental Production to Request Nos. 91 Should be Compelled</u>

23        This request asked for either a CV **or** a resume. The response that Mr.

24   Vertucci does not have a CV fails to answer the question. To the extent Mr.

25   Vertucci has a resume, that document should have been produced and may be

26   properly compelled.

27   <u>Defendants' Response re: Request No. 91</u>

28

---

JOINT STIPULATION RE: MOTION TO COMPEL
CASE NO. 8:14-cv-00546-AG-DFM

Defendants object to and oppose this request on the grounds that RETI failed to comply with the Local Rules prior to circulating this Stipulation in that RETI has never served a meet-and-confer letter concerning the claimed deficiencies of this response and never conducted the required meeting/discussion following the foregoing. Accordingly, RETI has no right to proceed with this proposed Joint Stipulation.

### D.   Responses to Discovery Set Two are Properly Compelled

In accord with the timeframe stated in the Federal Rules of Civil Procedure, RETI propounded (via personal service) its Set Two of discovery 30 days prior to the discovery cut-off. *See generally,* Fed. R. Civ. P., Rules 33(b)(2), 34(b)(2)(A), 36(a)(3). RETI's Interrogatories (Set Two) to Vertucci are attached as Exhibit 5, and to TNVC as Exhibit 6, Requests for Admission (Set One) to Vertucci are attached as Exhibit 7, and Requests Production of Documents (Set Two) to Vertucci are attached as Exhibit 8, and to TNVC as Exhibit 9. Defendants objected to the Requests for Production of Documents, attached as Exhibit 10. They offered the same objection and non-response to the Requests for Admission (Set One), attached as Exhibit 11, or the Interrogatories (Set Two), attached as Exhibit 12.

Altogether, Defendants objected refused to respond to <u>any</u> request within Set Two on the grounds that they were propounded 30 days prior to the discovery cut off and not 45 as required by the Court's Scheduling Order. Doc. 48.

Since that time, the deposition cut-off discovery date(s) have been modified. They now provide for an August 31, 2015 deadline for party-affiliated witness deposition, a September 30, 2015 deadline for non-party affiliated depositions, and October 5, 2015 for expert depositions. Doc. 158. Accordingly, the rationale underlying the Court's 45 day rule would not be undermined by compelling responses to the discovery propounded by RETI on May 29, 2015: Interrogatories

1   (Set Two), Requests for Admission (Set Two), and Requests Production of

2   Documents (Set Two).

3        Moreover, the decisions of other district courts support such a ruling.  *See*

4   *e.g.*, *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 2014 U.S. Dist. LEXIS 173425, *5

5   (D. Minn. Dec. 16, 2014)  ("[the responding party] should not be able to use the

6   [limitations of Rule 6] to avoid its discovery obligations"); *Lykins v. Certainteed*

7   *Corp.*, 2012 U.S. Dist. LEXIS 115844, *7-10 (D. Kan., Aug. 17, 2012)

8   (compelling untimely discovery requests).

9        The only other ground raised by Defendants for not responding was on the

10  basis that the documents were potentially subject to the protective order.  In

11  response, RETI incorporates by reference the arguments asserted in opposition to

12  the motion for protective order.

13       No harm or prejudice will result to any party if responses to the discovery

14  propounded on May 29, 2015, are compelled.  Additionally, responses have the

15  added benefit of further narrowing the issues in the preparation of this case for

16  trial.  On these grounds, and for the reasons set forth above, RETI respectfully

17  requests the Court compel responses Interrogatories (Set Two), Requests for

18  Admission (Set One), and Requests Production of Documents (Set Two).

19  <u>Defendants' Response re: Discovery Set Two</u>

20       Defendants object to and oppose this request on the grounds that RETI failed to

21  comply with the Local Rules prior to circulating this Stipulation in that RETI has

22  never served a meet-and-confer letter concerning the claimed deficiencies of this

23  response and never conducted the required meeting/discussion following the

24  foregoing. Accordingly, RETI has no right to proceed with this proposed Joint

25  Stipulation.  Moreover, Defendants further object because the format presented

26  fails to comply with the Local Rules and thus is not presented in a format that

27  triggers an obligation to respond.

28

## IV.   DEFENDANTS' CONTENTIONS AND POINTS AND AUTHORITIES

### A.   RETI did not Comply with the Local Rules, there was no Meet and Confer Letter and no Pre-filing Conference Prior to RETI's Proposed Joint Stipulation

Prior to filing the Joint Stipulation a moving party must do two things; (1) send a meet and confer letter detailing each contested issue and the moving party's position and (2) ten days after the meet and confer letter, the parties must have a pre-filing conference regarding the contested issues.

Local Rule 37-1, labeled "Pre-Filing Conference of Counsel Prior to filing of any motion relating to discovery pursuant to F.R.Civ.P.26-37," requires the parties to have a pre-filing conference within ten (10) days after the moving party serves a detailed meet and confer letter as follows:

> The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Moreover, Local Rule 37-2.2 states that the parties must have the pre-filing conference before the moving party can send the opposing party their portion of the joint stipulation:

> **Following the conference of counsel**, counsel for the moving party shall personal deliver, email or fax to counsel for the opposing party the moving party's portion of that stipulation….

Here, RETI did not comply with the required meet and confer letter or the pre-filing conference for either Set One of Discovery or Set Two of Discovery. For Set One of Discovery, RETI did not even raise any issue prior to sending its proposed Joint Stipulation on July 22, 2015.   There was literally no meet and confer on this issue.  RETI cannot remain silent on any alleged deficiencies and then raise issue for the first time in its proposed Joint Stipulation. (*See* Meek Decl.,

¶¶ 4–6.)   RETI is blatantly circumventing the Local Rules by not complying with the meet and confer requirements prior to filing a joint stipulation.

Regarding Set Two of Discovery, RETI did not send any meet and confer letter and did not have the pre-filing conference.  RETI's sole discussion was during a telephone call between counsel for the parties, RETI's counsel merely mentioned that it would have to bring a motion to compel on the late served Set Two of Discovery, and later reiterated the same point in a comment to a redline of a document circulated between counsel.  The mere reference to a need to bring a motion to compel does not satisfy the meet and confer requirements set forth in the Local Rules, and RETI's Joint Stipulation should be rejected in its entirety.

## B. Notwithstanding the failure to meet and confer, RETI did not Comply with the Formatting Requirements for a Joint Stipulation

With respect to the proposed Joint Stipulation itself, Counter-Defendants have not complied with the format and substance requirements set forth in Local Rule 37-2.1, let alone the above-referenced pre-circulation requirements.  For a motion to compel, the Local Rules require the moving party to list each disputed discovery request *verbatim*, the opposing party's response *verbatim*, followed by each parties' contentions regarding that interrogatory.  That must be done for each single disputed interrogatory or request.

> For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain, **verbatim**, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, **separately stated** [emphasis added]. (L.R. 37-2.1)

RETI's proposed Joint Stipulation does not comply with the foregoing requirement.  It does not list each disputed request for document, the response thereto, and does not set forth their reasoning for each disputed request.   Instead, Counter-Defendants group a number of requests together and provide a brief, glancing statement that the responses of Defendants are deficient, but nothing

more.   Counter-Defendants make no effort to provide any reasoning or detail on each of the interrogatories/requests or to identify why each specific response is deficient.

For example, with respect to Requests for Production Nos. 52-57, RETI sets forth the following:

Request Nos. 52 through 57
These requests seek social media communications (facebook and twitter) that reference RETI, Montelongo, or AMS.  Defendants' respond that all information is publically available and further, that there are no responsive documents.

Supplemental Production to Request Nos. 52 – 57 Should be Compelled
As an initial matter, that documents may be publically available is not legally recognized reason to deny production if the documents are requested and within the responding party's possession, custody or control.  Secondly, Mr. Vertucci's personal facebook page is not publically accessible. To the extent any responsive documents were withheld/not produced on the grounds that they are/were publically available, supplemental production is requested, and may be compelled.  (*See* RETI's portion of Joint Stipulation at pgs. 11-12.)

RETI groups the following request for production together and provides no attempt to address each request individually or to list each request or response thereto.  RETI has not complied with the required formatting for a joint stipulation. Due to RETI's multiple failures to comply with the Local Rules, Defendants' do not address the remainder of RETI's proposed Joint Stipulation as RETI has not done the required meet and confer efforts or formatting requirements required prior to filing a joint stipulation and, which has eliminated the non-judicial process for resolving discovery disputes.

## V.    DEFENDANTS' CONCLUSION

Based on the multiple failures of RETI to comply with the pre-filing requirements for a joint stipulation for a discovery motion, Defendants respectfully submit that they should not be required to respond to RETI's proposed Joint Stipulation and further request the Court to deny RETI's Joint Stipulation in its entirety.

Dated:  July 29, 2015                    GORDON & REES LLP

                                         _/S/ KIMBERLY D. HOWATT_
                                         Jeffrey D. Cawdrey
                                         Kimberly D. Howatt
                                         Andrew J. Moon
                                         Attorneys for Plaintiff and
                                         Counterdefendant REAL ESTATE
                                         TRAINING INTERNATIONAL,
                                         LLC and Crossdefendant
                                         ARMANDO MONTELONGO

Dated:  July 29, 2015                    AKERMAN LLP

                                         _/S/ DRAFT_
                                         Karen Palladino Ciccone
                                         Clint Corrie
                                         David A. Meek, II
                                         Attorneys for Defendants
                                         THE NICK VERTUCCI
                                         COMPANIES and NICK VERTUCCI

## SIGNATURE CERTIFICATION

I hereby certify that the content of this document is acceptable to Clint Corrie, counsel for Defendants THE NICK VERTUCCI COMPANIES and NICK VERTUCCI, and that I have obtained Defendants' counsel's authorization to affix his electronic signature to this document.

Dated:  July 29, 2015                    GORDON & REES LLP

                                         _/S/ KIMBERLY D. HOWATT_
                                         Jeffrey D. Cawdrey
                                         Kimberly D. Howatt
                                         Andrew J. Moon
                                         Attorneys for Plaintiff and
                                         Counterdefendant REAL ESTATE
                                         TRAINING INTERNATIONAL,
                                         LLC and Crossdefendant
                                         ARMANDO MONTELONGO