# EXHIBIT 1

**AKERMAN LLP**
KAREN PALLADINO CICCONE (SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CLINT A. CORRIE (*Admitted Pro Hac Vice*)
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

Attorneys for Defendants
*The Nick Vertucci Companies, Inc. and Nick Vertucci*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. et al,<br><br>    *Defendants.* | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford<br>Courtroom 10D<br><br>**NICK VERTUCCI'S OBJECTIONS AND ANSWERS TO REAL ESTATE TRAINING INTERNATIONAL, LLC'S INTERROGATORIES (SET ONE)**<br><br>Trial Date:    September 29, 2015<br>SAC Filed:    June 17, 2014<br>FAC Filed:    March 7, 2014<br>Complaint Filed:    January 16, 2014 |

//
//
//

{32172552;1}    1    CASE NO. SACV14-00546 AG (DFMx)
NICK VERTUCCI'S OBJECTIONS AND ANSWERS TO
REAL ESTATE TRAINING INTERNATIONAL, LLC'S INTERROGATORIES (SET ONE)

Pursuant to FED. R. CIV. P. 26 and 33, Defendant/Counter-Plaintiff, Nick Vertucci ("Vertucci"), by and through his undersigned counsel, hereby submits his Objections and Answers to Plaintiff/Counter-Defendant, Real Estate Training International, LLC's ("RETI") Interrogatories to Nick Vertucci (Set One).

## GENERAL OBJECTIONS

1. Nick Vertucci ("Vertucci") objects to Real Estate Training International, LLC's First Set of Interrogatories to the Nick Vertucci ("Interrogatories") to the extent they are vague, overly broad, duplicative, unduly burdensome, or oppressive.

2. Vertucci objects to the Interrogatories to the extent they call for information already within RETI's possession, or that is a matter of public record, publicly available, or otherwise available to RETI, including but not limited to information in the possession, custody, or control of third parties.

3. Vertucci objects to the Interrogatories to the extent the information sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome and/or less costly.

4. Vertucci objects to the Interrogatories to the extent that the information sought is beyond the scope of the claims and defenses at issue in this matter.

5. Vertucci objects to the Interrogatories to the extent they call for the disclosure of any information that constitutes, reflects, or reveals any confidential attorney-client communications or any other such communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which Vertucci is entitled by law. To the extent such information is provided by Vertucci, its disclosure is inadvertent and shall not constitute a waiver of this objection or any applicable protection.

6. Vertucci objects to the Interrogatories to the extent that the requested information is not within Vertucci's custody, possession and/or control or is already in RETI's possession, custody or control, or RETI already has equal access.

7. Vertucci objects to the Interrogatories to the extent that the individual interrogatories contain distinct subparts that are not listed as separate interrogatories. To the extent that interrogatories include distinct lines of inquiry, Vertucci will count each subpart as a distinct interrogatory and apply each subpart towards the presumptive limit of 25 written interrogatories permitted by the Rule 33, Federal Rules of Civil Procedure.

8. Vertucci objects to all interrogatories that state "all" facts supporting a claim, etc. The Answer and Counterclaim set forth the facts giving Plaintiff and Counter-Defendants notice of the claims. Defendants are not required to provide a narrative answer marshalling "all" facts in response to interrogatories.

9. The foregoing General Objections are hereby incorporated into each of the responses below and each interrogatory is answered subject to and without waiver of these general objections.

## OBJECTIONS AND ANSWERS

### INTERROGATORY NO. 1:

Please IDENTIFY all facts RELATING TO YOUR Count I for "Tortious Interference with Contract" as asserted in YOUR COUNTERCLAIMS.

### ANSWER:

Vertucci objects to this interrogatory in that it requests the identification of "all" facts relating to a specific contention of Vertucci in his Second Amended Counterclaims ("Counterclaims") as overbroad, repetitive, and harassing. The facts supporting the claims are identified in the SACC. Notwithstanding the foregoing objections, Montelongo tortiously interfered with Vertucci and NVC's joint venture with Fernandez, terminated RETI's relationship with NVC and Vertucci for personal financial reasons to insert himself into the Fernandez–Vertucci joint venture and then wrongfully prevented Fernandez from having contact with Vertucci and held onto

monies owed Vertucci for 6 months to further interfere with and inhibit Vertucci's ability to conduct business.

**INTERROGATORY NO. 2:**

Please IDENTIFY all facts RELATING TO YOUR Count III for "Breach of Oral Contract" as asserted in YOUR COUNTERCLAIMS.

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in a legal claim of his Counterclaims as overbroad, repetitive, and harassing. Notwithstanding the foregoing, Vertucci is entitled to damages in the amount of $1,000 per BU for cash-flow seminars between April 2012 and August 28, 2013, because that is the value of his services as agreed to between NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking services. Montelongo reneged on that agreement breaching it and later fraudulently induced Vertucci and NVC to continue under a different arrangement by making the false promise to not interfere with the operations of NVC/Vertucci's joint venture with Fernandez at RETI-sponsored seminars- the remaining source of revenue for Vertucci and NVC to get paid from his speaking and teaching of cash-flow properties.

**INTERROGATORY NO. 3:**

Please IDENTIFY all facts RELATING TO YOUR Count IV for "Fraudulent Inducement to Agree to Forbearance/Contract" as asserted in YOUR COUNTERCLAIMS.

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in a legal claim of his Counterclaims as overbroad, repetitive, and harassing. Notwithstanding the foregoing, Vertucci is entitled to damages in the amount of $1,000 per BU for cash-flow seminars between April 2012 and August 28, 2013, because that is the value of his services as agreed to

between NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking services. Montelongo reneged on that agreement breaching it and later fraudulently induced Vertucci and NVC to continue under a different arrangement by making the false promise to not interfere with the operations of NVC/Vertucci's joint venture with Fernandez at RETI-sponsored seminars- the remaining source of revenue for Vertucci and NVC to get paid from his speaking and teaching of cash-flow properties. Additionally, *see* Objections and Answer to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

Please IDENTIFY all facts RELATING TO YOUR Count V for "Quantum Meruit" as asserted in YOUR COUNTERCLAIMS.

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in a legal claim of his Counterclaims as overbroad, repetitive, and harassing. Notwithstanding the foregoing, Vertucci is entitled to damages in the amount of $1,000 per BU for cash-flow seminars between April 2012 and August 28, 2013, because that is the value of his services as agreed to between NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking services. Quantum meruit, as Plaintiff knows, is an alternative legal theory for the recovery of goods or services rendered even absent a formal contract. While Vertucci contends he did have an oral contract supported by consideration for his speaking and teaching services, in the event a formal contract is not found by the Court or jury, he is entitled to the reasonable value of services performed and not paid by Counter-Defendants. Beyond that, this is an improper subject for an interrogatory in that it asks a fact witness to prove a legal assertion.

**INTERROGATORY NO. 5:**

Please IDENTIFY all facts RELATING TO YOUR Count VII for "Theft of Services" as asserted in YOUR COUNTERCLAIMS.

//

**ANSWER:**

The facts supporting the claim are asserted in the SACC and in Count VII so the request for the facts is duplicative, overbroad, repetitive, and harassing. Subject to the objections and without waiving the same, RETI and Montelongo received valuable teaching and speaking services, they knew that Vertucci and NVC expected to be paid, they misled them and made false promises of alternative forms of payment and then they did not pay Vertucci and NVC through the alternative means of payment. Accordingly, Counter-Defendants secured Vertucci and NVC's services under false pretenses and failed to pay Vertucci for the reasonable value of those services.

**INTERROGATORY NO. 6:**

Please IDENTIFY all facts RELATING TO YOUR Count VIII for "Declaratory Judgment" as asserted in YOUR COUNTERCLAIMS.

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in Count VIII of its Counterclaims as overbroad, repetitive and harassing. Vertucci further objects to this interrogatory in that it seeks a legal conclusion from a fact witness. Notwithstanding the foregoing, Vertucci states that the Agreement lacks consideration, it was signed in July 2013 and backdated under protest to January 1, 2010 by Andy Moon, is not ancillary to an otherwise enforceable agreement, and is overbroad in geographic scope and time. The declaratory judgment claim seeks to review its enforceability under both California and Texas law. The facts supporting the legal claims are set forth in the SACC; the remainder of the interrogatory seeks a legal conclusion from a fact witness.

**INTERROGATORY NO. 7:**

Please IDENTIFY all facts RELATING TO YOUR first affirmative defense in YOUR ANSWER, that "Plaintiff's contract with Defendants fails for lack of consideration."

//

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific legal contention of Vertucci as overbroad, repetitive, and harassing. The interrogatory clearly is asking a fact witness for a legal opinion. Notwithstanding the foregoing, factually Vertucci did not receive any benefits including compensation, or by way of training or learning that he did not already have before ever working with Plaintiff and Counter-defendants, and he did not receive any "confidential information" that rendered any benefits under the agreement to Defendants.

**INTERROGATORY NO. 8:**

Please IDENTIFY all facts RELATING TO YOUR second affirmative defense in YOUR ANSWER, that "Plaintiff's contract fails because conditions precedent have not been met."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific legal contention of Vertucci as overbroad, repetitive, and harassing. The interrogatory clearly is asking a fact witness for a legal opinion. Notwithstanding the foregoing, factually Vertucci did not receive any compensation or "confidential information" that rendered any benefits under the agreement to Defendants.

**INTERROGATORY NO. 9:**

Please IDENTIFY all facts RELATING TO YOUR fifth affirmative defense in YOUR ANSWER, that "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff is making false accusations and unfairly using the legal process to unfairly thwart legal competition.

**ANSWER:**

Vertucci objects to this interrogatory in that it requests the identification of "all" facts relating to a specific legal defense in his Counterclaims as overbroad, repetitive

and harassing. The facts supporting the claims are identified in the SACC. Notwithstanding the foregoing objections, the facts supporting the contention that Montelongo, using the Plaintiff as his alter ego, committed several acts designed to harm Vertucci including breaching his compensation agreement, back dating a restrictive covenant agreement which Vertucci was required to sign or be terminated, making false statements about Vertucci' compensation from alternative sources, not paying him for his speaking and teaching services, and Montelongo tortiously interfering with Vertucci and NVC's joint venture with Fernandez, terminating RETI's relationship with NVC and Vertucci for personal financial reasons to insert himself into the Fernandez-Vertucci joint venture and then wrongfully preventing Fernandez from having contact with Vertucci and holding onto monies owed Vertucci for 6 months to further interfere with and inhibit Vertucci's ability to conduct business and earn a living.

**INTERROGATORY NO. 10:**

Please IDENTIFY all facts RELATING TO YOUR eleventh affirmative defense in YOUR ANSWER, that "the Agreement fails because it is unenforceable because it is not ancillary to another agreement."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific legal contention of Vertucci as overbroad, repetitive, and harassing. the interrogatory clearly is asking a fact witness a legal opinion. Notwithstanding the foregoing, factually Vertucci did not receive any benefits by way of training or learning that he did not already have before ever working with Plaintiff and counter-defendants by signing the agreement, the agreement was wrongfully back-dated, Vertucci was threatened with immediate termination if he did not sign the agreement, and he did not receive any "confidential information" that rendered any benefits under the agreement to Defendants. There was not another enforceable agreement signed in connection with the unenforceable Vendor Agreement.

**INTERROGATORY NO. 11:**

Please IDENTIFY all facts RELATING TO YOUR twelfth affirmative defense in YOUR ANSWER, that "the Agreement fails because it imposes a greater restraint than necessary to protect the goodwill or other business interest of Plaintiff."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific legal contention of Vertucci as overbroad, repetitive, and harassing. The interrogatory clearly is asking a fact witness for a legal opinion. Notwithstanding the foregoing, factually the agreement is overbroad as a matter of law on the basis of the agreement itself. The facts supporting it include Plaintiff's selectively enforcing agreements like this one when employees or contractors leave Plaintiff for other jobs in the real estate seminar business.

**INTERROGATORY NO. 12:**

Please IDENTIFY all facts RELATING TO YOUR thirteenth affirmative defense in YOUR ANSWER, that "Plaintiff's alleged contract with Defendants is void as it was fraudulently induced under duress and contains false effective dates."

**ANSWER:**

*See* Objections and Responses to Interrogatory Nos. 6 and 10.

**INTERROGATORY NO. 13:**

Please IDENTIFY all facts RELATING TO YOUR fifteenth affirmative defense in YOUR ANSWER, that "Any statements that Plaintiff alleges Defendants made with regard to Plaintiff's business were based on truth, publically available information and/or opinion[n] *[sic]*."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific legal contention of Vertucci as overbroad, repetitive, and harassing. The interrogatory clearly is asking a fact witness for a legal opinion. To the extent Plaintiff claims that Defendants made disparaging remarks about them,

Defendants will respond that any such comments were subject to free speech, were based on truth or otherwise opinion.

**INTERROGATORY NO. 14:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 54 of YOUR COUNTERCLAIMS that "There was a valid joint venture agreement between Fernandez and Sabatino, d/b/a NV Acquisition Management, L.L.C., and Vertucci and The Nick Vertucci Companies, Inc., on the other hand."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific legal contention of Vertucci as overbroad, repetitive, and harassing. The interrogatory clearly is asking a fact witness for a legal opinion. The facts supporting the joint venture agreement are set forth in Paragraph 54, and elsewhere, of the SACC and are supported by numerous documents showing an ongoing enterprise to purchase, rehab, rent, and sell cash-flow properties, to split profits and losses and share expenses.

**INTERROGATORY NO. 15:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 69 of YOUR COUNTERCLAIMS that "Vertucci and RETI had a valid agreement governing the payment for Vertucci's services for speaking at RETI-sponsored seminars."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in Paragraph 69 of its Counterclaims as overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 69, and elsewhere, of the SACC. Notwithstanding the foregoing, both Defendants, as well as Plaintiff, will have records showing that Vertucci was paid $1,000 per BU for cash-flow events beginning in late 2009, early 2010, shortly after he began working with AMS and RETI and RETI accepted the speaking services and

compensated Vertucci accordingly. RETI accepted these services and continued to schedule Vertucci and NVC to speak at its sponsored cash-flow events, and readily accepted the benefits thereof.

**INTERROGATORY NO. 16:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 69 of YOUR COUNTERCLAIMS that "Vertucci gave up other income opportunities he had, based on this agreement."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of his Counterclaims as overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 69, and elsewhere, of the SACC. However, subject to these objections and without waiving the same, Vertucci was purchasing cash flow properties, and selling cash flow properties, before he ever met Montelongo; had a radio show where he focused on purchasing cash flow properties, made sales to callers to the show, as well as being a featured speaker with other real estate seminar programs. He gave up some of those opportunities and/or let them go dormant when he began getting involved with RETI and AMS events and as the cash-flow properties of the Vertucci-Fernandez portfolio grew, Vertucci had less time to spend on other income opportunities.

**INTERROGATORY NO. 17:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 70 of YOUR COUNTERCLAIMS that "RETI breached that agreement."

**ANSWER:**

This interrogatory has been already asked several different times in several different ways. See Objections and responses to interrogatory No. 2.

**INTERROGATORY NO. 18:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 70 of YOUR COUNTERCLAIMS that "Montelongo breached that agreement."

**ANSWER:**

This interrogatory has been already asked several different times in several different ways. *See* Objections and responses to interrogatory No. 2

**INTERROGATORY NO. 19:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 106 of YOUR COUNTERCLAIMS that YOU "are entitled to damages for the reasonable value of its *[sic]* speaking and teaching services."

**ANSWER:**

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in Paragraph 106 of his Counterclaims as overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 106, and elsewhere, of the SACC. Notwithstanding the foregoing, both Defendants, as well as Plaintiff, will have records showing that Vertucci was paid $1,000 per BU for cash-flow events beginning in 2009 shortly after he began working with AMS and RETI and RETI accepted the speaking services and compensated Vertucci accordingly. RETI accepted these services and continued to schedule Vertucci and NVC to speak at its sponsored cash-flow events, and readily accepted the benefits thereof. RETI paid Vertucci and NVC $1,000 per BU for cash-flow events demonstrate Counter-Defendant had reasonable notice Vertucci and NVC expected to be paid. NVC, through Vertucci, also complained when Montelongo reneged on that agreement.

Dated: May 26, 2015

**AKERMAN LLP**

By: /s/ Karen Palladino Ciccone
Karen Palladino Ciccone
Clint A. Corrie
Attorneys for Defendants The Nick Vertucci Companies, Inc. and Nick Vertucci

## DECLARATION

I, Nick Vertucci, hereby declare that I have read the responses to Real Estate Training International, LLC's Interrogatories (Set One) and that the responses are true and correct to the best of my knowledge and information.

I declare under the penalty of perjury, under the laws of the United States of America, pursuant to 28 U.S.C. §1746(1), that the foregoing is true and correct.

_____
Nick Vertucci

# PROOF OF SERVICE

I am employed in the City of Dallas and County of Dallas, Texas. I am over the age of 18 and not a party to the within action. My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

On **May 26, 2015**, I served the following document(s):

**NICK VERTUCCI'S OBJECTIONS AND ANSWERS TO REAL ESTATE TRAINING INTERNATIONAL, LLC'S INTERROGATORIES (SET ONE)**

on the persons below as follows:

| Attorney | Telephone/Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq.<br>Education Management Services, LLC<br>2935 Thousand Oaks Dr., #6-285<br>San Antonio, TX 78247 | Telephone: 210-501-0077<br>Facsimile: 210-568-4493<br>andrew.j.moon@gmail.com<br>andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq.<br>Kimberly D. Howatt, Esq.<br>Gordon & Rees LLP<br>633 W. 5th Street, 52nd Floor<br>Los Angeles, CA 90017 | Telephone: 213.576.5000<br>Facsimile: 213.680.4470<br>jcawdrey@gordonrees.com<br>khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Dallas, Texas.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

| | | |
|---|---|---|
| ☐ | | (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover. |
| ☐ | | (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| ☐ | | (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| ☐ | | (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se." |
| ☐ | (State) | I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct. |
| ☒ | (Federal) | I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. |

Executed on **May 26, 2015**, at Dallas, Texas.

_____          _____
       Clint A. Corrie                              (Signature)
   (Type or print name)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{32172552;1}                        2                   CASE NO. SACV14-00546 AG (DFMx)
                              PROOF OF SERVICE