# EXHIBIT 2

1
2
3
4

**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38ᵗʰ Floor
Los Angeles, California 90017-5433
Telephone:  (213) 688-9500
Facsimile:  (213) 627-6342

5
6
7
8
9

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339

10

Attorneys for Defendants The Nick Vertucci
Companies and Nick Vertucci.

11

UNITED STATES DISTRICT COURT

12

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

14
15
16

REAL ESTATE TRAINING
INTERNATIONAL, LLC,

             Plaintiff,

17

v.

18
19

THE NICK VERTUCCI COMPANIES,
INC. and NICK VERTUCCI,

20

             Defendants.

Case No. 8:14-cv-00546-AG-DFMx

Assigned to Hon. Andrew J. Guilford
Courtroom 10D

**THE NICK VERTUCCI
COMPANIES, INC.'S OBJECTIONS
AND ANSWERS TO REAL ESTATE
TRAINING INTERNATIONAL,
LLC'S INTERROGATORIES (SET
ONE)**

25

//

26
27

//

28

{31126608;3}

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, THE NICK VERTUCCI COMPANIES, INC. ("Responding Party" or "NVC") hereby responds to REAL ESTATE TRAINING INTERNATIONAL, LLC's ("Propounding Party" or "RETI") Interrogatories (Set One) as follows:

## GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    The Nick Vertucci Companies, Inc. ("NVC") objects to Real Estate Training International, LLC's First Set of Interrogatories to the Nick Vertucci Companies, Inc. ("Interrogatories") to the extent they are vague, overly broad, duplicative, unduly burdensome, or oppressive.

2.    NVC objects to the Interrogatories to the extent they call for information already within RETI's possession, or that is a matter of public record, publicly available, or otherwise available to RETI, including but not limited to information in the possession, custody, or control of third parties.

3.    NVC objects to the Interrogatories to the extent the information sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome and/or less costly.

4.    NVC objects to the Interrogatories to the extent that the information sought is beyond the scope of the claims and defenses at issue in this matter.

5.    NVC objects to the Interrogatories to the extent they call for the disclosure of any information that constitutes, reflects, or reveals any confidential attorney-client communications or any other such communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or restriction on disclosure to which NVC is entitled by law.  To the extent such information is provided by NVC, its disclosure is inadvertent and shall not constitute a waiver of this objection or any applicable protection.

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

6.      NVC objects to the Interrogatories to the extent that the requested information is not within NVC's custody, possession and/or control or is already in RETI's possession, custody or control, or RETI already has equal access.

7.      NVC objects to the Interrogatories to the extent that the individual interrogatories contain distinct subparts that are not listed as separate interrogatories. To the extent that interrogatories include distinct lines of inquiry, NVC will count each subpart as a distinct interrogatory and apply each subpart towards the presumptive limit of 25 written interrogatories permitted by the Rule 33, Federal Rules of Civil Procedure.

8.      NVC objects to all interrogatories that state "all" facts supporting a claim, etc.  The Answer and Counterclaim set forth the facts giving Plaintiff and Counter-Defendants notice of the claims.  Defendants are not required to provide a narrative answer marshalling "all" facts in response to interrogatories.

9.      The foregoing General Objections are hereby incorporated into each of the responses below and each interrogatory is answered subject to and without waiver of these general objections.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 75 of YOUR COUNTERCLAIMS that "Montelongo falsely promised Vertucci that Vertucci could continue profiting from the sale of the Vertucci-Fernandez NV Properties by having access to the students at the RETI seminars."

**RESPONSE TO INTERROGATORY NO. 1:**

NVC objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of NVC in Paragraph 75 of its Second Amended Counterclaims ("Counterclaims") as overbroad, repetitive and harassing. Notwithstanding the foregoing objections, specific facts supporting this claim are set

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

forth in Paragraph 75 of and elsewhere of the Second Amended Counterclaim ("SACC"). Subject to the foregoing objections and without waiving the same, Montelongo told NVC and Vertucci that he could no longer pay Vertucci $1,000 per business unit ("BU") in exchange for his speaking and teaching services. Vertucci protested to Montelongo reneging on his prior promise to pay him $1000 per BU and Vertucci told Montelongo he could not work for free. Montelongo falsely promised Vertucci that if Vertucci agreed to continue speaking at seminars without receiving $1,000 per BU, Montelongo would assure Vertucci that he would make up his lost income in the sale of cash-flow properties through the joint venture with Giovanni Fernandez ("Fernandez"). After making this promise, Montelongo tortiously interfered with Vertucci and NVC's joint venture with Fernandez and terminated RETI's relationship with NVC and Vertucci.

## INTERROGATORY NO. 2:

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 75 of YOUR COUNTERCLAIMS that "Montelongo agreed not to interfere with the joint venture."

## RESPONSE TO INTERROGATORY NO. 2:

NVC objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of NVC in Paragraph 75 of its Counterclaims as overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 75 of the SACC. Notwithstanding the foregoing objections, see the Response to Interrogatory No. 1

## INTERROGATORY NO. 3:

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 76 of YOUR COUNTERCLAIMS that "These promises by Montelongo promising were false when made or recklessly made by Montelongo without regard to their truth or falsity, at the time they were made."

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL. (213) 688-9500 – FAX: (213) 627-6342

**RESPONSE TO INTERROGATORY NO. 3:**

NVC objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of NVC in Paragraph 76 of its Counterclaims as overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 75 of and elsewhere in the SACC. Notwithstanding the foregoing objections, NVC states that when Montelongo advised NVC and Vertucci that Vertucci could make up his lost income from the $1000 per BU payments through the continued sales of Vertucci-Fernandez cash-flow properties to RETI-seminar students he had no intention of keeping that promise. Montelongo's actions in subsequently forcing a backdated restrictive covenant agreement on Defendants, then terminating Vertucci and NVC, within several weeks of the agreement, along with his almost immediate tortious interference with the joint venture between Vertucci, NVC, and Fernandez directly contradicting prior statements to Vertucci.

**INTERROGATORY NO. 4:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 79 of YOUR COUNTERCLAIMS that "As a result of the fraudulent inducement of his agreement with Vertucci, Vertucci has been substantially harmed and damaged in an amount not less than $500,000."

**RESPONSE TO INTERROGATORY NO. 4:**

NVC objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of NVC in Paragraph 79 of its Counterclaims as overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 75 of and elsewhere in the SACC . Because Defendants agreed to give up income for their speaking and teaching fees that were otherwise owed to them, in exchange for a promise that they would make up the income through the sale of cash-flow properties, Defendants have been damaged in an amount estimated at $500,000, based on estimates of attendees of cash-flow events after Counter-Defendants' termination of the $1,000 per BU compensation agreement. Documents showing the

1  number of BUs for events at which Vertucci and NVC provided speaking services and

2  those at which Vertucci and NVC would have provided speaking services if not for his

3  improper termination, are in the possession of several parties, including

4  Counter-Plaintiff, Counter-Defendants and third parties.

5  **INTERROGATORY NO. 5:**

6  Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 83

7  of YOUR COUNTERCLAIMS that "Vertucci and The Nick Vertucci Companies

8  designed a speaking training course, with materials for RETI, and provided valuable

9  speaking, teaching and training services to RETI."

10  **RESPONSE TO INTERROGATORY NO. 5:**

11  NVC objects to this interrogatory requesting the identification of "all" facts

12  relating to a specific contention of NVC in Paragraph 83 of its Counterclaims as

13  overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in

14  Paragraph 83 of and elsewhere in the SACC . Notwithstanding the foregoing, NVC

15  states that not only did Montelongo and RETI request that Vertucci prepare training

16  materials for cash-flow events at RETI-sponsored seminars, but Vertucci already had

17  such materials he developed since he had spoken about, and taught students how to

18  purchase cash-flow properties before he met Montelongo. Vertucci did prepare the

19  cash-flow event materials and prepared the content of the curriculum and for the cash-

20  flow events of the bus tours.

21  **INTERROGATORY NO. 6:**

22  Please IDENTIFY all facts DOCUMENTS RELATING TO YOUR contention

23  in paragraph 84 of YOUR COUNTERCLAIMS that "RETI accepted the valuable

24  speaking, teaching and training services provided by Vertucci and The Nick Vertucci

25  Companies, along with course materials."

26  **RESPONSE TO INTERROGATORY NO. 6:**

27  NVC objects to this interrogatory requesting the identification of "all" facts

28  relating to a specific contention of NVC in Paragraph 84 of its Counterclaims as

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 84, and elsewhere, of the SACC. Notwithstanding the Vertucci was paid $1,000 per BU for cash-flow events beginning in 2009 shortly after he began working with AMS and RETI and RETI accepted the speaking services and compensated Vertucci accordingly. RETI accepted these services and continued to schedule Vertucci and NVC to speak at its sponsored cash-flow events, and readily accepted the benefits thereof.

**INTERROGATORY NO. 7:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 85 of YOUR COUNTERCLAIMS that "RETI had reasonable notice that Counter-Plaintiffs expected compensation for their speaking and teaching services."

**RESPONSE TO INTERROGATORY NO. 7:**

NVC objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of NVC in Paragraph 85 of its Counterclaims as overbroad, repetitive and harassing. Specific facts supporting the claim are set forth in Paragraph 85, and elsewhere, of the SACC. Notwithstanding the foregoing, that RETI paid Vertucci and NVC $1,000 per BU for cash-flow events demonstrates Counter-Defendant had reasonable notice Vertucci and NVC expected to be paid. NVC, through Vertucci, also complained when Montelongo reneged on that agreement.

**INTERROGATORY NO. 8:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 100 of YOUR COUNTERCLAIMS that "the non-circumvention, or alleged non-competition provision, of the backdated Vendor Agreement is void as against public policy."

**RESPONSE TO INTERROGATORY NO. 8:**

NVC objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of NVC in Paragraph 100 of its Counterclaims as overbroad, repetitive and harassing. NVC further objects to this interrogatory in that it

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   seeks a legal conclusion from a fact witness. Notwithstanding the foregoing, NVC

2   states that the Agreement lacks consideration, it was signed in July 2013 and backdated

3   under protest, is not ancillary to an otherwise enforceable agreement, and is overbroad

4   in scope and time.

5   **INTERROGATORY NO. 9:**

6          Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 101

7   of YOUR COUNTERCLAIMS that "the backdated Vendor Agreement's non-

8   circumvention, or alleged non-competition provision is a violation of Texas law as an

9   unreasonable restraint against trade."

10  **RESPONSE TO INTERROGATORY NO. 9:**

11         NVC directs RETI's attention to its objections and responses to Interrogatory

12  No. 8. The facts supporting the legal claims are set forth in the SACC; the remainder of

13  the interrogatory seeks a legal conclusion from a fact witness. The backdated

14  agreement is a fact that is documented.

15  **INTERROGATORY NO. 10:**

16         Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 103

17  of YOUR COUNTERCLAIMS that YOU "are entitled to damages resulting from the

18  loss of the agreed $1,000 per BU for cash flow seminars between April 2012 and

19  August 28, 2013."

20  **RESPONSE TO INTERROGATORY NO. 10:**

21         NVC objects to this interrogatory requesting the identification of "all" facts

22  relating to a specific contention of NVC in Paragraph 103 of its Counterclaims as

23  overbroad, repetitive, and harassing. Notwithstanding the foregoing, NVC is entitled to

24  damages in the amount of $1,000 per BU for cash-flow seminars between April 2012

25  and August 28, 2013, because that is the value of his services as agreed to between

26  NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking

27  services. Montelongo reneged on that agreement and later fraudulently induced

28  Vertucci and NVC to continue under a different arrangement by making the fraudulent

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

promise to not interfere with the operations of NVC/Vertucci's joint venture with Fernandez at RETI-sponsored seminars, the remaining source of revenue for Vertucci and NVC to get paid from his speaking and teaching of cash-flow properties.

**INTERROGATORY NO. 11:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 104 of YOUR COUNTERCLAIMS that YOU "are entitled to damages resulting from the money withheld by and under the direction of Counter-Defendants for the NV Properties for six months."

**RESPONSE TO INTERROGATORY NO. 11:**

NVC objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of NVC in Paragraph 104 of its Counterclaims as overbroad, repetitive, and harassing. Facts supporting the claim are set forth in Paragraph 104 and elsewhere in the SACC. Notwithstanding the foregoing, NVC, through Vertucci, had over $1.1 million committed to investment in new cash-flow property inventory for the joint venture with Fernandez. Upon NVC and Vertucci's termination, Montelongo, either individually or through RETI, instructed Fernandez to withhold any sums owed to Vertucci and NVC in relation to the joint venture between them, while Montelongo's lawyers tried to get Vertucci and NVC to sign a release of liability agreement. Vertucci not only lost interest on that money withheld for six (6) months, but also had to incur attorneys' fees to get his own money back. The withholding of these sums for a period of six months harmed Vertucci and NVC in the form of lost interest, lost opportunity costs, legal costs, and otherwise.

**INTERROGATORY NO. 12:**

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 105 of YOUR COUNTERCLAIMS that YOU "are entitled to damages resulting from the loss of interest on the money Vertucci raised or borrowed to support the NV Properties' portfolio (approximately $1 million) for approximately six (6) months."

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   **RESPONSE TO INTERROGATORY NO. 12:**

2       *See* objections and responses to Interrogatory No. 11.

3   **INTERROGATORY NO. 13:**

4       Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 107

5   of YOUR COUNTERCLAIMS that YOU "are entitled to damages resulting from the

6   loss of Canadian clientele interested in purchasing property in Orlando, Florida."

7   **RESPONSE TO INTERROGATORY NO. 13:**

8       NVC objects to this interrogatory requesting the identification of "all" facts

9   relating to a specific contention of NVC in paragraph 107 of its counterclaims as

10  overbroad, repetitive, and harassing. Facts supporting the claim are set forth in

11  paragraph 107 and elsewhere in the SACC. Notwithstanding the foregoing, Vertucci

12  informed Montelongo about the opportunity to sell cash-flow properties to Canadian

13  citizens looking to invest in U.S. real estate; Vertucci offered the opportunity to

14  Montelongo to participate in those transactions and Montelongo declined. Vertucci and

15  NVC outlaid cash for a bus tour, hotels, equipment, cash-flow material, etc. for an

16  event that was planned for Orlando, Florida, only to have Montelongo interfere with

17  Vertucci's joint venture with Fernandez. As a result of his interference, Vertucci had to

18  return money that individual buyers had deposited for the sale of cash-flow properties,

19  and he had to eat the costs of his out-of-pocket expenses.

20  **INTERROGATORY NO. 14:**

21      Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 108

22  of YOUR COUNTERCLAIMS that YOU "are entitled to damages owed Vertucci for

23  the 80-100 properties in its NV Properties portfolio at the time that Vertucci was

24  terminated, and Counter-Defendants interfered with his joint venture with Fernandez."

25  **RESPONSE TO INTERROGATORY NO. 14:**

26      NVC objects to this interrogatory requesting the identification of "all" facts

27  relating to a specific contention of NVC in Paragraph 105 of its Counterclaims as

28  overbroad, repetitive, and harassing. Notwithstanding the foregoing, NVC and Vertucci

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    were owed proceeds from the sale of properties that were in the Vertucci-Fernandez

2    NV Properties' portfolio at the time that Vertucci was terminated.

3    **INTERROGATORY NO. 15:**

4       Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 109

5    of YOUR COUNTERCLAIMS that YOU "are entitled to damages for the reasonable

6    value of sales and/or revenues from the NV Properties portfolio since approximately

7    August 2013 or the time of the interference."

8    **RESPONSE TO INTERROGATORY NO. 15:**

9       NVC objects to this interrogatory requesting the identification of "all" facts

10    relating to a specific contention of NVC in Paragraph 109 of its Counterclaims as

11    overbroad, repetitive, and harassing. NVC and Vertucci were owed at least $11,000.00,

12    net, per property sold out of the NV Properties portfolio, and more in instances where

13    Vertucci or NVC financed the purchase of the property. This business, through the

14    joint venture, existed for 4-5 years, and would have continued but for the interference

15    by RETI/Montelongo.

16    **INTERROGATORY NO. 16:**

17       Please IDENTIFY every employee or independent contractor that has receives

18    *[sic]* remuneration from YOU that has knowledge of facts RELATIVE TO YOUR

19    ANSWER.

20    **RESPONSE TO INTERROGATORY NO. 16:**

21       NVC objects to Interrogatory No. 16 as vague, ambiguous, overbroad and not

22    defined as to terms, time period, topic or scope. NVC objects to and cannot respond to

23    the Interrogatory as made. Subject to the foregoing and without waiving the same,

24    NVC's Answer does not depend on any "employee or independent contractor who

25    receives *[sic]* remuneration" from NVC.

26    //

27    //

28    //

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**INTERROGATORY NO. 17:**

Please IDENTIFY every employee or independent contractor that has receives *[sic]* remuneration from YOU that has knowledge of facts RELATIVE TO YOUR COUNTERCLAIMS.

**RESPONSE TO INTERROGATORY NO. 17:**

NVC objects to Interrogatory No. 17 as vague, ambiguous, and not defined as to terms, time period, topic or scope. Subject to the foregoing objections and without waiving the same, Montelongo, Fernandez, Sabatino, NV Acquisition and Chris Sanders all received compensation or remuneration from the joint venture between Vertucci and Fernandez and have knowledge relating to the Counterclaims. NVC had several employees who documented, kept records of property sales and other NVC property sales and projects, such as Vertucci's radio show, who may have some knowledge relevant to the Counterclaims.

**INTERROGATORY NO. 18:**

Please IDENTIFY any and all seminars companies with whom YOU have entered into a partnership, joint venture, independent contractor agreement, or services agreement between the dates of January 1, 2010, to present.

**RESPONSE TO INTERROGATORY NO. 18:**

Initially, Defendant objects to the date of the Interrogatory as not relevant to any issue in this case, and arbitrary.  January 1, 2010, is the backdated date of the Vendor Agreement; the Agreement was signed was in July 2013.  Therefore, prior to July 2013, NVC worked with RETI and AMS, but as a provider of speaking and teaching services. After July 2013, NVC worked with AMS/RETI as a "vendor" until August 28, 2013. After AMS/RETI terminated that agreement, NVC did not work as an independent contractor, joint venturer or under a "services agreement," with another company.

//

//

//

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**INTERROGATORY NO. 19:**

Please IDENTIFY any and all former and current employees or contractors of MONTELONGO, RETI, AMS, and/or their affiliates with whom YOU have had COMMUNICATIONS from August 1, 2013 through the present date.

**RESPONSE TO INTERROGATORY NO. 19:**

NVC objects to Interrogatory No. 19 as seeking information that is not relevant, nor reasonably calculated to lead to admissible evidence in that it seeks to know all former and current employees or contractors of Montelongo, RETI, AMS, and/or their affiliates that Vertucci has had "communications" with since August 1, 2013, without regard to the purpose, topic, or content of any "communications." Accordingly, the request is overly broad and not relevant to the case issues. The Interrogatory also seeks irrelevant information because there is no document or agreement that prohibits anyone, including NVC or Vertucci, from having any communications with someone who used to be associated with Montelongo, RETI, AMS, or any of its affiliates. As result, Interrogatory No. 19 is overbroad and seeks information that is not relevant to any claims or defenses at issue in this matter.

**INTERROGATORY NO. 20:**

Please IDENTIFY any and all former and current employees or contractors of MONTELONGO, RETI, AMS, and/or their affiliates with whom YOU have had entered an employment agreement from August 1, 2013 through the present date.

**RESPONSE TO INTERROGATORY NO. 20:**

NVC objects to Interrogatory No. 20 as seeking information that is not relevant, nor reasonably calculated to lead to admissible evidence in that it seeks to know all former and current employees or contractors of Montelongo, RETI, AMS, and/or their affiliates that NVC has entered employment agreements with since August 1, 2013, without regard to the purpose, topic, or content of the employment.  Therefore, the request is overly broad and seeks information not relevant to the case issues. Subject to

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   the foregoing objections, between August 28 , 2013 and January 1, 2014, the answer is
2   "none." After August 28, 2013, the Interrogatory seeks irrelevant information because
3   there is no document or agreement that prohibits anyone who used to be associated
4   with Montelongo, RETI, AMS, or any of its affiliates from being employed by another
5   company. Moreover, the interrogatory seeks information that is apparently already
6   available to Plaintiff since they have sued former contractors because they went to
7   work with NVC. As result, Interrogatory No. 20 is overbroad and seeks information
8   that is not relevant to any claims or defenses at issue in this matter and to the extent its
9   relevant at all, Plaintiff already has the information.

10  **INTERROGATORY NO. 21:**

11       Please IDENTIFY any and all former and current employees or contractors of
12  MONTELONGO, RETI, AMS, and/or their affiliates with whom YOU have had
13  entered an independent contractor agreement from August 1, 2013 through the present
14  date.

15  **RESPONSE TO INTERROGATORY NO. 21:**

16       NVC objects to Interrogatory No. 21 as seeking information that is not relevant,
17  nor reasonably calculated to lead to admissible evidence in that it seeks to know all
18  former and current employees or contractors of Montelongo, RETI, AMS, and/or their
19  affiliates that NVC has entered independent contractor agreements with since August 1,
20  2013, without regard to the purpose, topic, or content of the agreement and therefore
21  the request is overly broad and seeks information not relevant to the case issues.
22  Subject to the foregoing objections, between August 28, 2013 and January 1, 2014, the
23  answer is "none." After August 28, 2013, the Interrogatory seeks irrelevant information
24  because there is no document or agreement that prohibits anyone who used to be
25  associated with Montelongo, RETI, AMS, or any of its affiliates from being an
26  independent contractor with another company. Moreover, the interrogatory seeks
27  information that is apparently already available to Plaintiff, since they have sued
28  former contractors because they went to work with NVC. As result, Interrogatory

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  No. 21 is overbroad and seeks information that is not relevant to any claims or defenses
2  at issue in this matter and to the extent its relevant at all, Plaintiff already has the
3  information.

4  **INTERROGATORY NO. 22:**

5  Please state all current and former markets, locations, dates, times, and durations
6  that you have held or presented seminars, bus tours, or cash-flow sales between
7  August 1, 2013 to present.

8  **RESPONSE TO INTERROGATORY NO. 22:**

9  NVC objects to this interrogatory as overbroad and unduly burdensome and not
10 relevant to a material issue in the case. Where, including what cities and "markets,"
11 NVC has held or presented seminars, and the dates, times, and durations of those
12 seminars (1) has no relevance to any claims or defenses at issue in this matter; and (2)
13 plaintiff has no ownership or otherwise protectable rights to any market, location, dates
14 or times for conducting real estate seminars, is well aware that other real estate seminar
15 companies besides NVC conduct seminars in markets and cities wherever and
16 whenever they want to, with whom they want to, and they market to the same general
17 public that Plaintiff markets and advertises to so the Interrogatory seeks information
18 that is not relevant to any material issue and 3) the location of any seminars NVC has
19 held is a matter of public record, as are the locations where any other seminar company
20 has held events.

21 Dated: May 26, 2015                    Respectfully submitted,

22

23                                        **AKERMAN LLP**

24                                        By: _____

25                                        Karen P. Ciccone, Esq.
                                          Clint Corrie, Esq.
26                                        *Admitted Pro Hac Vice*
                                          Attorneys for Defendants The Nick
27                                        Vertucci Companies, Inc. and
                                          Nick Vertucci

28

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**THE NICK VERTUCCI COMPANIES, INC.'S OBJECTIONS AND ANSWERS TO
REAL ESTATE TRAINING INTERNATIONAL, LLC'S INTERROGATORIES (SET ONE)**

1

## **DECLARATION**

2

3

I, Nick Vertucci, on behalf of The Nick Vertucci Companies, Inc., hereby declare that I have read the responses to Real Estate Training International, LLC's Interrogatories (Set One) and that the responses are true and correct to the best of my knowledge and information.

4

5

6

I declare under the penalty of perjury, under the laws of the United States of America, pursuant to 28 U.S.C. §1746(1), that the foregoing is true and correct.

7

8

9

_____

Nick Vertucci

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PROOF OF SERVICE

   I am employed in the City of Dallas and County of Dallas, Texas.  I am over the age of 18 and not a party to the within action.  My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

   On **May 26 , 2015**, I served the following document(s):

**THE NICK VERTUCCI COMPANIES, INC.'S OBJECTIONS AND ANSWERS TO REAL ESTATE TRAINING INTERNATIONAL, LLC'S INTERROGATORIES (SET ONE)**

on the persons below as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq. Education Management Services, LLC 2935 Thousand Oaks Dr., #6-285 San Antonio, TX  78247 | Telephone:  210-501-0077 Facsimile:  210-568-4493 andrew.j.moon@gmail.com andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq. Kimberly D. Howatt, Esq. Gordon & Rees LLP 633 W. 5th Street, 52nd Floor Los Angeles, CA  90017 | Telephone:  213.576.5000 Facsimile:  213.680.4470 jcawdrey@gordonrees.com khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☒     (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Dallas, Texas.

☐     (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

725 S. FIGUEROA STREET, SUITE 3800 LOS ANGELES, CALIFORNIA 90017 TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State)   I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **May 26, 2015**, at Dallas, Texas.

_____          _____
          Clint A. Corrie                                              (Signature)
       (Type or print name)

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342