1  JEFFREY D. CAWDREY (SBN: 120488)
   KIMBERLY D. HOWATT (SBN: 196921)
2  BRITTANY L. McCARTHY (SBN: 285947)
   **GORDON & REES LLP**
3  633 W. Fifth Street, 52nd Floor
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5  jcawdrey@gordonrees.com
   khowatt@gordonrees.com
6
   ANDREW J. MOON (*Pro Hac Vice*)
7  **EDUCATION MANAGEMENT SERVICES, LLC**
   2935 Thousand Oaks Drive, Suite 6-285
8  San Antonio, TX 78247
   Telephone: (210) 501-0077
9  Facsimile: (210) 568-4493
   andym@teamarmando.com
10
   Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING
11 INTERNATIONAL, LLC and Crossdefendant ARMANDO MONTELONGO

12

13                    UNITED STATES DISTRICT COURT

14         CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

15

16 REAL ESTATE TRAINING              )  CASE NO. 8:14-cv-00546-AG-DFM
   INTERNATIONAL, LLC,               )
17                                   )  **PLAINTIFF'S EX PARTE**
                       Plaintiff,    )  **APPLICATION FOR AN ORDER**
18                                   )  **CLARIFYING THE DISCOVERY**
         v.                          )  **CUT-OFF DATE TO PERMIT**
19                                   )  **RESUBMISSION OF MOTION TO**
   THE NICK VERTUCCI COMPANIES,      )  **COMPEL, OR IN THE**
20 INC. and NICK VERTUCCI,           )  **ALTERNATIVE, LEAVE TO**
                                     )  **WITHDRAW AND RESUBMIT**
21                     Defendants.   )  **MOTION TO COMPEL;**
                                     )  **MEMORANDUM OF POINTS AND**
22 THE NICK VERTUCCI COMPANIES,      )  **AUTHORITIES IN SUPPORT**
   INC. and NICK VERTUCCI,           )  **THEREOF**
23                                   )
   Counterclaimants                  )  Dept.: Courtroom 10D
24                                   )  Judge: Hon. Andrew J. Guilford
         v.                          )
25                                   )
   REAL ESTATE TRAINING              )
26 INTERNATIONAL, LLC; ARMANDO       )
   MONTELONGO                        )
27                                   )
   Counterdefendant/Crossdefendant.  )
28                                   )

1  COME NOW, Plaintiff and counterdefendant Real Estate Training International, LLC and crossdefendant Armando Montelongo, Jr. (collectively "RETI") and hereby applies for an order confirming and clarifying the discovery cut-off date, thereby permitting RETI to withdraw, without prejudice, and resubmit its Joint Stipulation regarding a Motion to Compel responses to discovery. In the alternative, RETI requests leave of Court to withdraw the Joint Stipulation re: Motion to Compel (Dkt. 168) and resubmit it at a later date following the conclusion of its ongoing meet and confer efforts.

Good cause exists for this application, which will clarify the discovery deadlines following the amendment of the Scheduling Order, offer the parties an opportunity to resolve all or part of the pending discovery dispute without further expenditure of judicial resources, and, if ultimately necessary, allow the Court to address the substance of the pending motion instead of procedural issues.

RETI requests an order confirming that the effective discovery cut-off date corresponds with the non-party percipient deposition cut-off date of September 30, 2015. Specifically, RETI seeks to confirm that it may withdraw, without prejudice, and resubmit the Joint Stipulation on Motion to Compel (Dkt. 168) on the grounds that the RETI has correctly interpreted September 30, 2015, as the effective fact discovery cut-off, such that withdrawal and resubmission of the Joint Stipulation is proper. Since the crux of the opposition to such motion is Defendants' contention that meet and confer efforts were not sufficient, such would allow the parties to further meet and confer on the issues briefed. In the alternative, RETI requests leave of court to withdraw, without prejudice, and resubmit RETI's Joint Stipulation after the discovery cut-off. RETI has already furthered its meet and confer efforts (albeit ignored by Defendants).

Either course of action allows parties to continue meet and confer efforts in hopes of amicably resolving the dispute and, if unsuccessful, will allow the Court to address the substance of the motion instead of the alleged procedural defects.

RETI offers the following points and authorities in support of this application:

1. The initial Scheduling Order for this case set the Discovery Cut-Off for June 29, 2015. (Dkt. 48.)
2. On July 8, 2015, the Court held a status conference to address ex parte applications to amend discovery and trial dates as set forth in the Scheduling Order. (Dkt. 158)
3. The Court continued various dates, most notably for the purposes of this application, the Court modified the time for depositions based on categories of persons, and continued the trial date by approximately 2 ½ months.
   a. The cutoff for depositions of party and party-controlled witnesses was continued from June 29, 2015 to August 31, 2015;
   b. The cutoff for depositions of non-party controlled witnesses was continued from June 29, 2015 to September 30, 2015;
   c. The cut-off for expert discovery was continued to October 5, 2015;
   d. The Final Pretrial Conference was continued from September 14, 2015 to November 16, 2015; and,
   e. Trail was continued from September 29, 2015 to December 8, 2015. (Dkt. 158.)
4. The Court, in its amendment to the scheduling order, did not specifically identify a new "discovery cut-off" date; however, percipient depositions remain ongoing, some of which (non-party) depositions include corresponding document productions pursuant to subpoena. Expert discovery is also ongoing into October. Thus, the Court's Minute Order effectively allowed non-party discovery through September 30, 2015. Further, the deadline for hearing summary judgment motions was set for November 2, 2015. (Dkt. 158.)

///

5. Counsel for the Defendants (name, address, phone and email below to comply with L.R. 7-19), interpret the Court's order as permitting depositions to continue after the discovery cut off of June 29, 2015.

| AKERMAN LLP | SPACH, CAPALDI & WAGGAMAN, LLP |
| --- | --- |
| CLINT CORRIE | MADISON S. SPACH, JR. |
| *Admitted Pro Hac Vice* | Email: madison.spach@gmail.com |
| Email: clint.corrie@akerman.com | ANDREW D. TSU, SBN 246265 |
| 2001 Ross Avenue, Suite 2550 | Email: andrewtsu@gmail.com |
| Dallas, Texas 75201 | 4675 MacArthur Court, Suite 550 |
| Telephone: (214) 720-4300 | Newport Beach, California 92660 |
| Facsimile: (214) 981-9339 | Telephone: (949) 852-0710 |
|  | Fax: (949) 852-0714 |

6. As noted in Defendants' Opposition sections, at the time of filing RETI had not yet issued a writing on the topics raised in the Motion to Compel, though multiple discussions had taken place regarding Defendants' defective discovery responses. The parties had participated in several teleconferences prior to filing, most in an effort to reach an agreement on a variety of discovery issues and scheduling *including* Defendants' supplemental responses to discovery, such that Defendants should not have been surprised by the motion/Joint Stipulation.[1]

7. In an abundance of caution and to preserve its ability to move to compel responses, RETI filed its Joint Stipulation re: Motion to Compel on July 29, 2015. (Dkt. 168.)

8. RETI has since issued a substantive *written* correspondence in furtherance of its meet and confer efforts. (McCarthy Decl., ¶ 3, Exhibit "1.") In such correspondence, and others, RETI has repeatedly attempted to set a teleconference to discuss the letter; Defendants have outright ignored all such requests. (McCarthy Decl., ¶¶ 4, 6, and Exhibits 2 and 3.) Thus, Defendants are on one hand complaining about a lack of meet and confer discussions, and on the other, refusing to meet and confer. A grant of this

---

[1] On Monday, August 24, 2015 at 10:47 am, Pacific Standard Time, Mr. Clint Corrie informed counsel for RETI that Defendants intend to oppose this application. Declaration of Brittany L. McCarthy, ¶ 8 (advising Court of efforts to contact counsel pursuant to LR 7-19.1(b)).

1 application will allow the parties – and perhaps incentivize Defendants – to work to informally resolve these discovery issues.

9. It is a well-settled principle that a district court has broad discretion to manage its own calendar. *See, e.g., Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 165-66 (1936); *Mediterranean Enterprises, Inc. v. Ssangyong*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); *United States v. Batiste*, 868 F.2d 1089, 1091, n. 4 (9th Cir. Cal. 1989) (recognizing "the well settled principle that a district court has broad discretion to manage its own calendar."). Further, the Court has wide discretion in controlling discovery. *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. Cal. 1996) (*citing Little v. Seattle*, 863 F.2d 681 (9th Cir. Wash. 1988)). Accordingly, this Court may properly grant this application.

10. No party will be prejudiced by a grant of this motion, as discovery is ongoing, namely depositions of party witnesses, depositions and document productions of non-party witnesses, discovery/document supplementation under Fed. R. Civ. P. 26(e), and expert discovery. Moreover, motions for summary judgment are not due until the late September/early October timeframe. Certainly, Defendants could not claim that they would be prejudiced by either, 1) an opportunity to informally resolve RETI's challenges to its responses, or 2) being compelled to comply with its discovery obligations under the federal rules. RETI, on the other hand, would be prejudiced in that it would be precluded from further meeting and conferring on the issues in its pending motion to compel (as Defendants refuse to respond to such efforts), yet facing an opposition to its motion based predominantly on the procedural issue of sufficient meet and confer efforts (and not the substantive discovery requests). Further, both parties

would benefit from the clarification of the discovery cut-off date, as the interpretation urged by RETI may allow for additional discovery requests by both parties.

11. To continue to preserve its ability to move to compel responses to discovery and for the reasons set forth above, RETI seeks an order confirming the discovery cut-off date of September 30, 2015 and permitting withdrawal of the Joint Stipulation and allowing its resubmission as necessary after further meet and confer efforts.

12. In the alternative, RETI seeks leave of court to withdraw and resubmit the Joint Stipulation after further meet and confer efforts after the discovery cut off of June 29, 2015.

Respectfully submitted,

Dated:  August 24, 2015          GORDON & REES LLP

*/S/ BRITTANY MCCARTHY*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Brittany L. McCarthy
Attorneys for Plaintiff and
Counterdefendant REAL ESTATE
TRAINING INTERNATIONAL,
LLC and Crossdefendant
ARMANDO MONTELONGO

1096731/24700351v.1