# EXHIBIT 1

EXHIBIT 1

# Brittany McCarthy

| | |
|---|---|
| **From:** | Elizabeth Oakes |
| **Sent:** | Monday, August 17, 2015 3:27 PM |
| **To:** | clint.corrie@akerman.com; madison.spach@gmail.com |
| **Cc:** | karen.ciccone@akerman.com; Kimberly Howatt; Jeffrey Cawdrey; Brittany McCarthy |
| **Subject:** | Real Estate Training International, LLC, v The Nick Vertucci Companies, Inc. and Nick Vertucci // US District Court, Central District, Case No. 8:14-cv-00546-AG-DFM |
| **Attachments:** | 2015-08-17 RETI MEET AND CONFER LETTER.pdf |

Dear Counsel:

On behalf of Brittany McCarthy, attached please find correspondence of today's date regarding the above-referenced matter.

Regards,
Elizabeth

ELIZABETH OAKES
GORDON & REES
SCULLY MANSUKHANI

BRITTANY L. MCCARTHY
BMCCARTHY@GORDONREES.COM

**GORDON&REES**
SCULLY MANSUKHANI

ATTORNEYS AT LAW
101 W. BROADWAY
SUITE 2000
SAN DIEGO, CA 92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

August 17, 2015

**VIA U.S. MAIL AND EMAIL**

Clint A. Corrie, Esq.
Akerman LLP
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
clint.corrie@akerman.com

Madison Spach
Spach, Capaldi & Waggaman, LLP
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
madison.spach@gmail.com

Re: *Real Estate Training International, LLC, v The Nick Vertucci Companies, Inc. and Nick Vertucci,* US District Court, Central District, Case No. 8:14-cv-00546-AG-DFM
**Meet and Confer Re: Discovery Responses**

Dear Messrs. Corrie and Spach:

  As we have previously discussed, and as is detailed in our currently-pending motion to compel, we have received and reviewed Nick Vertucci ("Vertucci") and The Nick Vertucci Companies' ("NVC") (collectively, "Defendants") Responses to Requests for Production of Documents and Interrogatories and identified multiple deficiencies in the responses to Set One. We note that Defendants have outright refused to provide any substantive response to Set Two of the Requests for Production of Documents and Interrogatories propounded in May.

  While we have addressed these issues multiple times in multiple forums, you have represented the court that you feel there were not sufficient efforts to reach potential resolution of some or all of your refusals to respond to discovery requests. We disagree; however, we accept your representation that further meet and confer discussions might result in informal resolution, and thus offer this correspondence to highlight those deficiencies and to request supplemental responses. Please advise as to when you can be available on either Tuesday or Wednesday of this week to have a telephonic conference on these matters.

  As the requests and responses to each entity were identical or nearly identical, both sets are addressed together. Further, we have not seen a privilege log from Defendants. If any

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 2

otherwise responsive documents are being withheld on the grounds of privilege, a privilege log sufficient for RETI to evaluate the claim of privilege is requested.

## INTERROGATORIES

INTERROGATORY NO. 2:

Please IDENTIFY all facts RELATING TO YOUR Count III for "Breach of Oral Contract" as asserted in YOUR COUNTERCLAIMS.

ANSWER:

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in a legal claim of his Counterclaims as overbroad, repetitive, and harassing. Notwithstanding the foregoing, Vertucci is entitled to damages in the amount of $1,000 per BU for cash-flow seminars between April 2012 and August 28, 2013, because that is the value of his services as agreed to between NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking services. Montelongo reneged on that agreement breaching it and later fraudulently induced Vertucci and NVC to continue under a different arrangement by making the false promise to not interfere with the operations of NVC/Vertucci's joint venture with Fernandez at RETI-sponsored seminars- the remaining source of revenue for Vertucci and NVC to get paid from his speaking and teaching of cash-flow properties.

**REQUEST FOR SUPPLEMENTAL RESPONSE TO INTERROGATORY No. 2**

This response is missing many of the basic facts necessary to support a claim for breach of oral contract. In order to assert a claim for breach of oral contract, Counterplaintiff must establish a valid contract, performance, breach, and damages resulting from breach. This response does little to provide facts to support the allegation.

First, there are no facts that support an oral contract was made. For instance, on what date was the contract entered into? Where were the parties when the oral agreement was made? Were any witnesses present? Further, there are no facts that establish breach. How many seminars did Mr. Vertucci present at? How many BU's does Mr. Vertucci claim from the cash flow seminars between April 2012 and August 28, 2013? These facts are within Mr. Vertucci's personal knowledge and are properly sought via interrogatory. Accordingly, a supplemental response with, at least, the responses to the questions raised here is requested. Any other facts within Mr. Vertucci's personal knowledge relating to this claim and all of its attendant elements is also requested although not further outlined in this correspondence.

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 3

INTERROGATORY NO. 4:

Please IDENTIFY all facts RELATING TO YOUR Count V for "Quantum Meruit" as asserted in YOUR COUNTERCLAIMS.

ANSWER:

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of Vertucci in a legal claim of his Counterclaims as overbroad, repetitive, and harassing. Notwithstanding the foregoing, Vertucci is entitled to damages in the amount of $1,000 per BU for cash-flow seminars between April 2012 and August 28, 2013, because that is the value of his services as agreed to between NVC, Vertucci and RETI and Montelongo for the provision of NVC/Vertucci speaking services. Quantum meruit, as Plaintiff knows, is an alternative legal theory for the recovery of goods or services rendered even absent a formal contract. While Vertucci contends he did have an oral contract supported by consideration for his speaking and teaching services, in the event a formal contract is not found by the Court or jury, he is entitled to the reasonable value of services performed and not paid by Counter-Defendants. Beyond that, this is an improper subject for an interrogatory in that it asks a fact witness to prove a legal assertion.

**REQUEST FOR SUPPLEMENTAL RESPONSE TO INTERROGATORY No. 4**

This response lacks the basic facts necessary for a claim for quantum meruit recovery. Plaintiff expects that the facts within Mr. Vertucci's personal knowledge that would be responsive to this interrogatory include: The number of BU's claimed as unpaid during the referenced time period, which events those BU's were purportedly earned, the amounts actually paid for participation during events between April 2012 and August 28, 2013, and amount claimed outstanding. This type of record would be kept by any ordinary businessman or salesperson and Mr. Vertucci should have personal knowledge of these facts and/or access to his personal records allowing him to provide a full and complete response after diligent inquiry. A supplemental response is requested containing at least this information, along with any other relevant information within Mr. Vertucci's personal knowledge.

INTERROGATORY NO. 5:

Please IDENTIFY all facts RELATING TO YOUR Count VII for "Theft of Services" as asserted in YOUR COUNTERCLAIMS.

ANSWER:

The facts supporting the claim are asserted in the SACC and in Count VII so the request for the facts is duplicative, overbroad, repetitive, and harassing. Subject to the objections and without waiving the same, RETI and Montelongo received valuable teaching and speaking services, they knew that Vertucci and NVC expected to be paid, they misled them and made false promises of alternative forms of payment and then they did not pay Vertucci and NVC

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 4

through the alternative means of payment. Accordingly, Counter-Defendants secured Vertucci and NVC's services under false pretenses and failed to pay Vertucci for the reasonable value of those services.

**REQUEST FOR SUPPLEMENTAL RESPONSE TO INTERROGATORY No. 5**

This response lacks relevant detail that is within Mr. Vertucci's personal knowledge and responsive to the request. Specifically, for which, and how many, events was alternative payment promised? What was the alternative payment? What was the promise, if any, that was made? These are all facts within Mr. Vertucci's personal knowledge, and based on his response, necessary for the response to be complete and accurate.

INTERROGATORY NO. 16:

Please IDENTIFY all facts RELATING TO YOUR contention in paragraph 69 of YOUR COUNTERCLAIMS that "Vertucci gave up other income opportunities he had, based on this agreement."

ANSWER:

Vertucci objects to this interrogatory requesting the identification of "all" facts relating to a specific contention of his Counterclaims as overbroad, repetitive, and harassing. Specific facts supporting the claim are set forth in Paragraph 69, and elsewhere, of the SACC. However, subject to these objections and without waiving the same, Vertucci was purchasing cash flow properties, and selling cash flow properties, before he ever met Montelongo; had a radio show where he focused on purchasing cash flow properties, made sales to callers to the show, as well as being a featured speaker with other real estate seminar programs. He gave up some of those opportunities and/or let them go dormant when he began getting involved with RETI and AMS events and as the cash-flow properties of the Vertucci-Fernandez portfolio grew, Vertucci had less time to spend on other income opportunities.

**REQUEST FOR SUPPLEMENTAL RESPONSE TO INTERROGATORY No. 16**

As with the above requests, this response lacks relevant detail that is within Mr. Vertucci's personal knowledge and responsive to the request. What opportunities, specifically, were given up? Which were allowed to go dormant? This information is necessary to evaluate any claim for damage and to assess the value of any such opportunities. The vague nature of this response leads to the conclusion that these "opportunities" were speculative and did not actually manifest. In other words, this response lacks any factual detail regarding offers to speak that were turned down or that the radio show generated any income, as needed to show a valid income opportunity that was "given up" as alleged in the Counterclaims.

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 5

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Request Nos. 50 and 51:

These requests seek a customer list and employee list for the period of January 1, 2010 to the present. The responses to both requests state, in sum, that the requests do not seek relevant documents and that there are no responsive documents to these requests.

### REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST Nos. 50 and 51

These requests are directly relevant to the issues of this matter. RETI alleges that Nick Vertucci and NVC wrongfully solicited customers and employees from RETI.
Mr. Vertucci/NVC's customer list and employee list, whether in "list" form of a compilation of documents sufficient to show a list of customers and employees, are therefore directly relevant. Moreover, Mr. Vertucci's interrogatory responses, as set forth above, demonstrate that he had a radio show and was allegedly a featured speaker during this time period. It seems unlikely that there are no records of customers from these enterprises, and similarly unlikely that he did not have an assistant or employee to aid with his business during this time. Accordingly, supplemental production of documents sufficient to respond to the request, whether a compiled list or otherwise, is requested.

Request Nos. 52 through 57

These requests seek social media communications (Facebook and Twitter) that reference RETI, Montelongo, or AMS. Mr. Vertucci/NVC respond that all information is publically available and further, that there are no responsive documents.

### REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST Nos. 52 - 57

As an initial matter, that documents may be publically available is not legally recognized reason to deny production if the documents are requested and within the responding party's possession, custody or control. Secondly, Mr. Vertucci's personal Facebook page is not publically accessible to non-Facebook members. To the extent any responsive documents were withheld/not produced on the grounds that they are/were publically available, supplemental production is requested.

Request Nos. 58 through 76

Requests 58 through 76 seek communications between Mr. Vertucci/NVC and the following individuals: Keith Yackey, Gillian Bernie, Chris Sanders, Erik Slaikeu, Siggi Ahrens, Nicole Marshall, Mike Schock, Dom Montes, Krista Garren, Giovanni Fernandez, Elise Sabatino, Jamie Tomlinson, Mindi Cicero, Tina Balderston, Mathew Galvez, Manny Moreno, Armondo Montelongo and Andy Moon. In response, Mr. Vertucci and NVC state that the request is overbroad by seeking all documents without reference to time, topic or scope are therefore beyond the scope of discovery permitted by Rule 26 for all individuals except Giovanni

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 6

Fernandez and Elise Sabatino. For Mr. Fernandez, Ms. Sabatino, Mr. Montelongo and Mr. Moon the responses state all communications "relevant" to the lawsuit will be produced.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST Nos. 58 - 76**

As to Mr. Fernandez and Ms. Sabatino, it has become clear that the parties disagree on what constitutes "relevant" for the purposes of this case. For this reason, all communications are sought. Due to the circumstances of this case and the employment and relationship of these individuals to Mr. Vertucci, the scope of communications is already limited in time. This analysis is equally applicable to the remaining individuals. Accordingly, all communications are requested. If there are communications that pre-date 2008, please contact our office and we can further discuss scope of time.

Request No. 78

This requests all documents relating to seminar materials provided by Mr. Vertucci/ NVC at seminars. The sum of the response is that this request seeks irrelevant documents and that Plaintiff may have these documents in its possession.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST No. 78**

This request seeks highly relevant documents. As Defendant/Counter-plaintiff is aware, the claims at issue include the use of RETI's confidential, proprietary information by Mr. Vertucci and NVC. Review of the content of the seminar information provided by Mr. Vertucci and/or NVC will reveal if any of RETI's confidential information is contained therein. Further, the scope of the request is tailored to seminar materials. The time is not "unlimited," but does seek documents for any seminars presented by Mr. Vertucci prior to his affiliation with RETI, as comparison of pre-RETI documents may also demonstrate Mr. Vertucci/NVC use of RETI's confidential information.

Request Nos. 79-80

These requests seek documents provided by RETI, Montelongo, or AMS to Mr. Vertucci/ NVC. To both, Mr. Vertucci and NVC reply there are no responsive documents.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST Nos. 79-80**

This response lacks any indication that a diligent search for responsive documents was undertaken. RETI requests that a diligent search be undertaken, and this response be supplemented to reflect the results of a diligent search with either production of documents, or a statement that after a diligent search of documents within Mr. Vertucci/NVC's control, custody or possession, no responsive documents were located.

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 7

Request No. 82

This request seeks internal communications for a finite period of time, January 1, 2010 to present, relating to a specific topic: sources of customer information and leads. The response indicates a lack of understanding of the request and takes issue with an "artificial" date.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST No. 82**

Regardless of whether the date is "artificial" or not, this request specifies a finite period of period, this objection is not well taken. Further, the request very clearly seeks internal communications via any means regarding new customers. This request is clear and unambiguous and directly relevant to the claims and issues of this case. Namely, that Mr. Vertucci and NVC improperly solicited clients away from RETI. Documents regarding leads may show that Mr. Vertucci/NVC had wholly independent leads, or may show that Mr. Vertucci/NVC poached customers from RETI. Accordingly, supplemental production is requested.

Request Nos. 85

These requests seek documents relating to gross income from seminars from January 1, 2010 to present. In response, Mr. Vertucci/NVC claims the request is irrelevant, and does not understand what documents are sought by this request.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST No. 85**

This request is remarkably similar to Request No. 88, to which Mr. Vertucci and NVC understood and agreed to produce responsive documents. Accordingly, feigned misunderstanding of the request appears disingenuous. Further, these documents are directly relevant in order for Defendants/Counterplaintiffs to prove damages, and thus RETI is entitled to discovery in order to prepare a response. Supplemental production is therefore requested.

Request Nos. 85, 86, 88, 90

These requests seek documents reflecting net or gross income from January 1, 2010 to present. Mr. Vertucci/NVC respond as set forth above to Request 85, and for 86 and 88 state they will produce all non-privileged responsive documents. The response to request 90 is that plaintiff is already in possession of these documents.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST No. 85, 86, 88 and 90**

In reviewing the expert report submitted by Defendants, documents have been produced to Defendants' expert that were not produced to RETI. Specifically, Bank Statements of Innovative Holdings Group, Hand written check registers, Civil Minutes dated April 20, 2015, Balance sheets prepared by DBN tax for various years. RETI believes these documents fall within the scope of these requests. Supplemental production is requested.

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 8

Request No. 89

This request seeks documents relating to funding or financing for the production of seminar events from January 2010 to present. In response, Defendants' contend the information is unrelated and that Plaintiff should be in possession of any such documents.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST No. 89**

Defendants' response appears to fail to account for some categories of documents. In Defendant's Joint Stipulation re: Emergency Relief and Motion for a Protective Order it states "loans from students may be a fair topic for questioning." (Doc. 142, p.17, ¶ 11.) This request seeks any documents relating to funding or financing of seminar events from January 2010 to the present. This scope of time is not limited to the time that Defendants were affiliated with RETI and is not limited by source. Documents such as loan documents from students would be responsive to this request. Supplemental production of any responsive documents is requested.

Request No. 91

This request asks for a CV or resume from Mr. Vertucci. He responds that he does not have a CV.

**REQUEST FOR SUPPLEMENTAL PRODUCTION TO REQUEST No. 91**

This request asked for either a CV **or** a resume. The response that Mr. Vertucci does not have a CV fails to answer the question. To the extent Mr. Vertucci has a resume, please provide that document in a supplemental production.

## RESPONSES TO DISCOVERY SET TWO

Defendants did not respond to RETI's Interrogatories (Set Two) to Vertucci and NVC, Requests for Admission (Set One) to Vertucci, and Requests Production of Documents (Set Two) to Vertucci and NVC due to receiving the requests and interrogatories 30 days prior to the discovery cut-off instead of 45 as set out in the Local Rules.

Due to the extended time to conduct depositions, the effective close of discovery will not occur until September 30, 2015, the deadline for non-party affiliated witnesses. Accordingly, the rationale supporting a 45 day requirement for service is not offended by responding. Further, response to these interrogatories and requests for admission is likely to narrow the issues that would be presented to a jury.

Clint A. Corrie, Esq.
Madison S. Spach, Esq.
August 17, 2015
Page 9

       We look forward to your supplemental responses and production.  Please do feel free to contact us with any questions, or if you would like to discuss the foregoing.

                    Regards,

                    GORDON & REES LLP

                    *Brittany McCarthy*

                    Brittany L. McCarthy

BLM:

cc: Karen Ciccone, Esq.