**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

**SPACH, CAPALDI & WAGGAMAN, LLP**
MADISON S. SPACH, JR., SBN 94405
Email: madison.spach@gmail.com
ANDREW D. TSU, SBN 246265
Email: andrewtsu@gmail.com
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

*Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci Companies, Inc. and Nick Vertucci*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>    *Defendants.* | Case No. SACV14-00546 AG (DFMx)<br>Assigned to Hon. Andrew J. Guilford<br>Courtroom 10D<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CLARIFYING THE DISCOVERY CUT-OFF DATE TO PERMIT RESUBMISSION OF MOTION TO COMPEL**<br><br>SAC Filed: June 17, 2014<br>FAC Filed: March 7, 2014<br>Complaint Filed: January 16, 2014 |

{35692016;1}      Case No. 8-14-cv-0056-AG-DFMx
**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE**

## I. INTRODUCTION

RETI's Ex Parte Application seeks two forms of relief, each of which warrants a separate response from Vertucci. First, RETI asks for leave to withdraw RETI's pending motion to compel (set for September 1, 2015) without prejudice. Second, RETI asks for clarification — here, actually, an extension — of the discovery cutoff date for written discovery or alternatively for leave to re-submit their motion to compel at a later date.

<u>Concerning RETI's request to withdraw its pending motion to compel</u>: Vertucci has no objection to this requested relief; in fact, Vertucci submits that RETI can and should withdraw the motion without any further delay.

<u>Concerning the alternative requests for permitting the motion to be re-filed</u>: Vertucci objects to either form of relief that would, in essence, re-set the clock to allow RETI to bring this motion.

<u>Concerning ex parte relief</u>: Vertucci submits that RETI has not shown sufficient cause for filing this application on an *ex parte* basis. Such relief could have been, and should have been, requested before the motion was filed, when the issue could have been fully briefed. It should not have been filed on an *ex parte* basis a week before the motion is set to be heard. Accordingly, for such an expansive relief, effectively re-opening written discovery, an *ex parte* application should not be permitted to short circuit the briefing process.

## II. WITHDRAWAL OF RETI'S MOTION TO COMPEL

Vertucci believes that RETI should withdraw its pending motion to compel and has no objection to RETI's being granted leave to do so. Vertucci does not object to the motion being withdrawn without prejudice (but does not agree that RETI has, or should be allowed, any right to re-file the motion).

### III. RE-SETTING THE DEADLINE FOR WRITTEN DISCOVERY

Vertucci objects to either alternative form of requested relief by which RETI would be granted leave to re-file its motion to compel and effectively re-set the discovery cutoff date for written discovery, which has already passed. The fact that Vertucci would not agree to extend the cutoff for written discovery, and that Judge Guilford made no such order, was clear. There is no need for "clarification" on this point. If RETI believes there are grounds to re-open discovery, it should move to do so, not seek such relief by *ex parte* application.

The Motion to Compel Was Deficient and Should Not Have Been Filed in the First Place. Vertucci opposed RETI's motion because RETI completely failed to comply with the meet-and-confer pre-filing requirements of Local Rule, and thus had no right to file the motion in the first place. Moreover – and this fact is not plainly explained in the Ex Parte Application –Vertucci objected to the RETI motion to compel *on the additional ground* to the extent that it seeks to compel answers to an entire set of written requests for production that were not timely served (they were served approximately two weeks after the deadlines for doing so).

The motion to compel was also deficient to the extent it sought to compel responses to a discovery request that was served late, but for which no relief had been requested. Thus, by seeking leave to re-file its motion to compel, RETI's Ex Parte Application appears to be seeking relief that would operate to re-instate the late-served, untimely discovery – without RETI's moving for relief on this point. RETI should have explained this fact clearly in its Application. This tactic should not be permitted, and is alone sufficient ground for denying the *ex parte* application.

Clarification is not Required Because it was Clear the Deadline for Serving Written Discovery was not Extended. Substantively, Vertucci submits that there is no ambiguity concerning, and thus no need to clarify, the discovery cutoff date by which written discovery needed to be served. That date passed a good while ago and should

not be re-set. The parties re-set the deadlines for taking depositions. The subject of the cutoff date for service of written discovery was specifically discussed — and rejected — by Vertucci when the parties discussed scheduling issues in late June/early July. Vertucci's counsel objected to re-opening discovery other than depositions. As a result, there was no lack of clarity concerning the fact that the discovery cutoff date was not to be generally extended. In fact, when the parties presented their agreement on re-setting the trial date and extending the deadlines for certain discovery, a general extension of the discovery cutoff date was not included. Thus, the matter is without ambiguity, and there is no need to ask this Court for clarification. (Declaration of C. Corrie, at ¶2, 6.)

The context of these discovery disputes should also be taken into account. Vertucci has repeatedly raised with RETI the fact of their late production of documents. Vertucci originally propounded a request for production of documents in March, and granted an extension of time for compliance. Despite that extension, only a relative handful of documents was produced before Vertucci filed its motion to compel. The history of this issue is laid out in detail in Vertucci's own motion to compel that is also set for September 1. As it turns out, RETI belatedly served several thousand documents on Vertucci just this last week, during the course of the deposition of RETI's 30(b)(6) representative. Vertucci, on the other hand, in June and July 2015, produced over 17,000 documents. Complaints by Vertucci to RETI about the failure to timely produce documents were a part of the earlier discussion and were a reason why Vertucci was unwilling to extend the deadline for written discovery. (Corrie Decl., ¶3-5.)

:: ::

:: ::

:: ::

:: ::

{35692016;1} 3 CASE NO. 8-14-cv-0056-AG-DFMx
DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE

## IV. CONCLUSION

Vertucci submits that RETI's pending motion to compel should be deemed withdrawn immediately and otherwise no relief should be granted upon this *ex parte* application. Vertucci objects in particular to the second form of relief requested, in either alternative, which would effectively re-set the clock and allow RETI to renew its motion and to re-open written discovery.

Dated: August 25, 2015

AKERMAN, LLP
SPACH, CAPALDI & WAGGAMAN

*/s/ Clint A. Corrie*
Clint A. Corrie
Madison S. Spach, Jr.
*Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci Companies and Nick Vertucci*

# PROOF OF SERVICE

I am employed in the City of Newport Beach and County of Orange, California. I am over the age of 18 and not a party to the within action. My business address is 4675 MacArthur Court, Suite 550, Newport Beach, California 92660.

On **August 25, 2015**, I served the following document(s):

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

on the persons below as follows:

| Attorney | Telephone/Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq.<br>Education Management Services, LLC<br>2935 Thousand Oaks Dr., #6-285<br>San Antonio, TX  78247 | Telephone:  210-501-0077<br>Facsimile:  210-568-4493<br>andrew.j.moon@gmail.com<br>andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq.<br>Kimberly D. Howatt, Esq.<br>Gordon & Rees LLP<br>633 W. 5th Street, 52nd Floor<br>Los Angeles, CA  90017 | Telephone:  213.576.5000<br>Facsimile:  213.680.4470<br>jcawdrey@gordonrees.com<br>khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Newport Beach, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

1
2
3       ☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

4
5
6       ☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

7
8
9       ☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

10
11
12
13      ☒   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

14
15      ☐   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

16
17      ☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

18      Executed on **August 25, 2015**, at Newport Beach, California.

19

20      _____Madison S. Spach, Jr._____       _*/s/ Madison S. Spach, Jr.*_____
              (Type or print name)                        (Signature)
21

22

23

24

25

26

27

28