**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

**SPACH, CAPALDI & WAGGAMAN, LLP**
MADISON S. SPACH, JR., SBN 94405
(Email: madison.spach@gmail.com)
ANDREW D. TSU, SBN 246265
(Email: andrewtsu@gmail.com)
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

*Attorneys for Defendants The Nick Vertucci Companies, Inc. and Nick Vertucci*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>*Defendants.* | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford and Hon. Douglass F. McCormick Courtroom 6B<br><br>**DEFENDANTS' MOTION RE: RETI/MONTELONGO'S LATE MOTION TO COMPEL ON RETI/MONTELONGO'S SECOND SET OF DISCOVERY AND DEPOSITION LIMITS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CLINT CORRIE IN SUPPORT THEREOF [PROPOSED] ORDER**<br><br>Documents filed herewith: |

|   |   |
|---|---|
| 1 | 1. [Proposed] Order |
| 2 | <u>Hearing Date:</u><br>Date:    September 18, 2015 |
| 3 | Time:    10:00 a.m.<br>Crtrm.:  6B |
| 4 |   |
|   | SAC Filed:              June 17, 2014 |
| 5 | FAC Filed:              March 7, 2014<br>Complaint Filed:     January 16, 2014 |
| 6 | Discovery Cutoff:   June 29, 2015<br>Pretrial Conference: Sept. 14, 2015 |
| 7 | Trial:                      Sept. 29, 2015 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# DEFENDANTS' MOTION RE: RETI'S MOTION TO COMPEL RE: SET 2 OF DISCOVERY AND THE PERMITTED NUMBER OF DEPOSITIONS

## I. INTRODUCTION

Defendants and Counter-Plaintiffs Nick Vertucci ("Vertucci") and the Nick Vertucci Companies ("NVC" and together with Vertucci, the "Defendants") hereby bring this motion opposing Plaintiff and Counter-Defendant Real Estate Training International, LLC ("RETI") and Counter-Defendant Armando Montelongo ("Montelongo" and together with RETI, the "Counter-Defendants") efforts to bring a motion to compel on the various responses to Counter-Defendants' First Set of Discovery and Second Set of Discovery.[1]

The Montelongo Counter-Defendants seek three (3) forms of relief. First, they seek to be permitted to re-activate a request for production of documents that was served in two weeks after deadline for serving such discovery was set by the Court in its scheduling order dated June 9, 2014 (without having applied to Judge Guilford for any relief). Second, they seek to be excused from another missed deadline – the deadline to file motions to compel, again late under the Scheduling Order and recently affirmed by Judge Guilford in August. Third, Counter-Defendants seek to exceed the number of allowable depositions under FRCP Rule 30.

To the extent that Counter-Defendants seek to compel further responses and/or documents to its Second Set of Discovery, such discovery was served late pursuant to Judge Guilford's original scheduling order dated June 9, 2014. [D.E. 48]. That order, incorporating the Local Order for the Central District of California, required all written discovery to be served 45 days before the Discovery Cut-Off. The Discovery Cut-off was set for June 29, 2015. (*See* Doc. 48 and Judge Guilford's "Scheduling Order for Specifying Procedures.") Thus, the parties were required to serve written

---

[1] Counter-Defendants' Second Set of Discovery consists of Requests for Production of Documents Set Two, Special Interrogatories Set Two and Requests for Admission Set Two.

discovery <u>no</u> <u>later</u> <u>than</u> May 15, 2015. Counter-Defendants served their second set of discovery on May 29, 2015, two weeks late pursuant to Judge Guilford's order. (*See* the Declaration of Clint Corrie filed in support of Defendants' Motion ("Corrie Decl.,"), ¶2.)

Counter-Defendants are also prohibited from bringing a motion to compel on any written discovery responses as such motion was required to be filed by July 29, 2015. [D.E. 48]. Pursuant to Judge Guilford's original scheduling order, all discovery motions were required to be filed and served no later than thirty days after the June 29, 2015 Discovery Cut-off. (*See* Doc. 48 and Judge Guilford's "Scheduling Order for Specifying Procedures," attached as Exh. 1 to the Corrie Decl. at ¶ 3.)

Counter-Defendants argue that the Discovery Cut-offs for written discovery and for discovery motions were extended (both of which are calculated in relation to the Discovery Cut-off date). They argue that those deadlines were extended when the Scheduling Order was subsequently amended on July 8, 2015. (*See* Doc. 158.) However, while certain deadlines and dates were extended by agreement and/as submitted to the Court on July 7 and affirmed by all counsel at the status hearing with Judge Guilford on July 8, 2015, such as the cut-off for party-controlled depositions, expert depositions, motions for summary judgment, the final pre-trial conference and the trial date; the written Discovery Cut-Off was expressly <u>not</u> included in the amendment. (*See* Corrie Decl., Exh. 7 at ¶ 5 and Doc. 158.) Defendants did not agree to an extension of the discovery cut-off, which was why an extension of the written Discovery Cut-Off was <u>not</u> included in the amended scheduling order.

In fact this issue was subsequently briefed and ruled on by Judge Guilford by way of Counter-Defendants' *Ex Parte* Application for an Order Clarifying the Discovery Cut-Off Date to Permit Resubmission of Motion to Compel, or in the Alternative, Leave to Withdraw and Resubmit Motion to Compel, which was filed on August 24, 2015. (Doc. 183.) Judge Guilford denied Counter-Defendants'

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

application and expressly noted that the parties had not agreed to continue the Discovery Cut-off or the deadline for written discovery as follows:

> **The parties did not request a new-cutoff date.** The Court granted the parties' requested schedule. (Dkt. No. 158.) **Thus, the parties made clear in their first Application that they did not intend or agree to extend the deadline for serving discovery.** [emphasis added] (Doc. 185.)

There is no reason to allow Counter-Defendants a second chance to pursue the late served Set Two of Discovery, or to file a motion to compel regarding any written discovery. Counter-Defendants simply missed the deadlines for both.[2] Moreover, there is no reason for this Court to allow such relief to Counter-Defendants, especially when Judge Guilford has already ruled on this issue. (Doc. 185.) Counter-Defendants now seek to circumvent Judge Guilford by seeking an order from this Court to allow a late motion to compel, based on a late-filed set of written discovery..

With respect to Counter-Defendants' claim that they are entitled to 20 depositions, the Counter-Defendants constitute one "side," and thus, are entitled to a total of 10 depositions under Rule 30, Federal Rule of Civil Procedure. Montelongo and RETI attempt to sidestep this limitation by recently referring to Montelongo as a "Cross-Defendant." However, this issue has already been briefed and decided by Judge Guilford. In granting Defendants' motion for leave to amend their counter-claims, this issue was briefed and decided on by Judge Guilford as follows:

---

[2] Based on the fact that Counter-Defendants filed their joint stipulation on their motion to compel (Doc. 168) without any attempt to comply with the meet and confer requirements of Local Rules 37.1 et al. on the last possible day to meet the July 29, 2015 deadline, indicates that they were not "confused" about the Discovery Cutoff. They recognized under the scheduling order that July 29, 2015 was the deadline for discovery motions. This Court recognized Counter-Defendants' failure to meet and confer and denied their motion to compel. (Doc. 186.)

> Given the claims stated against Montelongo, there is little question that he is a proper **Counter-Defendant**. *See* Order Granting Leave to Amend, p. 3 [Dkt. No. 82] (emphasis added)[3]

Thus, both RETI and Montelongo are each a Counter-Defendant and constitute one "side" as contemplated by FRCP Rules 13, 19, 20 and 30. Again, RETI and Montelongo attempt to circumvent Judge Guilford's previous ruling by disingenuously claiming that Montelongo is now a "Cross-Defendant" and thus RETI and Montelongo are entitled to 20 depositions rather than 10.

Defendants respectfully request that the Court order that (1) Counter-Defendants are prohibited from bringing a motion to compel, (2) confirm that Counter-Defendants' Second Set of Discovery was served late, and (3) confirm that the Counter-Defendants are limited to 10 depositions absent further relief from this court and further deny Counter-Defendants' request to take more depositions that would exceed the ten-per-side limit.

## II. JUDGE GUILFORD'S SCHEDULING ORDER,

### A. Counter Defendants' Second Set of Discovery was Served Late

On June 9, 2014, Judge Guilford provided the original scheduling order in this matter. Per the minute order for the scheduling conference, the Court set the following dates:

> Discovery Cutoff is June 29, 2015
>
> Final Pretrial Conference is September 14, 2015
>
> Jury Trial is set for September 29, 2015.
>
> (Doc. 48.)

---

[3] Pursuant to Judge Guilford's order, the Defendants did file a Second-Amended Counter-Claims, where they expressly alleged counter-claims against RETI and Montelongo pursuant to FRCP Rules 13, 19, and 20.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Judge Guilford's minute order specifically references the "Scheduling Order for Specifying Procedures" for further dates and procedures. (*See* Doc. 48.) Section 1.2 of The Scheduling Order for Specifying Procedures provides the deadline for written discovery as follows:

> 1.2 <u>Other Discovery</u>. All interrogatories, requests for admission, requests for production, or the like, **shall be served at least forty-five days before the discovery cutoff date**. The Court will not approve stipulations between counsel that permit discovery responses to be served after the cutoff date except in unusual circumstances and upon a showing of good cause. [emphasis added]

Thus, pursuant to the Scheduling Order, all written discovery had to be served 45 days before the June 29, 2015 Discovery Cut-Off, or by May 15, 2015.

On May 29, 2015, Counter-Defendants served Real Estate Training International's Request for Production of Documents to Nick Vertucci (Set Two), Real Estate Training International's Request for Production of Documents to The Nick Vertucci Companies, Inc. (Set Two), Real Estate Training International's Interrogatories to Nick Vertucci (Set Two), Real Estate Training International's Interrogatories to The Nick Vertucci Companies, Inc. (Set Two), and Real Estate Training International's Request for Admissions to Nick Vertucci (Set One) (collectively, "Second Set of Discovery"). (Corrie Decl., ¶ 2.) On June 29, 2015, Defendants served timely objections, expressly noting that Counter-Defendants'' Second Set of Discovery was served late in violation of the Scheduling Order. (Corrie Decl., Exhs. 2-6 at ¶ 4.)

### B. The Discovery Cut-Off was Not Continued, All Discovery Motions were Due by July 29, 2015

Pursuant to the Section 1.3 of Judge Guilford's Scheduling Order for Specifying Procedures, all discovery motions had to be brought within thirty (30) days of the Discovery Cut-off:

> 1.2 <u>Discovery Motions</u>. Generally, the Magistrate Judge assigned to this case shall hear all discovery motions. Discovery motions shall be filed and served as soon as possible and never later than 30 days after the discovery cutoff date. <u>The parties are ordered to strictly comply with the requirement of all Local Rules at Local Rule 37 et seq. in preparing and filing Discovery Motions</u>. The Court expects counsel to resolve most discovery problems among themselves in a courteous, reasonable, and professional manner. Frequent resort to the Court for guidance in discovery is generally unnecessary. [emphasis in original]

Counter-Defendants are prohibited from bringing a motion to compel on any discovery responses as such motion was required to be brought by July 29, 2015. Pursuant to Judge Guilford's original scheduling order, all discovery motions were required to be filed and served no later than thirty days after the June 29, 2015 Discovery Cut-off. (*See* Doc. 48 and Judge Guilford's "Scheduling Order for Specifying Procedures" attached as Exh. 1 to the Corrie Decl. ¶ 3.)

While Counter-Defendants contend that the Discovery Cut-off for written discovery and for discovery motions (both of which are calculated in relation to the Discovery Cut-off date) was extended when the Scheduling Order was subsequently amended on July 8, 2015, (*see* Doc. 158), that is simply not true. The Defendants never agreed to a continuation of the Discovery Cut-Off during any of the parties' month long negotiation to amend the scheduling order. (Corrie Decl., ¶ 5.) This is supported by the fact that the parties reached an agreement for amendment of the scheduling order the night before the July 8 hearing before Judge Guilford after several days of negotiations. Counsel for both parties agreed that Mr. Spach would send an email to Judge Guilford's clerk commemorating these agreements. Mr. Spach sent that email, on behalf of both parties copying all parties' counsel, to Judge Guilford's clerk indicating that the parties had agreed to extend certain deadlines and

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

dates such as the cut-off for party-controlled depositions, expert depositions, motions for summary judgment, the final pre-trial conference and the trial date. However the Discovery Cut-Off was expressly not included in the parties' agreement. (*See* Corrie Decl., Exh. 7 at ¶ 5.) Based on the parties' agreement, Judge Guilford amended the Scheduling Order, however an extension of the Discovery Cut-Off was not included in Judge Guilford's order. (*See* Doc. 158.)

There was no extension of the Discovery Cut-Off, therefore the deadline to file discovery motions based on the Discovery Cutoff of June 9, 2015, remained as July 29, 2015. Moreover, after this Court denied Counter-Defendants' Motion to Compel because they had not complied with the meet and confer requirements of Local Rules 37.1 *et seq.*, (*see* Doc. 186), Counter-Defendants filed an *Ex Parte* Application for an Order Clarifying the Discovery Cut-Off Date to Permit Resubmission of Motion to Compel, or in the Alternative, Leave to Withdraw and Resubmit Motion to Compel on August 24, 2015. (Doc. 183.) Judge Guilford denied Counter-Defendants' application and expressly noted that the parties had not agreed to continue the Discovery Cut-off, and thus, had not agreed to extend the deadline for written discovery or for discovery motions:

> On July 7, 2015, the parties submitted an email to this Court seeking to resolve a batch of disputes. The email requested an extended schedule for: the cutoff for depositions of parties, party-controlled witnesses, non-party-controlled witnesses, and experts; the last day to hear motions for summary judgment; the pretrial conference date; and the trial date. The submitted email presumably was a negotiated, mutually acceptable resolution of disputes. **The parties did not request a new-cutoff date.** The Court granted the parties' requested schedule. (Dkt. No. 158.) **Thus, the parties made clear in their first Application that they did not intend or agree to extend the deadline for serving discovery.** [emphasis added] (Doc. 185.)

Thus, the parties made clear in their first Application that they did not intend or agree to extend the deadline for serving discovery." (Doc. 185.)

Counter-Defendants' request from this Court for leave to file a Motion to Compel after the deadline for discovery motions (to enforce discovery requests that were served late in violation of the Scheduling Order no less) constitutes a blatant attempt to circumvent Judge Guilford and to evade the deadlines of the Scheduling Order and Judge Guilford's denial of their prior *Ex Parte* Application for an Order "Clarifying" the Discovery Cutoff Date, *et al*. Defendants' respectfully request this Court to deny Counter-Defendants' request to file a motion to compel and further confirm that the Second Set of Discovery was served late in violation of Judge Guilford's Scheduling Order.

## III. COUNTER-DEFENDANTS SHOULD BE LIMITED TO TEN (10) DEPOSITIONS

### A. Factual Background

After the above-styled action was commenced by RETI, and after Vertucci and NVC had the opportunity to investigate their available claims, it became apparent that Montelongo was a necessary Counter-Defendant as a result of his involvement in the matters that gave rise to NVC and Vertucci's claims and his ownership and control over RETI and its parent company.

NVC and Vertucci were successful in their efforts to bring Montelongo into this suit as a counter-defendant when this Court granted their Motion for Leave to Amend and Join Indispensable Party [Dkt. No. 74] and denied Counter-Defendants' Motion to Dismiss the Counter-Complaint [Dkt. No. 67] by way of the Order Granting Motion for Leave to Amend and Denying Motion to Dismiss ("Order Granting Leave to Amend") [Dkt. No. 82].

In permitting the addition of Montelongo as a counter-defendant in this suit, this Court stated:

> Given the claims stated against Montelongo, there is little question that he is a proper **Counter-Defendant**. The claims are based on the same business relationship at issue in the complaint,

and thus satisfy the test for permissive joinder and supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); Fed. R. Civ. P. 20(a)(2). **Counter-Defendants** do not argue otherwise. Order Granting Leave to Amend, p. 3 [Dkt. No. 82] (emphasis added).[4]

At the time, and for months thereafter, RETI and Montelongo raised no concern or dispute with this Court's defining of Montelongo as a "Counter-Defendant." Indeed, Montelongo has even referred to himself as a Counter-Defendant in filings with this Court. See Memorandum of Points and Authorities in Support of Motion to Dismiss and/or Strike Second Amended Counterclaims, p. 6 [Dkt. No. 84-1] ("Plaintiff and Counter-defendant Real Estate Training International, LLC ("RETI") and Counter-defendant Armando Montelongo, Jr. ("Montelongo"), collectively "Counterdefendants," respectfully move this Court to dismiss each of the counterclaims asserted by Defendants and Counter-claimants The Nick Vertucci Companies, Inc., ("NV Companies") and Nick Vertucci ("Vertucci"), collective "Defendants," in their Second Amended Counterclaims ("SACC")"); see also Joint Motion for Entry of Protective Order, p. 2 [Dkt. No. 95] ("COME NOW, Plaintiff and counterdefendant Real Estate Training International, LLC and counterdefendant Armando Montelongo, Jr...").[5] Additionally, when RETI and Montelongo began noticing up depositions, they did so jointly and referred to Montelongo as a Counter-Defendant.

---

[4] This is not the only time that this Court has defined Montelongo as a Counter-Defendant. *See, e.g.* Order Granting in part and Denying in Part Motion to Dismiss, p. 1 [Dkt. No. 94] ("…assert several claims against Counter-Defendants Real Estate Training International, LLC ("RETI") and Armando Montelongo (together "Counter-Defendants")…").

[5] Montelongo has also referred to himself as a Counter-Defendant in the following Docket Entries: 111, 115, 133, and 140. Furthermore, Montelongo was referred to as Counter-Defendant in Docket Entries 123, 142, and 149. These joint filings were prepared by counsel for Vertucci and NVC, but reviewed and approved by Montelongo's counsel, with no request to alter Montelongo's classification as Counter-Defendant therein..

Through the course of discovery in this matter, RETI and/or Montelongo have taken ten percipient witness depositions.6 It was not until the ten-deposition per side limitation became a matter of discussion between the Parties, that Montelongo then began to cease referring to himself as a Counter-Defendant and started referring to himself as a "Cross-Defendant," presumably to avoid the ten deposition per side limitation. Now that Counter-Defendants have matched their ten deposition limit, and are desirous of taking more, this issue has been forced before the Court.

### B. Parties On The Same Side Of A Suit Are Limited To Ten Depositions Per Side.

The number of depositions available to plaintiffs, defendants, and third party defendants is governed by Rule 30, Federal Rules of Civil Procedure. In pertinent part, Rule 30 states that a party must obtain leave of court if the deposition(s) sought "would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." F. R. Civ. P. 30(a)(2)(A)(i).7 Any reasonable reading of this rule makes clear that the limitation to ten depositions is per side, not per party. *Thykkuttathill v. Keese*, 294 F.R.D. 597, 599 (W.D. Wa. 2013) ("the Court finds that as an initial matter Fed. R. Civ. P. 30(a)(2), as amended in 1993, is unambiguous in presumptively limiting the number of allowed depositions to ten per side, not per party").

Having read Rule 30 closely, Montelongo now tries to describe himself as a separate "side" or a "third-party defendant." RETI and Montelongo, however, are intimately aligned. Montelongo is President of RETI, an LLC whose membership interest is owned by another company that Montelongo owns. Deposition of Armando

---

6 Jessica Marquez (July 17, 2015). Jeff Wilson (Aug. 5, 2015). Jamie Tomlinson (Aug. 6, 2015). Mindi Cicero (Aug. 7, 2015). Gina Vertucci (Aug. 20, 2015). Erik Slaikeu (Aug. 26, 2015). Nick Vertucci and NVC (Aug. 27-28, 2015). Siggi Ahrens (Sept. 2, 2015). Mike Tracey (Sept. 3, 2015).

Montelongo ("Montelongo Dep."), Vol. 1 (Confidential Section) 60:6-20; Montelongo Dep., Vol. 1 (Highly Confidential Section) 14:14-19, 21:5-8, 68:10-16.

The existence of multiple parties on one side of a matter does not change the ten deposition limitation, and the multiple parties on one side of a suit are expected to make arrangements amongst themselves as to how to handle the ten depositions that are available to them. *Id* (quoting Fed. R. Civ .P. 30 Advisory Committee's Note (1993)). The purpose behind this limitation is "to promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). If RETI and Montelongo, two remarkably aligned Counter-Defendants, were permitted to take more than ten depositions in this action, these guiding principles for Rule 30's deposition limitation would be bypassed.

Although it is apparent in this matter that the Counter-Defendants jointly occupy one side of this lawsuit, there are instances where it can be unclear whether parties occupy the same side of a case, for purpose of Rule 30's ten deposition limitation. When such circumstances arise, courts can look to a series of factors, including how aligned the interests of the parties are and whether they share the same counsel. *See Felman Production, Inc. v. Industrial Risk Insurers*, 2009 WL 3668038, *3 (S.D. W.Va. Nov. 3, 2009). In the instant matter, not only the Counter-Defendants fully aligned on the same side the claims and defenses in this matter, but they share counsel and have, from Montelongo's joinder up until recently, jointly filed and served most every document in this matter.[8] Thus, because RETI and Montelongo are

---

[8] In fact, RETI and Montelongo are alter egos of one another. RETI is owned by a company owned by Montelongo, Montelongo is in charge of the operations of RETI, and another company that Montelongo owns receives proceeds from RETI. Montelongo Dep. (Confidential Section) 60:6-20; Montelongo Dep. Vol. 1 (Highly Confidential Section) 14:14-19, 21:5-8, 68:10-16; Montelongo Dep., Vol. 2 (Highly Confidential Section) 328:18-331:19; 353:14-354:23.

properly considered <u>one</u> side of this suit, they are limited to ten depositions between them.

### C. *Montelongo Is A Counter-Defendant, And Not A Third-Party Defendant.*

<u>Despite</u> Counter-Defendants' recent protestations to the contrary, Montelongo was added to this action as a **Counter-Defendant**, and he remains a **counter-defendant**. Notably, Vertucci and NVC sought to add Montelongo pursuant to Fed. R. Civ. P. 13, which pertains to counterclaims and cross claims, rather than Fed. R. Civ. P. 14, which pertains to third-party defendants.[9] *See* Notice of Motion for Leave to Amend and Join Indispensable Party: Memorandum of Points and Authorities; Proposed Order and Amended Counterclaims, p. 8 [Dkt. No. 74]. In fact, Fed. R. Civ. P. 14 pertains to an entirely different class of claims than the ones raised against Montelongo. Claims brought pursuant to Rule 14 are those brought against "a nonparty who is or may be liable to it [the third-party plaintiff] for all or part of the claim against it [third-party plaintiff]." Fed. R. Civ. P. 14. Vertucci and NVC did not seek to add Montelongo to the suit because he was a co-tortfeasor or responsible party for any potential liability Vertucci and NVC may have from claims asserted by RETI against NVC and Vertucci, rather, the claims brought by Vertucci and NVC, against Montelongo, pertain to Montelongo's individual liability to Vertucci and NVC arising from his own tortious conduct, independent of the claims and defenses raised by RETI against NVC and/or Vertucci.

Furthermore, this Court has already clearly spoken on this issue. In granting Vertucci and NVC leave to add Montelongo as a party, this Court found that Vertucci and NVC had met the standard for permissive joinder of Montelongo as "a proper Counter-Defendant" pursuant to Fed. R. Civ. P. 20(a)(2). Order Granting Leave to

Amend, p. 3 [Dkt. No. 82]. In pertinent part, Fed. R. Civ. P. 20(a)(2) permits the joinder of a defendant if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

As the Court implicitly found in the Order Granting Leave to Amend [Dkt. No. 82], the claims raised against RETI and Montelongo are sufficiently overlapping, and there are sufficient shared questions of law and fact to bring in Montelongo into this action as a counter-defendant in this suit. Furthermore, the Court's reliance on Fed. R. Civ. P. 20 further establishes that Montelongo was added as a counter-defendant, as this Court explicitly stated, rather than as a third-party defendant. See Fed. R. Civ. P. 13(h) ("Joining Additional Parties. Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim"). Based on the foregoing, there is no support in the record or otherwise for treating Montelongo as a third-party defendant, and, therefore, there is no basis under Rule 30 for RETI and Montelongo to be permitted to take more than ten depositions, unless expressly authorized by the Court.

## IV. CONCLUSION

For the reasons stated herein, Defendants/Counter-Plaintiffs respectfully request the Court to deny Counter-Defendants request to file a Motion to Compel, confirm that Set 2 of Discovery was served late, and further order that Counter-Defendants RETI and Montelongo are limited to ten (10) depositions.

Dated: September 11, 2015         Respectfully submitted,
                                  **AKERMAN LLP**

                                  By: */s/ Clint A. Corrie*
                                      Karen P. Ciccone, Esq.

1
2
3

        Clint Corrie, Esq.
         *Admitted Pro Hac Vice*
 *Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci Companies and Nick Vertucci*

4
5
6

**SPACH, CAPALDI & WAGGAMAN, LLP**

7
8
9
10

By: */s/ Madison S. Spach, Jr.*
     Madison S. Spach, Jr.
     Andrew Tsu
*Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci Companies and Nick Vertucci*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE

I am employed in the City of Dallas and County of Dallas, Texas.  I am over the age of 18 and not a party to the within action.  My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

On **September 11, 2015**, I served the following document(s):

**DEFENDANTS' MOTION RE: RETI/MONTELONGO'S LATE MOTION TO COMPEL ON RETI/MONTELONGO'S SECOND SET OF DISCOVERY AND DEPOSITION LIMITS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CLINT CORRIE IN SUPPORT THEREOF; [PROPOSED] ORDER**

on the persons below as follows:

| Attorney | Telephone/Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq.<br>Education Management Services, LLC<br>2935 Thousand Oaks Dr., #6-285<br>San Antonio, TX  78247 | Telephone:  210-501-0077<br>Facsimile:  210-568-4493<br>andrew.j.moon@gmail.com<br>andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq.<br>Kimberly D. Howatt, Esq.<br>Gordon & Rees LLP<br>633 W. 5th Street, 52nd Floor<br>Los Angeles, CA  90017 | Telephone:  213.576.5000<br>Facsimile:  213.680.4470<br>jcawdrey@gordonrees.com<br>khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☐  (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Dallas, Texas.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3      ☐      (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

4
5
6      ☐      (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

7
8
9      ☐      (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

10
11
12     ☐      (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

13
14
15
16
17     ☒      (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

18     ☐      (State)    I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

19
20
21     ☒      (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 11, 2015**, at Dallas, Texas.

22
23
24          Clint A. Corrie                    */s/ Clint A. Corrie*
          (Type or print name)                    (Signature)

25
26
27
28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342