**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

**SPACH, CAPALDI & WAGGAMAN, LLP**
MADISON S. SPACH, JR., SBN 94405
(Email: madison.spach@gmail.com)
ANDREW D. TSU, SBN 246265
(Email: andrewtsu@gmail.com)
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

*Attorneys for Defendants The Nick Vertucci
Companies, Inc. and Nick Vertucci*

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>*Defendants.* | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford and Hon. Douglas McCormick Courtroom 6B<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Hearing Date:
Date:    September 18, 2015
Time:    10:00 a.m.
Crtrm.:  6B
Judge: Hon. Douglas F. McCormick

SAC Filed:              June 17, 2014
FAC Filed:              March 7, 2014
Complaint Filed:        January 16, 2014
Discovery Cutoff:       June 29, 2015
Pretrial Conference:    Nov. 16, 2015
Trial:                  Dec. 8, 2015

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## I.      INTRODUCTION

Defendants and Counter-Plaintiffs Nick Vertucci ("Vertucci") and the Nick Vertucci Companies ("NVC" and together with Vertucci, the "Defendants") hereby respond in opposition to Plaintiff and Counter-Defendant Real Estate Training International, LLC ("RETI") and Counter-Defendant Armando Montelongo ("Montelongo" and together with RETI, the "Counter-Defendants") Opening Brief on Discovery Disputes re: 1) Number of Depositions; and 2) Renewed Motion to Compel (the "Motion").  The Counter-Defendants' Renewed Motion centers on efforts to re-file a late motion to compel on the various responses to Counter-Defendants' First Set of Discovery and Second Set of Discovery[1] and Counter-Defendants' efforts to exceed ten depositions ..

The Counter-Defendants seek (1) to exceed the number of allowable depositions under FRCP Rule 30, (2) to be permitted to re-activate a request for production of documents that was served two weeks <u>after</u> the deadline set by the Court in its June 9, 2014 Scheduling Order, and (3) seek to be excused from another missed deadline – the deadline to file motions to compel, again late under the Scheduling Order and recently affirmed that such motion could not be filed late by Judge Guilford in late August 2015.

All three of Counter-Defendants' requests are neither supported under the Federal nor Local Rules.  Moreover, Judge Guilford has already ruled on these issues. In December 2014, Judge Guilford emphatically ruled that Montelongo is a Counter-Defendant not a third- party defendant.  Montelongo's presence in the suit does not create a new "side" allowing Montelongo to take 10 more depositions. With respect to the late served Second Set of Discovery, the deadline to serve written discovery was

---

[1] Counter-Defendants' Second Set of Discovery consists of Requests for Production of Documents Set Two, Special Interrogatories Set Two and Requests for Admission Set One to Vertucci only.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTER DEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTER DEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

expressly set forth in Judge Guilford's original scheduling order and was to be calculated with respect to the Discovery Cut-off.  Likewise, the time to bring motions for discovery was also calculated in relation of the Discovery Cut-off.  There was never any change in the Discovery Cut-Off date and therefore dates and deadlines to be calculated from the Discovery Cut-Off date never changed.  Judge Guilford just re-affirmed on August 25, 2015 that the Discovery Cut-off had **not** been amended and that the cut-off for written discovery has **not** been extended.   Counter-Defendants' current requests for relief are nothing more than blatant attempts to ignore and maneuver around Judge Guilford's clear orders.  Defendants respectfully assert that this Court should not make an order that conflicts with Judge Guilford's original scheduling order, the parties agreed-to amended scheduling order, or Judge Guilford's most recent rulings on this issue in late August.

## II.     COUNTER-DEFENDANTS ARE LIMITED TO TEN DEPOSITIONS IN TOTAL.

### A.     Montelongo Is A Counter-Defendant.

Despite their best efforts to turn Montelongo into a "third-party defendant," Montelongo is a counter-defendant under the Federal Rules of Civil Procedure and was added to this action as such by this Court.  *See* Dkt. No. 82.  FRCP 14 entitled "Third –Party Practice," is the rule Defendants would have moved under had they sought to bring Montelongo in a party as a third-party defendant, i.e. as a party that was responsible to Defendants for a portion of the claims brought against them by RETI. Fed. R. Civ. P. 14 (third-party claims are claims brought against "a nonparty who is or may be liable to it [third-party plaintiff] for all or part of the claim against it [third-party plaintiff").  That claim if brought would be a derivative claim for indemnity or contribution based on Montelongo being responsible for a portion of the

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

liability asserted by RETI against defendants.  But that is not the nature of the claims against Montelongo by Defendants.

However, Defendants did not seek to add Montelongo as a third-party defendant, and, in fact, he was explicitly added to this action as a Counter-Defendant by this Court.  Dkt. No. 82 ("Given the claims stated against Montelongo, there is little question that he is a proper Counter-Defendant").  Instead of meeting this issue head on and explaining why Counter-Defendants believe this Court was wrong to define Montelongo as a Counter-Defendant in this action, or attempting to explain how Montelongo fits the criteria to be a third-party defendant under FRCP 14, Counter-Defendants turn to Black's Law Dictionary to provide a definition of "third-party defendant" into which they can fit Montelongo.  Motion, p. 9.

Though Black's Law Dictionary has its place in the practice of law, superseding the Federal Rules of Civil Procedure and this Court's prior, reasoned ruling is not one of them.  Rather than relying upon the non-controlling and overly inclusive dictionary definition of "third-party defendant" put forth by Counter-Defendants, this Court's prior ruling and the Federal Rules of Civil Procedure should be followed.  Moreover, Judge Guilford explicitly ruled on this issue and has stated on the record that Montelongo is a counter-defendant.    Dkt. No. 82.  In so doing, it is clear that Montelongo is a counter-defendant, and not a third-party defendant.

### B.    As Counter-Defendants, RETI And Montelongo Must Share Ten Depositions Between Them.

As a counter-defendant, Montelongo occupies the same **side** of this lawsuit as his fellow counter-defendant, RETI, and along with RETI, is limited to total of ten depositions.  Fed. R. Civ. P. 30(a)(2)(A)(i) (leave of court must be obtained if a deposition sought "would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

defendants").  To avoid this ten deposition limitation, and apparently to support their contention that Montelongo is not a counter-defendant, Counter-Defendants point out differences in the claims against Montelongo and RETI.  Differences in claims, however, are not a basis to define a counter-defendant as a third-party defendant, nor are they a basis to permit defendants to take more than ten depositions. Multiple parties on one side of a case, who are jointly limited to ten depositions, are expected to work out amongst themselves how to use those ten depositions.  *Thykkuttathill v. Keese*, 294 F.R.D. 597, 599 (W.D. Wa. 2013) (quoting Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). In fact, the first deposition notices issued by the Counter-Defendants were issued jointly showing a commonality of interests on the part of the Counter-Defendants.  *See* Exs. 1-3, inclusive.  It was only after the Defendants raised the issue of the 10 deposition limit that the Counter-Defendants began referring to Montelongo as a "third-party defendant"  and "cross- defendant" contrary to the joinder order of Judge Guilford which was never challenged by the Counter-Defendants and they started issuing separate deposition notices for RETI and Montelongo. Interestingly, Montelongo, the **sole** owner of Armando Montelongo Companies, Inc. which is the **sole** member of RETI LLC was produced as the **sole** corporate representative to support not only the claims asserted by RETI against the Defendants but also in defense of the counterclaims asserted by the Defendants against the Counter-Defendants. (Ex. 4.) Furthermore, in an effort to support the claim that RETI and Montelongo should be treated as different "sides", Counter-Defendants contend that Montelongo *needs* additional depositions to support his defense.  Motion, 9-10.  However, when Counter-Defendants discuss the testimony they expect to elicit from the five proposed additional deponents, the information that they claim will be provided from four of the five proposed deponents pertains solely and exclusively to RETI's claims against Vertucci and NVC, **not** Montelongo's defense against the claims lodged against him.  Motion, pp. 11-14.   Counter-Defendants claim that

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

proponents Gillian Birnie, Manny Moreno, Keith Yackey, and Nicole Marshall all have information *supporting RETI's claims against Vertucci,* and only Aaron Adams is listed as having information pertaining to the counter- claims asserted against Montelongo.   *Id.* But Counter- defendants have had 10 depositions to develop evidence *supporting RETI's claims against Vertucci.*

Based on the foregoing, it is clear that Montelongo is not seeking to take depositions to support his defense against claims asserted by Defendants, but rather, RETI is seeking to re-define Montelongo as a "third-party defendant" so that RETI can take additional depositions in support of its claims. Counter-Defendants should not be permitted to do so and should be limited to the ten depositions provided by the Federal Rules of Civil Procedure[2].

### C.    Counter-Defendants Should Not Be Permitted To Take Five Additional Depositions In This Action.

In the alternative, Counter-Defendants ask this Court to grant them an additional five depositions, at a hearing that is to take place a mere eight business days before the already-extended deadline for percipient witness depositions in this action. Even if Counter-Defendants could otherwise show that they should be granted an additional five depositions, which they cannot, what they are seeking is not logistically workable within the confines of the deadlines of this action.  Defendants

---

[2] Defendants are surprised that Counter-Defendants would contend that a deposition noticed in this case, and in fact commenced, does not count as deposition.  Motion, p. 7 n. 3.  This is particularly surprising since the deposition was conducted by Henry Gonzalez, Esq., who has since made an appearance in this action on behalf of RETI So he could conduct depositions when Ms. Howatt and Mr. Cawdrey were unavailable. Dkt. No. 172.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

still have not been afforded the opportunity to take the remaining  five (5) depositions they are permitted under the Federal Rules of Civil Procedure, and it is simply not feasible to fit those remaining depositions for Defendants plus the extra depositions sought by Plaintiff, into the remaining time allotted by September 30 ,.

Moreover, of the 5 depositions sought - Gillian Birnie, Manny Moreno, Keith Yackey, Aaron Adams, and Nicole Marshall- for different reasons these depositions should not be granted. Or if they are, then the Defendants should be granted extra depositions as well.  **Aaron Adams** is not a particularly relevant witness since Defendants/ Counter-Plaintiffs are not seeking to recover for <u>any</u> damages associated with any disruption or termination of any agreement that Vertucci had with Aaron Adams. Adams is a predecessor to Fernandez as a business partner and he has no direct knowledge of Vertucci' s business dealings with Fernandez for the relevant period of time.

While Gillian Birnie may have some relevant factual knowledge as a former employee of Montelongo, the principal reason they want to depose her is set forth in her filing –they want to confront her with her personal relationship with Vertucci and depose her on highly personal and private issues . Vertucci has already admitted to a relationship with her.  Now the Counter-defendants make the parties travel to Florida to conduct discovery on collateral issues about the exact nature of their relationship. Her deposition is not only a waste of time and resources its also seeks to invade her

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE
TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF
ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

privacy on a relationship that has already been admitted to.   Counter-Defendants request for this additional witness is designed once again to pursue the personal conduct issue.   Additionally, Ms. Birnie is a new mother –the father being a current employee of RETI's – Ryan Stankowitz, so the Counter-Defendants seek to leverage Stankowitz's employment relationship and threaten to expose Birnie's relationship with Vertucci to Stankowitz.   The deposition is sought for an improper purpose and should be denied. The Defendants reserve the right to seek further protective order if the deposition is granted by the Court.  Just  as they did with the deposition of Gina Vertucci, the Counter- Defendants now seek to try and destroy another relationship – that of a third- party Ms. Birnie and her fiancé in the interest of a defense to a claim– wrongful termination,   that has not been asserted by the Defendants/ Counter-Plaintiffs.

Manny Moreno- a former employee of RETI affiliate named "EMS" (Educational Management Seminars LLC) which is solely owned by Armando Montelongo Companies Inc. just like RETI, has already been deposed for 6 hours in the case EMS has filed against him in state court in Texas. As part of a larger discovery agreement Moreno and other former employee deposition were offered in both cases jointly.   The Counter-Defendants refused that proposed plan.. Mr. Gonzalez who is admitted as pro hac counsel in this case, took the deposition of Moreno in that certain matter entitled, *EMS v Manual Moreno*, No. 2014-CI-04088, in

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the 37th Judicial District Court, Bexar County, Texas.  Thus, RETI already knows his testimony and some of it is not favorable to them.  They want another opportunity to cross-examine him. As RETI and their counsel have a copy of the Moreno deposition, there is no compelling reason to take another 7 hour deposition of him other than to harass Mr. Moreno and run up the costs in the case.

Mr. Yackey's deposition was scheduled for August 24, 2015-– the Defendants agreed to produce him for deposition in Las Vegas and spent time before his deposition reviewing relevant documents and preparing him for his deposition. On the afternoon of Friday August 21, before his scheduled deposition, the Counter-Defendants' counsel cancelled taking Mr. Yackey's deposition. (*See* Ex. 5.) While Yackey may have relevant testimony, the Counter-Defendants chose their priorities and Mr. Yackey' deposition was apparently not their priority.  Similarly, the alleged relevance of Nicole Marshall is she was "involved in the early development of the Vertucci seminar business." But the Counter Defendants have never alleged nor could they that Vertucci was prohibited from setting up a competing business.  Ms. Marshall was an employee of Vertucci for two years before the severance of Vertucci's relationship with Montelongo; Montelongo knew about it and approved of her being hired by Vertucci. Ms. Marshall's testimony will be duplicative and cumulative of what 4-5 other fact witnesses have stated –that the business was started in November – December 2013 when Mr. Vertucci hired independent consultants to help him

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

understand and run a seminar business. Logistically, the depositions cannot work in the current schedule. Aaron Adams lives in Indiana; Birne lives in Florida; Yackey lives in Las Vegas; Moreno lives in California but travels frequently to West Texas ; Marshall lives in Chicago. The cost of these depositions alone would be enormous.

The statement by Counter-Defendants that "no party will be prejudiced by taking these depositions by September 30" belies several facts. First, because of the absolute refusal of the Counter-Defendants to fully engage in document production until ordered to by the Court on September 14, the Defendants had to halt deposition discovery to bring the issue of non-compliance to the Court's attention. The Defendants unquestionably have 5 remaining depositions to take under Rule 30 while the Counter-Defendants are entitled only to complete the deposition of Mr. Vertucci in California and Mike Tracey in Florida. Given the number of deposition days remaining in the month, taking and completing 7 fact witness depositions by the 30th will be difficult to accomplish. Additionally, while the Counter-Defendants represented to the Court on September 2 that they had " pretty much produced all documents responsive to Defendants request" – pursuant to the Court's order of September 14 (Dkt 195), as of **today** they just produced another 17,000 – 18,000 pages of documents in non –readable, non searchable format requiring the Defendants to expend more time and money converting the documents so they are searchable. So on top of their seriously late and delinquent document production, strategically

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

designed to keep Defendants at a disadvantage, the Counter- Defendants ask the court to let them take 5 more depositions. For all of the reasons set forth above this request should be denied.

Moreover, Counter-Defendants' "need" for additional depositions is a problem of their own making . Even if some of the additional depositions they seek fall within the scope of Rule 26(b)(2), they spent some of their ten allotted depositions on witnesses who were not relevant- defendants tried to tell them they did not have much relevant testimony they could not get from other core witnesses, or who were cumulative or duplicative.  Moreover, Counter-Defendants made the choice to pursue frivolous discovery pertaining to non-relevant personal and alleged sexual behavior rather than pursue the legal and factual merits of the case.   Counter-Defendants chose to depose both Gina Vertucci and Jesse Marquez, when it was clear that these two deponents knew little to nothing about the business issues in dispute in this matter — at least, none that could not be obtained more readily through another witness. Despite the motion for protective order and the motion to quash the deposition of Gina Vertucci and the testimony Counter-Defendants so desperately fought for to discover and spend time exploring evidence of Mr. Vertucci' personal conduct, the Cross-Defendants chose this path of discovery. They decided what evidence was important for them to discover and they chose to spend depositions on people like Jesse Marquez- who was never an employee or contractor with Montelongo or RETI  and

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

whose sole relevance was she was Keith Yackey's girlfriend.  Similarly, Gina Vertucci- Nick Vertucci's wife who was clearly not involved in the Nick Vertucci Real Estate Academy (NVREA) - again the Defendants provided a sworn Declaration to this effect but she suited the Counter-Defendants' purpose of having her deposition so they could embarrass her with confrontations about her husband's personal conduct to try and drive a wedge between she and her husband.  Instead, as part of their strategy to drag Mr. Vertucci through the mud to further harass and embarrass him, Counter-Defendants insisted on deposing Ms. Marquez and Ms. Vertucci on irrelevant personal matters.  These depositions constituted harassment at worst, and fishing expeditions at best.  The Counter Defendants also  took three (3) depositions of Nick Vertucci Real Estate Academy 's current employees who never worked for or were never contractors with Montelongo or RETI. Much of their testimony was  fishing for how Mr. Vertucci started his company and what he was doing. None of these witnesses had any knowledge of any agreements Vertucci had with RETI or any violations of any agreement.

As other courts have held, a side seeking to exceed the ten deposition maximum should be required to demonstrate the necessity of each deposition taken *prior* to seeking leave of court. *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001).  Otherwise, "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that [it] could

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that [it] could substantiate." *Id.*; *see also, e.g.*, *Gordilis v. Ocean Drive Limousines, Inc.*, No. 12-CV-24358, 2013 WL 6383973, at *1 (S.D. Fla. Dec. 5, 2013) ("When depositions in excess of ten are sought, the party seeking the depositions must justify the necessity of each deposition *previously taken* and must make a particularized showing as to the necessity of the deposition sought."). Counter-Defendants have not made any showing as to the necessity of each of their prior depositions. And, given that several of those prior depositions are irrelevant or cumulative, they cannot make any such showing.

The Court should not permit Counter-Defendants to make up for their wasted depositions by granting them additional ones, particularly on this short discovery time-frame. Moreover, any claim that Counter-Defendants were not aware that they were limited to ten depositions is not persuasive given Judge Guilford's clear ruling in December 2014, approximately 9 months ago, that Montelongo was a Counter-Defendant. Dkt. 82.

## III. RETI'S BELATED WRITTEN DISCOVERY EFFORTS SHOULD BE DENIED.

RETI's muckraking in the Motion belies a fundamental weakness on the merits. The facts remain that RETI served its Second Set of Discovery two weeks late and then failed to engage in the pre-filing conferral process required by the Local Rules before serving its proposed stipulation for the motion to compel that it now seeks to refile. Now that that motion to compel [Dkt. No. 168] ("First Motion to Compel") has

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

been denied, RETI seeks to file a new motion to compel one and a half months after the deadline to do so.[3]   Notwithstanding RETI's extensive efforts to deflect attention from its shortcomings, Vertucci and NVC are forced to respond to the Motion  to Compel because RETI belatedly served discovery, failed to comply with the Local Rules before filing the since denied First Motion to Compel, and now seeks to sweep these issues aside by being permitted to file a much belated motion to compel.  This flouting of the Local Rules and the Scheduling Order should not be countenanced.

      *A.*    *The Deadline To File Motions To Compel Has Passed And RETI Cannot Now File A Motion To Compel.*

For the entirety of the Motion RETI completely ignores the fact that on August 24, 2015, **less than three weeks ago**, Counter-Defendants filed an Ex Parte Application before Judge Guilford asking for the same exact relief – permission to re-file their late motion to compel.  *See* Dkt. 183, Counter-Defendants' "*Ex Parte* Application for an Order Clarifying the Discovery Cut-Off Date to Permit Resubmission of Motion to Compel, or in the Alternative, Leave to Withdraw and Resubmit the Motion to Compel."   On August 26, 2015, Judge Guilford denied their request as follows:

> **The parties did not request a new-cutoff date.**  The Court granted the parties' requested schedule. (Dkt. No. 158.)  **Thus, the parties made clear in their first Application that they did not intend or agree to extend the deadline for serving discovery.**
>
> Thus, the Court DENIES the Application.

[emphasis in bold added] (Dkt. No. 185.)

{36181060;3}               **13**               **CASE NO. 8-14-cv-0056-AG-DFMx**

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Thus, the entirety of what RETI seeks to accomplish with the motion to compel contemplated in the Motion – belatedly file a motion to compel and seek production of documents pursuant to the late-served Second Set of Discovery – has already been before Judge Guilford, and has already been denied.[4]  *See id.*  Counter-Defendants instant motion is a blatant attempt to circumvent Judge Guilford's existing order and should be denied in its entirety.  Based solely on the fact that these issues have already been decided, RETI's efforts to re-file its previously denied Motion to Compel should be denied.

**B.** **The Motion To Compel Cannot Be "Renewed" And Any Subsequent Filing Should Be Dated As Of The Date Of Filing.**

To avoid the fact that it is moving for relief one and half months too late, RETI claims that it is seeking to "renew" the First Motion to Compel, rather than filing a new motion compel.  It defies logic to believe that RETI can resurrect the First Motion to Compel, which was denied for failure to comply with "Local Rule 37-1's **pre-filing requirements**" by engaging in some sort of post-filing, post deadline "conferral" process.  *See* (In Chambers) Order re: Plaintiff's Motion to Compel (Dkt. 168) and

---

[4] The discovery cut-off was previously set for June 29, 2015, and the deadline for filing discovery motions was set for 30 days thereafter.  Section 1.3 of Judge Guilford's Scheduling Order Specifying Procedures.  Not only have these deadlines not been extended to permit filing new motions to compel, or the "renewing" of previously denied motions to compel, but these deadlines have since been confirmed. Dkt. No. 185.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

Defendants' Motion to Compel (Dkt. 166), ("Order Denying Motion to Compel") Dkt. No. 186 (emphasis added).

The Order Denying Motion to Compel did not provide RETI the right to "renew" its Motion to Compel, and relate the "renewal" back to the date of the deficient Motion to Compel. Dkt. No. 186, p. 1. Rather, the Order Denying Motion to Compel denied the Motion to Compel "without prejudice to its refiling in strict compliance with Local Rules 37-1 and 37-2." Dkt. No. 186, p. 1. Re-filing a motion, after it has been revised to account for **pre-filing conferral effort defects** is far different from attempting post-filing conferral efforts and subsequently deeming the defective, and already denied, Motion to Compel "renewed" and filed as of the original date of filing.

To support is unique theory that the Motion to Compel can be "renewed," and retain the date of the already denied Motion to Compel, RETI cites *Carlson v. FedEx Ground Package Sys.*, 2012 U.S. Dist. LEXIS 144744 (D. Mont. Sept. 12, 2012), adopted in full by the District Court in *Carlson v. FedEx Ground Package Sys.*, 2012 U.S. Dist. LEXIS 144730 (D. Mont. Oct. 5, 2012). *Carlson*, however, unlike the instant matter, involves a motion to compel that was filed **after sufficient pre-filing conferral efforts were made**, and the renewal of that motion, without a subsequent conferral. *See id.* In the instant matter, the Court has already found that RETI failed to meet the conferral requirements of Local Rule 37 before filing the Motion to

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Compel.  Dkt. No. 186.  Furthermore, *Carlson* does not involve the "renewed" motion dating back to the original filing, and, as such, provides no support for RETI's efforts to "renew" the Motion to Compel and keep the date that complies with the deadline to file motions to compel.  RETI should not be permitted to file a deficient "place holder" motion, which is all the Motion to Compel was, in order to provide it with time to later file a "compliant" motion on the same issues.

C.  *The Second Set Of Discovery Was Late-Served And Is, Therefore, Improper And Does Not Require A Response.*

Even if RETI were permitted to take yet another attempt at filing a motion to compel, the Second Set of Discovery, responses to which it seeks to compel through the proposed motion to compel, were late served and do not require a response.  Judge Guilford's scheduling order set the following dates:

> Discovery Cutoff is June 29, 2015
> Final Pretrial Conference is September 14, 2015
> Jury Trial is set for September 29, 2015.
> (Doc. 48.)

Judge Guilford's minute order in conjunction with his standing Scheduling Order required all written discovery to be served 45 days before the June 29, 2015 Discovery Cut-off- by May 15, 2015.  *See* Dkt. 48 and section 1.2 of the Scheduling Order, attached as Exh. 1 to the Corrie Decl. at ¶ 3.)

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

Thus, Counter-Defendants' Second Set of discovery was not served timely, as it was served on May 29, 2015, over 14 days late pursuant to Judge Guilford's Scheduling Order.   No order of the Court has changed that, and no stipulation of the parties has changed that.  As Judge Guilford has recently noted, the cut-off for written discovery was not moved, and remains June 29, 2015.  Order Denying Application, Dkt. No. 185.   The Court should not condone Counter-Defendants' attempts to circumvent the clearly-defined deadlines set out by the Court and should not require the Vertucci Defendants to make any further response to the late-served Second Set of Discovery.

## IV. CONCLUSION

For the reasons stated herein, Defendants/Counter-Plaintiffs respectfully request the Court deny Counter-Defendants request to renew or have reconsidered their Motion to Compel, or, alternatively, to once again deny it on the merits, and to further order that Counter-Defendants RETI and Montelongo are limited to ten (10) depositions.

Dated:  September 15, 2015

Respectfully submitted,
**AKERMAN LLP**

By: */s/ Clint A. Corrie*
        Karen P. Ciccone, Esq.
        Clint Corrie, Esq.
        *Admitted Pro Hac Vice*
        *Attorneys for Defendants/Counter-Plaintiffs*
        *The Nick Vertucci Companies and Nick*
        *Vertucci*

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE
TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF
ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SPACH, CAPALDI & WAGGAMAN, LLP**

By: */s/ Madison S. Spach, Jr.*
        Madison S. Spach, Jr.
        Andrew Tsu
*Attorneys for Defendants/Counter-Plaintiffs*
*The Nick Vertucci Companies and Nick*
*Vertucci*

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{36181060;3}                                        18                        CASE NO. 8-14-cv-0056-AG-DFMx
**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE**
**TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF**
**ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

## PROOF OF SERVICE

I am employed in the City of Dallas and County of Dallas, Texas.  I am over the age of 18 and not a party to the within action.  My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

On **September 15, 2015**, I served the following document(s):

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND COUNTERDEFENDANT ARMANDO MONTELONGO'S OPENING BRIEF ON DISCOVERY DISPUTES RE: 1) NUMBER OF DEPOSITIONS AND 2) RENEWED MOTION TO COMPEL**

on the persons below as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq. Education Management Services, LLC 2935 Thousand Oaks Dr., #6-285 San Antonio, TX  78247 | Telephone:  210-501-0077 Facsimile:  210-568-4493 andrew.j.moon@gmail.com andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq. Kimberly D. Howatt, Esq. Gordon & Rees LLP 633 W. 5th Street, 52nd Floor Los Angeles, CA  90017 | Telephone:  213.576.5000 Facsimile:  213.680.4470 jcawdrey@gordonrees.com khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☐     (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Dallas, Texas.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐    (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐    (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐    (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐    (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐    (State)    I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

☒    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 15, 2015**, at Dallas, Texas.

| | |
|---|---|
| Clint A. Corrie | */s/ Clint A. Corrie* |
| (Type or print name) | (Signature) |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342