UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV14-00546-AG (DFMx) | Date | September 18, 2015 |
| Title | Real Estate Training International, LLc. v. The Nick Vertucci Companies, et al. | | |

Present: The Honorable  Douglas F. McCormick

| Terri Steele | CS 09/18/2015 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey A. Cawdrey | Madison S. Spach, Jr. |
| Kimberly D. Howatt | Clint A. Corrie |

**Proceedings:** (In Court) Hearing on Plaintiff's Motion regarding (1) Number of Depositions; and, (2) Renewed Motion to Compel [Dkt. 191] and, Defendants' Motion to Compel [Dkt. 192]

Case called. Appearances made. Discussion held.

Except as set forth herein, the Court adopts its tentative ruling (attached).

The Court additionally finds that Counter-Defendants have made a sufficient showing under Rule 26(b)(2) for leave to take the deposition of Manny Moreno. Counter-Defendants' request for Moreno's deposition is accordingly GRANTED. Moreno's deposition shall be limited to 3.5 hours. Furthermore, the parties are ordered, consistent with the tentative ruling, to meet and confer by 5:00 p.m. on Friday, September 18, 2015, about a date and time for Moreno's deposition. And as with the other depositions, the parties will have thirty (30) days from today's date to complete the Moreno depositions.

|  | : | 58 |
|---|---|---|
| Initials of Clerk | ts | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

HON. DOUGLAS F. McCORMICK, U.S. MAGISTRATE JUDGE

### ~~Tentative~~ Ruling on Law & Motion Matter

DATE: September 18, 2015

CASE: <u>Real Estate Training Int'l, LLC v. The Nick Vertucci Cos., Inc. et al.</u>,
SA CV 14-00546-AG (DFMx)

RE: Discovery Issues

    Plaintiff/Counter-Defendant Real Estate Training International, LLC ("RETI") and Counter-Defendant[1] Armando Montelongo ("Montelongo") (collectively, "Counter-Defendants") move for an order:

(1)     interpreting Federal Rule of Civil Procedure 30(a)(2) to allow Montelongo to take 10 depositions (meaning that RETI and Montelongo would be entitled to 20 depositions collectively) or, alternatively, granting leave to take five additional depositions; and

---

[1] Defendants/Counter-Plaintiffs The Nick Vertucci Companies, Inc. and Nick Vertucci contend that the characterization of Montelongo as either a "counter-defendant" or a "cross-defendant" is somehow determinative of whether RETI and Montelongo should be considered a "side" for purposes of Rule 30(a)(2). This distinction was not integral to the Court's analysis, and its reference to Montelongo as a "counter-defendant" is not intended to reflect the Court's ultimate conclusion on the matter.

1

>   (2)   permitting RETI to renew its motion to compel (Dkt. 168), which was denied without prejudice based on RETI's failure to comply with Local Rule 37-1's pre-filing requirements, see Dkt. 186.

The Court will address each request in turn.

### **Additional Depositions**

Rule 30(a) of the Federal Rules of Civil Procedure provides that "a party" may take no more than ten depositions without obtaining leave of court. Rule 30(a)(2), "as amended in 1993, is unambiguous in presumptively limiting the number of allowed depositions to ten per side, not per party." Thykkuttathil v. Keese, 294 F.R.D. 597, 599 (W.D. Wash. 2013). Counter-Defendants argue that they should not be considered a "side" for purposes of this rule because Montelongo "is subject to individual claims for relief that are both different from those asserted against RETI, and also, based upon different circumstances and events than those alleged in RETI's complaint." Dkt. 191 at 4.

Generally, "it should not be difficult to determine which parties are considered to be a 'side' for purposes of this rule ... one sensible interpretation is to look to whether the parties on a given 'side' are so aligned, at least in terms of the issues raised and their positions on those issues (as distinguished from strategic considerations) that they could not be expected to cooperate on a common discovery strategy." Felman Prod., Inc. v. Indus. Risk Insurers, No. 09-0481, 2009 WL 3668038, at *3 (S.D. W. Va. Nov. 3, 2009) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2104 (3d ed.)).

Here, RETI and Montelongo are sufficiently related to warrant a per-side limitation on depositions. See Felman, 2009 WL 3668038 at *3. They have a business relationship and share counsel. As Defendants/Counter-Plaintiffs The Nick Vertucci Companies, Inc. ("NVC") and Nick Vertucci ("Vertucci") (collectively, "Defendants") point out, "Montelongo is President of RETI, an LLC whose membership interest is owned by another company Montelongo owns." Dkt. 192 at 10-11. Additionally, Monetlongo was designated as RETI's sole corporate representative for all Rule 30(b)(6) topics. Dkt. 198-4 at 1.

RETI and Montelongo contend that they should be treated as separate sides because Montelongo was not added as a party until nine months after the commencement of the action and needs additional depositions "to prepare his defense." Dkt. 191 at 5. However, Counter-Defendants' stated justification for wanting to depose four of the five proposed witnesses is to obtain information regarding RETI's claims against Defendants, not Montelongo's defenses. See id. at 6-9. And, despite Counter-Defendants' contention that different claims and theories of liability are asserted against them, see Dkt. 191 at 4-5, it appears that their interests are nevertheless aligned on the issues in this case. Given that Counter-Defendants have issued joint deposition notices, see Dkt. 189, Exhs. 1-3, as well as jointly filed numerous documents in this action, see, e.g., Dkt. 183, they can reasonably be expected to confer and agree as to which depositions are needed in order to achieve the efficiencies promoted by the Federal Rules. See Felman, 2009 WL 3668038 at *2 ("This per-side limit reflects the federal rules' policy of promoting cost-effective discovery; a policy which explicitly seeks to minimize the burden and expense imposed by discovery by avoiding unreasonable duplication and/or other cumulative efforts." (citations omitted)).

The Court next considers Counter-Defendants' request to take in excess of 10 depositions under Rule 30(a)(2). Leave must be granted to the extent consistent with Rule 26(b)(2), which provides, in pertinent part:

> [T]he court must limit the frequency or extent of use of the discovery methods otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(c). "A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." Thykkuttathil, 294 F.R.D. at 600 (citations omitted). The party making the request should appropriately exhaust its current quota of depositions before seeking leave for supplemental discovery. See Archer

3


Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999) (citing Whittingham v. Amherst Coll., 163 F.R.D. 170, 171 (D. Mass. 1995)).[2]

The previous depositions taken by Counter-Defendants appear to satisfy Rule 26(b)(2) standards. See Dkt. 197 at 7-8. Counter-Defendants have also made a "particularized showing" of the need for the depositions of Gillian Birnie, Manny Moreno, Keith Yackey, and Aaron Adams. See Dkt. 191 at 6-9. However, Defendants contend that Manny Moreno was deposed by counsel who has been admitted pro hac vice in this action on behalf of an affiliate of RETI in a related case pending in Texas. Dkt. 198 at 9-10. Unless Counter-Defendants can sufficiently demonstrate at the hearing why further testimony from Manny Moreno is necessary, the Court finds that, on balance, the burden and expense of taking his deposition outweighs its likely benefit.

With respect to Nicole Marshall, Counter-Defendants concede that her "anticipated knowledge may be more generalized" than that of the other proposed witnesses. See Dkt. 191 at 9. Her anticipated testimony appears to be duplicative of that offered by numerous other witnesses, and Counter-Defendants have failed to offer any particular reasons other than their "belief" that her knowledge "is unique and cannot be obtained from any other source." See id.

Based on the foregoing, the Court DENIES Cross-Defendants' request that it interpret Federal Rule of Civil Procedure 30(a)(2) to allow Montelongo to take 10 depositions. The Court GRANTS Counter-Defendants' request for leave to take the depositions Gillian Birnie, Keith Yackey, and Aaron Adams, and DENIES their request as to Manny Moreno and Nicole Marshall.[3] The

---

[2] There is a dispute as to whether Counter-Defendants have commenced 9 or 10 depositions. See Dkt. 191 at 2, n.3; Dkt. 192 at 10. If, as RETI and Montelengo contend, "they have not yet reached ten depositions," see Dkt. 191 at 2, n.3, they have not properly exhausted their quota of depositions. However, the Court finds that reaching the merits of Counter-Defendants' request to enlarge the number of depositions will promote judicial economy and conserve the parties' resources, and does not address the parties' deposition counting techniques.

[3] Defendants also contend that if Counter-Defendants are granted leave to take additional depositions, they should be granted extra depositions. Dkt.

parties are ordered to meet and confer by 5:00 p.m. on Friday, September 18, 2015, about a date and time for the ordered depositions. Further, in light of Defendants' contention that they would be prejudiced if additional depositions were ordered to go forward by the September 30, 2015 cutoff for depositions of non-party-controlled witnesses, see Dkt. 198 at 9-10, the parties will have thirty (30) days from the date of entry of this order to complete the depositions of Gillian Birnie, Keith Yackey, and Aaron Adams.

### Counter-Defendants' Motion to Compel

- Counter-Defendant's Second Set of RFPs

Counter-Defendants also request that the Court renew or reconsider RETI's motion to compel (Dkt. 168), which was denied without prejudice as a result of RETI's failure to comply with Local Rule 37-1's pre-filing requirements, see Dkt. 186.[4] As an initial matter, the motion to compel involves two sets of discovery – the first set, which was timely served, and the second set, which was served after the original deadline for written discovery under Judge Guilford's standing rules.

Beginning with the second set of discovery, the crux of Counter-Defendants' argument is that a renewed motion to compel would be timely based on the extension of the discovery cutoffs for non-written discovery mechanisms. See Dkt. 197 at 9-11. Notwithstanding the parties' readings of Judge Guilford's orders, the timeliness of a renewed motion has no bearing on the fact that RETI's second set of discovery was served after the deadline. In fact, Judge Guilford conclusively ruled that there was no extension of the deadline for serving written discovery when he denied RETI's "Ex Parte Application for an Order Clarifying the Discovery Cut-Off Date to Permit Resubmission of Motion to Compel, or in the Alternative, Leave to Withdraw and Resubmit Motion to Compel" (Dkt. 183). See Dkt. 185. Thus, Defendants

---

198 at 8. Such a request has not been made and the Court will not consider one raised as an argument.

[4] The Court's choice to deny the motion "without prejudice" was made in the dark as to the timing issues now before it. It is simply the Court's practice, when a party's motion has to be denied for lack of compliance with Local Rule 37, to deny such motion without prejudice.

properly objected to RETI's second set of discovery, and RETI is not entitled to receive any further responses to these untimely requests.

- Counter-Defendant's Other Written Discovery

Turning then to RETI's ability to resuscitate its motion as to its first set of written discovery, the Court rejects RETI's argument that Judge Guilford's scheduling order permits them to file their discovery motion as late as November 4th. Judge Guilford's ruling on the RETI's ex parte application leave the Court with no doubt that Judge Guilford intended to extend the discovery deadlines only as to those areas specified by the Court at the behest of the parties in the July 8, 2015 scheduling order. If the parties have discovery motions related to those areas, such as those alluded to in Counter-Defendants' Opposing Brief on pages 10 and 11, it is clear to the Court that Judge Guilford's July 8, 2015 scheduling order would permit those motions to be filed.

But the deadline for written discovery expired on June 29, 2015, the original discovery cutoff date. See Dkt. 48. Under Judge Guilford's standing rules, "[d]iscovery motions shall be filed and served . . . never later than 30 days after the discovery cutoff date." The parties' deadline for motions related to written discovery was thus July 29, 2015.

RETI contends that Defendants have refused to meet-and-confer about its written discovery requests. If the record showed that Defendants refused to meet-and-confer before the motion deadline, the Court would be inclined to allow RETI to revive its motion. But the problem lies with what RETI did not do before the motion deadline. RETI seems to admit that it did not send a meet-and-confer letter as required by this Court's Local Rules before the motion deadline. See Dkt. 191 at 14 (conceding that although the parties had discussed issues raised in the motion, there was no "formal letter regarding same"). It instead points to Defendants' post-deadline refusal to meet-and-confer, citing Defendants refusal to participate in a telephone conference about RETI's August 17th letter outlining RETI's concerns about the written discovery.

The difficulty with RETI's position is that the August 17th letter came after the closing bell for discovery motions related to its written discovery. Although Defendants' subsequent refusal to respond to the August 17th letter is hardly commendable—a letter or e-mail on August 18th or 19th would have

been preferable to Defendants' course of ignoring the August 17th letter's existence—the stubborn fact remains that RETI's motion deadline had already expired. And all RETI had filed was a motion that did not comply with Local Rule 37, in part because it had not sent a "formal letter" about its concerns with Defendants' discovery responses.

Given Judge Guilford's deadlines and the clear import of his ruling on RETI's ex parte application, the Court is unable to find a basis for any conclusion but that RETI's motion to compel is dead. In sum, the Court finds that RETI's efforts to comply with Local Rule 37 after the motion cutoff date cannot cure its failure to file a timely motion that complied with Local Rule 37. Accordingly, Counter-Defendant's request for reconsideration or for renewal of its motion to compel is DENIED.