# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Central District District of California

Case Number: 8:14-CV-00546

Plaintiff:
**REAL ESTATE TRAINING INTERNATIONAL, LLC**

vs.

Defendant:
**THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI**

Received by Thomas A. Saucedo I on the 22nd day of September, 2015 at 5:18 pm to be served on **T. Charles Parr, III, 100 Northeast Loop 410, Suite 700, San Antonio, Bexar County, TX 78216**.

I, Thomas A. Saucedo I, being duly sworn, depose and say that on the **23rd day of September, 2015** at **3:10 pm, I:**

**DELIVERED** a true copy of the **Subpoena to Testify at a Deposition in a Civil Action with Defendants' Notice of Deposition to T. Charles Parr, III, Pursuant to Subpoena and Check No. 1386 Payable to T. Charles Parr, III in the Amount: $42.30 as Witness Fee** with the date of service endorsed thereon by me to: **T. Charles Parr, III,** in person, at the address of: **100 Northeast Loop 410, Suite 700, San Antonio, Bexar County, TX 78216**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: White, Height: 5'8", Weight: 160, Hair: Silver, Glasses: Y

I am a private process server authorized by the Supreme Court of Texas. I am over the age of eighteen (18) and not a party to nor interested in the outcome of the suit referenced above. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

State of Texas, County of Bexar

Subscribed and Sworn to before me on the 23rd day of September, 2015 by the affiant who is personally known to me.

NOTARY PUBLIC



JESSICA D. JESTER
Notary Public, State of Texas
My Commission Expires
June 23, 2018

Thomas A. Saucedo I
SCH 3797 Ex. 5/31/2017

Special Delivery
5470 L B J Freeway
Dallas, TX 75240
(214) 866-3200

Our Job Serial Number: WDL-2015000801
Ref: 2660204

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC <br> *Plaintiff* <br> v. <br> THE NICK VERTUCCI COMPANIES, INC, et al. <br> *Defendant* | ) ) ) ) Civil Action No. 8:14-CV-00546 ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: T. CHARLES PARR, III

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Gonzalez, Chiscano, Angulo & Kasson, PC <br> 613 NW Loop 410, SUITE 800 <br> San Antonio, TX 78216 | Date and Time: <br> 10/02/2015 9:00 am |
|---|---|

The deposition will be recorded by this method: Certified Shorthand Reporter and Videopgrapher

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2015

| *CLERK OF COURT* | OR | /s/ Clint A. Corrie |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants The Nick Vertucci Companies, Inc. and Nick Vertucci , who issues or requests this subpoena, are:
Clint Corrie, AKERMAN, LLP, 2001 Ross Ave, Ste, 2550, Dallas, TX 75201, 214.720.4300 / Madison S. Spach, Jr.,SPACH, CAPALDI & WAGGAMAN, LLP, 4675 MacArthur Court, Suite 550, Newport Beach, CA 92660, 949.852.0710

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:14-CV-00546

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* T. Charles Parr, III
on *(date)* 09/22/2015 .

☑ I served the subpoena by delivering a copy to the named individual as follows:
by handing to T. Charles Parr, II, in person at his place
of work: Parr & Associates, 100 Northeast Loop 410,
Suite 700, San Antonio, Texas 78216 at 3:10 PM on *(date)* 09/23/2015 ; or

☐ I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 42.30 .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 09/23/2015

*Server's signature*

Thomas A. Saucedo, I - SCH 3797 Ex. 5/31/2017
*Printed name and title*

218 N. Las Moras St.
San Antonio, TX 78207
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).