# EXHIBIT 1

Exhibit 1

**Brittany McCarthy**

| | |
|---|---|
| **From:** | Charles Parr <CParr@parrcpas.com> |
| **Sent:** | Wednesday, September 30, 2015 3:56 PM |
| **To:** | madison.spach@gmail.com; andrewtsu@gmail.com; clint.corrie@akerman.com; david.meek@akerman.com; christopher.hodge@akerman.com; karen.ciccone@akerman.com |
| **Cc:** | Jeffrey Cawdrey; Kimberly Howatt; Brittany McCarthy; Andy Moon; nathanc@teamarmando.com |
| **Subject:** | T. Charles Parr Objection |
| **Attachments:** | Parr - Signed Objection to Deposition Subpoena.pdf |

To:     Ms. Karen Palladino Ciccone, Esq.
        Mr. Clint A. Corrie, Esq.
        Mr. Christopher Hodge, Esq.
        Mr. David A. Meek, Esq.
        Mr. Madison S. Spach, Jr., Esq.
        Mr. Andrew D. Tsu, Esq.


Attached please find, ***T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.***

Very truly yours,

T. Charles Parr, III

Parr & Associates
100 North East Loop 410, Suite 700
San Antonio, Texas 78216
telephone:  210.349.4431
facsimile:  210.349.4481
e-mail:  cparr@parrcpas.com
www.parrcpas.com


CONFIDENTIALITY NOTICE

***E-mail transmissions cannot be guaranteed to be secure, timely, or error-free***

Parr & Associates recommends that you do not send confidential information to us via electronic mail, including account numbers, social security numbers or any personal identification numbers.

The information contained in this email is confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient.  You are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this

1

Exhibit 1                                                                                                    Page 5

communication in error, please immediately notify us by telephone at 210-349-4431 or send the original message to us at the above address via the U.S. Postal Service.

2

Exhibit 1                                                                                      Page 6

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

10

11   REAL ESTATE TRAINING              )   CASE NO. 8:14-cv-00546-AG-DFM
     INTERNATIONAL, LLC,               )
12                                     )   **T. CHARLES PARR III'S**
                           Plaintiff,  )   **OBJECTION TO DEFENDANTS**
13                                     )   **AND COUNTER-PLAINTIFFS'**
          v.                           )   **DEPOSITION NOTICE,**
14                                     )   **SUBPOENA FOR TESTIMONY**
     THE NICK VERTUCCI COMPANIES,      )   **AND SUBPOENA DUCES TECUM**
15   INC. and NICK VERTUCCI,           )
                                       )   Dept.:   Courtroom 10D
16                         Defendants.  )   Judge:  Hon. Andrew J. Guilford
     ─────────────────────────────────  )
17                                     )
     THE NICK VERTUCCI COMPANIES,      )
18   INC. and NICK VERTUCCI,           )
                                       )
19   Counterclaimants                  )
                                       )
20        v.                           )
                                       )
21   REAL ESTATE TRAINING              )
     INTERNATIONAL, LLC; ARMANDO       )
22   MONTELONGO                        )
                                       )
23   Counterdefendants.                )
     ─────────────────────────────────  )
24
          T. CHARLES PARR, III hereby submits the following objections to
25
     Defendants/Counter-Plaintiffs THE NICK VERTUCCI COMPANIES, INC. and
26
     NICK VERTUCCI's Notice of Deposition, Subpoena to Testify in a Civil Action,
27
     and Subpoena Duces Tecum.
28

                                        -1-
T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                           Page 7

## OBJECTIONS TO DEPOSITION NOTICE

T. CHARLES PARR, III ("Parr") objects to the deposition notice on the grounds that he is unavailable on the unilaterally selected date, and is thus subject to undue burden.

Moreover, the unilaterally-selected date is only nine (9) days after the date of the service of the subpoena, and thus is improper and untimely notice of a deposition and document demand, as it fails to allow a reasonable time to comply.

Parr further objects because he is informed and believes that the court-ordered cut-off date for depositions of party-controlled witnesses was August 31, 2015 and for non-party witnesses it was September 30, 2015; the notice and subpoenas improperly require him to provide testimony on October 2, 2015. Further, the cut-off date to issue written discovery requests, including document demands, was June 29, 2015.

Parr also objects to the demand for documents, consisting of 122 categories of documents sought, as burdensome, oppressive, and harassing, and imposes undue expense.  Further, this set of requests seeks information that is not reasonably accessible because of undue burden or cost.

Parr objects to the notice and subpoenas to the extent they call for information (whether testimony or documents) protected from disclosure by the Attorney-Client Privilege, the Attorney Work Product Doctrine, and the state and federal Constitutions.

Parr further objects to the notice and subpoenas to the extent they seek information (whether testimony or documents) that is protected from disclosure under the state and federal constitutional rights to privacy.  Parr objects to the notice and subpoenas as burdensome, harassing, and oppressive.

**For each and all of these reasons, and pursuant to Fed. R. Civ. P. 45, Parr will neither appear on the date set forth in the subpoena nor produce documents in response to same**.

-2-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1   Page 8

1    In addition to the general objections above, Parr objects to the individual

2    requests in the subpoena duces tecum as follows:

3                        **OBJECTIONS TO DEFINITIONS**

4    Parr objects to the definition of "Plaintiff" and "RETI" as vague and

5    ambiguous, overbroad to the extent that the definition includes

6    "all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal

7    entities that are wholly or partially owned or controlled by Real Estate Training

8    International, LLC (either directly or indirectly), and including any of its past and

9    present members, officers, directors, principals, agents, employees,

10   representatives, consultants, attorneys, and all other Persons acting for, or on Real

11   Estate Training International, LLC's behalf."    There are many "affiliates" owned

12   or controlled by RETI and/or the members of RETI that are potentially included in

13   this definition that are entirely irrelevant to the subject matter of the litigation.

14   This definition is therefore not reasonably particular and, on its face, seeks

15   irrelevant subject matter beyond the scope of Rule 26.

16   Parr objects to the definition of "Plaintiff's Affiliates" as vague and

17   ambiguous and overbroad.  There are many "affiliates" owned or controlled by

18   Plaintiff that are potentially included in this definition that are entirely irrelevant

19   to the subject matter of the litigation.   This definition is therefore not reasonably

20   particular and, on its face, addresses irrelevant subject matter beyond the scope of

21   Rule 26.

22   Parr objects to the definition of "Montelongo Affiliates" as vague and

23   ambiguous and overbroad.  There are many "affiliates" owned or controlled or

24   affiliated with Mr. Montelongo that are potentially included in this definition that

25   are entirely irrelevant to the subject matter of the litigation.   This definition is

26   therefore not reasonably particular and, on its face, addresses irrelevant subject

27   matter beyond the scope of Rule 26.

28

Exhibit 1                                                                                          Page 9

1   Parr objects to the definition of "Cash-Flow Properties" as vague and
2   ambiguous.  Parr is  a Certified Public Accountant in an accounting firm and is not
3   knowledgeable regarding, nor is Parr responsible for tracking the "efforts" of, the
4   party(ies) responsible for the sale of individual properties.

5   Parr objects to the definition of "Cash-Flow Properties II" as vague and
6   ambiguous.  Parr is a Certified Public Accountant in an accounting firm and is not
7   knowledgeable regarding, nor is Parr responsible for tracking the "efforts" of, the
8   party(ies) responsible for the sale of individual properties.

9   **OBJECTIONS TO DOCUMENTS TO BE PRODUCED**

10   1.      Any documents pertaining to, or records of, the financials of Plaintiff.

11   **Objection.**   This request is vague, ambiguous, and overbroad and unduly
12   burdensome and harassing, in that it is unlimited to scope and seeks documents
13   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,
14   this request seeks documents protected from disclosure by the right to privacy as
15   set forth in the California Constitution, and potentially seeks documents protected
16   by attorney-client and/or work product privileges.

17   2.      All financial statements of Plaintiff and/or Plaintiff's Affiliates and/or
18   Montelongo Affiliates.

19   **Objection.**   This request is vague, ambiguous, and overbroad and unduly
20   burdensome and harassing, in that it is unlimited to scope and seeks documents
21   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,
22   this request seeks documents protected from disclosure by the right to privacy as
23   set forth in the California Constitution.

24   3.      All records supporting the financial statements of Plaintiff and/or
25   Plaintiff's Affiliates and/or Montelongo Affiliates.

26   **Objection.**   This request is vague, ambiguous, and overbroad and unduly
27   burdensome and harassing, in that it is unlimited to scope and seeks documents
28   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

-4-

Exhibit 1                                                                                                Page 10

1  this request seeks documents protected from disclosure by the right to privacy as
2  set forth in the California Constitution, and potentially seeks documents protected
3  by attorney-client and/or work product privileges.

4      4.      All profit and loss statements of Plaintiff and/or Plaintiff's Affiliates
5  and/or Montelongo Affiliates, and any records supporting or used in creating those
6  statements, including but not limited to all backup documents, supporting
7  documents, and monthly reports.

8      **Objection.**  This request is compound, vague, ambiguous, and overbroad
9  and unduly burdensome and harassing, in that it is unlimited to scope and seeks
10  documents that would exceed the scope of Rule 26, and thus are not discoverable.
11  Moreover, this request seeks documents protected from disclosure by the right to
12  privacy as set forth in the California Constitution.

13      5.      All tax returns, and any records supporting or used in creating those
14  tax returns, of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

15      **Objection.**  This request is compound, vague, ambiguous, and overbroad
16  and unduly burdensome and harassing, in that it is unlimited to scope and seeks
17  documents that would exceed the scope of Rule 26, and thus are not discoverable.
18  Moreover, this request seeks documents protected from disclosure by the right to
19  privacy as set forth in the California Constitution.   In addition, Defendants have
20  not shown a compelling need for tax returns.  *Zuniga v. Western Apts*., 2014 U.S.
21  Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are
22  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co*.
23  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,
24  720.

25      6.      All documents submitted to YOU by Plaintiff for preparation of any
26  tax returns of and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

27      **Objection.**  This request is vague, ambiguous, and overbroad and unduly
28  burdensome and harassing, in that it is unlimited to scope and seeks documents

Exhibit 1                                                              Page 11

1  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

2  this request seeks documents protected from disclosure by the right to privacy as

3  set forth in the California Constitution.   In addition, Defendants have not shown a

4  compelling need for tax returns.  *Zuniga v. Western Apts*., 2014 U.S. Dist. LEXIS

5  83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from

6  disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d

7  509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

8      7.    The general ledger of Plaintiff and/or Plaintiff's Affiliates and/or

9  Montelongo Affiliates.

10     **Objection.**  This request is vague, ambiguous, and overbroad and unduly

11  burdensome and harassing, in that it is unlimited to scope and seeks documents

12  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

13  this request seeks documents protected from disclosure by the right to privacy as

14  set forth in the California Constitution.

15     8.    All supporting documents for the general ledger of Plaintiff and/or

16  Plaintiff's Affiliates and/or Montelongo Affiliates.

17     **Objection.**  This request is vague, ambiguous, and overbroad and unduly

18  burdensome and harassing, in that it is unlimited to scope and seeks documents

19  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

20  this request seeks documents protected from disclosure by the right to privacy as

21  set forth in the California Constitution, and potentially seeks documents protected

22  by attorney-client and/or work product privileges.

23     9.    All financial reports prepared by YOU for Plaintiff and/or Plaintiff's

24  Affiliates and/or Montelongo Affiliates.

25     **Objection.**  This request is compound, vague, ambiguous, and overbroad

26  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

27  documents that would exceed the scope of Rule 26, and thus are not discoverable.

28

-6-

Exhibit 1      Page 12

1   Moreover, this request seeks documents protected from disclosure by the right to

2   privacy as set forth in the California Constitution.

3       10.   All documents submitted to YOU relating to any financial report

4   prepared for Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

5       **Objection.**   This request is compound, vague, ambiguous, and overbroad

6   and unduly burdensome and harassing, in that it is unlimited to scope and seeks

7   documents that would exceed the scope of Rule 26, and thus are not discoverable.

8   Moreover, this request seeks documents protected from disclosure by the right to

9   privacy as set forth in the California Constitution.

10      11.   Any audits of the financials of and/or Plaintiff's Affiliates and/or

11  Montelongo Affiliates.

12      **Objection.**   This request is vague, ambiguous, and overbroad and unduly

13  burdensome and harassing, in that it is unlimited to scope and seeks documents

14  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

15  this request seeks documents protected from disclosure by the right to privacy as

16  set forth in the California Constitution, and potentially seeks documents protected

17  by attorney-client and/or work product privileges.

18      12.   All documents reflecting any revenue generated by Plaintiff and/or

19  Plaintiff's Affiliates and/or Montelongo Affiliates by Vertucci for the years 2011 –

20  2015.

21      **Objection.**   This request is compound, vague, ambiguous, and overbroad

22  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

23  documents that would exceed the scope of Rule 26, and thus are not discoverable.

24  Moreover, this request seeks documents protected from disclosure by the right to

25  privacy as set forth in the California Constitution, and potentially seeks documents

26  protected by attorney-client and/or work product privileges.

27      13.   All documents reflecting any costs of and/or Plaintiff's Affiliates

28  and/or Montelongo Affiliates for the years 2011 – 2015.

-7-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                    Page 13

1      **Objection.** This request is compound, vague, ambiguous, and overbroad

2  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

3  documents that would exceed the scope of Rule 26, and thus are not discoverable.

4  Moreover, this request seeks documents protected from disclosure by the right to

5  privacy as set forth in the California Constitution, and potentially seeks documents

6  protected by attorney-client and/or work product privileges.

7      14.  All documents reflecting any revenue generated for Plaintiff by any of

8  the following contractors or employees: Keith Yackey, Erik Slaikeu, Siggi

9  Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno, Gillian Birnie, Gene Dinger,

10  Gus Fernandez, Nick Lamagna, Jenna Roman, Karen Roman, Judd Simpson, Tom

11  Swenson, Mike Symes, Hal Tanner.

12      **Objection.** This request is vague, ambiguous, and overbroad and unduly

13  burdensome and harassing, in that it is unlimited to scope and seeks documents

14  that would exceed the scope of Rule 26, and thus are not discoverable. Moreover,

15  this request seeks documents protected from disclosure by the right to privacy as

16  set forth in the California Constitution, and potentially seeks documents protected

17  by attorney-client and/or work product privileges.

18      15. All documents reflecting any costs to Plaintiff, including, but not limited

19  to, salary, stipend, commissions, payments, hotel and travel expenses, and

20  overhead allocation, associated with the following contractors or employees: Keith

21  Yackey, Erik Slaikeu, Siggi Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno,

22  Gillian Birnie, Gene Dinger, Gus Fernandez, Nick Lamagna, Jenna Roman, Karen

23  Roman, Judd Simpson, Tom Swenson, Mike Symes, Hal Tanner.

24      **Objection.** This request is vague, ambiguous, and overbroad and unduly

25  burdensome and harassing, in that it is unlimited to scope and seeks documents

26  that would exceed the scope of Rule 26, and thus are not discoverable. Moreover,

27  this request seeks documents protected from disclosure by the right to privacy as

28  set forth in the California Constitution, and potentially seeks documents protected

-8-

Exhibit 1      Page 14

1  by attorney-client and/or work product privileges.  Additionally, this request seeks

2  documents that are available from another source(s) that is more convenient, less

3  burdensome, and less expensive.

4       16.    All documents that evidence, memorialize or reflect any intercompany

5  transfers between RETI and any of Plaintiff's Affiliates and/or Montelongo

6  Affiliates between 2011 – 2015, including, but not limited to:

7          a.  Armando Montelongo Companies, Inc.;

8          b.  Education Management Services, LLC;

9          c.  Internet Education, LLC;

10          d.  Lead Generation and Marketing, LLC;

11          e.  License Branding, LLC;

12          f.  Performance Advantage Group, Inc.;

13          g.  NV Coaching, LLC;

14          h.  EIC VIRE, LLC; and

15          i.  Armando Montelongo Seminars.

16  **Objection.**   This request is vague, ambiguous, and overbroad and unduly

17  burdensome and harassing, in that it is unlimited to scope and seeks documents

18  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

19  this request seeks documents protected from disclosure by the right to privacy as

20  set forth in the California Constitution, and potentially seeks documents protected

21  by attorney-client and/or work product privileges.

22       17.    All documents that evidence, memorialize or reflect any intercompany

23  transfers by and between any of Plaintiff's Affiliates and/or Montelongo Affiliates

24  for 2011 – 2015.

25  **Objection.**   This request is compound, vague, ambiguous, and overbroad

26  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

27  documents that would exceed the scope of Rule 26, and thus are not discoverable.

28  Moreover, this request seeks documents protected from disclosure by the right to

Exhibit 1

1  privacy as set forth in the California Constitution, and potentially seeks documents

2  protected by attorney-client and/or work product privileges.

3      18.    All documents relating to any audit performed by You of the finances

4  of Plaintiff, any of Plaintiff's Affiliates, and/or Montelongo, including any

5  documents reviewed during such audit or created or produced by You as a result of

6  such audit.

7      **Objection.**   This request is compound, vague, ambiguous, and overbroad

8  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

9  documents that would exceed the scope of Rule 26, and thus are not discoverable.

10  Moreover, this request seeks documents protected from disclosure by the right to

11  privacy as set forth in the California Constitution.

12      19.    Any documents reflecting the transfer or payment of money, salary or

13  compensation of any kind among or between Plaintiff, any of Plaintiff's Affiliates,

14  and/or Montelongo.

15      **Objection.**   This request is vague, ambiguous, and overbroad and unduly

16  burdensome and harassing, in that it is unlimited to scope and seeks documents

17  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

18  this request seeks documents protected from disclosure by the right to privacy as

19  set forth in the California Constitution, and potentially seeks documents protected

20  by attorney-client and/or work product privileges.

21      20.    Any documents reflecting commissions paid to Plaintiff from any

22  source.

23      **Objection.**   This request is vague, ambiguous, and overbroad and unduly

24  burdensome and harassing, in that it is unlimited to scope and seeks documents

25  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

26  this request seeks documents protected from disclosure by the right to privacy as

27  set forth in the California Constitution.

28

-10-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                      Page 16

21.   Any documents reflecting distributions of any kind or character paid to Montelongo by Plaintiff or any of Plaintiff's Affiliates and/or Montelongo Affiliates.

**Objection.**   This request is compound, vague, ambiguous, and overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. Moreover, this request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

22.   Any documents supporting or illustrating the reasons for any decrease in income to Plaintiff between 2012 to 2013, and between 2013 to 2014, and between 2014 to 2015.

**Objection.**   This request is compound, vague, ambiguous, and overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. Moreover, this request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

23.   All communications between YOU and Montelongo regarding the financials of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates during the Relevant Time Period.

**Objection.**   This request is compound, vague, ambiguous, and overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. Moreover, this request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.

24.   All communications between YOU and RETI during the Relevant Time Period.

-11-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1        Page 17

1   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

2   burdensome and harassing, in that it is unlimited to scope and seeks documents

3   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

4   this request seeks documents protected from disclosure by the right to privacy as

5   set forth in the California Constitution.

6       25.   All communications between YOU and any of Plaintiff's Affiliates,

7   including but not limited to: Armando Montelongo Companies, Inc.; Education

8   Management Services, LLC; Internet Education, LLC; Lead Generation and

9   Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.;

10   NV Coaching, LLC; EIC VIRE, LLC; and Armando Montelongo Seminars during

11   the Relevant Time Period.

12   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

13   burdensome and harassing, in that it is unlimited to scope and seeks documents

14   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

15   this request seeks documents protected from disclosure by the right to privacy as

16   set forth in the California Constitution.

17       26.   Any documents pertaining to, or records of, the finances of

18   Montelongo during the Relevant Time Period.

19   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

20   burdensome and harassing, in that it is unlimited to scope and seeks documents

21   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

22   this request seeks documents protected from disclosure by the right to privacy as

23   set forth in the California Constitution, and potentially seeks documents protected

24   by attorney-client and/or work product privileges.

25       27.   All financial statements of Montelongo.

26   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

27   burdensome and harassing, in that it is unlimited to scope and seeks documents

28   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

-12-

Exhibit 1                                                    Page 18

1  this request seeks documents protected from disclosure by the right to privacy as

2  set forth in the California Constitution.

3      28.  All records supporting the financial statements of Montelongo.

4  **Objection.**  This request is vague, ambiguous, and overbroad and unduly

5  burdensome and harassing, in that it is unlimited to scope and seeks documents

6  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

7  this request seeks documents protected from disclosure by the right to privacy as

8  set forth in the California Constitution. This request for any documents pertaining

9  to, or records of, the finances of Montelongo during the Relevant Time Period

10  potentially seeks documents protected by attorney-client and/or work product

11  privileges.

12      29.  All profit and loss sheets or statements of Montelongo, and any

13  records supporting or used in creating those statements, including but not limited to

14  all backup documents, supporting documents, and monthly reports.

15  **Objection.**  This request is compound, vague, ambiguous, and overbroad

16  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

17  documents that would exceed the scope of Rule 26, and thus are not discoverable.

18  Moreover, this request seeks documents protected from disclosure by the right to

19  privacy as set forth in the California Constitution, and potentially seeks documents

20  protected by attorney-client and/or work product privileges.

21      30.  All tax returns, and any records supporting or used in creating those

22  tax returns, of Montelongo.

23  **Objection.**  This request is compound, vague, ambiguous, and overbroad

24  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

25  documents that would exceed the scope of Rule 26, and thus are not discoverable.

26  Moreover, this request seeks documents protected from disclosure by the right to

27  privacy as set forth in the California Constitution.   In addition, Defendants have

28  not shown a compelling need for tax returns, or documents related thereto.  *Zuniga*

-13-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

**Exhibit 1**                    **Page 19**

1  *v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).

2  Finally, these documents are protected from disclosure by the taxpayer privilege.

3  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior*

4  *Court* (1993) 5 Cal.4th 704, 720.

5       31.    All documents submitted by Montelongo to YOU for preparation of

6  any tax returns.

7       **Objection.**   This request is vague, ambiguous, and overbroad and unduly

8  burdensome and harassing, in that it is unlimited to scope and seeks documents

9  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

10  this request seeks documents protected from disclosure by the right to privacy as

11  set forth in the California Constitution.   In addition, Defendants have not shown a

12  compelling need for tax returns, or documents related thereto.  *Zuniga v. Western*

13  *Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these

14  documents are protected from disclosure by the taxpayer privilege.  *Webb v.*

15  *Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court*

16  (1993) 5 Cal.4th 704, 720.

17       32.    All financial reports for Montelongo.

18       **Objection.**   This request is vague, ambiguous, and overbroad and unduly

19  burdensome and harassing, in that it is unlimited to scope and seeks documents

20  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

21  this request seeks documents protected from disclosure by the right to privacy as

22  set forth in the California Constitution. This request for any documents pertaining

23  to, or records of, the finances of Montelongo during the Relevant Time Period

24  potentially seeks documents protected by attorney-client and/or work product

25  privileges.

26       33.    Any documents pertaining to, or records of, the finances of Armando

27  Montelongo Companies, Inc.

28

-14-

T. Charles Parr, III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum

Exhibit 1                                                                                    Page 20

1   **Objection.**   This request is overbroad and unduly burdensome and

2   harassing, in that it is unlimited to scope and seeks documents that would be

3   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4   documents protected from disclosure by the right to privacy as set forth in the

5   California Constitution, and potentially seeks documents protected by attorney-

6   client and/or work product privileges.

7   34.   All financial statements of Armando Montelongo Companies, Inc.

8   **Objection.**   This request is overbroad and unduly burdensome and

9   harassing, in that it is unlimited to scope and seeks documents that would be

10   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

11   documents protected from disclosure by the right to privacy as set forth in the

12   California Constitution.

13   35.   All records supporting the financial statements of Armando

14   Montelongo Companies, Inc.

15   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

16   burdensome and harassing, in that it is unlimited to scope and seeks documents

17   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

18   this request seeks documents protected from disclosure by the right to privacy as

19   set forth in the California Constitution.

20   36.   All profit and loss sheets or statements of Armando Montelongo

21   Companies, Inc., and any records supporting or used in creating those statements,

22   including but not limited to all backup documents, supporting documents, and

23   monthly reports.

24   **Objection.**   This request is compound, vague, ambiguous, and overbroad

25   and unduly burdensome and harassing, in that it is unlimited to scope and seeks

26   documents that would exceed the scope of Rule 26, and thus are not discoverable.

27   Moreover, this request seeks documents protected from disclosure by the right to

28   privacy as set forth in the California Constitution. This request for any documents

-15-

1  pertaining to, or records of, the finances of Montelongo during the Relevant Time

2  Period potentially seeks documents protected by attorney-client and/or work

3  product privileges.

4       37.    All tax returns, and any records supporting or used in creating those

5  tax returns, of Armando Montelongo Companies, Inc.

6  **Objection.**   This request is compound, overbroad and unduly burdensome

7  and harassing, in that it is unlimited to scope and seeks documents that would be

8  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

9  documents protected from disclosure by the right to privacy as set forth in the

10  California Constitution.   In addition, Defendants have not shown a compelling

11  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts*., 2014

12  U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

13  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

14  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

15  720.

16       38.    All documents submitted by Armando Montelongo Companies, Inc. to

17  YOU for preparation of any tax returns.

18  **Objection.**   This request is overbroad and unduly burdensome and

19  harassing, in that it is unlimited to scope and seeks documents that would be

20  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

21  documents protected from disclosure by the right to privacy as set forth in the

22  California Constitution.   In addition, Defendants have not shown a compelling

23  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts*., 2014

24  U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

25  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

26  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

27  720.

28       39.    The general ledger of Armando Montelongo Companies, Inc.

-16-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                    Page 22

1    **Objection.**   This request is overbroad and unduly burdensome and

2  harassing, in that it is unlimited to scope and seeks documents that would be

3  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4  documents protected from disclosure by the right to privacy as set forth in the

5  California Constitution.

6    40.   All supporting documents for the general ledger of Armando

7  Montelongo Companies, Inc.

8    **Objection.**   This request is overbroad and unduly burdensome and

9  harassing, in that it is unlimited to scope and seeks documents that would be

10  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

11  documents protected from disclosure by the right to privacy as set forth in the

12  California Constitution, and potentially seeks documents protected by attorney-

13  client and/or work product privileges.

14    41.   All financial reports for Armando Montelongo Companies, Inc.

15    **Objection.**   This request is overbroad and unduly burdensome and

16  harassing, in that it is unlimited to scope and seeks documents that would be

17  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18  documents protected from disclosure by the right to privacy as set forth in the

19  California Constitution.

20    42.   All documents submitted to YOU relating to any financial report for

21  Armando Montelongo Companies, Inc.

22    **Objection.**   This request is overbroad and unduly burdensome and

23  harassing, in that it is unlimited to scope and seeks documents that would be

24  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

25  documents protected from disclosure by the right to privacy as set forth in the

26  California Constitution

27    43.   Any documents pertaining to, or records of, the finances of Education

28  Management Services, LLC.

**Exhibit 1**        **Page 23**

1    **Objection.**   This request is overbroad and unduly burdensome and

2    harassing, in that it is unlimited to scope and seeks documents that would be

3    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4    documents protected from disclosure by the right to privacy as set forth in the

5    California Constitution, and potentially seeks documents protected by attorney-

6    client and/or work product privileges.

7         44.    All financial statements of Education Management Services, LLC.

8    **Objection.**   This request is overbroad and unduly burdensome and

9    harassing, in that it is unlimited to scope and seeks documents that would be

10   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

11   documents protected from disclosure by the right to privacy as set forth in the

12   California Constitution.

13        45.    All records supporting the financial statements of Education

14    Management Services, LLC.

15   **Objection.**   This request is overbroad and unduly burdensome and

16   harassing, in that it is unlimited to scope and seeks documents that would be

17   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18   documents protected from disclosure by the right to privacy as set forth in the

19   California Constitution, and potentially seeks documents protected by attorney-

20   client and/or work product privileges.

21        46.    All profit and loss sheets or statements of Education Management

22   Services, LLC, and any records supporting or used in creating those statements,

23   including but not limited to all backup documents, supporting documents, and

24   monthly reports.

25   **Objection.**   This request is compound, overbroad and unduly burdensome

26   and harassing, in that it is unlimited to scope and seeks documents that would be

27   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

28   documents protected from disclosure by the right to privacy as set forth in the

-18-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                                    Page 24

1   California Constitution, and potentially seeks documents protected by attorney-

2   client and/or work product privileges.

3       47.    All tax returns, and any records supporting or used in creating those

4   tax returns, of Education Management Services, LLC.

5       **Objection.**   This request is compound, overbroad and unduly burdensome

6   and harassing, in that it is unlimited to scope and seeks documents that would be

7   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8   documents protected from disclosure by the right to privacy as set forth in the

9   California Constitution.   In addition, Defendants have not shown a compelling

10  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

11  U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

12  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

13  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

14  720.

15      48.    All documents submitted by Education Management Services, LLC to

16  YOU for preparation of any tax returns.

17      **Objection.**   This request is overbroad and unduly burdensome and

18  harassing, in that it is unlimited to scope and seeks documents that would be

19  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

20  documents protected from disclosure by the right to privacy as set forth in the

21  California Constitution.   In addition, Defendants have not shown a compelling

22  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

23  U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

24  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

25  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

26  720.

27      49.    The general ledger of Education Management Services, LLC.

28

-19-

T. Charles Parr, III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum

Exhibit 1                                                                      Page 25

1    **Objection.**   This request is overbroad and unduly burdensome and

2   harassing, in that it is unlimited to scope and seeks documents that would be

3   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4   documents protected from disclosure by the right to privacy as set forth in the

5   California Constitution.

6    50.    All supporting documents for the general ledger of Education

7   Management Services, LLC.

8    **Objection.**   This request is overbroad and unduly burdensome and

9   harassing, in that it is unlimited to scope and seeks documents that would be

10   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

11   documents protected from disclosure by the right to privacy as set forth in the

12   California Constitution, and potentially seeks documents protected by attorney-

13   client and/or work product privileges.

14    51.    All financial reports for Education Management Services, LLC.

15    **Objection.**   This request is overbroad and unduly burdensome and

16   harassing, in that it is unlimited to scope and seeks documents that would be

17   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18   documents protected from disclosure by the right to privacy as set forth in the

19   California Constitution.

20    52.    All documents submitted to YOU relating to any financial report for

21   Education Management Services, LLC.

22    **Objection.**   This request is overbroad and unduly burdensome and

23   harassing, in that it is unlimited to scope and seeks documents that would be

24   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

25   documents protected from disclosure by the right to privacy as set forth in the

26   California Constitution.

27    53.    Any documents pertaining to, or records of, the finances of Internet

28   Education, LLC.

Exhibit 1                                                    Page 26

1    **Objection.**   This request is overbroad and unduly burdensome and

2  harassing, in that it is unlimited to scope and seeks documents that would be

3  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4  documents protected from disclosure by the right to privacy as set forth in the

5  California Constitution, and potentially seeks documents protected by attorney-

6  client and/or work product privileges.

7    54.   All financial statements of Internet Education, LLC.

8    **Objection.**   This request is overbroad and unduly burdensome and

9  harassing, in that it is unlimited to scope and seeks documents that would be

10  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

11  documents protected from disclosure by the right to privacy as set forth in the

12  California Constitution.

13    55.   All records supporting the financial statements of Internet Education,

14  LLC.

15    **Objection.**   This request is overbroad and unduly burdensome and

16  harassing, in that it is unlimited to scope and seeks documents that would be

17  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18  documents protected from disclosure by the right to privacy as set forth in the

19  California Constitution.

20    56.   All profit and loss sheets or statements of Internet Education, LLC,

21  and any records supporting or used in creating those statements, including but not

22  limited to all backup documents, supporting documents, and monthly reports.

23    **Objection.**   This request is compound, overbroad and unduly burdensome

24  and harassing, in that it is unlimited to scope and seeks documents that would be

25  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

26  documents protected from disclosure by the right to privacy as set forth in the

27  California Constitution.

28

-21-

T. Charles Parr, III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum

Exhibit 1                                                                                                          Page 27

57.  All tax returns, and any records supporting or used in creating those tax returns, of Internet Education, LLC.

**Objection.**  This request is compound, overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.   In addition, Defendants have not shown a compelling need for tax returns, or documents related thereto.  *Zuniga v. Western Apts*., 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

58.  All documents submitted by Internet Education, LLC to YOU for preparation of any tax returns.

**Objection.**  This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.   In addition, Defendants have not shown a compelling need for tax returns, or documents related thereto.   *Zuniga v. Western Apts*., 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

59.  The general ledger of Internet Education, LLC.

**Objection.**  This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

-22-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1     Page 28

1    documents protected from disclosure by the right to privacy as set forth in the

2    California Constitution.

3        60.    All supporting documents for the general ledger of Internet Education,

4    LLC.

5        **Objection.**   This request is overbroad and unduly burdensome and

6    harassing, in that it is unlimited to scope and seeks documents that would be

7    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8    documents protected from disclosure by the right to privacy as set forth in the

9    California Constitution, and potentially seeks documents protected by attorney-

10   client and/or work product privileges.

11       61.    All financial reports for Internet Education, LLC.

12       **Objection.**   This request is overbroad and unduly burdensome and

13   harassing, in that it is unlimited to scope and seeks documents that would be

14   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

15   documents protected from disclosure by the right to privacy as set forth in the

16   California Constitution.

17       62.    All documents submitted to YOU relating to any financial report for

18   Internet Education, LLC.

19       **Objection.**   This request is overbroad and unduly burdensome and

20   harassing, in that it is unlimited to scope and seeks documents that would be

21   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

22   documents protected from disclosure by the right to privacy as set forth in the

23   California Constitution, and potentially seeks documents protected by attorney-

24   client and/or work product privileges.

25       63.    Any documents pertaining to, or records of, the finances of Lead

26   Generation and Marketing, LLC.

27       **Objection.**   This request is overbroad and unduly burdensome and

28   harassing, in that it is unlimited to scope and seeks documents that would be

-23-

T. Charles Parr, III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum

Exhibit 1                                                                    Page 29

entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

64.    All financial statements of Lead Generation and Marketing, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.

65.    All records supporting the financial statements of Lead Generation and Marketing, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.

66.    All profit and loss sheets or statements of Lead Generation and Marketing, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

**Objection.**   This request is compound, overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

-24-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                                      Page 30

67.     All tax returns, and any records supporting or used in creating those tax returns, of Lead Generation and Marketing, LLC.

**Objection.**   This request is compound, overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.   In addition, Defendants have not shown a compelling need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

68.     All documents submitted by Lead Generation and Marketing, LLC to YOU for preparation of any tax returns.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.   In addition, Defendants have not shown a compelling need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

69.     The general ledger of Lead Generation and Marketing, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

-25-

Exhibit 1

1   documents protected from disclosure by the right to privacy as set forth in the

2   California Constitution

3          70.    All supporting documents for the general ledger of Lead Generation

4   and Marketing, LLC.

5          **Objection.**   This request is overbroad and unduly burdensome and

6   harassing, in that it is unlimited to scope and seeks documents that would be

7   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8   documents protected from disclosure by the right to privacy as set forth in the

9   California Constitution, and potentially seeks documents protected by attorney-

10  client and/or work product privileges.

11         71.    All financial reports for Lead Generation and Marketing, LLC.

12         **Objection.**   This request is overbroad and unduly burdensome and

13  harassing, in that it is unlimited to scope and seeks documents that would be

14  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

15  documents protected from disclosure by the right to privacy as set forth in the

16  California Constitution

17         72.    All documents submitted to YOU relating to any financial report for

18  Lead Generation and Marketing, LLC.

19         **Objection.**   This request is overbroad and unduly burdensome and

20  harassing, in that it is unlimited to scope and seeks documents that would be

21  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

22  documents protected from disclosure by the right to privacy as set forth in the

23  California Constitution

24         73.    Any documents pertaining to, or records of, the finances of License

25  Branding, LLC.

26         **Objection.**   This request is overbroad and unduly burdensome and

27  harassing, in that it is unlimited to scope and seeks documents that would be

28  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

-26-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                      Page 32

1   documents protected from disclosure by the right to privacy as set forth in the

2   California Constitution, and potentially seeks documents protected by attorney-

3   client and/or work product privileges.

4       74.    All financial statements of License Branding, LLC.

5   **Objection.**  This request is overbroad and unduly burdensome and

6   harassing, in that it is unlimited to scope and seeks documents that would be

7   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8   documents protected from disclosure by the right to privacy as set forth in the

9   California Constitution.

10       75.    All records supporting the financial statements of License Branding,

11   LLC.

12   **Objection.**  This request is overbroad and unduly burdensome and

13   harassing, in that it is unlimited to scope and seeks documents that would be

14   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

15   documents protected from disclosure by the right to privacy as set forth in the

16   California Constitution, and potentially seeks documents protected by attorney-

17   client and/or work product privileges.

18       76.    All profit and loss sheets or statements of License Branding, LLC, and

19   any records supporting or used in creating those statements, including but not

20   limited to all backup documents, supporting documents, and monthly reports.

21   **Objection.**  This request is compound, overbroad and unduly burdensome

22   and harassing, in that it is unlimited to scope and seeks documents that would be

23   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

24   documents protected from disclosure by the right to privacy as set forth in the

25   California Constitution.

26       77.    All tax returns, and any records supporting or used in creating those

27   tax returns, of License Branding, LLC.

28

-27-

T. Charles Parr, III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum

Exhibit 1    Page 33

1    **Objection.**   This request is compound, overbroad and unduly burdensome

2    and harassing, in that it is unlimited to scope and seeks documents that would be

3    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4    documents protected from disclosure by the right to privacy as set forth in the

5    California Constitution In addition, Defendants have not shown a compelling need

6    for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014 U.S.

7    Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

8    protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

9    (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

10   720.

11        78.    All documents submitted by License Branding, LLC to YOU for

12   preparation of any tax returns.

13        **Objection.**   This request is overbroad and unduly burdensome and

14   harassing, in that it is unlimited to scope and seeks documents that would be

15   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

16   documents protected from disclosure by the right to privacy as set forth in the

17   California Constitution.  In addition, Defendants have not shown a compelling

18   need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

19   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

20   protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

21   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

22   720.

23        79.    The general ledger of License Branding, LLC.

24        **Objection.**   This request is overbroad and unduly burdensome and

25   harassing, in that it is unlimited to scope and seeks documents that would be

26   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

27   documents protected from disclosure by the right to privacy as set forth in the

28   California Constitution.

-28-

Exhibit 1

80.　All supporting documents for the general ledger of License Branding, LLC.

**Objection.**　This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.　This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

81.　All financial reports for License Branding, LLC.

**Objection.**　This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.　This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.

82.　All documents submitted to YOU relating to any financial report for License Branding, LLC.

**Objection.**　This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.　This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution

83.　Any documents pertaining to, or records of, the finances of Performance Advantage Group, Inc.

**Objection.**　This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.　This request seeks documents protected from disclosure by the right to privacy as set forth in the

-29-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 35

1    California Constitution, and potentially seeks documents protected by attorney-

2    client and/or work product privileges.

3       84.   All financial statements of Performance Advantage Group, Inc.

4       **Objection.**   This request is overbroad and unduly burdensome and

5    harassing, in that it is unlimited to scope and seeks documents that would be

6    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

7    documents protected from disclosure by the right to privacy as set forth in the

8    California Constitution.

9       85.   All records supporting the financial statements of Performance

10   Advantage Group, Inc.

11      **Objection.**   This request is overbroad and unduly burdensome and

12   harassing, in that it is unlimited to scope and seeks documents that would be

13   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

14   documents protected from disclosure by the right to privacy as set forth in the

15   California Constitution, and potentially seeks documents protected by attorney-

16   client and/or work product privileges.

17      86.   All profit and loss sheets or statements of Performance Advantage

18   Group, Inc., and any records supporting or used in creating those statements,

19   including but not limited to all backup documents, supporting documents, and

20   monthly reports.

21      **Objection.**   This request is compound, overbroad and unduly burdensome

22   and harassing, in that it is unlimited to scope and seeks documents that would be

23   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

24   documents protected from disclosure by the right to privacy as set forth in the

25   California Constitution.

26      87.   All tax returns, and any records supporting or used in creating those

27   tax returns, of Performance Advantage Group, Inc.

28

-30-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                    Page 36

1     **Objection.**   This request is compound, overbroad and unduly burdensome

2 and harassing, in that it is unlimited to scope and seeks documents that would be

3 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4 documents protected from disclosure by the right to privacy as set forth in the

5 California Constitution.  In addition, Defendants have not shown a compelling

6 need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

7 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

8 protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

9 (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

10 720.

11     88.    All documents submitted by Performance Advantage Group, Inc. to

12 YOU for preparation of any tax returns.

13     **Objection.**   This request is overbroad and unduly burdensome and

14 harassing, in that it is unlimited to scope and seeks documents that would be

15 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

16 documents protected from disclosure by the right to privacy as set forth in the

17 California Constitution.   In addition, Defendants have not shown a compelling

18 need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

19 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

20 protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

21 (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

22 720.

23     89.    The general ledger of Performance Advantage Group, Inc.

24     **Objection.**   This request is overbroad and unduly burdensome and

25 harassing, in that it is unlimited to scope and seeks documents that would be

26 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

27 documents protected from disclosure by the right to privacy as set forth in the

28 California Constitution

Exhibit 1     

90.    All supporting documents for the general ledger of Performance Advantage Group, Inc.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

91.    All financial reports for Performance Advantage Group, Inc.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.

92.    All documents submitted to YOU relating to any financial report for Performance Advantage Group, Inc.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

93.    Any documents pertaining to, or records of, the finances of NV Coaching, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the

-32-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                                                      Page 38

California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

94.   All financial statements of NV Coaching, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.

95.   All records supporting the financial statements of NV Coaching, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

96.   All profit and loss sheets or statements of NV Coaching, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

**Objection.**   This request is compound, overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

97.   All tax returns, and any records supporting or used in creating those tax returns, of NV Coaching, LLC.

**Objection.**   This request is compound, overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be

-33-

T. Charles Parr, III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum

Exhibit 1                                                                                      Page 39

1  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

2  documents protected from disclosure by the right to privacy as set forth in the

3  California Constitution.   In addition, Defendants have not shown a compelling

4  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

5  U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

6  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

7  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

8  720.

9      98.   All documents submitted by NV Coaching, LLC to YOU for

10  preparation of any tax returns.

11  **Objection.**   This request is overbroad and unduly burdensome and

12  harassing, in that it is unlimited to scope and seeks documents that would be

13  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

14  documents protected from disclosure by the right to privacy as set forth in the

15  California Constitution In addition, Defendants have not shown a compelling need

16  for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014 U.S.

17  Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

18  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

19  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

20  720.

21      99.   The general ledger of NV Coaching, LLC.

22  **Objection.**   This request is overbroad and unduly burdensome and

23  harassing, in that it is unlimited to scope and seeks documents that would be

24  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

25  documents protected from disclosure by the right to privacy as set forth in the

26  California Constitution.

27      100.   All supporting documents for the general ledger of NV Coaching,

28  LLC.

-34-

Exhibit 1                                                                                    Page 40

1    **Objection.**   This request is overbroad and unduly burdensome and

2    harassing, in that it is unlimited to scope and seeks documents that would be

3    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4    documents protected from disclosure by the right to privacy as set forth in the

5    California Constitution, and potentially seeks documents protected by attorney-

6    client and/or work product privileges.

7        101.   All financial reports for NV Coaching, LLC.

8    **Objection.**   This request is overbroad and unduly burdensome and

9    harassing, in that it is unlimited to scope and seeks documents that would be

10   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

11   documents protected from disclosure by the right to privacy as set forth in the

12   California Constitution.

13       102.   All documents submitted to YOU relating to any financial report for

14   NV Coaching, LLC.

15   **Objection.**   This request is overbroad and unduly burdensome and

16   harassing, in that it is unlimited to scope and seeks documents that would be

17   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18   documents protected from disclosure by the right to privacy as set forth in the

19   California Constitution.

20       103.   Any documents pertaining to, or records of, the finances of EIC

21   VIRE, LLC.

22   **Objection.**   This request is overbroad and unduly burdensome and

23   harassing, in that it is unlimited to scope and seeks documents that would be

24   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

25   documents protected from disclosure by the right to privacy as set forth in the

26   California Constitution, and potentially seeks documents protected by attorney-

27   client and/or work product privileges.

28       104.   All financial statements of EIC VIRE, LLC.

Exhibit 1

1    **Objection.**  This request is overbroad and unduly burdensome and

2  harassing, in that it is unlimited to scope and seeks documents that would be

3  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4  documents protected from disclosure by the right to privacy as set forth in the

5  California Constitution.

6      105.  All records supporting the financial statements of EIC VIRE, LLC.

7    **Objection.**  This request is overbroad and unduly burdensome and

8  harassing, in that it is unlimited to scope and seeks documents that would be

9  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

10  documents protected from disclosure by the right to privacy as set forth in the

11  California Constitution, and potentially seeks documents protected by attorney-

12  client and/or work product privileges.

13      106.  All profit and loss sheets or statements of EIC VIRE, LLC, and any

14  records supporting or used in creating those statements, including but not limited to

15  all backup documents, supporting documents, and monthly reports.

16    **Objection.**  This request is compound, overbroad and unduly burdensome

17  and harassing, in that it is unlimited to scope and seeks documents that would be

18  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

19  documents protected from disclosure by the right to privacy as set forth in the

20  California Constitution.

21      107.  All tax returns, and any records supporting or used in creating those

22  tax returns, of EIC VIRE, LLC.

23    **Objection.**  This request is compound, overbroad and unduly burdensome

24  and harassing, in that it is unlimited to scope and seeks documents that would be

25  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

26  documents protected from disclosure by the right to privacy as set forth in the

27  California Constitution.   In addition, Defendants have not shown a compelling

28  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

-36-

Exhibit 1

U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

108.   All documents submitted by EIC VIRE, LLC to YOU for preparation of any tax returns.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution In addition, Defendants have not shown a compelling need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

109.   The general ledger of EIC VIRE, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution

110.   All supporting documents for the general ledger of EIC VIRE, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.  This request seeks documents protected from disclosure by the right to privacy as set forth in the

-37-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                          Page 43

1   California Constitution, and potentially seeks documents protected by attorney-

2   client and/or work product privileges.

3       111.   All financial reports for EIC VIRE, LLC.

4       **Objection.**   This request is overbroad and unduly burdensome and

5   harassing, in that it is unlimited to scope and seeks documents that would be

6   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

7   documents protected from disclosure by the right to privacy as set forth in the

8   California Constitution.

9       112.   All documents submitted to YOU relating to any financial report for

10   EIC VIRE, LLC.

11       **Objection.**   This request is overbroad and unduly burdensome and

12   harassing, in that it is unlimited to scope and seeks documents that would be

13   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

14   documents protected from disclosure by the right to privacy as set forth in the

15   California Constitution.

16       113.   Any documents pertaining to, or records of, the finances of Armando

17   Montelongo Seminars.

18       **Objection.**   This request is overbroad and unduly burdensome and

19   harassing, in that it is unlimited to scope and seeks documents that would be

20   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

21   documents protected from disclosure by the right to privacy as set forth in the

22   California Constitution, and potentially seeks documents protected by attorney-

23   client and/or work product privileges.

24       114.   All financial statements of Armando Montelongo Seminars.

25       **Objection.**   This request is overbroad and unduly burdensome and

26   harassing, in that it is unlimited to scope and seeks documents that would be

27   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

28

Exhibit 1

1  documents protected from disclosure by the right to privacy as set forth in the

2  California Constitution.

3      115.   All records supporting the financial statements of Armando

4  Montelongo Seminars.

5      **Objection.**   This request is overbroad and unduly burdensome and

6  harassing, in that it is unlimited to scope and seeks documents that would be

7  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8  documents protected from disclosure by the right to privacy as set forth in the

9  California Constitution, and potentially seeks documents protected by attorney-

10 client and/or work product privileges.

11     116.   All profit and loss sheets or statements of Armando Montelongo

12 Seminars, and any records supporting or used in creating those statements,

13 including but not limited to all backup documents, supporting documents, and

14 monthly reports.

15     **Objection.**   This request is compound, overbroad and unduly burdensome

16 and harassing, in that it is unlimited to scope and seeks documents that would be

17 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18 documents protected from disclosure by the right to privacy as set forth in the

19 California Constitution, and potentially seeks documents protected by attorney-

20 client and/or work product privileges.

21     117.   All tax returns, and any records supporting or used in creating those

22 tax returns, of Armando Montelongo Seminars.

23     **Objection.**   This request is compound, overbroad and unduly burdensome

24 and harassing, in that it is unlimited to scope and seeks documents that would be

25 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

26 documents protected from disclosure by the right to privacy as set forth in the

27 California Constitution In addition, Defendants have not shown a compelling need

28 for tax returns, or documents related thereto.  *Zuniga v. Western Apts*., 2014 U.S.

-39-

Exhibit 1     Page 45

1  Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

2  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

3  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

4  720.

5      118.   All documents submitted by Armando Montelongo Seminars to YOU

6  for preparation of any tax returns.

7      **Objection.**   This request is overbroad and unduly burdensome and

8  harassing, in that it is unlimited to scope and seeks documents that would be

9  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

10  documents protected from disclosure by the right to privacy as set forth in the

11  California Constitution.   In addition, Defendants have not shown a compelling

12  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

13  U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

14  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

15  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

16  720.

17      119.   The general ledger of Armando Montelongo Seminars.

18      **Objection.**   This request is overbroad and unduly burdensome and

19  harassing, in that it is unlimited to scope and seeks documents that would be

20  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

21  documents protected from disclosure by the right to privacy as set forth in the

22  California Constitution.

23      120.   All supporting documents for the general ledger of Armando

24  Montelongo Seminars.

25      **Objection.**   This request is overbroad and unduly burdensome and

26  harassing, in that it is unlimited to scope and seeks documents that would be

27  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

28  documents protected from disclosure by the right to privacy as set forth in the

-40-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                                          Page 46

1  California Constitution, and potentially seeks documents protected by attorney-

2  client and/or work product privileges.

3        121.   All financial reports for Armando Montelongo Seminars.

4        **Objection.**   This request is overbroad and unduly burdensome and

5  harassing, in that it is unlimited to scope and seeks documents that would be

6  entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

7  documents protected from disclosure by the right to privacy as set forth in the

8  California Constitution

9        122.   All documents submitted to YOU relating to any financial report for

10  Armando Montelongo Seminars.

11        **Objection.**   This request is overbroad and unduly burdensome and

12  harassing, in that it is unlimited to scope and seeks documents that would be

13  entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

14  documents protected from disclosure by the right to privacy as set forth in the

15  California Constitution, and potentially seeks documents protected by attorney-

16  client and/or work product privileges.

17

18  Dated:  September 30, 2015

19

20                                                 T. Charles Parr, III

21

22

23

24

25

26

27

28

1096731/25170953v.1

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

Exhibit 1                                                                                            Page 47