# EXHIBIT 2

Exhibit 2        Page 48

**Brittany McCarthy**

| | |
|---|---|
| **From:** | christopher.hodge@akerman.com |
| **Sent:** | Thursday, October 01, 2015 9:29 AM |
| **To:** | CParr@parrcpas.com |
| **Cc:** | Jeffrey Cawdrey; Kimberly Howatt; Brittany McCarthy; andym@teamarmando.com; nathanc@teamarmando.com; madison.spach@gmail.com; andrewtsu@gmail.com; clint.corrie@akerman.com; david.meek@akerman.com; Karen.Ciccone@akerman.com |
| **Subject:** | RE: T. Charles Parr Objection |
| **Attachments:** | ltr to C. Parr.pdf |

Mr. Parr,

Thank you.  We are in receipt of your objections to our subpoena.  Please note, however, that the Federal Rules of Civil Procedure do not permit a witness to unilaterally refuse to attend a deposition pursuant to a properly-served subpoena.  Accordingly, we plan to proceed with the deposition tomorrow.  As noted in the attached letter, faxed to your office yesterday, the location of the deposition will now be at the offices of Plunkett & Griesenbeck, Inc., 1635 N.E. Loop 410, Suite 900, San Antonio, Texas 78209, (210) 734-7092.

Best,
Chris Hodge

**Christopher M. Hodge**
Associate
Akerman LLP | 2001 Ross Avenue | Suite 2550 | Dallas, TX 75201
Dir: 214.720.4323 | Main: 214.720.4300 | Fax: 214.981.9339
christopher.hodge@akerman.com

vCard | Bio



Akerman LLP | 600+ lawyers | 20 locations | akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Charles Parr [mailto:CParr@parrcpas.com]
**Sent:** Wednesday, September 30, 2015 5:56 PM
**To:** madison.spach@gmail.com; andrewtsu@gmail.com; Corrie, Clint (Ptnr-Dal); Meek, David (Assoc-Orl); Hodge, Christopher (Assoc-Dal); Ciccone, Karen (Ptnr-Lax)
**Cc:** jcawdrey@gordonrees.com; khowatt@gordonrees.com; bmccarthy@gordonrees.com; Andy Moon; nathanc@teamarmando.com
**Subject:** T. Charles Parr Objection

1

Exhibit 2                                                                                                    Page 49

To:     Ms. Karen Palladino Ciccone, Esq.
        Mr. Clint A. Corrie, Esq.
        Mr. Christopher Hodge, Esq.
        Mr. David A. Meek, Esq.
        Mr. Madison S. Spach, Jr., Esq.
        Mr. Andrew D. Tsu, Esq.


Attached please find, ***T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.***

Very truly yours,

T. Charles Parr, III

Parr & Associates
100 North East Loop 410, Suite 700
San Antonio, Texas 78216
telephone:  210.349.4431
facsimile:  210.349.4481
e-mail:   cparr@parrcpas.com
www.parrcpas.com


CONFIDENTIALITY NOTICE

***E-mail transmissions cannot be guaranteed to be secure, timely, or error-free***

Parr & Associates recommends that you do not send confidential information to us via electronic mail, including account numbers, social security numbers or any personal identification numbers.

The information contained in this email is confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient.  You are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone at 210-349-4431 or send the original message to us at the above address via the U.S. Postal Service.

Exhibit 2                                                                                                      Page 50



Christopher M. Hodge

Akerman LLP
2001 Ross Avenue
Suite 2550
Dallas, TX 75201
Tel: 214.720.4300
Fax: 214.981.9339

Dir Tel: 214.720.4323
christopher.hodge@akerman.com

September 30, 2015

**_Via Facsimile to:  210.349.4481_**

T. Charles Parr, III
Parr & Associates
100 North East Loop 410, Suite 700
San Antonio, Texas 78216

Re:   Subpoena to Testify at Deposition and Produce Documents in _Real Estate Training International, LLC v. The Nick Vertucci Companies, Inc., et al._, Case No. 2014-cv-00546-AG-DFM; In the United States District Court for the Central District of California, Southern Division

Dear Mr. Parr:

My office represents Defendants Nick Vertucci and The Nick Vertucci Companies, Inc. in the above-captioned lawsuit. As you are aware, you have been subpoenaed to testify at a deposition, and to produce documents, at 9:00 a.m. on Friday, October 2, 2015, pursuant to the attached subpoena.

This letter is to notify you that the location of the deposition has been changed to:

Plunkett & Griesenbeck, Inc.
1635 N. E. Loop 410 Suite 900
San Antonio, TX 78209
(210) 734-7092
(210) 734-0379 (fax)

akerman.com

{36286087;1}

**Exhibit 2**                                                                                   **Page 51**

Charles T. Parr III
September 30, 2015
Page 2

_____

All other information in the subpoena remains the same.  Please contact me at the above
phone number or email address at your earliest opportunity to confirm your receipt of this
location change.

Yours very truly,

Christopher M. Hodge

CMH/bs
Enclosure

{36286087;1}

Exhibit 2                                                                                    Page 52

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   8:14-CV-00546 |
| THE NICK VERTUCCI COMPANIES, INC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        T. CHARLES PARR, III

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Gonzalez, Chiscano, Angulo & Kasson, PC<br>613 NW Loop 410, SUITE 800<br>San Antonio, TX 78216 | Date and Time:<br>10/02/2015 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   Certified Shorthand  Reporter and Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/22/2015

*CLERK OF COURT*

OR

_____          /s/ Clint A. Corrie
*Signature of Clerk or Deputy Clerk*          _____
                                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
The Nick Vertucci Companies, Inc. and Nick Vertucci                                   , who issues or requests this subpoena, are:
Clint Corrie, AKERMAN, LLP, 2001 Ross Ave, Ste, 2550, Dallas, TX 75201, 214.720.4300 / Madison S. Spach, Jr.,SPACH, CAPALDI
& WAGGAMAN, LLP, 4675 MacArthur Court, Suite 550, Newport Beach, CA 92660, 949.852.0710

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit 2**                                                                                          **Page 53**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:14-CV-00546

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 2                                                                                      Page 54

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 2                                                                                                                   Page 55

**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

**SPACH, CAPALDI & WAGGAMAN, LLP**
MADISON S. SPACH, JR., SBN 94405
Email: madison.spach@gmail.com
ANDREW D. TSU, SBN 246265
Email: andrewtsu@gmail.com
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

*Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci
Companies, Inc. and Nick Vertucci*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>Defendants. | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford Courtroom 10D<br><br>**SUBPOENA DUCES TECUM**<br><br>**TO**: Mr. T. Charles Parr III<br>Parr & Associates<br>100 Northeast Loop 410<br>Suite 700<br>San Antonio, Texas 78216 |

{36134517;4}

**Exhibit 2**                                                    **Page 56**

**YOU ARE HEREBY COMMANDED** to appear on the 24th day in September 2015, at the hour of 9:00 a.m. at the office of Gonzalez, Chiscano, Angulo & Kasson, PC, 613 NW Loop 410, Suite 800, San Antonio, TX  78216 to give testimony and produce at said deposition all documents and things in your possession, custody, or control that are listed and described in Attachment A.

This deposition will be taken upon oral examination before a Notary Public or officer duly authorized by law to take depositions in the State of Texas.  The oral examination will continue from day to day until completed.  This deposition is being taken for the purpose of discovery, for use at trial, in aid of execution, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and other applicable rules of Court.

Dated:  September 22, 2015                    Respectfully submitted,

*/s/ Clint A. Corrie*
Karen Palladino Ciccone, Esq.
Clint A. Corrie, Esq.
*Admitted Pro Hac Vice*
Madison S. Spach, Jr., Esq.
*Attorneys for Defendants/Counter-
Plaintiffs The Nick Vertucci
Companies, Inc. and Nick Vertucci*

{36134517;4}

**Exhibit 2**                    **Page 57**

## **ATTACHMENT A**

## **DEFINITIONS**

1.     "You" or "Your" shall mean T. Charles Parr III, and any entity owned or controlled by T. Charles Parr III, including Parr & Associates, P.C., and all other Persons acting for your behalf.

2.     "Plaintiff" or "RETI" means Plaintiff/Counter-Defendant Real Estate Training International, LLC and shall include all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Real Estate Training International, LLC (either directly or indirectly), and including any of its past and present members, officers, directors, principals, agents, employees, representatives, consultants, attorneys, and all other Persons acting for, or on Real Estate Training International, LLC's behalf.

3.     "Plaintiff's Affiliates" include any companies which are affiliated with Plaintiff, including but not limited to: Armando Montelongo Companies, Inc.; Education Management Services, LLC; Internet Education, LLC; Lead Generation and Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.; NV Coaching, LLC; EIC VIRE, LLC; and Armando Montelongo Seminars.

4.     "Armando Montelongo" or "Montelongo" shall mean and refer to Armando Montelongo, Jr., and his partners, shareholders, agents, employees,

{36134517;4}

Exhibit 2                                                                                    Page 58

representatives, attorneys, predecessors, successors, assigns, affiliated entities owned by him and anyone else acting or purporting to act on his behalf.

5.      "Montelongo Affiliates" include any companies which are affiliated with Plaintiff or with Montelongo, including, but not limited to: Armando Montelongo Companies, Inc.; Education Management Services, LLC; Internet Education, LLC; Lead Generation and Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.; NV Coaching, LLC; EIC Venture, LLC; Real Estate Properties, L.L.C., and Armando Montelongo Seminars, and their various past and present members, officers, directors, principals, agents, employees, representatives, consultants, attorneys, and all other Persons acting for, or on their behalf.

6.      "Cash-Flow Properties" shall mean any aspect of the real properties that were financed, acquired, rehabbed, rented, marketed, and sold through any joint efforts of Vertucci and/or NVC, on the one hand, and Fernandez and/or his companies on the other hand, including, but not limited to, information about marketing, financing, rehab expenses, rental income profits, losses, distributions after the sales, marketing, marketing expenses, escrow deposits, title policies, and closings, and property deed recordation.

{36134517.4}

**Exhibit 2**                                                                    **Page 59**

7.    "Cash-Flow Properties II" shall mean any aspect of the real properties that were financed, acquired, rehabbed, rented, marketed, and sold after August 28, 2013 until present through any joint efforts of Fernandez, Sabatino, and/or the Fernandez Related Companies, on the one hand, and Plaintiff, Montelongo, or any Montelongo Affiliates, on the other, including, but not limited to, information about marketing, financing, rehab expenses, rental income profits, losses, distributions after the sales, marketing, marketing expenses, escrow deposits, title policies, and closings, and property deed recordation.

8.    "Financial(s)," when used in connection with the Plaintiff or Plaintiff's Affiliates, includes, but is not limited to, monthly profit and loss statements, general ledgers, assets and liabilities, revenues and costs allocations, write-offs, any intercompany transfers, internal audits, or other final or supporting financial documents relied upon to prepare financial reports.

9.    "Lawsuit" shall mean this litigation, styled *Real Estate Training International, LLC v. The Nick Vertucci Companies & Nick Vertucci* filed in the U.S. District Court of the Central District of California,  Case Number: SACV14-00546 AG (DFMx).

10.    "Agreement" shall refer to the "Vendor Agreement" executed between NVC, Vertucci, and RETI and dated July 10, 2012.

{36134517;4}

Exhibit 2                                                                                      Page 60

11. "Document" or "record" or "Information" shall have the broadest meaning and scope ascribed under Rule 34 of the Federal Rules of Civil Procedure, and shall include any written or graphic matter or other means of preserving thoughts and expression, and all tangible things from which information could be transcribed or processed, including the originals and all non-identical copies, including but not limited to correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings, or other office communications, inter-office and intra-office, receipts, bills of sale, telephone calls, diaries, journals, chronological data, minutes, books, reports, files, tapes, cassettes, e-mails, disk drives, CD-ROM's, mechanical or electrical recordings of any kind, videotapes, video-recordings, photographs, graphs or aural records of any types, computer printouts, financial statements, employment manuals, contracts, affidavits, or any other possible form of communication that can exist which is not mentioned above. The terms "document" and "record" shall also include Electronically Stored Information ("ESI") as defined below.

12. "Electronically Stored Information" or "ESI" shall include all electronically stored information, including, without limitation to: word processing documents; spreadsheets; presentation documents; PowerPoint slides; graphics; animations; images; email (including attachments which shall be kept with the

[36134517;4]

Exhibit 2                                                   Page 61

email); instant messages; text messages; voicemail; audio, visual, and audiovisual recordings; databases and database subsets; and other user or machine created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, tablet computers, home computers, the Internet, archives, cloud or other off-site storage programs, discs, CD's, diskettes, drives, zip drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, blackberries, pagers, and voicemail systems, and back-up or disaster recovery systems.

13.    "Person" means any natural person, individual, partner, officer, director, principal, agent, employee, representative, consultant, attorney, partnership, corporation, limited liability company, limited liability partnership, joint venture, association, firm (whether for profit or non-profit) governmental body, or any other form of legal entity that exists. Any gender reference shall be interchangeable, such that they are inclusive of either males or females unless otherwise indicated.

14.    The words "pertaining to," "pertains to," "regarding," "relating to," "relates," "as related to," "concerning," or any form thereof means (directly or indirectly) mentioning or describing,  referring to, contains or contains to,

{36134517.4}

Exhibit 2                                                                                    Page 62

embodies, mentions, supports, collaborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts upon a stated subject matter, person, or project.

15.     The terms "and" or "or" are to be treated as synonymous and interchangeable as sometimes indicated by the use of the term "and/or." "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

16.     Wherever appropriate, the singular form of a word shall be interpreted as plural.

17.     The words "any" and "all" shall be considered to include "each" and "each and every."

18.     Unless a different timeframe is set forth in the individual request, the "Relevant Time Period" this request seeks all responsive documents from January 1, 2011, through and including the present.

## DOCUMENTS TO BE PRODUCED

1.     Any documents pertaining to, or records of, the financials of Plaintiff.

2.     All financial statements of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

{36134517;4}

Exhibit 2                                                                 Page 63

3.    All records supporting the financial statements of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

4.    All profit and loss statements of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

5.    All tax returns, and any records supporting or used in creating those tax returns, of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

6.    All documents submitted to YOU by Plaintiff for preparation of any tax returns of and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

7.    The general ledger of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

8.    All supporting documents for the general ledger of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

9.    All financial reports prepared by YOU for Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

10.    All documents submitted to YOU relating to any financial report prepared for Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

11.    Any audits of the financials of and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

12.    All documents reflecting any revenue generated by Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates by Vertucci for the years 2011 – 2015.

13.    All documents reflecting any costs of and/or Plaintiff's Affiliates and/or Montelongo Affiliates for the years 2011 – 2015.

14.    All documents reflecting any revenue generated for Plaintiff by any of the following contractors or employees:   Keith Yackey, Erik Slaikeu, Siggi

{36134517;4}

Exhibit 2                                                                      Page 64

Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno, Gillian Birnie, Gene Dinger, Gus Fernandez, Nick Lamagna, Jenna Roman, Karen Roman, Judd Simpson, Tom Swenson, Mike Symes, Hal Tanner.

15.     All documents reflecting any costs to Plaintiff, including, but not limited to, salary, stipend, commissions, payments, hotel and travel expenses, and overhead allocation, associated with the following contractors or employees: Keith Yackey, Erik Slaikeu, Siggi Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno, Gillian Birnie, Gene Dinger, Gus Fernandez, Nick Lamagna, Jenna Roman, Karen Roman, Judd Simpson, Tom Swenson, Mike Symes, Hal Tanner.

16.     All documents that evidence, memorialize or reflect any intercompany transfers between RETI and any of Plaintiff's Affiliates and/or Montelongo Affiliates between 2011 – 2015, including, but not limited to:

> a.  Armando Montelongo Companies, Inc.;
> b.  Education Management Services, LLC;
> c.  Internet Education, LLC;
> d.  Lead Generation and Marketing, LLC;
> e.  License Branding, LLC;
> f.  Performance Advantage Group, Inc.;
> g.  NV Coaching, LLC;
> h.  EIC VIRE, LLC; and
> i.  Armando Montelongo Seminars.

17.     All documents that evidence, memorialize or reflect any intercompany transfers by and between any of Plaintiff's Affiliates and/or Montelongo Affiliates for 2011 – 2015.

18.     All documents relating to any audit performed by You of the finances of Plaintiff, any of Plaintiff's Affiliates, and/or Montelongo, including any documents reviewed during such audit or created or produced by You as a result of such audit.

19.     Any documents reflecting the transfer or payment of money, salary or compensation of any kind among or between Plaintiff, any of Plaintiff's Affiliates, and/or Montelongo.

{36134517;4}

10                    CASE NO. SACV14-00546 AG (DFMx)
**SUBPOENA DUCES TECUM**

**Exhibit 2**                                                                      **Page 65**

20.     Any documents reflecting commissions paid to Plaintiff from any source.

21.     Any documents reflecting distributions of any kind or character paid to Montelongo by Plaintiff or any of Plaintiff's Affiliates and/or Montelongo Affiliates.

22.     Any documents supporting or illustrating the reasons for any decrease in income to Plaintiff between 2012 to 2013, and between 2013 to 2014, and between 2014 to 2015.

23.     All communications between YOU and Montelongo regarding the financials of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates during the Relevant Time Period.

24.     All communications between YOU and RETI during the Relevant Time Period.

25.     All communications between YOU and any of Plaintiff's Affiliates, including but not limited to: Armando Montelongo Companies, Inc.; Education Management Services, LLC; Internet Education, LLC; Lead Generation and Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.; NV Coaching, LLC; EIC VIRE, LLC; and Armando Montelongo Seminars during the Relevant Time Period.

26.     Any documents pertaining to, or records of, the finances of Montelongo during the Relevant Time Period.

27.     All financial statements of Montelongo.

28.     All records supporting the financial statements of Montelongo.

29.     All profit and loss sheets or statements of Montelongo, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

30.     All tax returns, and any records supporting or used in creating those tax returns, of Montelongo.

{36134517;4}

Exhibit 2                                                                              Page 66

31. All documents submitted by Montelongo to YOU for preparation of any tax returns.

32. All financial reports for Montelongo.

33. Any documents pertaining to, or records of, the finances of Armando Montelongo Companies, Inc.

34. All financial statements of Armando Montelongo Companies, Inc.

35. All records supporting the financial statements of Armando Montelongo Companies, Inc.

36. All profit and loss sheets or statements of Armando Montelongo Companies, Inc., and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

37. All tax returns, and any records supporting or used in creating those tax returns, of Armando Montelongo Companies, Inc.

38. All documents submitted by Armando Montelongo Companies, Inc. to YOU for preparation of any tax returns.

39. The general ledger of Armando Montelongo Companies, Inc.

40. All supporting documents for the general ledger of Armando Montelongo Companies, Inc.

41. All financial reports for Armando Montelongo Companies, Inc.

42. All documents submitted to YOU relating to any financial report for Armando Montelongo Companies, Inc.

43. Any documents pertaining to, or records of, the finances of Education Management Services, LLC.

{36134517;4}

Exhibit 2                                                                    Page 67

44.    All financial statements of Education Management Services, LLC.

45.    All records supporting the financial statements of Education
Management Services, LLC.

46.    All profit and loss sheets or statements of Education Management
Services, LLC, and any records supporting or used in creating those statements,
including but not limited to all backup documents, supporting documents, and
monthly reports.

47.    All tax returns, and any records supporting or used in creating those
tax returns, of Education Management Services, LLC.

48.    All documents submitted by Education Management Services, LLC to
YOU for preparation of any tax returns.

49.    The general ledger of Education Management Services, LLC.

50.    All supporting documents for the general ledger of Education
Management Services, LLC.

51.    All financial reports for Education Management Services, LLC.

52.    All documents submitted to YOU relating to any financial report for
Education Management Services, LLC.

53.    Any documents pertaining to, or records of, the finances of Internet
Education, LLC.

54.    All financial statements of Internet Education, LLC.

55.    All records supporting the financial statements of Internet
Education, LLC.

56.    All profit and loss sheets or statements of Internet Education, LLC,
and any records supporting or used in creating those statements, including but not
limited to all backup documents, supporting documents, and monthly reports.

{36134517;4}

Exhibit 2                                                                    Page 68

57.    All tax returns, and any records supporting or used in creating those tax returns, of Internet Education, LLC.

58.    All documents submitted by Internet Education, LLC to YOU for preparation of any tax returns.

59.    The general ledger of Internet Education, LLC.

60.    All supporting documents for the general ledger of Internet Education, LLC.

61.    All financial reports for Internet Education, LLC.

62.    All documents submitted to YOU relating to any financial report for Internet Education, LLC.

63.    Any documents pertaining to, or records of, the finances of Lead Generation and Marketing, LLC.

64.    All financial statements of Lead Generation and Marketing, LLC.

65.    All records supporting the financial statements of Lead Generation and Marketing, LLC.

66.    All profit and loss sheets or statements of Lead Generation and Marketing, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

67.    All tax returns, and any records supporting or used in creating those tax returns, of Lead Generation and Marketing, LLC.

68.    All documents submitted by Lead Generation and Marketing, LLC to YOU for preparation of any tax returns.

69.    The general ledger of Lead Generation and Marketing, LLC.

70.    All supporting documents for the general ledger of Lead Generation and Marketing, LLC.
{36134517;4}

Exhibit 2                                                                                    Page 69

71.  All financial reports for Lead Generation and Marketing, LLC.

72.  All documents submitted to YOU relating to any financial report for Lead Generation and Marketing, LLC.

73.  Any documents pertaining to, or records of, the finances of License Branding, LLC.

74.  All financial statements of License Branding, LLC.

75.  All records supporting the financial statements of License Branding, LLC.

76.  All profit and loss sheets or statements of License Branding, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

77.  All tax returns, and any records supporting or used in creating those tax returns, of License Branding, LLC.

78.  All documents submitted by License Branding, LLC to YOU for preparation of any tax returns.

79.  The general ledger of License Branding, LLC.

80.  All supporting documents for the general ledger of License Branding, LLC.

81.  All financial reports for License Branding, LLC.

82.  All documents submitted to YOU relating to any financial report for License Branding, LLC.

83.  Any documents pertaining to, or records of, the finances of Performance Advantage Group, Inc.

84.  All financial statements of Performance Advantage Group, Inc.

{36134517;4}

Exhibit 2                                                                 Page 70

85.     All records supporting the financial statements of Performance Advantage Group, Inc.

86.     All profit and loss sheets or statements of Performance Advantage Group, Inc., and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

87.     All tax returns, and any records supporting or used in creating those tax returns, of Performance Advantage Group, Inc.

88.     All documents submitted by Performance Advantage Group, Inc. to YOU for preparation of any tax returns.

89.     The general ledger of Performance Advantage Group, Inc.

90.     All supporting documents for the general ledger of Performance Advantage Group, Inc.

91.     All financial reports for Performance Advantage Group, Inc.

92.     All documents submitted to YOU relating to any financial report for Performance Advantage Group, Inc.

93.     Any documents pertaining to, or records of, the finances of NV Coaching, LLC.

94.     All financial statements of NV Coaching, LLC.

95.     All records supporting the financial statements of NV Coaching, LLC.

96.     All profit and loss sheets or statements of NV Coaching, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

97.     All tax returns, and any records supporting or used in creating those tax returns, of NV Coaching, LLC.

{36134517;4}

**Exhibit 2**                                                                    **Page 71**

98.   All documents submitted by NV Coaching, LLC to YOU for preparation of any tax returns.

99.   The general ledger of NV Coaching, LLC.

100.   All supporting documents for the general ledger of NV Coaching, LLC.

101.   All financial reports for NV Coaching, LLC.

102.   All documents submitted to YOU relating to any financial report for NV Coaching, LLC.

103.   Any documents pertaining to, or records of, the finances of EIC VIRE, LLC.

104.   All financial statements of EIC VIRE, LLC.

105.   All records supporting the financial statements of EIC VIRE, LLC.

106.   All profit and loss sheets or statements of EIC VIRE, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

107.   All tax returns, and any records supporting or used in creating those tax returns, of EIC VIRE, LLC.

108.   All documents submitted by EIC VIRE, LLC to YOU for preparation of any tax returns.

109.   The general ledger of EIC VIRE, LLC.

110.   All supporting documents for the general ledger of EIC VIRE, LLC.

111.   All financial reports for EIC VIRE, LLC.

112.   All documents submitted to YOU relating to any financial report for EIC VIRE, LLC.

{36134517.4}

Exhibit 2                                                                              Page 72

113.   Any documents pertaining to, or records of, the finances of Armando Montelongo Seminars.

114.   All financial statements of Armando Montelongo Seminars.

115.   All records supporting the financial statements of Armando Montelongo Seminars.

116.   All profit and loss sheets or statements of Armando Montelongo Seminars, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

117.   All tax returns, and any records supporting or used in creating those tax returns, of Armando Montelongo Seminars.

118.   All documents submitted by Armando Montelongo Seminars to YOU for preparation of any tax returns.

119.   The general ledger of Armando Montelongo Seminars.

120.   All supporting documents for the general ledger of Armando Montelongo Seminars.

121.   All financial reports for Armando Montelongo Seminars.

122.   All documents submitted to YOU relating to any financial report for Armando Montelongo Seminars.

{36134517.4}

Exhibit 2                                                                                    Page 73