JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
BRITTANY L. McCARTHY (SBN: 285947)
**GORDON & REES LLP**
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Pro Hac Vice*)
NATHANIEL C. CORBETT (*Pro Hac Vice*)
**EDUCATION MANAGEMENT SERVICES, LLC**
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
andym@teamarmando.com

Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING INTERNATIONAL, LLC and Crossdefendant ARMANDO MONTELONGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Defendants. <br><br> THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, <br><br> Counterclaimants <br><br> v. <br><br> REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO <br><br> Counterdefendant/Crossdefendant. | CASE NO. 8:14-cv-00546-AG-DFM <br><br> **REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND CROSS-DEFENDANT ARMANDO MONTELONGO, JR.'S *EX PARTE* APPLICATION TO STAY, QUASH, AND/OR ISSUE A PROTECTIVE ORDER AGAINST DEFENDANT'S 2-DAY NOTICED, SECOND, AND POST-DISCOVERY DEPOSITION OF GIOVANNI FERNANDEZ, IN EXCESS OF THE 7-HOUR LIMIT** <br><br> Date: January 21, 2016 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 6B <br> Judge: Hon. Douglas F. McCormick |

Immediate *ex parte* relief is requested and required because Defendants just this past Tuesday, gave notice of their intent to take a second deposition, in Florida, on January 22, 2016 (tomorrow, at 10 a.m. ET/7 a.m. PT) of third party witness Giovanni Fernandez, whose deposition was already taken and *completed* back on October 8, 2015, after a full seven (7) hours of testimony was already given by the witness.  The notice is unauthorized by law – and in fact flouts various orders in this case – and is procedurally defective.  Thus, Plaintiff and Counterdefendant Real Estate Training International, LLC and Cross-Defendant Armando Montelongo, Jr. (collectively herein "RETI") requests that this Court issue an order as follows:

1) Staying the deposition of Giovanni Fernandez such that it is not authorized to proceed on January 22nd ; and/or

2) Issue a protective order against the conduct of the deposition of Giovanni Fernandez such that it is not authorized to proceed on January 22nd; and/or,

3) Quashing the notice for the deposition of Giovanni Fernandez (and quashing the subpoena, if any was issued, as discussed, *infra*).

Defendants' last-minute, back-door notice for an out-of-state deposition of a witness that has already been deposed is flawed and in distinct violation of the federal rules and this Court's Orders, on several grounds:

- Defendants' issuance of a notice of deposition on Tuesday afternoon (Pacific Time), for a deposition on Friday Morning (Eastern Time), gives effectively two days of notice, which is blatantly unreasonable.  "A party must give 'reasonable notice' of its desire to take a deposition." Fed.R. Civ. P. 30(b)(1); *Cecena v. Allstate Ins. Co.*, No. 05-03178, 2006 U.S. Dist. LEXIS 86304, at *4 (N.D. Cal. Nov. 9, 2006).  While the inquiry is fact specific, "courts generally have found that fewer than ten days is not reasonable." *Gordon v. Sonar Capital Mgmt. LLC*, No. 15-80080, 2015 U.S. Dist. LEXIS 32047, at *5-6 (N.D. Cal. Mar. 15,

- 1 -

2015); *AngioScore, Inc. v.TriReme Med.*, Inc., No. 12-03393, 2014 U.S. Dist. LEXIS 165231, at *6 (N.D. Cal. Nov. 25, 2014) (nine days unreasonable); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice unreasonable for subpoenaed deposition and five days unreasonable for noticed deposition).

- The deposition noticed, that of Giovanni Fernandez, was already taken *and completed* in this case on October 8, 2016, after a full seven (7) hours of on-the-record time and without any reservation of rights by Defendants' counsel.

- Defendants have already conducted a full seven (7) hours of deposition of Mr. Fernandez, as limited by Fed. R. Civ. P. 30(d)(1), and they are not authorized by any Court to conduct further examination (nor have they even sought such permission).

- The deposition notice was issued well after the deadline for the conduct of third party discovery under Judge Guilford's scheduling Order, i.e., September 30, 2015.  (Doc. 158.)

- To the extent Defendants seek to compel further testimony, their effort would be time-barred under Judge Guilford's standard Scheduling Order Specifying Procedures, par. 1.3, requiring that discovery motions be brought within thirty (30) days of the dispute.

- Defendants did not properly serve a subpoena with their deposition notice, as required by Rule 45[1], and only served the notice by email delivery to the third party's counsel.

Notably, this most recent last-minute notice for a previously-conducted deposition is part of a continuing pattern by Defendants of *shirking* this Court's Orders governing discovery, and proceeding to conduct depositions and document

---

[1]   As to service of a subpoena on RETI, in particular, Rule 45(a)(4) provides: "*Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

discovery with third party witnesses in other jurisdictions, outside this Court's view. Defendants have already conducted at least two depositions (and obtained third party documents) in Texas, despite being *well* past Judge Guilford's stated discovery cut-off and knowing that such depositions would have been barred by this Court (particularly given its prior rulings). They have sought individual tax information as to individual cross-defendant Armando Montelongo, Jr., albeit well aware of the fact that such information is protected by California's constitutional right to privacy and taxpayer privilege, and beyond the scope of Rule 26(b), and thus if they pursued it within this Court's jurisdiction, they would face these legal bars. In short, Defendants are circumventing this Court's orders and jurisdictional laws to conduct unauthorized proceedings and commit discovery abuse.[2]

*Ex parte* relief from this Court is necessary to ensure that RETI is not prejudiced or subject to further Defendants' further discovery abuses in jeopardy of contempt, and that sufficient time is permitted for any further briefing on a motion to quash the subpoena and/or for a protective order.[3] It is also necessary to ensure that Mr. Fernandez is not held in contempt pending these proceedings.

The Court has authority to stay and/or quash the deposition given its wide discretion in controlling discovery. *Blackburn v. United States*, 100 F.3d 1426,

---

[2] RETI has learned from a Florida district court docket that Defendants attempted to bring an untimely (30+ days after deposition) motion to compel against Mr. Fernandez in that forum, but did not properly serve Mr. Fernandez with same, resulting in an OSC by the Florida court, and that court requiring evidence of personal service of the motion on Mr. Fernandez. No such evidence appeared on the docket as of RETI's last review thereof. Thus, Defendants are also attempting to circumvent the Florida court's rulings by their most recent conduct in "noticing" Mr. Fernandez's deposition.

[3] A motion for a protective order under Rule 26(c)(1) is the appropriate mechanism for seeking protection from an improperly noticed deposition. *Zone Sports Ctr., LLC v. Nat'l Sur. Corp.*, No. 11-00845, 2012 U.S. Dist. LEXIS 30208, at *5 (E.D. Cal. Mar. 7, 2012) (protecti order against deposition for failure to give sufficient Rule 30(b)(1) notice); *Doe v. L.A. West Travelodge*, No. 08-8279, 2009 U.S. Dist. LEXIS 124590, at *3 (C.D. Cal. May 6, 2009) (deposition notice subject to court's power to grant Rule 26(c) and 30(d)(3)(B) protective orders). Similarly, a party may move to quash a subpoena that "fails to allow a reasonable time to comply" which is subject to the same reasonableness analysis as the Rule 30(b)(1) notice requirements. Fed. R. Civ. P. 45(d)(3)(A)(i).

1436 (9th Cir. Cal. 1996) (*citing Little v. Seattle*, 863 F.2d 681 (9th Cir. Wash. 1988)). It is a well-settled principle that a court has broad discretion to manage its own calendar. *See, e.g., Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 165-66 (1936); *Mediterranean Enterprises, Inc. v. Ssangyong*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); *United States v. Batiste*, 868 F.2d 1089, 1091, n. 4 (9th Cir. Cal. 1989) (recognizing "the well settled principle that a district court has broad discretion to manage its own calendar").

On the morning of January 21, 2016, RETI requested that Defendants participate in a conference before this Court to address this issue, but at the time of this filing, had not received a response. In the same communication, RETI gave Defendants notice of their intent to apply for this *ex parte* relief.

Based on the foregoing, RETI requests that this Court issue an order:

1) Staying the deposition of Giovanni Fernandez such that it is not authorized to proceed on January 22nd ; and/or

2) Issue a protective order against the conduct of the deposition of Giovanni Fernandez such that it is not authorized to proceed on January 22nd; and/or,

3) Quashing the notice for the deposition of Giovanni Fernandez (and quashing the subpoena, if any was issued).

Dated: January 21, 2016
GORDON & REES LLP

/S/ *KIMBERLY D. HOWATT*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Brittany L. McCarthy
Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING INTERNATIONAL, LLC and Crossdefendant ARMANDO MONTELONGO

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

       /s/ *Kimberly D. Howatt*
       Kimberly D. Howatt

1096731/26364623v.1