JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
BRITTANY L. McCARTHY (SBN: 285947)
**GORDON & REES LLP**
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
jcawdrey@gordonrees.com
khowatt@gordonrees.com

ANDREW J. MOON (*Pro Hac Vice*)
NATHANIEL C. CORBETT (*Pro Hac Vice*)
**EDUCATION MANAGEMENT SERVICES, LLC**
2935 Thousand Oaks Drive, Suite 6-285
San Antonio, TX 78247
Telephone: (210) 501-0077
Facsimile: (210) 568-4493
andym@teamarmando.com

Attorneys for Plaintiff and Counterdefendant REAL ESTATE TRAINING INTERNATIONAL, LLC and Crossdefendant ARMANDO MONTELONGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>Defendants.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>Counterclaimants<br><br>v.<br><br>REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO<br><br>Counterdefendant/Crossdefendant. | CASE NO. 8:14-cv-00546-AG-DFM<br><br>**REAL ESTATE TRAINING INTERNATIONAL, LLC'S AND CROSS-DEFENDANT ARMANDO MONTELONGO, JR.'S SUPPLEMENT TO *EX PARTE* APPLICATION (DOC. 294); REQUEST FOR EXPEDITED BRIEFING SCHEDULE FOR MOTION FOR SANCTIONS AGAINST DEFEDANTS AND THEIR COUNSEL**<br><br>Date:   January 25, 2016<br>Time:   n/a<br>Dept.:   Courtroom 6B<br>Judge:  Hon. Douglas F. McCormick |

Plaintiff and Counterdefendant Real Estate Training International, LLC and Cross-Defendant Armando Montelongo, Jr. (collectively "RETI") were forced to bring their pending *ex parte* application (Doc. 294) due to Defendants' inappropriate discovery conduct in the course of discovery. RETI hereby supplements the pending *ex parte* application to bring it current and to reassert the need for relief, and further, request that this Court issue an order setting a briefing schedule for its Motion for Sanctions against Defendants and their counsel for the following abuses of the federal rules, local rules, and court orders in their conduct of discovery:

## I. RETI'S REQUEST FOR RELIEF RELATIVE TO THE IMPROPER NOTICE FOR THE DEPOSITION OF GIOVANNI FERNANDEZ REMAINS RIPE AND NECESSARY

On the afternoon of January 21, 2016, Defendants' counsel sent an *ex parte* communication to this Court indicating that they had reached an agreement with third party witness Giovanni Fernandez to reschedule his deposition – the subject of RETI's application for relief (Doc. 294, 295 ("Application")) – from January 22, 2016 to February 4 or 5, 2016. This "agreement" did not and does not include RETI, and RETI strongly maintains its position, as set forth in its Application, that the deposition is not only unauthorized but *barred* by the federal rules and this Court's Orders. Accordingly, RETI seeks to have the deposition notice quashed or a protective order issued against the deposition notice as stated in the Application.

Even more, Defendants' proposed new timeframe for the Fernandez deposition *still* would not allow sufficient time for RETI to bring a motion to quash and/or for protective order within the timeframe required under federal and local rules. Accordingly, if this Court is not inclined to rule on the issue of the notice's impropriety on an ex parte basis pursuant to RETI's Application, RETI requests a stay and/or an expedited briefing schedule so that the matter may be fully and fairly briefed before this Court.

## II. DEFENDANTS' AND THEIR COUNSEL'S PATTERN OF DISCOVERY ABUSES WARRANT SANCTIONS UNDER RULES 11 AND 37, AND MUST BE HALTED BY THIS COURT

Defendants' improper effort to secure a second deposition of a previously-deposed witness, with a mere 2 days of notice to RETI,[1] and in violation of both the 7-hour limit in the federal rules and the discovery deadline in Judge Guilford's scheduling order, is part of an ongoing pattern of discovery abuses by Defendants and their counsel. These abuses warrant sanctions pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure, as an effort by this Court to halt any further misconduct. In accord with the procedural requirements of these rules, RETI seeks an expedited briefing schedule for a sanctions motion.

Rule 37 authorizes sanctions for discovery abuses against both the Defendant and counsel. *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984) ("Court possesses an inherent power to sanction litigants for abusive litigation practices that are taken in bad faith"); *Kraszewski v. State Farm Gen. Ins. Co.*, 1983 U.S. Dist. LEXIS 16342, *24 (N.D. Cal. June 9, 1983) ("Where appropriate, sanctions for discovery abuse should be imposed on attorneys rather than on their clients"). Rule 11 likewise authorizes sanctions against both a party and its attorneys, based upon their misconduct before this Court, or any court. Due to the ongoing and continuing nature of discovery abuses Defendants engage in, as outlined below, sanctions are warranted.

### A. Improper Notice of Deposition of Giovanni Fernandez

As set forth in RETI's Application, incorporated herein by this reference, Defendants' secret, last minute, back-door issuance of a notice for a second deposition of Giovanni Fernandez impermissibly seeks discovery beyond the September 30, 2015 discovery cut-off date (relative to third parties), and is

---

[1] This is coupled with Defendants' failure to provide *any* notice of a Motion to Compel and related Order to Show Cause filed in connection with Mr. Fernandez's deposition and document production, discussed further below.

therefore in blatent violation of the Scheduling Order governing this case.  (Doc. 158.)   Defendants' and their counsel are *well aware* of this deadline, including as it was specifically referenced in the proceedings before this Court on November 3, 2015, where this Court told Defendants' counsel that their effort to obtain the deposition of third party witness Mario Garcia was "too late".  (Declaration of Kimberly D. Howatt ("Howatt Decl."), ¶ 2, Exhibit 1, pp. 18-19 [11/3/15 Transcript].)  (As is discussed below, they contacted this witness in Texas and took his deposition anyway, in complete disregard of this Court's statements.)

Additionally, any second deposition of Mr. Fernandez is plainly precluded by the Federal Rules of Civil Procedure because this witness already appeared and offered testimony for the full seven (7) hours allotted to Defendants.  Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.")  Further, pursuant to plain language of Rule 30, Defendants must seek leave of Court to take the deposition of any "deponent [that] has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(ii).   Defendants have not sought leave of this Court to conduct the further deposition of Mr. Fernandez and/or to exceed 7 hours of deposition time.  Moreover, the deposition of Mr. Fernandez went for the full seven hours and  was completed and concluded with no reservation of rights to seek any further testimony from this witness.  Logically aware of this fact, too, Defendants' and their counsel *secretly* and without notice to RETI contacted the witness, threatened him with a motion to compel (which, too, would be untimely under Judge Guilford's scheduling order requiring any motions to compel to be filed within 30 days of the dispute – in this case, 30 days after Mr. Fernandez's October 8th deposition), and convinced him to agree to a further deposition.  This was all done without *any* notice to RETI.

Further, the notice of deposition that was ultimately provided to RETI for Mr. Fernandez's January 22nd deposition, *in Florida*, was woefully insufficient. Rule 30(b) mandates "reasonable written notice to every other party" in advance of

- 3 -

1  a deposition.  As set forth in RETI's *ex parte* application (Doc. 294), two business
2  days of notice for a deposition on the opposite side of the country is not reasonable
3  notice, particularly where negotiations regarding Mr. Fernandez's further
4  deposition were occurring without RETI's knowledge or participation.
5       This conduct, alone, is an abuse of the discovery process and a violation of
6  this Court's orders, thus warranting sanctions.  Yet there is more.

### B.    Improper Withholding of Documents from Giovanni Fernandez

8       In the few days since Defendants' improper notice of the Fernandez
9  deposition, RETI next learned that Mr. Fernandez had produced documents to
10  counsel for Defendants in *December 2015 in response to being threatened with an*
11  *OSC for contempt*.  At no time was notice provided to RETI, either as to the
12  pursuit of additional documents (which included court proceedings in Florida of
13  which RETI was not notified, discussed *infra*), nor the ultimate production.  A
14  Rule 45 subpoena, which plainly requires notice to all parties (Fed. R. Civ. P. 45
15  (a)(4)); logically – and professionally and ethically – the receipt of further
16  documents under a Rule 45 subpoena requires the same.  Defendants and their
17  counsel, however, secretly collected these documents from a third party under the
18  guise of a long-ago issued subpoena, without any notice to RETI, and well beyond
19  the discovery cut-off in violation of this Court's orders.  This too is a discovery
20  abuse; and the list goes on.

### C.    Failure to Provide Notice of Actions Pending in Florida District Court Relative to Mr. Fernandez's Document Production

23       In addition to secretly to collect more documents under their Rule 45
24  subpoena, Defendants and their counsel went to the Florida district court to move
25  to compel Mr. Fernandez's further production – <u>without providing notice to RETI</u>.
26  Indeed, shockingly, the certificate of service on their motion shows a blank listing
27  for counsel for RETI, with no addressee – indicating that they consciously,
28  affirmatively deleted RETI's counsel's address information from their certificate

service in order to conceal the filing.  (Howatt Decl.,¶¶ 3-4, Exhibit 2 [Certificate of Service]; Exhibit 3 [Order from the Florida Court re: Service of the Motion]). There is no plausible explanation for this omission other than Defendants' desire to impermissibly seek to obtain information without RETI's knowledge.  This is a blatant violation of Federal Rule of Civil Procedure 37 requiring "<u>on notice</u> to other parties and all affected persons a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Even more, Defendants' motion (Exhibit 2) deceptively tells the Florida court <u>nothing</u> about the governing deadlines in this underlying California case, thus implicating Rule 11's requirement that counsel make honest and accurate representations to the court.

### D. Deposition of Charles Parr in Violation of the Scheduling Order and Seeking California State Law Privileged Information

Defendants' pursued the deposition and document production of Charles Parr in the Texas courts and were granted the ability to proceed by the Texas court, even over this Court's deadlines.  While RETI maintains that this is a violation of the operative Scheduling Order and will move, *in limine,* to exclude both documents and testimony on those grounds, the issue that remains is Defendants improper pursuit of privileged, personal tax information for Mr. Montelongo.

That is, during their questioning (and by their document requests), Defendants pursued tax return and financial information relative to Mr. Montelongo, individually – information that has no relevance in this case and is well outside the scope of Rule 26(b), and that would be squarely protected from disclosure under both the California constitutional right to privacy and the state taxpayer privilege. *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.  In distinct disregard of these California state protections, and without ever demonstrating a compelling need for these documents to this Court,  Defendants and their counsel pursued the

- 5 -

information nonetheless, and continue to do so in the Texas forum. *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).

### E. Deposition of Mario Garcia in Violation of this Court's Comments and the Scheduling Order, and Seeking California State Law Privileged Information

Despite RETI's objection – and this Court's comments (Exhibit 1) – regarding the untimeliness of Mr. Garcia's deposition, as with Mr. Parr, Defendants obtained permission from the Texas court to proceed. As with the Parr deposition, RETI maintains that this is a violation of the operative Scheduling Order and will move, *in limine,* to exclude both documents and testimony on those grounds; however, as with the Parr deposition, Defendants and their counsel improper pursued Mr. Montelongo's tax and financial information in the Texas forum, which they know to be protected by California state law privileges and well outside the scope of Rule 26(b). *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014); *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

### F. Defendants' Selective Production/Withholding of Documents

During the resumed deposition of defendant Nick Vertucci (following his walk-out on his last deposition session), it became evident that Defendants and their counsel are selectively producing (and/ or withholding) documents that are plainly implicated by Rule 26(a) and RETI's Rule 34 requests. For example, in response to questioning relative to Mr. Vertucci's written materials, which contains significant portions with identical wording to RETI's written materials (raised in the course of the recent motion briefing), Mr. Vertucci produced an email from Keith Yackey, on which Mr. Vertucci was plainly cc'd as a recipient, and which contained the name "Armando" within its contents, with specific reference to RETI's seminar materials. Why and how this document was never previously produced by Mr. Vertucci and/or his counsel is concerning; it, too, is an abuse of

1 the discovery process.

2     Notably, Defendants' selective production of documents occurs over and
3 well after the facts that gave rise to the pending Order to Show Cause for contempt
4 of five Vertucci-related witnesses for their failure – with the assistance of
5 Defendants' counsel – to produce documents called for by Rule 45 subpoenas, and
6 depositions riddled with Defendants' counsel's clear coaching and encouragement
7 of witnesses' poor deposition conduct.  These are yet more discovery abuses.

### G. Defendants' and Defendants' Counsel Pattern and Practice of Consistent Discovery Abuse

10     The discovery abuses and violations outlined above follow additional
11 objectionable and inappropriate conduct that has plagued this case, from Mr.
12 Vertucci's walking out of his deposition in August, coaching non-party witnesses
13 in deposition, selective production and failure to provide relevant and properly
14 discoverable and requested documents, to those outlined above.  All of these
15 actions have *significantly* impacted the progress of this case, as have Defendants'
16 last-minute delay of depositions of third party witnesses on the grounds that a
17 single attorney is not available to attend.  When Defendants have no less than
18 seven attorneys currently handling *their* representation; certainly one of them,
19 besides Mr. Corrie, could be present at the deposition of a *third party witness*.
20 (Howatt Decl., ¶ 5, Exhibit 4 [Corrie/Cawdrey Email]).  While RETI has been
21 loath to expend this Court's time and resources with Defendants' and their
22 counsel's bad faith and disruptive conduct, the conduct remains ongoing and must
23 be halted – by Court intervention and the issuance of sanctions.

24 ///
25 ///
26 ///
27 ///
28 ///

## III. CONCLUSION

Based on the foregoing, and on the pending Application, RETI respectfully requests that the Court:

1. Issue a protective order against the taking of the deposition of Giovanni Fernandez such that it is not authorized to proceed;
2. Quash the notice for the deposition of Giovanni Fernandez (and quashing the subpoena, if any was issued, as discussed, *infra*)
3. For the Court to issue an Order to Show Cause as to why the conduct described above has not violated Rule 11(b);

Further (and/or in the alternative, as applicable), RETI requests that this Court set a briefing schedule relative to:

4. RETI's motions to quash and/or for a protective order against Defendants' pursuit of the deposition of Giovanni Fernandez; and,
5. RETI's Request for Sanctions against Defendants and their counsel pursuant to Rule 37; and
6. If this Court is not inclined to issue an Order to Show Cause, and in the alternative, set a briefing schedule as to RETI's Request for Sanctions against Defendants and their counsel pursuant to Rule 11, including time sufficient to comply with Rule 11(b) and (c)(2) as to the Fernandez deposition notice and a finding as to all other matters that the time to comply with Rule 11(b) and (c)(2).

Dated: January 24, 2016         GORDON & REES LLP

/S/ *KIMBERLY D. HOWATT*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Attorneys for Plaintiff and
Counterdefendant REAL ESTATE
TRAINING INTERNATIONAL,
LLC and Crossdefendant
ARMANDO MONTELONGO

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

      /s/ *Kimberly D. Howatt*
      Kimberly D. Howatt

1096731/26444665v.1

- 9 -

PLAINTIFF/COUNTERDEFENDANT/CROSS-DEFENDANT'S SUPPLEMENT TO EX PARTE APPLICATION TO STAY AND/OR QUASH AND REQUEST FOR SANCTIONS AND BRIEFING SCHEDULE
CASE NO. 8:14-cv-00546-AG-DFM