UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-00546-AG (DFMx) | Date | January 27, 2016 |
|---|---|---|---|
| Title | Real Estate Training Int'l, LLC v. The Nick Vertucci Companies, Inc. et al. | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Terri Steele | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**     (In Chambers) Further Order re: Non-Party Witnesses

On December 9, 2015, the Court ordered non-party witnesses Gina Vertucci, Erik Slaikeu, Jeff Wilson, Jaime Tomlinson, and Mindi Cicero ("the non-party witnesses") to show cause why they should not be held in civil contempt for failing to comply with subpoenas served upon them in this matter by Real Estate Training International ("RETI"). Dkt. 284 ("OSC").

Defendants Nick Vertucci and The Nick Vertucci Companies ("Vertucci" or "Defendants") have filed a response to the Court's OSC, attaching declarations from the non-party witnesses setting forth the witnesses' pre- and post-OSC efforts to comply with RETI's subpoenas. Dkt. 289. Vertucci argues that the OSC should be discharged without any further relief ordered. Id. at 18.

RETI has submitted a supplemental memorandum arguing that the non-party witnesses should be held in contempt, ordered to produce additional documents, ordered to re-appear for additional deposition testimony, and sanctioned in the amount of RETI's attorney's fees and costs incurred in connection with its efforts to obtain compliance with the subpoenas. Dkt. 292.

The Court ordered the non-party witnesses to appear because the showing made in connection with RETI's motion to compel (Dkt. 203) showed that the non-party witnesses had not adequately searched for documents responsive to RETI's Rule 45 subpoenas. That conclusion was confirmed by the declarations submitted before today's hearing from all five non-party witnesses. The declarations for Mrs. Vertucci, Ms. Cicero, Mr. Wilson, and Mr. Tomlinson show that each of them located additional documents responsive to the subpoenas as a result of additional searches performed after their depositions. Furthermore, to the extent e-mails from Ms. Cicero's _personal_ Hotmail account have been withheld because those are purportedly company records, objections to the production of those e-mails are overruled and Ms. Cicero will be ordered to produce such e-mails. Finally, the Court shares RETI's concern about (1) the adequacy of the non-party witnesses' efforts to search their social media accounts and web-based e-mail accounts; and (2) the completeness of the search terms used to search their e-mail and social media accounts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-00546-AG (DFMx) | Date | January 27, 2016 |
|---|---|---|---|
| Title | Real Estate Training Int'l, LLC v. The Nick Vertucci Companies, Inc. et al. | | |

Additionally, the Court has also reviewed Mr. Slaikeu's declaration as well as re-reviewed his deposition testimony, including the video excerpt provided by RETI. Mr. Slaikeu's declaration shows that any search performed before the deposition was inadequate, shortcomings that would have been apparent in the deposition had Mr. Slaikeu been forthcoming in response to questions asked by RETI's counsel. The Court finds no merit to Mr. Slaikeu's statement that RETI's counsel was rude or condescending. Mr. Slaikeu and Vertucci represent that additional documents have been found and produced and RETI appears to confirm that production of over 1,400 pages of documents has been made. But Mr. Slaikeu's declaration also shows that responsive documents from his Facebook account have not been produced. Such documents will be ordered to be produced.

All of the non-party witnesses except Mrs. Vertucci have expressly disclaimed that they have the ability to produce documents from their nvcompanies.com or nvrea.com e-mail accounts. Defendants argue that these non-party witnesses do not have possession, custody, or control of these e-mail accounts, only work-related access. The Court agrees and finds that the non-party witnesses cannot be compelled to produce documents from the nvcompanies.com or nvrea.com e-mail accounts they use as employees.

As an initial matter, the Court agrees with courts that have looked with skepticism on similar efforts to obtain documents from an opposing party by serving a subpoena on the opposing party's employees to attempt to compel them to produce the party's documents at a deposition. See Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D. 622, 624 (D. Mass. 1988); Carter v. United States, 164 F.R.D. 131, 133 (D. Mass. 1995).[1]

Where, as here, it does not appear that the witnesses have "possession" or "custody" of the

---

[1] One of these cases is Law v. Bd. of Trustees of Dodge City Cmty. Coll., No. 08-1212, 2009 WL 973561, at *3 (D. Kan. Apr. 10, 2009), in which the court notes that it "would be justified" in quashing the subpoena served on the non-party "even though it appears that some of the requested documents may be relevant to the issues in this case." Instead, the court exercised its authority under Rule 45 to modify the subpoena to tailor the document request to eliminate what would otherwise be an "undue burden" on the non-party. In so doing, the court noted that the non-party's records were not the non-party's records but rather the records of the corporate party. Id. at *3 n.3. The court also "clarifie[d] . . . that the correct way to obtain these documents would be by a subpoena on the [party] itself." Id. It thus appears to the Court that rather than supporting RETI's position, Law affirmed the general rule that a corporate party's records should be sought from the corporate party itself rather than its employees. The fact that the court also fashioned a remedy to permit the subpoenaing party some ability to obtain the records sought does little to support RETI's argument here, which is that the Court should order the non-party witnesses to produce e-mails to which they have access by virtue of their employment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV 14-00546-AG (DFMx) | Date | January 27, 2016 |
| Title | Real Estate Training Int'l, LLC v. The Nick Vertucci Companies, Inc. et al. | | |

e-mail accounts, the question becomes whether the witnesses have "control." The Ninth Circuit has stated that "the legal control test is the proper standard under Rule 45," and defined control "as the legal right to obtain documents upon demand." In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999). There is no evidence here that the non-party witnesses have any right to obtain documents upon demand from their e-mail accounts.

RETI's reliance on Carrillo v. Schneider Logistics, Inc., No. 11-8557, 2012 WL 4791614, at *6 (C.D. Cal. Oct. 5, 2012), is not persuasive. There, a party (Schneider) tried to claim that it did not have an obligation to produce e-mails to and from its employees because those e-mails were on the server of its customer (Wal-Mart). The court rejected this argument because the party's employees used Wal-Mart e-mail addresses as their work e-mail addresses, and found that "the fact that these [party] email accounts are administered by a third party does not obviate [the party's] obligation to produce all information that is available to it." Thus, the court found that there was no question that the party had the legal right to obtain the documents from Wal-Mart's servers.

Here, by contrast, RETI is trying to make a non-party produce documents from a party's e-mail servers, the exact opposite of the situation in Carrillo. This record does not appear to support the type of finding made by the court in Carrillo that these non-parties have the legal right to obtain the documents from Defendants' servers. As a result, the Court finds no basis to compel the non-party witnesses to produce documents from Defendants' servers.

Accordingly, the Court will order the following relief:

(1) RETI will provide, by no later than February 2, 2016, up to ten (10) additional search terms to be used by the non-party witnesses when conducting the searches of online and social media accounts or profiles as set forth in paragraph (2).

(2) Each of the non-party witnesses is ordered to conduct, using at least the search terms contained in Ms. Choi's declaration (see Dkt. 289-13 at 1-2) as well as the additional terms supplied by RETI, an additional search of: (a) any online account or profile maintained with any webmail provider such as Yahoo!, Google, Verizon, or Hotmail; and (b) any account or profile maintained with any social media provider such as Facebook or Instagram for all responsive documents. Said searches shall include a search of all storage locations for records, documents, and all communications contained in e-mails, online storage, archives, folders, posts, instant messages, and chat.

(3) To the extent the non-party witnesses withhold any documents on the basis of privilege, they are ordered to produce a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-00546-AG (DFMx) | Date | January 27, 2016 |
|---|---|---|---|
| Title | Real Estate Training Int'l, LLC v. The Nick Vertucci Companies, Inc. et al. | | |

(4)  Each of the non-party witnesses is ordered to submit a supplemental declaration from either the non-party witness or a person who performed the search ordered in paragraph (2) within fourteen (14) days of this order certifying that this Court's order has been complied with and setting forth in detail what steps were taken to comply with the Court's order.

(5)  The non-party witnesses are ordered to appear for further deposition testimony, to be limited as follows:

  a.  90 minutes each for Mrs. Vertucci, Mr. Wilson, and Mr. Tomlinson;

  b.  120 minutes for Ms. Cicero; and

  c.  180 minutes for Mr. Slaikeu.

  RETI is ordered to provide notice to the Court when the non-party witness depositions as ordered in this paragraph have been completed.

Upon the Court's receipt of the supplemental declarations described in paragraph (4) and the notice described in paragraph (5), the Court's OSC as to Mrs. Vertucci, Mr. Wilson, Mr. Tomlinson, and Ms. Cicero will be discharged.

RETI also requests an award of sanctions in the amount of its attorney's fees and costs. The Court has discretion under Rule 37(b)(1) to hold a non-party deponent in contempt of court and may order payment of expenses caused by the deponent's contumacious behavior. See Andrews v. Holloway, No. 95-1047, 2003 WL 22227855, at *7 (D.N.J. Sept. 29, 2003). A finding of contempt must be supported by clear and convincing evidence that the witness has acted in willful disobedience to the court's lawful order. Id. A court's subpoena may constitute a lawful order. Id.

The Court does not find clear and convincing evidence that Mrs. Vertucci, Mr. Wilson, Mr. Tomlinson, and Ms. Cicero acted in willful disobedience to the Court's lawful order. As a result, the Court will not award sanctions against these non-parties.

The evidence shows that Mr. Slaikeu made little or no effort to search for responsive documents before his deposition, a failure that was compounded by his evasive answers to questions about the search asked by RETI's counsel. The Court has reviewed Mr. Slaikeu's explanation for his failure (see Dkt. 289-11 at 3-5) and it does not persuade the Court that Mr. Slaikeu's failure to produce responsive documents at his deposition was the result of anything but a willful decision to ignore the Court's subpoena. As a result, the Court hereby awards sanctions

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-00546-AG (DFMx) | Date | January 27, 2016 |
|---|---|---|---|
| Title | Real Estate Training Int'l, LLC v. The Nick Vertucci Companies, Inc. et al. | | |

against Mr. Slaikeu in the amount of counsel's reasonable attorney's fees and expenses associated with Mr. Slaikeu's second deposition. RETI's counsel may submit a declaration setting forth its attorney's fees and expenses within seven (7) days of Mr. Slaikeu's deposition.

:

Initials of Clerk   ts